FILED

DEC 22 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS SHENWICK, et al., | Case No. 16-cv-05314-JST |
| Plaintiffs, | **ORDER CONSOLIDATING CASES AND APPOINTING LEAD PLAINTIFF** |
| v. | |
| TWITTER, INC., et al., | |
| Defendants. | |

Before the Court are several motions to consolidate Shenwick v. Twitter, Case No. 16-cv-5314 with Degenhardt v. Twitter, Case No. 16-5439 (the "Related Actions") and to appoint Lead Plaintiff. The Court grants the motions to consolidate, and appoints KBC Asset Management as Lead Plaintiff.

**I.    CONSOLIDATION**

**A.    Legal Standard**

"When actions involving a common question of law or fact are pending before the court, it . . . may order all the actions consolidated." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

**B.    Analysis**

The Related Actions are both putative class actions brought on behalf of "all persons who

purchased or otherwise acquired Twitter common stock between February 6, 2015 and July 28, 2015." See Shenwick Compl., ECF No. 1; Degenhardt Compl., ECF No. 1. Both complaints allege that Defendants made materially false and misleading statements, primarily related to Twitter's projected user growth, which artificially inflated Twitter's stock price. Id. In fact, the Court notes that the two complaints are almost identical. Therefore, the Court concludes that judicial convenience and a just resolution of the parties' claims would be best be served by consolidating the Related Actions.

## II.     APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

### A.     Legal Standard

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[n]ot later than 20 days after the date on which the complaint is filed," the plaintiff shall publish a notice alerting members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(3)(a)(i). The notice should also inform potential class members that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(3)(a)(i)(II). Under the PSLRA, "[t]he 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as [the proposed lead plaintiff] meets the requirements of Rule 23" of the Federal Rules of Civil Procedure. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). After the Court makes its determination of the presumptive lead plaintiff, other plaintiffs in the class will be provided with "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." Id. at 730. "If, as a result of this process, the district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy." Id. at 731.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice," and "should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently."

2

Cohen v. U.S. Dist. Court for N. Dist. of California, 586 F.3d 703, 711–12 (9th Cir. 2009).

After reviewing the motions for appointment of lead plaintiff, the Court finds that KBC Asset Management ("KBC") is the plaintiff with the largest financial stake in the lawsuit at $9,799,353.55. ECF No. 20 at 14. The plaintiff with the next largest interest is John P. Norton, who claims a $7,179,573 stake, ECF No. 27 at 6, but Norton later filed a Notice of Non-Opposition to KBC serving as lead plaintiff, ECF No. 56. The remaining plaintiffs who moved to be appointed lead counsel later withdrew their motions in favor of KBC, filed statements of non-opposition, or acknowledged that KBC has the largest financial interest. See ECF No. 29 (National Elevator Industry Pension Fund asserting $1,558,134 interest, later acknowledging that KBC has the largest financial interest); ECF No. 38 (Youri Hazanov asserting $106,577 interest, later filed statement of non-opposition to KBC appointment); ECF No. 42 (Diane Stearns and Edward Puhalla asserting $848,876 interest, later withdrawn); ECF No. 46 (Mark Wallace asserting $139,589 interest, later withdrawn); ECF No. 47 (Zeyad Almukhaizeem, Charles Cheatham, Josesph Swiertniewicz, and SNS Holding Co. asserting $617,114 interest; later filed non-opposition to KBC appointment).[1]

Not only does KBC have the largest financial interest in this litigation, it satisfies the requirements of Rule 23. First, KBC meets the typicality requirement. The legal and factual bases of KBC's claim revolve around whether Defendants made false and misleading statements and the effect of those alleged statements. ECF No. 20 at 15. The same is true for the rest of the putative class. KBC also meets Rule 23's adequacy requirement. KBC's interests are aligned with the class, and as an institutional investor, KBC is likely to be an effective lead plaintiff. See In re SiRF Tech. Holdings, Inc. Sec. Litig., No. C 08-0856 MMC, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008) (explaining that Congress "intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits") (internal alterations and quotations omitted). KBC has the resources to litigate this case and has served as co-lead plaintiff in another securities class action. ECF No. 20 at 17. Therefore, the

---

[1] In its reply brief, KBC states that seven parties filed motions for appointment of lead counsel, and that six of the seven later withdrew, filed non-oppositions, or acknowledged that KBC had the largest financial interest. ECF No. 61 at 3. The Court, however, counts only six motions.

Court appoints KBC as Lead Plaintiff.

KBC is represented by Motley Rice, and seeks the Court's approval of that firm as Lead Counsel, and of Bleichmar, Fonti & Audi ("BFA") as Liaison Counsel. Motley Rice has experience with securities class action cases, and has served as lead counsel in other similar cases in this district. Id. at 18. The same is true for BFA. Id. The Court concludes that these firms will provide effective representation to the class.

## CONCLUSION

The Court grants the motion to consolidate Shenwick v. Twitter, Case No. 16-cv-5314 with Degenhardt v. Twitter, Case No. 16-5439. The Court appoints KBC as Lead Plaintiff and approves Motley Rice as Lead Counsel and BFA as Liaison Counsel.

IT IS SO ORDERED.

Dated: Dec. 22, 2016

JON S. TIGAR
United States District Judge