JAMES G. KREISSMAN (Bar No. 206740)
jkreissman@stblaw.com
SIMONA G. STRAUSS (Bar No. 203062)
sstrauss@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

JONATHAN K. YOUNGWOOD (admitted *pro hac vice*)
jyoungwood@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants*
*Twitter, Inc., Richard Costolo and Anthony Noto*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIS SHENWICK, as Trustee for the DORIS SHENWICK TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., RICHARD COSTOLO and ANTHONY NOTO,<br><br>Defendants. | Case No. 3:16-CV-05314-JST<br><br>(Consolidated with 3:16-cv-05439-JST)<br><br>CLASS ACTION<br><br>**TWITTER DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT**<br><br>**Judge: Jon S. Tigar**<br>**Courtroom: 9**<br>**Hearing Date: Sept. 14, 2017**<br>**Hearing Time: 2:00 P.M.**<br>**Date Action Filed: Sept. 16, 2016**<br><br>Filed Jointly With: Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; [Proposed] Order |

**TO THE COURT AND TO ALL PARTIES APPEARING IN THIS ACTION:**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Twitter, Inc. ("Twitter"), Richard Costolo and Anthony Noto (collectively, the "Twitter Defendants") respectfully request that the Court take judicial notice of the relevant documents listed below and attached as exhibits hereto in support of the Twitter Defendants' concurrently filed Motion to Dismiss Plaintiff's Consolidated Amended Complaint (the "Motion to Dismiss").

The following documents are filed concurrently herewith, in excerpted form as noted:[1]

1. Twitter's Registration Statement, filed with the United States Securities and Exchange Commission ("SEC") on Form S-1 on or about October 3, 2013 ("Registration Statement"). A true and correct copy of relevant excerpts of the Registration Statement is attached hereto as **Exhibit A**. Plaintiff cites portions of the Registration Statement at paragraphs 21, 23-25, 36 n.10, 48, 85(d), 85(g), and 104(b) of Lead Plaintiff's Consolidated Amended Complaint For Violations Of The Federal Securities Laws (the "Complaint"). The entire Registration Statement is accessible from the SEC's online "EDGAR" Database, available at: http://www.sec.gov.

2. Twitter's Form 10-Q for the quarterly period ended June 30, 2014, as filed with the SEC on or about August 11, 2014 ("Q2 2014 10-Q"). A true and correct copy of relevant excerpts of the Q2 2014 10-Q is attached hereto as **Exhibit B**. The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at: http://www.sec.gov.

3. Twitter's Form 10-Q for the quarterly period ended September 30, 2014, as filed with the SEC on or about November 6, 2014 ("Q3 2014 10-Q"). A true and correct copy of relevant excerpts of the Q3 2014 10-Q is attached hereto as **Exhibit C**. The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at: http://www.sec.gov.

4. Twitter's Form 10-K for the annual period ended December 31, 2014, as filed with the SEC on or about March 2, 2015 ("2014 10-K"). A true and correct copy of relevant excerpts of the 2014 10-K is attached hereto as **Exhibit D**. Plaintiff cites the 2014 10-K at paragraphs 44,

---

[1] To avoid unnecessary burden on the Court, the Twitter Defendants have provided only excerpts from Exhibits A-E and J, as these documents are voluminous. If the Court wishes to receive the entirety of any excerpted Exhibit, the Twitter Defendants will promptly furnish it to the Court.

85(c), 87(c), 90, 91, 93(b)-(c), and 110(c) of the Complaint.  The entire annual report is accessible from the SEC's online "EDGAR" Database, available at: http://www.sec.gov.

5. Twitter's Form 10-Q for the quarterly period ended March 31, 2015, as filed with the SEC on or about May 11, 2015 ("Q1 2015 10-Q").  A true and correct copy of relevant excerpts of the Q1 2015 10-Q is attached hereto as **Exhibit E**.  Plaintiff cites the Q1 2015 10-Q at paragraphs 104(a) and 108-110 of the Complaint.  The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at: http://www.sec.gov.

6. A transcript of Twitter's October 27, 2014 Earnings Call for the quarterly period ended September 30, 2014 ("Q3 2014 Earnings Call"), available at https://seekingalpha.com/article/2602435-twitters-twtr-ceo-dick-costolo-on-q3-2014-results-earnings-call-transcript?part=single.  A true and correct copy of the Q3 2014 Earnings Call is attached hereto as **Exhibit F**.  Plaintiff cites the Q3 2014 Earnings Call at paragraphs 27, 85(i) and 89(e) of the Complaint.

