BLEICHMAR FONTI & AULD LLP
LESLEY E. WEAVER (191305)
1999 Harrison Street, Suite 670
Oakland, CA  94612
Telephone:  (415) 445-4003
Facsimile:   (415) 445-4020
Email:         lweaver@bfalaw.com

*Liaison Counsel for Lead Plaintiff and the Class*

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
MEGHAN S. B. OLIVER (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  (843) 216-9000
Facsimile:   (843) 216-9450
Email:         glevin@motleyrice.com
                  moliver@motleyrice.com

*Lead Counsel for Lead Plaintiff and the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DORIS SHENWICK, as Trustee for the DORIS SHENWICK TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC., RICHARD COSTOLO and ANTHONY NOTO,<br><br>Defendants. | Case No. 3:16-cv-05314-JST<br><br>(Consolidated with 3:16-cv-05439-JST)<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF'S RESPONSE AND PARTIAL OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**<br><br>JUDGE: Jon S. Tigar<br>DATE:   September 14, 2017<br>TIME:    2:00 P.M.<br>DEPT.:   Courtroom 9, 19th Floor |

## I. INTRODUCTION

Defendants have requested that the Court take judicial notice of eighteen exhibits, consisting of twenty-two documents, in connection with their motion to dismiss. *See* Twitter Defs.' Req. for Judicial Notice in Supp. of Mot. to Dismiss Pl.'s Consolidated Compl. at 1-2 ("RJN"), ECF No. 92. Lead Plaintiff opposes judicial notice of Exhibit N to the RJN, which consists of Statements of Changes of Beneficial Ownership of Securities filed with the Securities and Exchange Commission ("SEC") on behalf of Defendant Anthony Noto (the "Noto Form 4s"). As discussed further below, Defendants ignore substantial relevant case law from federal district courts in California holding that Form 4s may ***not*** be judicially noticed for the truth of their contents. In addition, Defendants have not provided any context for the alleged stock transactions by Noto listed in the individual documents that comprise Exhibit N, and courts have held that without such context, securities transactions listed in Form 4s are not relevant to the scienter inquiry.

Lead Plaintiff does not object to Defendants' RJN insofar as it asks the Court to assess what Defendants actually stated to the market in: (i) other SEC filings and correspondence, and (ii) the Company's earnings call transcripts that were referred to or relied on in the Amended Complaint. *See* RJN at Exs. A-I, O.[1] Lead Plaintiff also does not object to the Court taking judicial notice of what was said in the news articles referenced by Defendants, except for Exhibits K and L, which are not the proper basis of judicial notice on any ground. However, Lead Plaintiff does object to Defendants' efforts to have the Court take judicial notice of the truth of "facts" allegedly contained in any of the documents offered in the RJN—including SEC filings, transcripts, and various news articles—or any effort by Defendants to establish inferences favorable to them from those supposed facts.

---

[1]  Lead Plaintiff also has no objection to Exhibit J to the RJN, which consists of certain slides discussed at the Company's November 2014 Analyst Day investor conference. It is worth noting, however, that Defendants introduce only a small portion of the presentation, which Twitter has removed from its website.

These requests represent nothing more than an impermissible attempt by Defendants to supplant or contradict the well-pled factual allegations of the Amended Complaint (and all reasonable inferences therefrom) with their own rendition of the facts. This is not the appropriate stage at which a court may consider or determine as true a defendant's competing (and disputed) factual version of events. *See, e.g.*, *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008) ("[T]he PLSRA in no way turns FRCP 12 into a trial-type, papers-only proceeding, much less one in which defendants get the benefit of every conceivable doubt, including credibility calls. That is reserved for the jury."); *In re Juno Therapeutics, Inc.*, No. C16-1069RSM, 2017 WL 2574009, at *5 n.2 (W.D. Wash. June 14, 2017) (admonishing parties to Rule 12(b)(6) motion who, by submitting "numerous exhibits . . . outside of the pleadings," were "attempting to conduct a trial by paper"); *Kessler v. Bishop*, No. C 08-5554 PJH, 2011 WL 207981, at *3 (N.D. Cal. Jan. 21, 2011) (explaining, in the context of denying a motion to dismiss, that, "[a]lthough the existence of a document may be judicially noticeable, the truth of statements contained in the document ***and its proper interpretation*** are not subject to judicial notice") (emphasis added).

