JAMES G. KREISSMAN (Bar No. 206740)
jkreissman@stblaw.com
SIMONA G. STRAUSS (Bar No. 203062)
sstrauss@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California  94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

JONATHAN K. YOUNGWOOD (admitted *pro hac vice*)
jyoungwood@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-2000
Facsimile:  (212) 455-2502

*Attorneys for Defendants*
*Twitter, Inc., Richard Costolo and Anthony Noto*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIS SHENWICK, as Trustee for the DORIS SHENWICK TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>           v.<br><br>TWITTER, INC., RICHARD COSTOLO and ANTHONY NOTO,<br><br>                           Defendants. | Case No. 3:16-CV-05314-JST<br><br>(Consolidated with 3:16-cv-05439-JST)<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM IN SUPPORT OF TWITTER DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**Judge:  Jon S. Tigar**<br>**Courtroom:  9**<br>**Hearing Date:  October 5, 2017**<br>**Hearing Time:  2:00 P.M.**<br>**Date Action Filed:  September 16, 2016**<br><br>Filed Jointly With:  Reply Memorandum of Points and Authorities in Support of Twitter Defendants' Motion to Dismiss; Supplemental Request for Judicial Notice |

Plaintiff's Response and Partial Objection to Defendants' Request for Judicial Notice concedes that the Court may consider the vast majority of the documents submitted in support of Defendants' Motion to Dismiss. As explained below and in Defendants' Request for Judicial Notice, the few documents that Plaintiff does challenge are also subject to judicial notice in connection with the Court's consideration of the Motion to Dismiss because they are (a) incorporated by reference in the Complaint, (b) matters of public record, or (c) both.

## I. PLAINTIFF DOES NOT OPPOSE JUDICIAL NOTICE OF EXHIBITS A-J, M, AND O-R

Judicial notice of documents incorporated by reference in the Complaint (Exhibits A, D-J, M, and O-R) and publicly available information, such as SEC filings (Exhibits A-E and N-O), earnings call transcripts (Exhibits F-I), and media reports (Exhibits K-M and P-R), is proper and routine. *See* RJN at 4-6. Plaintiff appropriately does not object to Defendants' request that the Court take judicial notice of Exhibits A-J,[1] M, and O-R to assess what was "actually stated to the market." RJN Obj. at 1 & n.1.

Instead, Plaintiff argues that the Court may not consider the truth of, or any inferences drawn from, statements contained in Exhibits D, F, G, H, and I.[2] RJN Obj. at 1, 5-6. Plaintiff is incorrect. The Complaint extensively relies on, and in some cases selectively quotes from, all of these documents. *See* RJN at 1-3. Where, as here, "the plaintiff refers extensively to [a] document" in its Complaint, "the district court may treat such a document as part of the complaint, ***and thus may assume that its contents are true*** for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added).[3]

---

[1] Plaintiff states that "[i]t is worth noting . . . that Defendants introduce only a small portion of" Exhibit J, Twitter's November 2014 Analyst Day Presentation. RJN Obj. at 1 n.1. It is unclear why this is noteworthy. Defendants requested judicial notice over the entirety of certain slides in a longer presentation because, as explained in the Motion to Dismiss, *see* MTD at 16, Plaintiff in its Complaint misleadingly cropped those slides to exclude their explicit and relevant disclaimers.

[2] Exhibit D is Twitter's 2014 Form 10-K; Exhibits F, G, H, and I are transcripts from various earnings calls.

[3] Plaintiff's argument about the *significance* of documents that are clearly subject to judicial notice, RJN Obj. at 5-6, is entirely misplaced and would belong, if anywhere, in its Opposition to

