1  JAMES G. KREISSMAN (Bar No. 206740)
   jkreissman@stblaw.com
2  SIMONA G. STRAUSS (Bar No. 203062)
   sstrauss@stblaw.com
3  SIMPSON THACHER & BARTLETT LLP
   2475 Hanover Street
4  Palo Alto, California  94304
   Telephone: (650) 251-5000
5  Facsimile:  (650) 251-5002

6  JONATHAN K. YOUNGWOOD (admitted *pro hac vice*)
   jyoungwood@stblaw.com
7  SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
8  New York, New York  10017
   Telephone: (212) 455-2000
9  Facsimile:  (212) 455-2502

10 *Attorneys for Defendants*
   *Twitter, Inc., Richard Costolo and Anthony Noto*
11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16 DORIS SHENWICK, as Trustee for the DORIS      Case No. 3:16-CV-05314-JST
   SHENWICK TRUST, Individually and on Behalf of
17 All Others Similarly Situated,                (Consolidated with 3:16-cv-05439-JST)

18                     Plaintiff,               CLASS ACTION

19            v.                                TWITTER DEFENDANTS'
                                                SUPPLEMENTAL REQUEST FOR
20 TWITTER, INC., RICHARD COSTOLO and           JUDICIAL NOTICE IN SUPPORT OF
   ANTHONY NOTO,                                THEIR MOTION TO DISMISS
21                                              PLAINTIFF'S CONSOLIDATED
                     Defendants.                AMENDED COMPLAINT
22
                                                Judge:  Jon S. Tigar
23                                              Courtroom:  9
                                                Hearing Date:  October 5, 2017
24                                              Hearing Time:  2:00 P.M.
                                                Date Action Filed:  September 16, 2016
25
                                                Filed Jointly With:  Reply Memorandum
26                                              of Points and Authorities in Support of
                                                Twitter Defendants' Motion to Dismiss;
27                                              Reply to Request for Judicial Notice

28

**TO THE COURT AND TO ALL PARTIES APPEARING IN THIS ACTION:**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Twitter, Inc. ("Twitter"), Richard Costolo and Anthony Noto (collectively, the "Twitter Defendants") respectfully request that the Court take judicial notice of the documents listed below and attached as exhibits hereto, in excerpted form as noted,[1] in support of the concurrently filed Reply Memorandum of Points and Authorities in Support of Twitter Defendants' Motion to Dismiss Plaintiff's Consolidated Amended Complaint.

1.      Twitter's Form 10-Q for the quarterly period ended March 31, 2014, as filed with the SEC on or about May 8, 2014 ("Q1 2014 10-Q").  A true and correct copy of relevant excerpts of the Q1 2014 10-Q is attached hereto as **Exhibit S**.  The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

2.      Twitter's Form 10-Q for the quarterly period ended June 30, 2015, as filed with the SEC on or about August 7, 2015 ("Q2 2015 10-Q").  A true and correct copy of relevant excerpts of the Q2 2015 10-Q is attached hereto as **Exhibit T**.  The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

3.      Twitter's Form 10-Q for the quarterly period ended September 30, 2015, as filed with the SEC on or about November 6, 2015 ("Q3 2015 10-Q").  A true and correct copy of relevant excerpts of the Q3 2015 10-Q is attached hereto as **Exhibit U**.  The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

4.      Twitter's Form 10-Q for the quarterly period ended March 31, 2016, as filed with the SEC on or about May 3, 2016 ("Q1 2016 10-Q").  A true and correct copy of relevant excerpts of the Q1 2016 10-Q is attached hereto as **Exhibit V**.  The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

5.      Twitter's Form 10-Q for the quarterly period ended June 30, 2016, as filed with the SEC on or about August 1, 2016 ("Q2 2016 10-Q").  A true and correct copy of relevant excerpts

---

[1] To avoid unnecessary burden on the Court, the Twitter Defendants have provided only excerpts from Exhibits **S-X** and **CC-EE**, as these documents are voluminous.  If the Court wishes to receive the entirety of any excerpted Exhibit, the Twitter Defendants will promptly furnish it.

