BLEICHMAR FONTI & AULD LLP
LESLEY E. WEAVER (191305)
1999 Harrison Street, Suite 670
Oakland, CA  94612
Telephone: (415) 445-4003
Facsimile:  (415) 445-4020
Email:      lweaver@bfalaw.com

*Liaison Counsel for Lead Plaintiff and the Class*

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
MEGHAN S. B. OLIVER (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile:  (843) 216-9450
Emails:     glevin@motleyrice.com
            moliver@motleyrice.com

*Lead Counsel for Lead Plaintiff and the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| DORIS SHENWICK, as Trustee for the DORIS SHENWICK TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC., RICHARD COSTOLO and ANTHONY NOTO,<br><br>Defendants. | Case No. 3:16-cv-05314-JST<br><br>(Consolidated with 3:16-cv-05439-JST)<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED AMENDED COMPLAINT**<br><br>JUDGE: Jon S. Tigar<br>DATE:  October 5, 2017<br>TIME:  2:00 P.M.<br>DEPT.: Courtroom 9, 19th Floor |

As they did in connection with their opening brief in support of their Motion to Dismiss and their previous Request for Judicial Notice, Defendants once again rely on evidence outside the Consolidated Amended Complaint ("CAC") and improperly make arguments more appropriate for a motion for summary judgment. *See* Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 104. In support of their opening brief, Defendants requested that the Court take judicial notice of eighteen documents, arguing that many were incorporated by reference in the CAC. *See* Defs.' Req. for Judicial Notice, ECF No. 92. They now make that same argument again, and ask the Court to take judicial notice of an additional thirteen documents in support of their reply brief. *See* Defs.' Supp. Req. for Judicial Notice, ECF No. 106 ("Suppl. RJN"). *See also Sviridyuk v. BAC Home Loan Servicing, LP*, No. 3:11-cv-01107-SI, 2012 WL 174791, at *2 (D. Or. Jan. 20, 2012) ("The doctrine of incorporation by reference is not an invitation to introduce evidence challenging the merits of a plaintiff's case as part of a motion to dismiss a pleading for failure to state a claim."). The Court should deny the request.[1] *See, e.g., Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016) (criticizing submission of "mountainous motions" to dismiss supported by "hundreds of pages of attachments" as improper "effort to expand courts' consideration of extrinsic evidence at the motion to dismiss stage").

Even if judicial notice were appropriate, the contents of any judicially-noticed documents may not be presumed to be true. *See, e.g.*, *In re Am. Apparel, Inc. S'holder Litig.*, No. CV 10-06352 MMM (JCGx), 2013 WL 174119, at *11 n.113 (C.D. Cal. Jan. 16, 2013) ("The court takes judicial notice of the SEC filings only for their existence and contents, ***not the truth of information contained in them***.") (emphasis added). Indeed, on a Rule 12(b)(6) motion, a court "should not use judicial notice to generate an evidentiary record and then weigh evidence – which plaintiffs have not had the opportunity to challenge – to dismiss plaintiffs['] complaint." *In re Network Equip. Techs., Inc., Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991) ("While defendants['] arguments on the facts may ultimately prevail upon a motion for summary judgment or at trial,

---

[1] Lead Plaintiff incorporates by reference its Response and Partial Objection to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint. ECF No. 96.

PLAINTIFFS' REPLY TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE - 1 -
Case No. 3:16-cv-05314-JST

1 | *they do not create a basis for dismissing plaintiffs' complaint*.") (emphasis added). Moreover, the truth of extrinsic material cannot be considered under the incorporation by reference doctrine. *See Diversified Capital Invs., Inc. v. Sprint Commc'ns, Inc.*, No. 15-cv-03796-HSG, 2016 WL 2988864, at *4 (N.D. Cal. May 24, 2016) ("[T]he incorporation by reference doctrine simply cannot provide a basis for the Court to assume the truth of these statements at the motion to dismiss stage."). "[W]ere the Court to assume the truth of all documents incorporated by reference into the CAC, that would mean assuming the truth of all of Defendants' allegedly false or misleading statements. That cannot be the intended result . . . , or it would be impossible ever to successfully plead a fraud claim." *In re ECOtality, Inc. Sec. Litig.*, No. 13-03791-SC, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014).

DATED: August 21, 2017                    Respectfully submitted,

   */s/ Lesley E. Weaver*
LESLEY E. WEAVER (191305)
BLEICHMAR FONTI & AULD LLP 1999
Harrison Street, Suite 670
Oakland, CA  94612
Telephone: (415) 445-4003
Facsimile:  (415) 445-4020
Email:       lweaver@bfalaw.com

*Liaison Counsel for Lead Plaintiff and the Class*

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
MEGHAN S. B. OLIVER (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile:  (843) 216-9450
Emails:     glevin@motleyrice.com
            moliver@motleyrice.com

*Lead Counsel for Lead Plaintiff and the Class*

|   |   |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN |
|   |   & DOWD LLP |
| 3 | DANIEL S. DROSMAN (200643) |
|   | SUSANNAH R. CONN (205085) |
| 4 | 655 West Broadway, Suite 1900 |
|   | San Diego, CA  92101-8498 |
| 5 | Telephone: (619) 231-1058 |
|   | Facsimile:  (619) 231-7423 |
| 6 | Emails:     dand@rgrdlaw.com |
|   |                     sconn@rgrdlaw.com |
| 7 | |
| 8 | *Additional Counsel for the Class* |