UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TWITTER INC. SECURITIES LITIGATION | Case No. 16-cv-05314-JST |
| This Order Relates To:<br>ALL ACTIONS | **ORDER DENYING RELIEF FROM NON-DISPOSITIVE MAGISTRATE JUDGE ORDER**<br>Re: ECF No. 163 |

Before the Court is Plaintiff's motion for relief from Magistrate Judge Kim's non-dispositive discovery order. ECF No. 163.

The Court will overturn a non-dispositive magistrate judge order only where the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court reviews factual determinations for clear error. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

Here, the parties filed a joint letter brief before Judge Kim regarding discovery disputes concerning Plaintiff's first request for production of documents ("RFP"). ECF No. 157. The parties dispute the scope of documents Defendants must produce regarding Twitter's Monthly Average Users ("MAU") and user growth. *Id.* at 7. Defendants agree to produce:

> (1) Documents discussing or reflecting the impact of User Growth on Twitter's business or financial results or prospects.
>
> (2) Documents discussing or reflecting the quality of new MAUs added.
>
> (3) Documents discussing the importance of User Growth to the Company.
>
> (4) Documents discussing the relationship between User Growth, on the one hand, and User Engagement on the other hand.

(5) Documents Defendants considered or relied upon in connection with their public disclosures or discussion of MAU, including any projections regarding the same.

(6) Documents concerning the need to disclose or not disclose any Engagement Metric in conjunction with MAU in Twitter's public statements or SEC filings.

*Id.* at 13. Defendants also agreed to provide documents related to MAU to satisfy other RFPs. *Id.* Namely, Defendants agreed to produce daily, weekly, monthly and quarterly MAU data; documents regarding the impact of user engagement on MAU; documents pertaining to public statements about MAU; and documents regarding factors or reasons that led to any change in the price of Twitter common stock at any time. *Id.*

In addition to the foregoing categories of documents, Plaintiff sought the production of the following three additional categories:

(1) Documents quantifying, calculating, or analyzing User Growth ("MAU Analyses");

(2) Documents discussing or reflecting changes (either actual or potential) in User Growth ("MAU trends"); and

(3) Documents concerning disclosures or statements (either actual or contemplated) about User Growth at Analyst Day, in filings with the SEC, on earnings calls or at investor conferences where a Twitter executive delivered remarks ("MAU disclosures").

*Id.* at 7.

The Court previously dismissed Plaintiff's claim based on affirmative statements regarding positive MAU trends. ECF No. 113 at 32. The Court recognized, however, that MAU was an important metric to Defendants, and had significant interplay with Plaintiff's remaining DAU and user engagement claims. *Id.* at 7 n.6, 23. Specifically, the Court concluded that Plaintiff's claim regarding the omission of DAU was actionable because Defendants should have disclosed adverse DAU and user engagement trends to allow investors to "understand that Twitter's statements about MAU acceleration were unrealistic." *Id.* at 25. The Court also recognized that Plaintiffs could show scienter including through Defendants' awareness of the interplay between, and importance of, MAU and DAU. *Id.* at 35.

Plaintiffs argued in the letter brief that because the Court's order recognized the interplay

between DAU and MAU, and acknowledged that MAU informed the issues of loss causation and scienter, the additional requested MAU data is relevant. ECF No. 157 at 8-10. Plaintiff argued that, for example, a document containing the phrase "MAU growth is stagnant" would be produced under its categories but not under Defendants'. *Id.* at 9. Plaintiff also argued that the discovery is not burdensome because, according to Defendants, the search terms hit only 18,765 documents, amounting to less than three percent of the total documents Defendant agreed to review. *Id.* at 12.

Defendants countered that Plaintiff's categories are overbroad, as their categories addressed the relationship between MAU and DAU/user engagement while Plaintiff's addressed only MAU. *Id.* at 13. Defendants argued that they will produce the information that Plaintiffs seek in other productions. *Id.* at 14. For example, Defendants explained that Plaintiff will obtain documents showing that stagnant MAU caused Twitter's stock price to decline, if any such documents exist, when Twitter produces documents regarding "the possible or actual factors or reasons that led to any change in the price of Twitter common stock at any time." *Id.* at 14. Defendants did not argue that the production would be burdensome, but rather argued that the documents requested were irrelevant. *Id.* at 15.

Judge Kim concluded that because the dispute "centers on the relationship between MAU and other metrics, . . . Defendants proffered categories are targeted to the remaining allegations in the this suit." ECF No. 160 at 4. According to Judge Kim, "Plaintiff's requests are phrased as if the allegations about MAU were still in the suit." *Id.* Accordingly, Judge Kim denied Plaintiff's request to compel the additional three categories. *Id.*

Plaintiff argues that Judge Kim's ruling was clearly erroneous because the MAU documents they seek "bear directly on falsity, scienter and loss causation." ECF No. 163 at 4.[1]

---

[1] Plaintiff argues that "Judge Kim observed that Plaintiff was correct that MAU documents are relevant to this suit, even if the allegations about MAU were dismissed." ECF No. 163 at 3-4 (citation and quotation marks omitted). Plaintiff misquotes and mischaracterizes Judge Kim's order, which stated that "Plaintiff is correct *about the definition of relevance*" and that "*Plaintiff argues* that the documents sought are relevant to this suit, even if the allegations about MAU were dismissed." ECF No. 160 at 4.

Plaintiff also argues that documents about MAU analyses, trends, and disclosures are relevant to the claim that the omission of DAU was misleading because investors were led to believe MAU was accelerating when it was not. *Id.* at 4-5. Plaintiff fails to explain, however, why Defendants proffered categories would not provide this information. The Court agrees with Judge Kim that Defendants' categories more accurately capture the remaining allegations regarding the relationship between MAU and DAU/user engagement.

Plaintiff also argues that Judge Kim erred in concluding that the request was burdensome, particularly where Defendants' chief objection was to relevance, and where the request was not burdensome in fact. ECF No. 163 at 6. Judge Kim considered both relevance and burden. ECF No. 139. The Court agrees that Judge Kim did not clearly err in concluding that the documents requested were not relevant. *Perry*, 268 F.R.D. at 348. Plaintiff's motion for relief is accordingly DENIED.

**IT IS SO ORDERED.**

Dated: April 25, 2018

_____
JON S. TIGAR
United States District Judge

4