**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Daniel S. Drosman
DDrosman@rgrdlaw.com

**REDACTED DOCUMENT SOUGHT TO BE SEALED**

March 15, 2019

<u>VIA ECF</u>

The Honorable Sallie Kim
U.S.D.C., Northern District of California
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *In re Twitter Inc. Sec. Litig.*, Case No. 3:16-cv-05314-JST (SK)

Dear Judge Kim:

      Pursuant to the Court's Standing Order and December 6, 2018 Administrative Order, the following is a cover page and Plaintiffs' letter concerning a discovery dispute in the matter captioned below.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) Case No. 3:16-cv-05314-JST (SK) <br> ) <br> ) <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | ) <br> ) <br> ) <br> ) |

      Counsel for the Plaintiffs hereby attests that:

      1.     The parties have met and conferred about this dispute and have been unable to reach agreement; and

      2.     Plaintiffs' counsel has complied with §9 of the Northern District of California, Guidelines for Professional Conduct.

Neither defendants nor counsel for non-party Gabriel Stricker has met their burden to establish that information discussed at two pre-deposition meetings attended by Mr. Stricker, Mr. Stricker's independent counsel and defendants' counsel is protected from discovery. Any privilege was waived at these pre-deposition meetings, and defendants have no common legal interest with Mr. Stricker, a former employee who testified he has *no* interest in the litigation. *See* Ex. 1 at 10:15-18 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
Thus, plaintiffs respectfully ask the Court to compel Mr. Stricker to testify about what was discussed at these meetings.

Background. Plaintiffs deposed Mr. Stricker, Twitter's former Chief Communications Officer, on March 12, 2019. Mr. Stricker, who was fired by Twitter in July 2015, is *not* represented by Twitter's counsel. Ex. 1 at 10:3-6. Rather, he is represented by Alejandro Mayorkas, counsel Mr. Stricker independently retained to represent him at the deposition. *See* Ex. 1 at 7:14-9:19. Mr. Stricker testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 at 12:14-17, 12:24-14:10. At the deposition, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 at 15:7-17:5, 19:14-20:1. This is incorrect.

Mr. Stricker and Defendants Waived Any Applicable Privilege or Protection. The attorney-client privilege is "strictly construed," and the party asserting privilege has the burden of proving it applies. *U.S. v. Ruehle*, 583 F.3d 600, 607, 612 (9th Cir. 2009). Here, the presence of defense counsel – who do not represent Mr. Stricker – at his pre-deposition meetings waived any attorney-client privilege. *See* Ex. 1 at 12:14-17, 13:7-14:2; *Ruehle*, 583 F.3d at 612 (it is a "settled rule that *any* voluntary disclosure of information to a third party waives the attorney-client privilege") (emphasis in original); *City of New York v. Coastal Oil New York, Inc.*, 2000 WL 145748, at *2 (S.D.N.Y. 2000) (holding no attorney-client relationship can be established between a former employee and defense counsel for the purpose of preparing the former employee for an upcoming deposition); *U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC*, 340 F. Supp. 2d 554 (E.D. Pa. 2004) (finding communications between defendant corporation's counsel and a former employee not represented by defense counsel are not protected by attorney-client privilege).

Likewise, work-product protection is unavailable to defendants. When asked the basis for the instruction at the deposition, neither counsel for Mr. Stricker nor defense counsel ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 at 15:7-17:5, 19:14-20:1. Rather, Mr. Mayorkas stated only that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 at 15:9-18, 19:16-22. Of course, "[w]ork product protection is a separate doctrine distinct from the attorney-client privilege, and is in fact not a true 'privilege' at all." *In re EHR Aviation, Inc.*, 2016 WL 5339802, at *5 fn.5 (N.D. Cal. 2016); *see also Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989) ("the work-product rule is not a privilege"). Thus, any work-product objection is waived. *See Fort v. Leonard*, 2006 WL 8444690, at *2 (D.S.C. 2006) ("[T]he objections in Beldner's and Shaw's depositions were based solely upon the attorney-client privilege. Accordingly, any work product objections to the questions in Beldner's and Shaw's depositions are waived."); *Nguyen v. LVNV Funding, LLC*, 2017 WL 951026, at *5 (S.D. Cal. 2017) (finding objection waived where not

made at deposition and noting that "[b]elated attempts to do so after the fact have been disapproved by the courts"); *accord Hill v. Waste Mgmt.*, 2011 WL 3475545, *3 (M.D. Tenn. 2011) ("[A] party cannot assert one privilege at the deposition and then assert different privileges or other grounds in [opposition to] a motion to compel the testimony at issue.").[1]

