| MOTLEY RICE LLC | SIMPSON THACHER & BARTLETT LLP |
|---|---|
| 28 Bridgeside Blvd | 2475 Hanover Street |
| Mt. Pleasant, SC 29464 | Palo Alto, CA 94304 |
| Telephone:  843/216-9000 | Telephone:  650/251-5000 |

April 17, 2019

<u>VIA ECF</u>

The Honorable Sallie Kim
U.S.D.C., Northern District of California
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *In re Twitter Inc. Sec. Litig.*, Case No. 3:16-cv-05314-JST (SK)

Dear Judge Kim:

      Pursuant to the Court's Standing Order and December 6, 2018 Administrative Order, the

following is a cover page and joint letter concerning a discovery dispute in the matter captioned

below.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re TWITTER INC. SECURITIES LITIGATION | ) ) ) | Case No. 3:16-cv-05314-JST (SK) |
|---|---|---|
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
|     ALL ACTIONS. | ) ) | |

      Counsel for the parties hereby attest that:

      1.     We have met and conferred on more than one occasion about this dispute and have

been unable to reach agreement; and

      2.     We have complied with § 9 of the Northern District's Guidelines for Professional

Conduct.

<u>**PLAINTIFFS' POSITION**</u>

On July 16, 2018, pursuant to Rule 45, Plaintiffs served document subpoenas (the "Subpoenas") on Evan Williams, Peter Fenton, Peter Currie, and Peter Chernin (the "Board Members"), all of whom were on Twitter's Board of Directors during the Class Period. It is now April 16, 2019 – ***nine*** months later – and the Board Members have yet to produce any documents in response to the Subpoenas.

**RELEVANT HISTORY**

On July 13, 2018, Twitter's counsel (Ms. Coll-Very of Simpson Thacher & Bartlett ("STB")) notified Plaintiffs that she would accept service of the Subpoenas on behalf of the Board Members. On July 16, Plaintiffs served the Subpoenas. On Friday, August 3, the Board Members served their objections and responses to the Subpoenas. On Wednesday, August 8, Plaintiffs contacted counsel for the Board Members (herein referred to as "STB") requesting a meet-and-confer. On August 13, counsel participated in an initial meet-and-confer and made preliminary agreements regarding the scope of the Subpoenas.

On October 1, following the parties' unsuccessful mediation, counsel participated in a second meet-and-confer to discuss the Subpoenas. STB stated that they would discuss with Evan Williams ("Williams"), a current Twitter board member, what sources would be searched in responding to the subpoena. After failing to respond to several emails seeking updates on the sources of Williams' documents and the production status of the other Subpoenas, STB finally responded on October 18. STB confirmed that Williams's Medium email account would be searched, and also requested a meet-and-confer on search terms and time periods.

On October 23, counsel met and conferred and agreed on: 1) the relevant time period for all requests; and 2) the use of the same search terms and relevance categories used in the party

production for six of the ten subpoena requests. Plaintiffs also agreed to prepare an additional search term list for the remaining requests, and the Board Members agreed to begin running the agreed-upon searches and reviewing documents for the six requests on which there was agreement without further delay. That was six months ago.

On October 24, Plaintiffs sent STB a follow-up letter containing proposed search terms for the remaining requests. Plaintiffs followed up on October 31,[1] November 9,[2] November 16,[3] November 26, and January 14, 2019, seeking either an agreement on search terms or a counterproposal, and stating that the delay was prejudicing Plaintiffs who were developing a deposition plan and preparing for depositions. STB finally provided a counterproposal on January 14, 2019. Plaintiffs responded to the proposal on January 18, and followed up again on February 13,[4] February 26, March 5,[5] March 8,[6] March 12, and March 18, requesting an update. Finally, on March 19, Ms. Coll-Very represented, "I believe we have this fully resolved and should be in a position to begin producing materials at the beginning of next week [the week of March 25]." Receiving no production and no further correspondence from STB, Plaintiffs again reached out on March 23, 25, and 26. On March 27, Ms. Coll-Very emailed Plaintiffs: "As you know, plaintiffs have made numerous requests for documents all, seemingly, a top priority. I know you await these

---

[1] Ms. Hill of STB responded "We will get back to you on this by Friday [November 2]."

[2] Ms. Hill responded, "We are awaiting client input, but we are endeavoring to get you an answer as soon as possible."

[3] Ms. Coll-Very responded, "I apologize for the delays on the search proposal and will have that to you Monday, if not sooner."

[4] Ms. Coll-Very responded, "As you may have heard I have been out of the office ill. Unfortunately, Carolyn is no longer employed at STB.  I will have an answer to your letter to you today."

[5] During a telephonic meet-and-confer on March 5, Ms. Coll-Very agreed to provide responses to the remaining outstanding questions within 48 hours.

