UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TWITTER INC. SECURITIES LITIGATION | Case No. 16-cv-05314-JST<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 270 |

Before the Court is KBC Asset Management NV and National Elevator Industry Pension Fund (collectively, "Plaintiffs")'s motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 270. Plaintiffs ask the Court to overturn Magistrate Judge Kim's Further Order Regarding Common Interest Privilege Dispute, ECF No. 266, which held that Defendants and non-party Gabriel Stricker share a common legal interest such that Stricker's communications with Defendants' counsel in preparation for his deposition are protected by the attorney-client privilege. *Id.* For the reasons below, the Court will grant the motion.

## I.  BACKGROUND

Gabriel Stricker served as Chief Communications Officer of Defendant Twitter, Inc., from April 2012 until July 2015. ECF No. 283-1 ¶ 1. Plaintiffs deposed him on March 12, 2019. *Id.* Stricker retained Alejandro Mayorkas of WilmerHale to represent him in connection with this deposition. *Id.* ¶ 3. Stricker declares that through Mayorkas, on January 25, 2019, he entered into an oral joint defense agreement with Twitter for the purposes of preparing to be deposed. *Id.* ¶ 5. However, at his deposition, Stricker testified that he did not have any joint defense agreement with Twitter or its counsel. ECF No. 291-2 at 5.

Stricker, Mayorkas, and Twitter's counsel conferred three times in advance of the deposition: on February 12, 2019, March 8, 2019, and March 11, 2019. ECF No. 283-1 ¶ 4.

Stricker asserts that he and Twitter shared a common legal interest in "ensuring that [he] was appropriately prepared for [his] deposition" and "ensuring that [he could] fully and accurately testify to [his] understanding of the facts." *Id.* ¶¶ 7-8. During the deposition, Plaintiffs' counsel asked Stricker about the conversations he had with Mayorkas and Twitter's counsel in preparation. ECF No. 291-2 at 4. Mayorkas objected and invoked the common-interest doctrine and joint defense privilege, and Plaintiffs challenged the assertion. *Id.* at 4-5.

The parties then submitted briefing to Judge Kim regarding the applicability of the common-interest doctrine. ECF Nos. 259, 260, 265. Judge Kim issued an order on April 1, 2019, concluding that Stricker and Twitter shared a common legal interest in "preparing adequately for [Stricker's] deposition" and ensuring that he could "testify fully and accurately." ECF No. 266 (the "Order") at 4. Judge Kim further concluded that the parties had formed a valid joint-defense agreement pursuant to that interest and that Stricker had communicated with Twitter with the understanding that the content of their joint preparation would be confidential. *Id.* at 1-2.

Plaintiffs appeal, arguing that the Order's view of what constitutes a common legal interest is overly broad. ECF No. 270. Stricker responds that the Order was correct because he and Twitter shared an interest in ensuring that he could testify fully and accurately and further, entered into a valid joint-defense agreement for the purpose of preparing him for his deposition. ECF No. 283. Twitter argues that the Court should not even reach this issue because the communications at issue fall within both the attorney-client privilege and work-product doctrines. ECF No. 285.

## II.   LEGAL STANDARD

This Court may modify or set aside a magistrate judge's non-dispositive pretrial order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Such an order may be set aside as "contrary to law" only if it "applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, Case No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013). The order may be set aside as clearly erroneous only if "the court is left with the definite and firm conviction that a mistake has been committed." *Id.* The Court reviews factual determinations for clear error and legal questions de novo. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

### III. DISCUSSION

The Court concludes that the Order is clearly erroneous and must be set aside because none of the asserted privileges apply.

"Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). Any "voluntary disclosure of information to a third party waives the attorney-client privilege." *Id.* at 612. "[B]ecause the joint-defense privilege is not a 'separate privilege' but rather an extension of attorney-client privilege, it too should be construed narrowly." *Columbia Sportswear Co. v. 3MD, Inc.*, Civ. No.: 03:17-cv-0342-AC, 2017 WL 6550490, at *4 (D. Or. Dec. 21, 2017) (quoting *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012)).

For the joint-defense privilege (also known as the common-interest exception) to apply, Twitter and Stricker must be "maintaining *substantially the same cause* on behalf of [each] other . . . in the same litigation." *United States v. Gonzalez*, 669 F.3d 974, 980 (9th Cir. 2012). Here, given Stricker's testimony that he did not "care one way or the other who prevails in this litigation," the record cannot support a finding that he and Defendants are maintaining substantially the same cause in this case. ECF No. 291-2 at 3.

The Court concludes that the common legal interest identified in the Order – "preparing adequately for [Stricker's] deposition" and ensuring that he could "testify fully and accurately," *see* Order at 4 – is not a sufficient basis for the invocation of the joint-defense privilege. *See Bruno v. Equifax Info. Servs., LLC*, No. 2:17-cv-327-WBS-EFB, 2019 WL 633454, at *11 (E.D. Cal. Feb. 14, 2019) (holding the common interest doctrine did not apply when Defendant had "merely shown that both entities had a shared interest in complying with the law"). Otherwise, any litigant could participate in the preparation of a third party witness for the purposes of advancing its own interests and conceal its communications with that third party by invoking the common interest doctrine. That is not the law.

Twitter's assertions of alternative grounds for upholding the Order are equally unavailing. *See* ECF No. 285 at 3-6. First, Twitter's own attorney-client privilege does not protect Stricker's deposition preparation. The attorney-client privilege covers counsel's communications with

3

former employees only when "the employee is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation." *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1492 (9th Cir. 1989) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981)). Here, Stricker has been quite clear that any agreement he made with Defendants was strictly for the purpose of preparing *him* for his deposition – not in order to help Twitter's counsel investigate Plaintiffs' claims or otherwise proceed with its litigation strategy. *See* ECF No. 283-1 ¶¶ 5, 7-8. Second, Twitter cannot assert the work-product protection, because neither Twitter's counsel nor Mayorkas asserted a work-product objection at the deposition. ECF No. 291-2 at 4-5. Accordingly, even if there were any grounds for this assertion, any possible objection on this basis has been waived. *See* ECF No. 291 at 3.

## CONCLUSION

For the reasons above, the Court finds that Judge Kim's Further Order Regarding Common Interest Privilege, ECF No. 266, is clearly erroneous and contrary to law and sets that order aside. Plaintiffs are entitled to ask Stricker about meetings that took place between him, his counsel, and Defendants' counsel in preparation for Stricker's deposition.

**IT IS SO ORDERED.**

Dated: May 10, 2019



JON S. TIGAR
United States District Judge

4