UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Case No. 16-cv-05314-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**<br><br>Re: ECF No. 360 |

Before the Court is Plaintiffs' motion to strike declarations and exhibits submitted in support of Defendants' motion for summary judgment. ECF No. 360. The Court will grant the motion in part and deny it in part.

**I.    BACKGROUND**

This is a securities class action brought on behalf of all persons who purchased or otherwise acquired Twitter common stock between February 6, 2015 and July 28, 2015 (the "Class Period"). ECF No. 81 ¶ 2. Plaintiffs allege that Twitter and certain of its officers and/or directors violated the Securities Exchange Act of 1934 by making "materially false and misleading statements during the Class Period in press releases and filings with the SEC and in oral statements to the media, securities analysts and investors." *Id.*

Defendant Twitter, Inc. is a social media company that "provides a platform where any user can create a 'tweet' and any user can follow other users." *Id.* ¶¶ 13, 19. Defendant Richard Costolo served as Twitter's Chief Executive Officer during the Class Period, until his resignation on July 1, 2015. *Id.* ¶¶ 3, 14. Defendant Anthony Noto served as Twitter's Chief Financial Officer during the Class Period. *Id.* ¶ 15.

On September 18, 2019, Defendants filed a motion for summary judgment. ECF No.

352-4. On October 28, 2019, Plaintiffs filed a motion to strike declarations and exhibits submitted in support of Defendants' motion for summary judgment. ECF No. 360. Shortly thereafter, the Court ordered Defendants to file an opposition to Plaintiffs' request to strike the declaration of Michael Nierenberg. ECF Nos. 379, *see* ECF No. 360 at 4-9. Defendants filed their opposition on November 8, 2019. ECF No. 382. After conducting a telephonic hearing on the matter, the Court ordered Plaintiffs to file a reply in response to particular arguments raised during the hearing. ECF Nos. 383, 388. Plaintiffs filed their reply on November 20, 2019.[1] ECF No. 392-4.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. DECLARATION OF CONFIDENTIAL WITNESS FIVE

### A. Legal Standard

Local Rule 7-3(a) states that "[a]ny evidentiary and procedural objections to [a] motion must be contained within the brief or memorandum" opposing the motion. Courts routinely deny motions to strike evidentiary objections asserted in separate motions rather than within a party's opposition brief. *See, e.g., Strumlauf v. Starbucks Corp.*, No. 16-cv-01306-YGR, 2018 WL 306715, at *4 (N.D. Cal. Jan. 5, 2018); *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1103-04 (N.D. Cal. 2017).

### B. Discussion

Plaintiffs move to exclude the declaration of Confidential Witness Five as "irrelevant and irremediable hearsay" under Federal Rules of Evidence 401, 801, 802, and 801. ECF No. 360 at 9-11. These "separately filed" evidentiary objections "do not comply with Local Rule 7-3(a)." *Peak Health Ctr. V. Dorfman*, No. 19-cv-04145-VKD, 2019 WL 5893188, at *4 (N.D. Cal. Nov. 12, 2019); *see Kamakahi v. Am. Society for Reproductive Medicine*, No. 11-cv-01781-JCS, 2014 WL 7183629, at *2 (N.D. Cal. Dec. 15, 2014) (finding that Rule 7-3(a) applies where Defendants'

---

[1] Plaintiffs' reply brief includes several statements that the parties prepared for their September 2018 mediation proceedings. ECF No. 392-4 at 2-4; *see* ECF No. 401-4. The Court finds that the parties' confidentiality agreement "precludes [Plaintiffs] from introducing in support of their securities claims any evidence of what [the parties] said, or did not say, during the mediation." *Facebook, Inc. v. Pacific Northwest Software, Inc.*, 640 F.3d 1034, 1041 (9th Cir. 2011); *see* ECF No. 401-7 at 2. Therefore, the Court will not consider this evidence.

2

motion challenges an expert report under Federal Rule of Evidence 702). Accordingly, the Court denies Plaintiffs' request to strike the declaration of Confidential Witness Five. *See Strumlauf*, 2018 WL 306715, at *4 ("[P]laintiffs make their evidentiary objections in a separate motion rather than within their opposition brief as required by Local Rule 7-3(a) which is procedurally improper and an independent basis to deny the motion.").

## IV. NIERENBERG DECLARATION

### A. Legal Standard

Federal Rule of Civil Procedure 26(a) requires parties to provide to other parties "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i); *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). A party who has made a disclosure under Rule 26(a) "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This exclusion sanction is "'intended to put teeth into the mandatory . . . disclosure requirements' of Rule 26(a) and (e)." *Ollier*, 768 F.3d at 861 (quoting 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2289.1 (3d ed.2014)). The Ninth Circuit "give[s] particularly wide latitude to the [district court's] discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

### B. Discussion

Plaintiffs argue that Defendants' untimely identification of Nierenberg as a witness with discoverable information violates Rule 26 and triggers the Rule 37(c)(1) exclusion sanction. ECF

1  No. 360 at 4-7.[2]

2      Defendants served initial Rule 26(a)(1) disclosures on December 1, 2017 and served supplemental disclosures on May 3, 2019. ECF Nos. 360-2, 360-3. Neither of these disclosures identified Nierenberg as a witness likely to have discoverable information. *See id.* Defendants did not disclose Nierenberg as a witness until September 27, 2019, five months after the close of fact discovery and two weeks after Defendants filed their motion for summary judgment. *See* ECF No. 360-4 at 6-7. Defendants' failure to identify Nierenberg prior to filing their motion for summary judgment violates Rules 26(a) and (e). *See Benjamin v. B & H Educ., Inc.*, No. 13-cv-04993-VC, 2015 WL 6164891, at *2 (N.D. Cal. Oct. 16, 2015) (excluding declarations "for failure to disclose three third-party witnesses before [Defendant] filed its summary judgment motion.").