7. A transcript of Twitter's February 5, 2015 Earnings Call for the quarterly period ended December 31, 2014 ("Q4 2014 Earnings Call"), available at https://seekingalpha.com/article/2891646-twitters-twtr-ceo-dick-costolo-on-q4-2014-results-earnings-call-transcript?part=single.  A true and correct copy of the Q4 2014 Earnings Call is attached hereto as **Exhibit G**.  Plaintiff cites the Q4 2014 Earnings Call at paragraphs 83, 84, 85(i) and 86-89 of the Complaint.

8. A transcript of Twitter's April 28, 2015 Earnings Call for the quarterly period ended March 31, 2015 ("Q1 2015 Earnings Call"), available at https://seekingalpha.com/article/3113736-twitters-twtr-ceo-dick-costolo-on-q1-2015-results-earnings-call-transcript?part=single.  A true and correct copy of the Q1 2015 Earnings Call is attached hereto as **Exhibit H**.  Plaintiff cites the Q1 2015 Earnings Call at paragraphs 45, 53, 54, 85(i), 101, 105 and 115 of the Complaint.

9. A transcript of Twitter's July 28, 2015 Earnings Call for the quarterly period ended June 30, 2015 ("Q2 2015 Earnings Call"), available at https://seekingalpha.com/article/3367125-twitters-twtr-ceo-jack-dorsey-on-q2-2015-results-earnings-call-transcript?part=single.  A true and

correct copy of the Q2 2015 Earnings Call is attached hereto as **Exhibit I**. Plaintiff cites the Q2 2015 Earnings Call at paragraphs 60-62 and 87(g) of the Complaint.

10. PowerPoint slides presented by Twitter at its "Analyst Day" investor conference on November 12, 2014 ("Analyst Day Slides"). A true and correct copy of relevant excerpts of the Analyst Day Slides is attached hereto as **Exhibit J**. Plaintiff cites the Analyst Day Slides at paragraphs 23, 29-31, 37, 38, 85(b), 85(h), 85(j), and 94 of the Complaint.

11. An article entitled "Twitter Admits 5% Of Its 'Users' Are Fake," written by Jillian D'Onfro and published by *Business Insider* on October 3, 2013. A true and correct copy of this article is attached hereto as **Exhibit K**.

12. An article entitled "Twitter's Spam Headache: More Than 10 Mil Accounts Might Be Bogus," written by Todd Spangler and published by *Variety* on October 4, 2013. A true and correct copy of this article is attached hereto as **Exhibit L**.

13. An article entitled "Twitter is Betting Everything on Jack Dorsey. Will it Work?," written by Nick Bilton and published by *Vanity Fair* on June 1, 2016. A true and correct copy of this article is attached hereto as **Exhibit M**. Plaintiff cites this article at paragraphs 7, 46, 78, 89(c), 97, 106(b), and 132 of the Complaint.

14. Statements of Changes in Beneficial Ownership of Securities filed on behalf of Anthony Noto to report his acquisition of Twitter shares during the proposed class period, as filed with the SEC on Form 4 on or about May 5, 2015, May 19, 2015, May 22, 2015 and May 28, 2015 ("Noto Forms 4"). A true and correct copy of the Noto Forms 4 is attached hereto as **Exhibit N**.

15. A May 11, 2015 letter from Twitter to the SEC's Division of Corporation Finance ("SEC Response Letter"). A true and correct copy of the SEC Response Letter is attached hereto as **Exhibit O**. Plaintiff cites the SEC Response Letter at paragraphs 85(i), 87(f), 104(f), 110(c), and 114 of the Complaint.

16. An article entitled "How a Small Change by Apple Cost Twitter Millions of Users," written by Zachary Seward and published by *Quartz* on February 5, 2015, as updated on February 6, 2015. A true and correct copy of this article is attached here to as **Exhibit P**. Plaintiff cites this article at paragraph 87(d) n.28 of the Complaint.

17. An article entitled "Twitter's user growth problem may be worse than you think," written by Jim Edwards and published by *Business Insider* on February 6, 2015. A true and correct copy of this article is attached here to as **Exhibit Q**. Plaintiff cites this article at paragraph 89(d) n.35 of the Complaint.