## II.  LEGAL ARGUMENT

"In reviewing a motion to dismiss pursuant to Rule 12(b)(6), [a court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters*, 768 F.3d 938, 945 (9th Cir. 2014). "[A] factual determination by the court is inappropriate in a Rule 12(b)(6) dismissal." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005). Rather, courts must assess the sufficiency of the allegations in the complaint, not the merits of the case. *See, e.g.*, *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010) ("[A] motion to dismiss is not the appropriate procedural vehicle to test the ***merits*** of Plaintiff's [complaint] and the claims asserted therein." (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001))). Additionally, "[o]n a motion to dismiss, it is not the

LEAD PL.'S RESP. & PARTIAL OBJ. TO DEFS.' REQ. FOR JUDICIAL NOTICE
IN SUPP. OF DEFS.' MOT. TO DISMISS THE CONSOL. AM. COMPL.
Case No. 3:16-cv-05314-JST

- 2 -

court's function to weigh the evidence." *Grooms v. Legge*, No. 09cv489-IEG-POR, 2009 WL 2031730, at *2 (S.D. Cal. July 8, 2009).

That a plaintiff asserts claims for violations of the federal securities laws does not relax this time-honored jurisprudence. For example, in *Smilovits v. First Solar, Inc.*, No. CV-12-00555-PHX-DGC, 2012 WL 6574410 (D. Ariz. Dec. 17, 2012), the court held that, "[w]hile Defendants dispute the veracity of many of the allegations, factual disputes about specific, plausible allegations are not sufficient to dismiss a claim. Factual allegations and their reasonable inferences are accepted as true at the motion to dismiss stage." *Id.* at *7.

"As a general rule, [courts] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)); *see also Shaev v. Baker*, No. 16-cv-05541-JST, 2017 WL 1735573, at *6 (N.D. Cal. May 4, 2017) (Tigar, J.) (same). There are, however, two exceptions to this general rule. *First*, courts may take "judicial notice of 'matters of public record'" to the extent permitted by Rule 201 of the Federal Rules of Evidence. *See Hammonds v. Aurora Loan Servs. LLC*, No. EDCV 10-1025 AG (OPx), 2010 WL 3859069, at *1 (C.D. Cal. Sept. 27, 2010) ("Courts may take judicial notice of '***undisputed*** matters of public record,' but generally may not take judicial notice of '***disputed*** facts stated in public records.'" (quoting *Lee*, 250 F.3d at 690)); *see also Maraldo v. Life Ins. Co. of the Sw.*, No. 11-CV-4972-YGR, 2012 WL 1094462, at *6 (N.D. Cal. Mar. 30, 2012) ("The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a '***high degree of indisputability***.'") (emphasis added).

*Second*, courts may consider documents under the "incorporation by reference" doctrine. "'That doctrine permits a district court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings."'" *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (alteration in original); *see also Snellink v. Gulf Res., Inc.*, 870 F. Supp. 2d 930, 937 (C.D. Cal. 2012) (noting court may consider documents forming basis of plaintiff's case, but not attached to


1 complaint, if there is no dispute as to authenticity).  However, the incorporation by reference
2 doctrine is *not* a vehicle for a defendant to provide its own version of events or to offer
3 purportedly "more plausible" alternatives to a plaintiff's allegations.  *See, e.g.*, *SEC v. Mercury
4 Interactive, LLC*, No. 5:07-cv-02822-JF/PVT, 2010 WL 3790811, at *7 (N.D. Cal. Sept. 27,
5 2010) ("While it is true that the Court may consider documents referenced in a pleading under
6 the incorporation by reference doctrine, Skaer asks the Court to engage in fact-finding based
7 upon those documents . . . . This type of analysis is inappropriate in the context of a motion to
8 dismiss." (internal citation omitted)), *superseded by regulation on other grounds as recognized
9 in SEC v. Bardman*, No. 16-cv-02023-JST, 2017 WL 512797, at *4 (N.D. Cal. Feb. 8, 2017).