## II.  JUDICIAL NOTICE OF EXHIBITS K AND L IS PROPER

Plaintiff argues that judicial notice of Exhibits K and L—publicly available news articles that describe Twitter's disclosures in its Registration Statement—is not proper because these exhibits were "cited in support of the conclusion that it was 'difficult[]' for Twitter to eliminate fraudulent or spam accounts." RJN Obj. at 1, 5.[4]  Plaintiff's contention is without merit and contradicts its own (correct) recitation of the law that judicial notice of publicly available media reports is appropriate "to assess what [was] actually stated to the market." *Id.* at 1.  Here, Defendants offered Exhibits K and L, which reported on Twitter's public disclosures concerning robot or spam users, to refute Plaintiff's contention that Twitter misled investors by failing to disclose that some percentage of its MAUs comprised such users. MTD at 25.  Exhibits K and L are thus not relied on for the truth of the matters stated therein (*i.e.*, that robot and spam users were in fact included in reported MAU), but rather to show what was disclosed to the market.  *See In re KaloBios Pharm., Inc. Sec. Litig.*, No. 5:15-cv-05841-EJD, 2017 WL 2720222, at *1-2 (N.D. Cal. June 23, 2017) (granting "[j]udicial notice of news articles . . . to show 'that the market was aware of the information contained'" therein) (citation omitted); RJN at 5-6.  Judicial notice of Exhibits K and L is therefore proper.

## III.  JUDICIAL NOTICE OF SEC FORMS 4 IS PROPER FOR PURPOSES OF EVALUATING SCIENTER

Plaintiff devotes much of its Response and Partial Objection to argue that judicial notice of Exhibit N, Defendant Noto's SEC Forms 4, is inappropriate.  It is unclear whether Plaintiff

---

the Motion to Dismiss, not its Response and Partial Objection to Defendants' Request for Judicial Notice.

[4] Plaintiff contends that it is "significant" that Exhibits K and L were not referenced in the Complaint and asserts that the "incorporation by reference doctrine" therefore "does not apply" to them.  RJN Obj. at 5 n.2.  This argument is a red herring because Defendants did not request judicial notice of Exhibits K and L under the incorporation by reference doctrine.  *Compare* RJN at 4-5 *with id.* at 5-6.  Instead, Defendants requested judicial notice of Exhibits K and L under Federal Rule of Evidence 201(b)(2), pursuant to which courts routinely take judicial notice of publicly available information to determine what was disclosed to the market.  Indeed, there are no references to these exhibits in Part I of Defendants' Request for Judicial Notice, which relates to incorporation by reference.  The exhibits are mentioned only in Part II, which relates to publicly available information.

1  opposes judicial notice over the Forms 4 themselves or over the fact of Defendant Noto's stock
2  purchase, as reflected in the Forms 4. Both are appropriately subject to judicial notice, and their
3  consideration is warranted here.

4  First, courts in this district regularly take judicial notice over "SEC Forms 4" because they
5  "are publicly-available documents filed with the SEC." *Morgan v. AXT, Inc.*, No. C 04-4362 MJJ,
6  2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005); *see also, e.g.*, *In re Nimble Storage, Inc. Sec.
7  Litig.*, No. 15-cv-05803-YGR, 2017 WL 1953314, at *1 n.2 (N.D. Cal. May 10, 2017); *In re
8  Openwave Sys. Inc. S'holder Derivative Litig.*, 503 F. Supp. 2d 1341, 1349 (N.D. Cal. 2007); *In re
9  Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2005 WL 1910923, at *4 (N.D. Cal. Aug.
10 10, 2005); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004); *In re
11 Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075-76 (N.D. Cal. 2003).

12 Second, although Plaintiff argues that Defendants ignore "numerous California decisions
13 that have rejected the contention that Form 4s may be judicially noticed for the truth of their
14 contents," RJN Obj. at 6, it is *Plaintiff* who ignores "numerous" California decisions, including
15 cases cited in the Request for Judicial Notice, that *grant* judicial notice over Forms 4 for their
16 truth.[5] Specifically, courts routinely take judicial notice of the "fact" of "stock [transactions] (as
17 reflected in [] SEC Forms 4 which are public records)" as part of a "'holistic approach' in
18 evaluating scienter." *Westley*, 897 F. Supp. 2d at 929 (citing *In re Rigel Pharm., Inc. Sec. Litig.*,
19 697 F.3d 869, 884 (9th Cir. 2012)); *see also Plumley v. Sempra Energy*, No. 3:16-cv-00512-BEN-
20 AGS, 2017 WL 2712297, at *3 n.4, 12 (N.D. Cal. June 20, 2017) (considering content of Forms 4
21 in evaluating scienter); *In re Leapfrog Enter.*, 2017 WL 732909, at *7 & n.4 (taking judicial notice
22 of "individual defendants' stock purchases" reported on Forms 4 for purpose of evaluating
23 scienter); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D.