1  of the Q2 2016 10-Q is attached hereto as **Exhibit W**.  The entire quarterly report is accessible

2  from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

3        6.     Twitter's Form 10-Q for the quarterly period ended September 30, 2016, as filed

4  with the SEC on or about November 1, 2016 ("Q3 2016 10-Q").  A true and correct copy of

5  relevant excerpts of the Q3 2016 10-Q is attached hereto as **Exhibit X**.  The entire quarterly report

6  is accessible from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

7        7.     A transcript of Twitter's July 29, 2014 Earnings Call for the quarterly period ended

8  June 30, 2014 ("Q2 2014 Earnings Call"), available at https://seekingalpha.com/article/2355785-

9  twitters-twtr-ceo-dick-costolo-on-q2-2014-results-earnings-call-transcript.  A true and correct

10  copy of the Q2 2014 Earnings Call is attached hereto as **Exhibit Y**.  Plaintiff cites the Q2 2014

11  Earnings Call at paragraphs 26 and 85(i) of the Complaint.

12        8.     A transcript of Twitter's October 27, 2015 Earnings Call for the quarterly period

13  ended September 30, 2015 ("Q3 2015 Earnings Call"), available at https://seekingalpha.com/

14  article/3611236-twitters-twtr-ceo-jack-dorsey-q3-2015-results-earnings-call-transcript.  A true and

15  correct copy of the Q3 2015 Earnings Call is attached hereto as **Exhibit Z**.

16        9.     A transcript of Twitter's statements at a March 3, 2015 investor conference hosted

17  by Morgan Stanley ("MS Investor Conference Statements").  A true and correct copy of the MS

18  Investor Conference Statements is attached hereto as **Exhibit AA**.  Plaintiff cites the MS Investor

19  Conference Statements at paragraph 28, footnote 8; paragraph 87(h); and paragraph 103, footnote

20  43 of the Complaint.

21        10.    A transcript of a November 6, 2013 speech given by then-Chairperson of the

22  Securities and Exchange Commission Mary Jo White ("November 2013 Speech"), available at

23  https://www.sec.gov/news/speech/2013-spch110613mjwhtm.  A true and correct copy of the

24  November 2013 Speech is attached hereto as **Exhibit BB**.  Plaintiff cites the November 2013

25  Speech at paragraph 118 of the Complaint.

26        11.    Facebook, Inc.'s ("Facebook") Form 10-K for the annual period ended December

27  31, 2014, as filed with the SEC on or about January 29, 2015 ("FB 2014 10-K").  A true and

28  correct copy of relevant excerpts of the FB 2014 10-K is attached hereto as **Exhibit CC**.  The

entire annual report is accessible from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

12.     Facebook's Form 10-Q for the quarterly period ended March 31, 2015, as filed with the SEC on or about April 23, 2015 ("FB Q1 2015 10-Q").  A true and correct copy of relevant excerpts of the FB Q1 2015 10-Q is attached hereto as **Exhibit DD**.  The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

13.     Snap Inc.'s ("Snap") Form 10-Q for the quarterly period ended March 31, 2017, as filed with the SEC on or about May 10, 2017 ("Snap Q1 2017 10-Q").  A true and correct copy of relevant excerpts of the Snap Q1 2017 10-Q is attached hereto as **Exhibit EE**.  The entire quarterly report is accessible from the SEC's online "EDGAR" Database, available at http://www.sec.gov.

## **ARGUMENT**

The Court may consider Exhibits **S** through **EE** when ruling on the Twitter Defendants' Motion to Dismiss because they are incorporated by reference in Plaintiff's Complaint and/or subject to judicial notice.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (court ruling on motion to dismiss securities fraud complaint must consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Bodri v. GoPro, Inc.,* No. 16-cv-00232-JST, 2017 WL 1732022, at *4 (N.D. Cal. May 1, 2017) (Tigar, J.) (taking judicial notice of documents referenced in securities fraud complaint and publicly available documents); Fed. R. Evid. 201(b)(2) (authorizing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Judicial notice is proper because these exhibits support arguments made in the Twitter Defendants' Reply Memorandum in support of the Motion to Dismiss that respond to arguments raised in Plaintiff's Opposition brief.  *See In re Bank of Am. Corp.*, No. 09-md-02014 JSW, 2011 WL 740902, at *1 (N.D. Cal. Feb. 24, 2011) (taking judicial notice of exhibits submitted with defendant's reply brief).  Specifically:

- In the Opposition, Plaintiff assumes that the Q2 2015 decline in the DAU/MAU ratio must have resulted from a ***decline*** in average DAUs, as opposed to relatively slower growth in average DAUs compared to average MAUs.  Opp. at 20.  Exhibits **S** and **T** show that the MAU growth rate from Q1 2014 through Q2 2015 was 32%.  That growth rate and the 4% decline in DAU/MAU ratio that Twitter reported in Q2 2015 suggest that DAU also ***grew*** during that period.  *See* MTD Reply at 3.

- In the Opposition, Plaintiff argues that Twitter's Q1 2015 10-Q was "out of the norm" because it reported automated user data for the fourth quarter of the previous year rather than for the current quarter.  Opp. at 14.  Exhibits **T-X** demonstrate that Twitter in fact reported automated user data for the fourth quarter of the previous year in ***every*** quarterly report it issued in 2015 and 2016.  *See* MTD Reply at 10.