Mr. Stricker and Defendants Do Not Share a Common Interest. Defendants and Mr. Stricker attempt to avoid the consequences of their waiver by invoking the "common interest" or "joint-defense" exception.[2] Ex. 1 at 15:17-22; 16:9-17. But courts routinely reject the application of the common-interest doctrine in these circumstances because the former employee and the defendant corporation lack a common legal interest. *See, e.g., Performance Credit Corp. v. EMC Mortg. Corp.*, 2009 WL 10676166, at *2 (C.D. Cal. 2009) (finding common-interest rule did not apply to communications made during deposition preparation meetings where the third party, his counsel and the defendants' counsel were present). As the Ninth Circuit has explained, the "common-interest" rule creates only a narrow "exception to ordinary waiver rules designed to allow attorneys for different clients pursuing *a common legal strategy* to communicate with each other." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) (emphasis added). The doctrine's limited purpose is to help "joint parties . . . protect mutual interests in litigation." *Holmes v. Collection Bureau of Am., Ltd.*, 2010 WL 143484, at *2 (N.D. Cal. 2010). "[B]ecause the joint-defense privilege is not a 'separate privilege' but rather an extension of attorney-client privilege, it too should be construed narrowly." *Columbia Sportswear Co. v. 3MD, Inc.*, 2017 WL 6550490, at *4 (D. Or. 2017).

The existence of a common interest requires, "[a]t a minimum," that the parties are "engaged in maintaining substantially the same cause on behalf of [the] other parties." *Bruno v. Equifax Info. Servs., LLC*, 2019 WL 633454, at *10 (E.D. Cal. 2019). That requirement is fatal here: Mr. Stricker is not named in the action, ███████████████████████████████████████ Ex. 1 at 141:8-21. Indeed, Mr. Stricker testified that ███████████████████████████████████████ *Id.* at 10:7-18, 175:23-177:2. Mr. Stricker simply does not share with defendants "a community of interests with respect to the subject matter of the communication." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). In such circumstances, "[i]t is virtually impossible to distinguish [Mr. Stricker] from any other third party who might have

---

[1] Even if counsel had preserved the objection by asserting it at the deposition, any applicable work product protection was also waived. The joint presence of Mr. Stricker's attorney and defendants' attorneys at the pre-deposition meetings substantially increased the possibility that plaintiffs would obtain the putatively protected information from Mr. Stricker, who has no interest in the litigation and is potentially adverse to defendants. *See Board of Trs.*, 237 F.R.D. at 623 n.3 ("[W]here the voluntary disclosure of attorney-work product to an adversary or third party substantially increases the possibility of an opposing party obtaining the information, this would 'defeat the policy underlying the privilege.'"); *accord Bank of Am., N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 170 (S.D.N.Y. 2002) ("It is not necessary that the disclosure be made to an actual adversary.").

[2] These terms are interchangeable. *See FSP Stallion 1, LLC v. Luce*, 2010 WL 3895914, at *16 (D. Nev. 2010) ("modern application of the joint defense privilege ha[s] evolved into what is more commonly referred to as the 'common interest rule'").

1543053.v1

pertinent information about one or more corporate parties to a lawsuit." *Clark Equip. Co. v. Lift Parts Mfg., Co., Inc.*, 1985 WL 2917, at *5 (N.D. Ill. 1985).

As detailed by *Vanity Fair* and quoted in the Complaint, Twitter fired Mr. Stricker shortly after the contentious meeting in which he urged defendants to "come clean" about stagnant user growth: "This conundrum led to a tempestuous discussion among members of the Staff. 'We have zero credibility with Wall Street right now,' Gabriel Stricker, the director of communications, said in a meeting with Dorsey and top managers. 'We have to come clean' about the company's stagnant growth numbers. Anthony Noto, the chief financial officer, agreed, but he had another solution. He wanted to blame the current state of the company on marketing and messaging, essentially throwing Stricker under the bus. When Stricker threatened to quit over the verdict, he was fired." *See* ECF No. 81, ¶78. At deposition, Mr. Stricker testified that, ███████████████████████████████████████████████████████████████████████████████ Ex. 1 at 192:21-193:1. ███████ plaintiffs' counsel were not permitted to examine him on these meetings. Ex. 1 at 17:6-21, 212:11-213:16. Mr. Stricker's interest in testifying truthfully about these events is plainly at odds with defendants' interest in this litigation. Therefore, the parties' interests are not common but potentially adverse. *See Aronson v. McKesson HBOC, Inc.*, 2005 WL 934331, at *7 (N.D. Cal. 2005) (finding an abstract common interest is not sufficient to avoid waiver where the third party is potentially adverse when the information was shared).