[6] Plaintiffs' counsel received no response to emails sent on March 8 and March 12.

specific documents and we are trying to prioritize them for you. You are asking for a commitment and I am trying to sort through the myriad of document work streams so that I can get you a the [*sic*] details you seek." On March 28 and 30, Plaintiffs again inquired as to the anticipated production date. On April 1, Ms. Coll-Very responded that she "ha[d] been reluctant to set dates for production given the myriad of document related tasks plaintiffs have been directing our way on a nearly daily basis, all high priority. I can give you these assurances: we will begin producing materials before the end of this week; absent unforeseen circumstances, we will complete the production by the end of next week [the week of April 8] and you will have all responsive materials in your hands 5 business days before the depositions of Currie and Noto."

On April 9, Ms. Coll-Very emailed counsel for Plaintiffs with the subject line "initial production": "Here are the first documents in pdf. I am told the formal production will go out early evening PDT." There were five documents attached. The formal production letter made clear that, in fact, the documents were not produced in response to the subpoenas. It stated, "These documents are produced in response to Plaintiffs' First Set of Requests for Production of Documents to Defendants . . . Specifically, this production consists of documents requested by plaintiffs, including certain communications involving Evan Williams, Peter Chernin, Peter Fenton, and/or Peter Currie . . . ." The metadata accompanying the production indicates that the documents were from the files of Dick Costolo, Anthony Noto, Gabriel Sticker, Jack Dorsey, and Adam Bain, not from the Board Members' files. As of midday on April 16, the Board Members still have not produced any documents.

## ARGUMENT

STB's continued false "assurances" and misrepresentations that responses and the documents themselves would be forthcoming have exacerbated the delay as Plaintiffs have

attempted in good faith to cooperate with STB. Plaintiffs have already been prejudiced by not having the responsive documents prior to the depositions of Mr. Costolo (March 25) and Mr. Bain (March 28), who was an internal candidate for the CEO position. Plaintiffs will be further prejudiced if they do not receive the documents sufficiently in advance of Mr. Dorsey's, Mr. Noto's, and Mr. Currie's depositions, which are scheduled for April 26, April 30, and April 30, respectively. Plaintiffs' counsel has raised the issue of upcoming depositions on telephonic meet-and-confers with STB.  Aware of the concern, Ms. Coll-Very expressly represented that "you will have all responsive materials in your hands 5 business days before the depositions of Currie and Noto." Other than illness, the only excuse STB has offered for the delay is "the myriad of document work streams" she is "trying to sort through" and "prioritize" as a result of Plaintiffs' "numerous requests for documents." This is not an acceptable justification for delay. *See Visa U.S.A., Inc. v. First Data Corp.*, 2005 WL 119868, at *1 (N.D. Cal. Jan. 20, 2005) (sanctioning party when delay in production "was not substantially justified other than pointing to the extensive volume of discovery and the need to prioritize").

STB's repeated failures to abide by their commitments and comply with the Rules over the past several weeks and months have left Plaintiffs no choice but to seek an order compelling production of the documents without further delay. In light of the tight timeline, Plaintiffs respectfully request expedited consideration of this dispute, and further request that the Board Members be compelled to produce responsive, relevant documents by April 19.

**DEFENDANTS' POSITION**

There is no dispute to be resolved by this court.  After long negotiations over the scope of the overbroad and burdensome subpoenas served upon Messrs. Currie, Williams, Fenton and Chernin (all third-parties to this dispute), the parties are in agreement over a narrowed definition of responsiveness and a search protocol ("Production Protocol").   In the three weeks since agreement was reached, we have been working on collecting and reviewing those documents. Plaintiffs' *ad hominem* attacks are inaccurate, unproductive and unnecessary, and fail to acknowledge the significant overreach of Plaintiffs' subpoenas and the lengthy negotiations that were required before they agreed to narrow their scope substantially to something more manageable and appropriate from these third parties.  The filing of this motion serves only to distract the parties' time and resources from completing the review and production of materials responsive to the Production Protocol.

Plaintiffs' claims of prejudice are over stated.  They never objected during the depositions of Messrs. Bain and Costolo about not having these documents.  Counsel has repeatedly stated that any responsive documents will be produced in advance of the upcoming deposition of Mr. Currie. As to Messrs. Noto and Dorsey, they are both Twitter document custodians from whom thousands of pages of documents have been produced in this litigation.  Plaintiffs' motion is the first time they have specifically requested that documents responsive to the Production Protocol be produced in advance of those two specific depositions.  However, counsel will complete the production in advance of those two depositions.

Plaintiffs' have filed a motion that is unnecessary and this court should reject it accordingly.  Moreover, the Plaintiffs' requested deadline—than 48 hours from the filing of this motion—is intended to be oppressive and that relief should not be granted.

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP


_____
s/ ALEXIS COLL-VERY
ALEXIS COLL-VERY (Bar No. 212735)


MOTLEY RICE LLC


_____
s/ GREGG S. LEVIN
GREGG S. LEVIN (admitted pro hoc vice)

cc:      All Counsel (via ECF)