    Moreover, Defendants' delay was neither substantially justified nor harmless. "Disclosure of new fact witnesses at the time of summary judgment places the opposing party at a disadvantage and constitutes unfair surprise." *Benjamin*, 2015 WL 6164891, at *2 (internal quotation marks and citation omitted). Defendants' "failure to disclose [Nierenberg] as a likely witness before defendants' summary judgment motion was filed prejudiced" Plaintiffs "by depriving them of an opportunity to depose him." *Medina v. Multaler, Inc.*, 547 F. Supp. 2d 1099, 1106 n.8 (C.D. Cal. 2007).

    Defendants argue that their late "addition of Nierenberg as a witness was substantially justified" because Plaintiffs "completely changed their loss causation argument after the close of fact discovery." ECF No. 382 at 4. Defendants assert that Plaintiffs' operative complaint does not allege that the FY 2015 revised revenue guidance that Twitter disclosed on April 28, 2015 was a "corrective disclosure." *Id.* at 4-5. The Court notes, however, that Plaintiffs' consolidated

---

[2] Defendants argue that Plaintiffs' objections to the Nierenberg declaration violate Local Rule 7-3(a). ECF No. 382. However, the Local Rules are ambiguous as to whether Rule 7-3(a) applies to Plaintiffs' request for exclusion sanctions under Federal Rule of Civil Procedure 37. While Local Rule 7-3(a) requires evidentiary and procedural objections to be contained within an opposition brief, Rule 7-8 requires "[a]ny motion for sanctions, regardless of the sources of authority invoked," to "be separately filed." *See Apple iPod iTunes Antitrust Litig.*, No. 05-cv-0037-YGR, 2014 WL 4809288, at *1 n.1 (acknowledging "potential ambiguity" in the interaction between Local Rules 7-3(a) and 7-8.). Therefore, the Court will consider Plaintiffs' argument that Defendants violated Federal Rule of Civil Procedure 26, thereby triggering exclusion of the Nierenberg declaration under Rule 37.

4

amended complaint ("Complaint")[3] identifies Twitter's April 28 earnings release and revenue guidance as a corrective disclosure. First, the Complaint details Twitter's April 28 earnings release and notes that Twitter "lowered its full-year revenue forecast to between $2.17 billion and $2.27 billion, from prior guidance of $2.30 billion to $2.35 billion." ECF No. 81 ¶ 98. Second, in explaining why the April 28 "concealment of adverse trends in user engagement" were "materially misleading," the Complaint emphasizes the link between "future revenue growth" and "increase[s] in user engagement." *Id.* ¶ 104. The Complaint states that "Twitter's main source of revenue, advertising, was dependent on the level of user engagement." *Id.* ¶ 104(c). Third, the Complaint alleges that "as a result of the disclosures on April 28, 2015," including the "earnings press release," Twitter's "stock price suffered a significant decline." *Id.* ¶¶ 135-36.

In sum, the Court finds that Defendants' failure to disclose Nierenberg as a witness prior to filing their motion for summary judgment violated Rules 26(a) and (e). Because this failure was neither substantially justified nor harmless, the Court strikes the Nierenberg declaration. *See Schedler v. Fieldturf USA, Inc.* No. 3:16-cv-0344-JR, 2018 WL 5083883, at *2 (The Rule 37(c)(1) "sanction is self-executing and automatic. . . The only exceptions to [its] exclusion sanction apply if the failure to disclose is substantially justified or harmless.") (internal quotation marks and citations omitted).

## V. EXHIBITS

"It is well established that '[d]istrict courts have inherent power to control their docket.'" *Ready Transp., Inc. v. AAR Mf., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998)). Plaintiffs request that the Court exercise this inherent power to strike 18 exhibits to Defendants' motion for summary judgment which Defendants "do not cite, refer to, or rely upon" in their motion. ECF No. 360 at 11. The Court finds that striking these exhibits would not "clarify the docket" and, therefore, declines to exercise its discretion to strike the documents. ECF No. 360 at 11 (citing *Dearwester v. County of Sacramento*, No. 2:13-cv-2064 MCE DB P, 2016 WL 7491626, at *3 (striking

---

[3] Plaintiffs filed their consolidated amended complaint on March 2, 2017. ECF No. 81.

documents to "clarify the docket" where the documents were "identical" to those previously filed by plaintiff)).

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion to strike. The declaration of Michael Nierenberg is stricken in its entirety. The Court will not consider this declaration in connection with any proceeding, including Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: January 30, 2020



JON S. TIGAR
United States District Judge