18. An article entitled "Twitter admits 8.5% of its users are bots," written by Lara O'Reilly and published by Marketing Week on August 12, 2014. A true and correct copy of this article is attached here to as **Exhibit R**. Plaintiff cites this article at paragraph 89(d) n.36 of the Complaint.

## ARGUMENT

Exhibits A through R are properly considered when ruling on the Motion to Dismiss for one or, in most cases, both of the two independent reasons set forth below. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (court ruling on motion to dismiss securities fraud complaint must consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Bodri v. GoPro, Inc.,* No. 16-cv-00232-JST, at 6-7 (N.D. Cal. May 1, 2017) (Tigar, J.) ("*Bodri*") (taking judicial notice of documents referenced in securities fraud complaint and publicly available documents); Fed. R. Evid. 201(b)(2) (authorizing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

**I.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS THAT ARE INCORPORATED BY REFERENCE (EXHIBITS A, D-J, M, AND O-R)**

The Court should take judicial notice of the documents attached hereto as Exhibits A, D-J, M, and O-R because, as detailed above, each of those documents has been incorporated into the Complaint by reference. When ruling on a motion to dismiss a securities fraud complaint, courts should "consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs*, 551 U.S. at 322; *see also Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008); *Bodri* at 7. Thus, "[i]f a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss." *Philco Invs., Ltd. v. Martin*, No. C 10-

02785 CRB, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citing *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)); *Cement Masons & Plasterers Joint Pens. Trust v. Equinix, Inc.*, No. 11-01016 SC, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim."). A court should consider the full text of such documents, even if the complaint itself only quotes selected portions. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (Where plaintiff "references and relies on a particular document as part of the . . . complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered."). Because the Complaint cites, and in some areas selectively quotes from, Exhibits A, D-J, M, and O-R, the Court should take judicial notice of these documents.

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF PUBLICLY AVAILABLE INFORMATION (EXHIBITS A-I AND K-R)

The Court also should take judicial notice of Exhibits A-I and K-R because all of these documents are publicly available and thus capable of "accurate[] and read[y] determin[ation] from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b)(2). In considering motions to dismiss securities fraud complaints, courts routinely take judicial notice of publicly available information about a company "to show disclosure of information." *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010); *Bodri* at 7 (taking judicial notice of "matters in the public record," including SEC filings, transcripts from earnings calls, and news articles).

Exhibits A-E and N-O were publicly filed with the SEC, making judicial notice appropriate. *See*, *e.g.*, *Metzler*, 540 F.3d at 1064 n.7 ("judicial notice [of] publicly available financial documents, including . . . SEC filings . . . . [is] proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings subject to judicial notice); *Morgan v. AXT Inc.*, No. C 04-4362 MJJ, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005) (taking judicial notice of several "SEC Forms 4[, which] are publicly-available documents filed with the SEC"). Transcripts of Twitter's earnings calls (Exhibits F-I) and articles about Twitter (K-M and P-R) are

also publicly available and thus subject to judicial notice. *See SEC v. Mozilo*, No. CV 09-3994-JFW (MANx), 2009 WL 3807124, at *7 n.2 (C.D. Cal. Nov. 3, 2009) (taking judicial notice of "SEC filings, transcripts of earnings conference calls and investor forums, newspaper articles"); *Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (taking judicial notice of articles submitted to establish "that the market was aware of the information contained" therein) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)).

Judicial notice of publicly available relevant information is appropriate even if the documents are not referenced in the complaint or were filed outside the proposed class period. *See In re Netflix, Inc. Sec. Litig.*, No. C04-2978 FMS, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (taking judicial notice of defendant's SEC filings, including those filed outside class period); *Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 928-29 & n.6 (N.D. Cal. 2012) (taking judicial notice of SEC Forms 4, despite lack of reference thereto in complaint).

## CONCLUSION

The Twitter Defendants respectfully request that the Court take judicial notice of Exhibits A through R.

| | |
|---|---|
| May 2, 2017 | SIMPSON THACHER & BARTLETT LLP |
| | /s/ James G. Kreissman<br>James G. Kreissman (Bar No. 206740) |
| | *Attorneys for Defendants*<br>*Twitter, Inc., Richard Costolo and Anthony Noto* |