   **A.     This Court May Take Judicial Notice of Certain Documents, Such as
           SEC Filings, but Not for the Truth of the Information Contained
           Therein**

13   While a court may consider documents that are either submitted as part of a complaint or
14 that are necessarily relied on therein and whose authenticity is not contested, it should not take
15 judicial notice of those documents for the truth of the matters asserted therein, even if those
16 documents (like SEC filings, quarterly conference call transcripts, and news articles) are cited in
17 the complaint.  *See, e.g.*, *Shaev*, 2017 WL 1735573, at *7 ("[T]he Court takes judicial notice of
18 the statements in the SEC filings, ***but not for the purpose of determining the truth of those
19 statements***.") (emphasis added); *Philco Invs., Ltd. v. Martin*, No. C 10-02785 CRB, 2011 WL
20 500694, at *1 n.1 (N.D. Cal. Feb. 9, 2011) ("The Court can take judicial notice of the conference
21 call transcript, ***not for the truth of the matter asserted*** but for the fact that the statements were
22 made on the date specified." (emphasis added)).
23   None of the documents that comprise the RJN contain facts that are capable of certain
24 validation or that constitute common knowledge.  Indeed, judicial notice is appropriate only for ***a
25 discrete set of readily verifiable, indisputable matters***, such as "'(1) scientific facts:  for
26 instance, when does the sun rise or set; (2) matters of geography:  for instance, what are the
27 boundaries of a state; or (3) matters of political history:  for instance, who was president in
28 1958.'"  *Mat-Van, Inc. v. Sheldon Good & Co. Auctions*, LLC, No. 07-CV-912-IEG (BLM),

1  2008 WL 346421, at *8 (S.D. Cal. Feb. 6, 2008) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214

2  (11th Cir. 1997)).

3        Because Defendants have not established that the "facts" they proffer are undisputed

4  matters of public record under Federal Rule of Evidence 201(b), the Court may not accept their

5  self-serving interpretations of the truth in conference call transcripts, SEC filings, or other

6  materials. *See, e.g.*, *Morris v. Smith Micro Software, Inc.*, No. SACV 11-976 AG (ANx), 2012

7  WL 12948541, at *3 (C.D. Cal. May 21, 2012) ("While it may be appropriate to judicially notice

8  the existence of SEC filings and their contents, judicial notice should not be taken of the ***truth of***

9  ***their contents***."); *Philco Invs.*, 2011 WL 500694, at *1 n.1 (declining to accept as true the

10 contents of a conference call transcript); *Darensburg v. Metro. Transp. Comm'n*, No. C-05-

11 01597 EDL, 2006 WL 167657, at *2 (N.D. Cal. Jan. 20, 2006) (declining "invitation to take

12 judicial notice of the complex ***inferences*** that Defendant would have [the court] draw from the

13 facts contained in those documents" and noting that, when "factual findings . . . are in dispute,

14 those matters of dispute are not appropriate for judicial notice"). Nor can the truth of this

15 material be considered under the incorporation by reference doctrine. *See Gammel*, 905 F. Supp.

16 2d at 1061 (considering certain excerpts from defendant company's SEC filings and other

17 transcripts under incorporation by reference doctrine, but noting "the Court will not consider

18 these documents for the truth of the matters they assert").

19       Here, Defendants rely on specific contents of certain RJN exhibits for the truth of the

20 matter stated therein to formulate their own version of events beyond the allegations of the

21 Amended Complaint, and for the inferences arising therefrom. For example, Exhibits K and L

22 are news articles cited in support of the conclusion that it was "difficult[]" for Twitter to

23 eliminate fraudulent or spam accounts. *See* Mem. of P. & A. in Supp. of Twitter Defs.' Mot. to

24 Dismiss Pl.'s Consolidated Compl. at 25 ("Def. MTD"), ECF No. 91-1.[2] Moreover, to support

---

[2] It is significant that the two articles in question (Exhibits K and L) are ***not*** cited or referenced in the Amended Complaint. As such, the incorporation by reference doctrine does not apply to this material. *See Pearce v. Bank of Am. Home Loans*, No. C 09-3988 JF, 2010 WL 689798, at *3 (N.D. Cal. Feb. 23, 2010) (holding document whose contents were not alleged in complaint to