---

[5] Significantly, Plaintiff does not contest the truth of the contents of the Forms 4. *See Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 929 n.6 (N.D. Cal. 2012) (finding judicial notice of the fact of stock transactions reflected in Forms 4 appropriate where "[t]he Court . . . has no basis for believing that the truth of the documents is in dispute"); *In re Leapfrog Enter., Inc. Sec. Litig.*, No. 15-cv-00347-EMC, 2017 WL 732909, at *7-8 (S.D. Cal. June 20, 2017) (taking judicial notice of and considering Forms 4 in evaluating scienter where "Plaintiff[] do[es] not dispute that [the] stock purchases were in fact made").

Cal. 2012) ("Moreover, courts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan."); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, No. 11-01016 SC, 2012 WL 685344, at *8 (N.D. Cal. Mar. 2, 2012) (taking judicial notice of Forms 4 over objection and citing documents for fact that defendant "did not sell a single . . . share during the class period"); *In re NVIDIA Corp. Sec. Litig.*, No. 08-cv-04260-RS, 2010 WL 4117561, at *2 (N.D. Cal. Oct. 19, 2010) (relying on "a number of Exchange Act Form 4's submitted by defendants accompanying their motion to dismiss" to analyze defendant's stock transactions); *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1352 & n.3 (S.D. Cal. 1998) (relying on judicially noticed Form 4 to conclude that "[n]ot only did [the defendant] not sell any shares, he actually purchased stock during the Class Period"); *cf. Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2017 WL 1732022, at *4, *14 (N.D. Cal. May 1, 2017) (Tigar, J.) (taking judicial notice of SEC filings related to stock transactions, and noting that fact that "defendant repurchased shares during the class period . . . undercuts a finding of intent").[6]

Finally, Plaintiff argues that the Court should not take judicial notice of the Forms 4 because Defendants failed to provide the Court with additional information from which it could "determine the nature of, or reasons behind" Noto's stock purchases. RJN Obj. at 7 (quoting *In re Digi Int'l, Inc. Sec. Litig.*, 6 F. Supp. 2d 1089, 1097 n.5 (D. Minn. 1998)). As Plaintiff itself acknowledges, however, on a motion to dismiss, courts generally "may not consider any material beyond the pleadings," except for "matters of public record" and documents incorporated by reference. *Id.* at 3 (citations omitted). Had Defendants attempted to offer "context" for Noto's stock purchases by suggesting *why* Noto purchased Twitter stock when he did, Plaintiff would have (correctly) opposed judicial notice of any such information.[7]

---

[6] Ignoring these and other authorities, most of which are from this district, and some of which are from this year, Plaintiff instead relies on three older decisions from the Central District of California. *See* RJN Obj. at 6-7.

[7] Plaintiff's weak attempt to argue that Noto's Class Period stock purchases are not relevant to the element of scienter, RJN Obj. at 7 n.5, is unavailing. As explained in the Motion to Dismiss, the Ninth Circuit has held that stock purchases tend to "negate the inference of scienter." MTD at 14 (quoting *In re Aspeon, Inc. Sec. Litig.*, 168 F. App'x 836, 840 (9th Cir. 2006)).

IV. **THE COURT MAY TAKE JUDICIAL NOTICE OF EXHIBITS A-R WITHOUT CONVERTING THE MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**

The Court should reject Plaintiff's suggestion that if judicial notice over Defendants' Request for Judicial Notice documents is granted, Defendants' motion to dismiss "should be converted to one for summary judgment." RJN Obj. at 8. It is well-settled that "[a] court may [] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (holding that consideration of the "full text" of an SEC filing, "including portions which were not mentioned in the complaint[] . . . .[,] does not convert the motion into one for summary judgment"). As described above and in Defendants' Request for Judicial Notice, Exhibits A through R are properly before the Court for purposes of its consideration of the instant Motion to Dismiss.

| | |
|---|---|
| August 7, 2017 | SIMPSON THACHER & BARTLETT LLP |
| | /s/ James G. Kreissman |
| | James G. Kreissman (Bar No. 206740) |
| | *Attorneys for Defendants* |
| | *Twitter, Inc., Richard Costolo and Anthony Noto* |