- In the Opposition, Plaintiff argues that Defendants had "no problem accounting for [DAU], both before and after the Class Period."  Opp. at 13.  Exhibits **Y** and **Z** provide context for how much detail about DAU Twitter provided in its pre- and post-Class Period earnings calls.  Specifically, these earnings calls demonstrate that Twitter's Class Period earnings calls were as detailed as, if not more detailed than, disclosures in other periods.  *See* MTD Reply at 9.

- In the Opposition, Plaintiff asserts that Defendant Noto described "engagement" as "by far our number one opportunity" during the 2015 Morgan Stanley Investor Conference.  Opp. at 28.  Exhibit **AA** demonstrates that Noto in fact stated that user "retention" was Twitter's "number one opportunity."  *See* MTD Reply at 8.

- In the Opposition, Plaintiff asserts that "the SEC has opined that providing raw numbers . . . without appropriate context is misleading."  Opp. at 9 n.4.  Exhibit **BB** provides the appropriate context for the statements Plaintiff references.  *See* MTD Reply at 9.

- In the Opposition, Plaintiff argues that DAU is a "standard industry metric."  Opp. at 13.  Exhibits **CC-EE**, SEC filings by Facebook and Snap, two companies that Plaintiff

cites as Twitter's "social-media peers," demonstrate that social media companies differ in how they measure and report DAU.  *See* MTD Reply at 9.

## I.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS THAT ARE INCORPORATED BY REFERENCE (EXHIBITS Y, AA, AND BB)

The Court should take judicial notice of Exhibits **Y**, **AA**, and **BB** because, as detailed above, each of those documents has been incorporated into the Complaint by reference.  When ruling on a motion to dismiss a securities fraud complaint, courts should "consider the complaint in its entirety," including "documents incorporated into the complaint by reference."  *Tellabs*, 551 U.S. at 322; *see also Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008); *Bodri*, 2017 WL 1732022, at *4.  Thus, "[i]f a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss."  *Philco Invs., Ltd. v. Martin*, No. C 10-02785 CRB, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citing *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)); *Cement Masons & Plasterers Joint Pens. Tr. v. Equinix, Inc.*, No. 11-01016 SC, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim.").  A court should consider the full text of such documents, even if the complaint itself only quotes selected portions.  *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (where plaintiff "references and relies on a particular document as part of the . . . complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered").  Because the Complaint cites, and in some areas selectively quotes from, Exhibits **Y**, **AA**, and **BB**, the Court should take judicial notice of these documents.

## II.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF PUBLICLY AVAILABLE INFORMATION (EXHIBITS S-Z AND BB-EE)

The Court also should take judicial notice of Exhibits **S-Z** and **BB-EE** because all of these documents are publicly available and thus capable of "accurate[] and read[y] determin[ation] from

1   sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  In

2   considering motions to dismiss securities fraud complaints, courts routinely take judicial notice of

3   publicly available information about a company "to show disclosure of information."  *In re*

4   *Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010); *Bodri*, 2017 WL

5   1732022, at *4 (taking judicial notice of "matters in the public record," including SEC filings, and

6   transcripts from earnings calls).

7        Exhibits **S-X** and **CC-EE** were publicly filed with the SEC, making judicial notice

8   appropriate.  *See*, *e.g.*, *Metzler*, 540 F.3d at 1064 n.7 ("judicial notice [of] publicly available

9   financial documents, including . . . SEC filings . . . . [is] proper"); *Dreiling v. Am. Express Co.*,

10   458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings subject to judicial notice).

11        Transcripts of Twitter's earnings calls (Exhibits **Y-Z**) and Chairperson White's November

12   2013 Speech (Exhibit **BB**) are also publicly available and thus subject to judicial notice.  *See In re*

13   *Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 992 & n.1 (N.D. Cal. 2014) (taking judicial

14   notice of company's "earnings and conference call transcripts"); *SEC v. Mozilo*, No. CV 09-3994-

15   JFW (MANx), 2009 WL 3807124, at *7 n.2 (C.D. Cal. Nov. 3, 2009) (taking judicial notice of

16   "SEC filings, [and] transcripts of earnings conference calls and investor forums").

17                                    <u>**CONCLUSION**</u>

18        The Twitter Defendants respectfully request that the Court take judicial notice of Exhibits

19   **S** through **EE**.

20   August 7, 2017                         SIMPSON THACHER & BARTLETT LLP

21

22                                         /s/ James G. Kreissman
                                           James G. Kreissman (Bar No. 206740)

23                                         *Attorneys for Defendants*
24                                         *Twitter, Inc., Richard Costolo and Anthony Noto*

25

26

27

28