In *Performance Credit*, Judge Carter rejected the same argument defendants make here on nearly identical facts, upholding a finding that the common-interest rule did not prevent waiver of communications made during deposition preparation meetings where the third party, his counsel, and the defendants' counsel were present. 2009 WL 10676166, *denying motion to modify, reject and/or reverse* 2009 WL 10675583 (C.D. Cal. 2009). And, as here, the defendants in *Performance Credit* consistently emphasized that former employees were third parties. *Compare id.* at *4 *with* ECF No. 242 at 5 (describing former employees as "nonparty witnesses"); ECF No. 254 at 7 (same).

In sum, "there appears little to indicate that defendants and [Mr. Stricker] might ever engage in joint litigation," and even less to indicate that the deposition preparation meetings were "made in the course of 'formulating a common legal strategy.'" *Nidec*, 249 F.R.D. at 579. Thus, Mr. Stricker cannot pursue a common legal strategy with defendants because he does not have any legal interest to protect. *See Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2694191, at *4 (N.D. Cal. 2017) ("the 'common interest' or 'joint defense' exception requires . . . that the communication in question 'was made for the "limited and restricted purpose to assist in asserting . . . common claims"'"); *see also Columbia Sportswear*, 2017 WL 6550490, at *4 (communication must be related to legal defense of both parties); *Santella v. Grizzly Indus., Inc.*, 286 F.R.D. 478, 483-84 (D. Or. 2012) (finding no common interest where there is no risk the third party would be sued by the plaintiff); *Performance Credit*, 2009 WL 10676166, at *2 (accepting Special Master report finding no common interest under nearly identical circumstances and stating that "non-party status is clearly a circumstance that may appropriately be considered in determining whether a common interest [exists]"); *Consol. Rail Corp. v. Grand Trunk W. RR Co.*, 2010 WL 11545593, at *1 (E.D. Mich. 2010) (finding pre-deposition discussions with party's counsel were not privileged because "[n]ot one of the three former employees are named in this lawsuit or appear to have any personal liability in this action").

1543053.v1

The Parties Cannot Create a Common Interest by Agreement. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 at 15:24-16:8. Further, Mr. Mayorkas has never entered a notice of appearance in this case. Nor have defendants provided any joint-defense agreement to plaintiffs or described its terms. Regardless, even if this agreement actually exists, it does not protect the pre-deposition communications from discovery because "[p]arties cannot create a common legal interest where none exists merely by entering into a joint defense agreement." *Waymo*, 2017 WL 2485382, at *12. Indeed, "[i]f the mere existence of such an agreement were to provide[] a basis for the assertion of the privilege then such agreements would be simply a device for depriving the adverse party of their opportunity to inquire as to the credibility of the witness even in the absence of any common interest or practical need for cooperation in defending against a common threat." *Performance Credit*, 2009 WL 10676166, at *2.

Further, it is axiomatic that a litigant cannot withhold information in discovery and then rely on that same information to support its claims or defenses. *See, e.g., Hoffman v. Constr. Protective Servs., Inc.*, 541 F. 3d 1175, 1179 (9th Cir. 2008) (a party who fails to produce discovery "'is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless'"); *Seneca Ins. Co. v. Wilcock*, 2007 WL 415141, at *7 n.9 (S.D.N.Y. 2007) ("[D]efendants will be precluded from using documents at trial that they failed to produce to plaintiff in discovery on request."). Here, plaintiffs requested that Mr. Mayorkas and defense counsel provide a copy of any joint-defense agreement or describe its terms if they intended to rely on it. Defendants never responded to this request. Likewise, plaintiffs issued a document request on November 9, 2017 asking for Mr. Stricker's severance agreement, and repeated that request as recently as the week before Mr. Stricker's deposition. Defendants have not produced Mr. Stricker's severance agreement. Thus, defendants are barred from relying on either a joint-defense agreement or a severance agreement in contesting plaintiffs' motion.

Finally, Mr. Stricker's counsel and Twitter's attorneys are "charged with knowledge" of well-settled law establishing the parameters of the common-interest exception, *Griffith v. Davis*, 161 F.R.D. 687, 700 (C.D. Cal. 1995), including Magistrate Judge Corley's incisive opinion in *Waymo*, which was upheld both by Judge Alsup and the Federal Circuit. *See id.*, 2017 WL 2694191; *Waymo LLC v. Uber Techs., Inc.*, 870 F.3d 1350, 1359-60 (2017) (finding that "[i]t is insufficient 'to justify a claim of privilege simply by demonstrating that a confidential communication took place between parties who purportedly share a common interest'"). The waiver that inevitably resulted from their mutual disclosure of purportedly privileged communications could perhaps "easily have been avoided," but it cannot be excused. *Griffith*, 161 F.R.D. at 701.

Conclusion. Because defendants and Mr. Stricker have no common legal interest, the common-interest exception does not excuse their voluntary waiver of privilege. Any "joint-defense agreement" (which defendants refused to provide or describe) does not create a common legal interest where one does not otherwise exist. Accordingly, the Court should compel Mr. Stricker to answer questions about what was said at the two pre-deposition meetings he attended with Twitter's counsel.