their argument that Lead Plaintiff's allegations support an "innocent inference," as opposed to a strong inference of scienter, Defendants do not cite to actual allegations of the Amended Complaint, but rather to four outside exhibits (Exhibits D, G, H, and I) that form part of the RJN. *Id*. at 13.  As to scienter, Defendants, citing Exhibit N, further argue that "Defendant Noto purchased Twitter stock during the Class Period"—a fact they erroneously view as "tend[ing] to negate the inference of scienter." *Id.* at 14.  And, by way of Exhibit F, Defendants offer a stray quote from Defendant Noto from prior to the start of the Class Period and then purport to interpret its meaning for the Court.  *See* Def. MTD 17 n.13 (asserting that the November 2014 quotation in question "strongly suggests that Noto's February 2015 reference to 'more mature markets' was to these 'top five' markets, not to Twitter's top 20 markets").  These various attempts by Defendants to create their own self-serving counter-narrative to the Amended Complaint should be rejected.  *See, e.g.*, *Darensburg*, 2006 WL 167657, at *2 (declining "invitation to take judicial notice of the complex *inferences* that Defendant would have [the court] draw from the facts contained in those documents"); *Kessler*, 2011 WL 207981, at *3 (holding truth of statement in document "and its proper interpretation" not judicially noticeable).

### B.  The Court Should Not Consider the Noto Form 4s, and Certainly Not for the Truth of Their Contents

Lead Plaintiff opposes Defendants' request for judicial notice of Exhibit N.  This exhibit consists of Form 4s filed by Defendant Noto, which purportedly show certain of his stock purchases.[3]  While Defendants assert that judicial notice of the Noto Form 4s—and judicial notice of the fact of his stock purchases—is appropriate, RJN at 5-6, they ignore the numerous California decisions that have ***rejected*** the contention that Form 4s may be judicially noticed for the truth of their contents.  *See, e.g.*, *Maiman v. Talbott*, No. SACV 09-0012 AG (ANx), 2010

---

be "beyond the scope of the incorporation-by-reference doctrine").  Nor, under these circumstances, is judicial notice appropriate. *See, e.g.*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1206 (N.D. Cal. 2014) ("The Court DENIES Plaintiffs' request for judicial notice of a New York Times Bits blog article about the instant litigation.  This document is not cited or referenced in the FAC.").

[3]   The four Form 4s at issue are dated May 5, 2015, May 19, 2015, May 22, 2015, and May 28, 2015.

WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) ("The Court joins the courts that decline to take judicial notice of defendants' stock purchases reflected in Forms 4. . . . [J]udicial notice should not be taken of the *truth* of their contents."); *Morris*, 2012 WL 12948541, at *3 ("This Court joins those that decline to judicially notice the truth of the contents of SEC filings, including the dates and volume of stock purchases listed in SEC Form 4s."); *see also Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency. ***The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice***.") (emphasis added).

In any event, the Form 4s in question here do not "negate the strong inference of scienter" because Defendants failed to provide any context for the stock purchases that would enable the Court to "'verify the circumstances surrounding'" them. *Maiman*, 2010 WL 11421950, at *7; *see also In re Digi Int'l, Inc. Sec. Litig.*, 6 F. Supp. 2d 1089, 1097 n.5 (D. Minn. 1998) (agreeing defendant could not rely on "evidence [of share purchases] outside the four corners of the complaint[] . . . to support its motion to dismiss" and noting that, because "the Court has no way to determine the nature of, or reasons behind the alleged purchases, such purchases would not defeat the inference of scienter").[4]

Accordingly, Lead Plaintiff objects to any judicial notice being taken of the contents of the Noto Form 4s, or of any inferences being drawn therefrom. Lead Plaintiff also objects to the Noto Form 4s as irrelevant. *See* Lead Pl. Mem. of P. & A. in Opp'n to Defs.' Mot. to Dismiss at 30 ("Opp'n MTD") (citing well-established principle that motive is not necessary for a finding of scienter).[5]

---

[4] It bears noting that the context of Noto's purchases does nothing to discount a strong inference of scienter. Specifically, Defendant Noto purchased 12,700 shares for $472,000. In comparison, Noto's total compensation in 2014 was $72.8 million. *See* Twitter, Inc., Definitive Proxy Statement (DEF14A), at 31 (Apr. 20, 2014). Context does matter, and the fact that Defendants did not provide any is telling.