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN
SCOTT H. SAHAM
NATHAN R. LINDELL
SUSANNAH R. CONN
CHRISTOPHER R. KINNON
HEATHER G. SCHLESIER


              s/ Daniel S. Drosman
        DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
scotts@rgrdlaw.com
nlindell@rgrdlaw.com
sconn@rgrdlaw.com
ckinnon@rgrdlaw.com
hschlesier@rgrdlaw.com

MOTLEY RICE LLC
GREGG S. LEVIN
MEGHAN S.B. OLIVER
MAX N. GRUETZMACHER
CHRISTOPHER F. MORIARTY
MEREDITH M. WEATHERBY
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
moliver@motleyrice.com
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
mweatherby@motleyrice.com

*Co-Class Counsel for the Class*

- 5 -

BLEICHMAR FONTI & AULD LLP
LESLEY E. WEAVER
555 12th Street, Suite 1600
Oakland, CA  94607
Telephone:  415/445-4003
415/445-4020 (fax)
lweaver@bfalaw.com

*Liaison Counsel*

cc:     All Counsel (via ECF)

- 6 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 15, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

           s/ Daniel S. Drosman
           DANIEL S. DROSMAN

           ROBBINS GELLER RUDMAN
             & DOWD LLP
           655 West Broadway, Suite 1900
           San Diego, CA  92101-8498
           Telephone:  619/231-1058
           619/231-7423 (fax)

           E-mail:  ddrosman@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-05314-JST In re Twitter Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,chris.yount@ksfcounsel.com

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Alexis Susan Coll-Very**
  acoll-very@stblaw.com,cterricone@stblaw.com

- **Susannah Ruth Conn**
  SConn@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com,3022905420@filings.docketbird.com,creis@rgrdlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,galancr@cooley.com

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,jillk@rgrdlaw.com,tholindrake@rgrdlaw.com,5593753420@filings.docketbird.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com

- **Laura Marie Elliott**
  lelliott@cooley.com,dfoster@cooley.com,efiling-notice@ecf.pacerpro.com

- **Joseph A. Fonti**
  jfonti@bfalaw.com,ndennany@bfalaw.com

- **Janet A Gochman**
  jgochman@stblaw.com

- **Kathleen Howard Goodhart**
  kgoodhart@cooley.com,eFilingNotice@cooley.com,rmugnani@cooley.com,efiling-notice@ecf.pacerpro.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Max Nikolaus Gruetzmacher**
  mgruetzmacher@motleyrice.com,kquillin@motleyrice.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Lewis S. Kahn**
  lewis.kahn@ksfcounsel.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,kgutierrez@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com,1634870420@filings.docketbird.com

- **James Glenn Kreissman**
  jkreissman@stblaw.com,janie.franklin@stblaw.com,sblake@stblaw.com

- **Gregg S. Levin**
  glevin@motleyrice.com,sturman@sturman.ch,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Francis P McConville**
  fmcconville@labaton.com,HChang@labaton.com,kgutierrez@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.c

- **Dean Michael McGee**
  dean.mcgee@stblaw.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,dawn.hartman@ksfcounsel.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com,mjasinski@motleyrice.com,ajanelle@motleyrice.com

- **Stephen Cassidy Neal**
  sneal@cooley.com,wilsonla@cooley.com

- **Meghan Shea Blaszak Oliver**
  moliver@motleyrice.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,disaacson@pomlaw.com,cgarcia@pomlaw.com,abarbosa@pomlaw.com

- **Michael J Pendell**
  mpendell@motleyrice.com

- **Charles J. Piven**
  piven@browerpiven.com

- **Aarti G. Reddy**
  areddy@cooley.com,efiling-notice@ecf.pacerpro.com

- **Rosemary M. Rivas**
  rrivas@zlk.com,ebigelow@zlk.com,rmah@zlk.com

- **Quentin Alexandre Roberts**
  qroberts@zlk.com,ebigelow@zlk.com,rrivas@zlk.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Scott H. Saham**
  scotts@rgrdlaw.com,9138481420@filings.docketbird.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Shane Palmesano Sanders**
  ssanders@robbinsarroyo.com,notice@robbinsarroyo.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com

- **Heather G. Schlesier**
  hschlesier@rgrdlaw.com,6528381420@filings.docketbird.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,sblake@stblaw.com

- **Phong L. Tran**
  phongt@johnsonfistel.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Meredith B. Weatherby**
  mbmiller@motleyrice.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com

- **Matthew Sinclair Weiler**
  mweiler@bfalaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kmccarty@rgrdlaw.com,e_file_sd@rgrdlaw.com,1101510420@filings.docketbird.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,ManagingClerk@stblaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`