[5] Defendants also ignore that scienter in the present case is premised on actual knowledge and/or deliberate recklessness, ***not*** on motive. *See* Opp'n MTD 30-31. Accordingly, any analysis of the individual defendants' insider trading histories during the Class Period has no bearing on the

### C. Any Consideration of Disputed Facts Necessitates Providing Meaningful Discovery to Lead Plaintiff.

When a defendant raises facts outside the complaint for the truth of the matter stated or asks the court to draw inferences from those facts in its favor, a request for judicial notice, if granted, converts a motion to dismiss into one for summary judgment. Under the Federal Rules of Civil Procedure:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

Rule 56 prevents a party from being "'railroaded' by a premature motion for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Before summary judgment may be granted, the non-moving party must have an opportunity to take discovery of information that is essential to his opposition to the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (noting summary judgment may be entered against plaintiff only "as long as the plaintiff has had a full opportunity to conduct discovery").

Accordingly, in the event the Court considers Defendants' RJN exhibits for the truth of the matter stated, or draws factual inferences therefrom, the pending motion should be converted to one for summary judgment and Lead Plaintiff should be permitted to take discovery on the matters raised by or related to those exhibits. *See* Fed. R. Civ. P. 56(d) (court may defer summary judgment to "allow [the nonmovant] time . . . to take discovery").

---

issues presented here, rendering judicial notice inappropriate. *See, e.g.*, *Stern v. Charles Schwab & Co.*, No. CV-09-1229-PHX-DGC, 2009 WL 3352408, at *4 (D. Ariz. Oct. 16, 2009) ("Because the documents are not relevant to the issues raised by Schwab in the pending motion, the Court will deny the request for judicial notice."); *Gieseke v. Bank of Am., N.A.*, No. 13-cv-04772-JST, 2014 WL 3737970, at *1 n.1 (N.D. Cal. July 28, 2014) (Tigar, J.) (denying judicial notice of a particular document because "Defendants have not established the[ir] relevance" to issues in the case).

## III. CONCLUSION

Lead Plaintiff respectfully submits that its objections to the RJN should be sustained. Alternatively, in the event the Court grants the RJN in whole or in part by either accepting as true the contents of the documents submitted by Defendants or otherwise drawing inferences therefrom, Lead Plaintiff respectfully requests that the motion to dismiss be converted to one for summary judgment and that it be allowed to conduct discovery prior to any substantive ruling by the Court on the merits.

DATED: June 21, 2017                                   Respectfully submitted,

                                                       */s/ Lesley E. Weaver*
                                                       LESLEY E. WEAVER (191305)
                                                       BLEICHMAR FONTI & AULD LLP
                                                       1999 Harrison Street, Suite 670
                                                       Oakland, CA  94612
                                                       Telephone: (415) 445-4003
                                                       Facsimile:  (415) 445-4020
                                                       Email:      lweaver@bfalaw.com

                                                       *Liaison Counsel for Lead Plaintiff and the Class*

                                                       MOTLEY RICE LLC
                                                       GREGG S. LEVIN (admitted *pro hac vice*)
                                                       MEGHAN S. B. OLIVER (admitted *pro hac vice*)
                                                       28 Bridgeside Blvd.
                                                       Mt. Pleasant, SC  29464
                                                       Telephone: (843) 216-9000
                                                       Facsimile:  (843) 216-9450
                                                       Emails:    glevin@motleyrice.com
                                                                  moliver@motleyrice.com

                                                       *Lead Counsel for Lead Plaintiff and the Class*

LEAD PL.'S RESP. & PARTIAL OBJ. TO DEFS.' REQ. FOR JUDICIAL NOTICE                                   - 9 -
IN SUPP. OF DEFS.' MOT. TO DISMISS THE CONSOL. AM. COMPL.
Case No. 3:16-cv-05314-JST

|   |   |
|---|---|
| 1 |   |
| 2 | ROBBINS GELLER RUDMAN |
|   |   & DOWD LLP |
| 3 | DANIEL S. DROSMAN (200643) |
|   | SUSANNAH R. CONN (205085) |
| 4 | 655 West Broadway, Suite 1900 |
|   | San Diego, CA  92101-8498 |
| 5 | Telephone: (619) 231-1058 |
|   | Facsimile:  (619) 231-7423 |
| 6 | Emails:      dand@rgrdlaw.com |
|   |            sconn@rgrdlaw.com |

*Additional Counsel for the Class*