COOLEY LLP
STEPHEN C. NEAL (170085)
(nealsc@cooley.com)
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
BRETT DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

KATHLEEN GOODHART (165659)
(kgoodhart@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
LAURA ELLIOTT (286702)
(lelliott@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

SIMPSON THACHER & BARTLETT LLP
JAMES G. KREISSMAN (206740)
(jkreissman@stblaw.com)
2475 Hanover Street
Palo Alto, CA 94304
Telephone:   (650) 251-5000
Facsimile:    (650) 251-5002

JONATHAN K. YOUNGWOOD
(admitted *pro hac vice*)
(jyoungwood@stblaw.com)
JANET A. GOCHMAN
(admitted *pro hac vice*)
(jgochman@stblaw.com)
JOHN ROBINSON
(admitted *pro hac vice*)
(jrobinson@stblaw.com)
425 Lexington Avenue
New York, NY 10017
Telephone:   (212) 455-2000
Facsimile:    (212) 455-2502

Attorneys for Defendants TWITTER, INC.,
RICHARD COSTOLO, and ANTHONY NOTO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.  4:16-cv-05314-JST (SK)<br><br>(Consolidated with 4:16-cv-05439-JST)<br><br>CLASS ACTION<br><br>**DEFENDANTS' AND NON-PARTY KENNEY DENG'S JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL (RE: DEFENDANTS' AND NON-PARTY KENNEY DENG'S JOINT MOTION TO QUASH TRIAL SUBPOENA TO KENNEY DENG)**<br><br>**The Hon. Jon S. Tigar** |

**NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to the Northern District of California Civil Local Rules 7-11, 79-5 and this Court's Standing Order Governing Administrative Motions To File Materials Under Seal Before District Judge Jon S. Tigar ("Standing Order"), Defendants Twitter, Inc., Richard Costolo, and Anthony Noto ("Defendants") and Non-Party Kenney Deng hereby move this court for an Order allowing Defendants and Non-Party Kenney Deng to file under seal the confidential and/or personal information in (1) the Memorandum of Points and Authorities in Support of Defendants' and Non-Party Kenney Deng's Joint Motion to Quash the Trial Subpoena to Kenney Deng (the "Motion"); (2) the Declaration of Kenney Deng in Support of the Motion (the "Deng Declaration"); and (3) Exhibits 1, 6, and 11 to the Declaration of Jonathan K. Youngwood in Support of the Motion.

Defendants and Non-Party Kenney Deng respectfully submit that compelling reasons exist for the filing of these documents under seal. The motion is based on the following Memorandum of Points and Authorities, the Declaration of Paul Alsdorf in Support of the Joint Administrative Motion to File Under Seal (the "Alsdorf Decl."), and the Declaration of Kenney Deng in Support of the Joint Administrative Motion to File Under Seal (the "Deng Sealing Decl."). Defendants have reviewed and complied with the Court's Standing Order and Local Rule 79-5.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted).

A motion to seal documents is governed by a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009). A party intending to seal documents "must

show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, 605 F.3d at 678.  A party intending to seal documents "must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, 605 F.3d at 678.  However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (emphasis in original) (internal quotation marks and citation omitted).  In such situations, the party seeking to seal need only demonstrate that there is "good cause" under Federal Rule of Civil Procedure 26(c) to seal.  Motions to seal materials related to non-dispositive motions warrant this more lenient standard, in part, because such motions "are often unrelated, or only tangentially related, to the underlying cause of action." *Pintos*, 605 F.3d at 678 (internal quotation marks and citation omitted).

## II.   ARGUMENT

### A.   Materials Containing Twitter Highly Confidential and Sensitive Information

Though the courts recognize a general right to inspect and copy public records and documents such as judicial records, the Supreme Court has stated that there are limits to this right. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598 (noting that "the decision as to access [to records] is one best left to the sound discretion of the trial court").  Courts should not serve as "sources of business information that might harm a litigant's competitive standing." *Id*.  Accordingly, the need to protect proprietary and confidential business information is sufficient to seal documents where disclosure would result in competitive harm to a party, even under the "compelling reasons" standard. *See In re Elec. Arts Inc*., 298 F. App'x 568, 569 (9th Cir. 2008); *see also*, *e.g.*, *Stout v. Hartford Life & Accident Ins. Co*., No. CV 11–6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4. 2012) (sealing confidential and proprietary contract).  As such, courts in the Ninth Circuit have sealed "private data about the litigant's performance and business strategy" because they could "harm

1    a litigant's competitive standing." *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, No. 19-CV-02520-LHK,
2    2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019); *see also Cox v. Roadrunner Intermodal Servs.,*
3    *LLC*, No. 117CV01056DADBAM, 2019 WL 3202922, at *2 (E.D. Cal. July 16, 2019) ("Courts have
4    found it appropriate to redact private financial information of competitive value."); *Johnstech Int'l*
5    *Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal.
6    Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to
7    those customers"); *Stone v. Advance Am., Cash Advance Ctrs., Inc.*, No. 08CV1549 WQH WMC,
8    2011 WL 662972, at *1 (S.D. Cal. Feb. 11, 2011) (granting motion to seal "volume and market share");
9    *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June
10   25, 2011) (sealing a presentation that contained "discussions of business strategy and competitive
11   analyses"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2018 WL 6002319, at
12   *1 (N.D. Cal. Nov. 15, 2018) (approving the sealing of information that "prevent[s] competitors from
13   gaining insight into the parties' business model and strategy").

14   As detailed in the concurrently filed Declaration of Paul Alsdorf, the information in the below
15   referenced exhibits details highly sensitive, confidential non-public information related to Twitter's
16   internal strategic business and financial decisions, including non-public financial metrics and non-
17   public performance metrics.  *See* Alsdorf Decl. ¶ 4.  These internal data, communications and
18   strategies are proper for sealing because they evidence highly confidential business information.
19   *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal,
20   nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic],
21   and financial records, which would expose [the defendant] to competitive harm if disclosed"); *see also*
22   *Miller v. Ghirardelli Chocolate Co.*, No. C 12–04936 LB, 2013 WL 6019273, at *2 (N.D. Cal. Nov.
23   13, 2013) (sealing where "the allegations are partially based on publicly-available information, [but]
24   the link between that information and the legal theories supporting [plaintiff]'s claims" was not); *In*
25   *re iPhone App. Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013)
26   (granting motion to seal where the defendant's confidentiality interest in technology and business
27   interests outweighed that of the public in accessing such documents); *see, e.g.*, *Transperfect Glob.,*
28   *Inc. v Motionpoint Corp.*, No. C 10–2590 CW, 2013 WL 209678 (N.D. Cal. Jan, 17, 2013).

Specifically, for the reasons set forth above, Defendants and Non-Party Kenney Deng respectfully request that the following information be sealed from the public record:[1]

| Document | Portion to be Sealed |
|---|---|
| Exhibit 1 to the Declaration of Jonathan K. Youngwood in Support of Joint Motion to Quash (Excerpts of the Deposition of Kenneth Deng, dated December 12, 2018) | Redacted portions. |
| Exhibit 6 to the Declaration of Jonathan K. Youngwood in Support of Joint Motion to Quash (Ex. 16 to Deposition of Kenneth Deng, TWTR_SHEN_00201413-15) | Redacted portions. |
| Exhibit 11 to the Declaration of Jonathan K. Youngwood in Support of Joint Motion to Quash (Ex. 28 to Deposition of Kenneth Deng, TWTR_SHEN_00255385-86) | Redacted portions. |

### B. Personal Medical Information

Defendants and Non-Party Kenney Deng also seek to seal portions of the Motion and Deng Declaration related to the personal and medical information of Mr. Deng. *See* Deng Sealing Decl. ¶ 5. Courts in this circuit have "recognize[d] the non-party's privacy interests, and [found] that such an interest can be appropriately balanced with the public's right to access by redacting personal identifying information." *Ehret v. Uber Techs., Inc.*, No. 14-CV-00113-EMC, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (internal quotations omitted) (citing *O'Connor v. Uber Techs., Inc.*, Case No. C-13-3826 EMC, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 205)). And courts throughout the Ninth Circuit have also recognized that the need to protect medical privacy generally qualifies as a compelling reason to seal records. *Salgado v. Iqvia, Inc.*, No. 18-CV-2785-BAS-WVG, 2020 WL 1322949, at *2 (S.D. Cal. Mar. 20, 2020) (collecting cases); *see also Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017) (finding "compelling reasons to keep [excerpts] under seal" because they "contain references to Plaintiffs' medical history"); *Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011) (finding Plaintiffs' need for confidentiality concerning "medical treatment and condition" weighed "strongly in favor of sealing"). Non-parties such as Mr. Deng are generally afforded even

---

[1] All proposed redactions in the exhibits filed under seal are highlighted in yellow and/or outlined in red.

greater protection of their privacy. *See, e.g., Ehret*, 2015 WL 12977024, at *3. This is particularly true where the information is irrelevant to the merits of the case. *See VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF (NC), 2019 WL 8107916, at *1 (N.D. Cal. Mar. 7, 2019) (applying lower "good cause" standard where documents sought to be sealed were only tangentially related to underlying merits of the case). Non-party Mr. Deng's personal and medical history is both private and irrelevant to this securities class action; accordingly, those narrow parts of the Motion and Deng Declaration should be sealed.

Specifically, for the reasons set forth above, Defendants and Non-Party Kenney Deng respectfully request that the following information be sealed from the public record:[2]

| Document | Portion to be Sealed |
|---|---|
| Joint Motion to Quash the Trial Subpoena to Kenney Deng | Redacted portions. |
| Declaration of Kenney Deng in Support of Joint Motion to Quash the Trial Subpoena to Kenney Deng | Redacted portions. |

### C.  The Redactions are Narrowly Tailored

Defendants and Non-Party Kenney Deng only seek to seal information consistent with this Court's previous sealing orders (*see* ECF Nos. 251, 359, 404, 411) and that is related to the personal and medical history of Mr. Deng. Defendants and Non-Party Kenney Deng have attempted to narrow their sealing request as much as possible, and seek only to seal sensitive information that, if publicly disclosed, would cause harm to Mr. Deng, Twitter or to the individuals who use Twitter.

### III.  CONCLUSION

Pursuant to Local Rule 79-5(d), Defendants and Non-Party Kenney Deng attach: (1) a declaration from Paul Alsdorf in support; (2) a declaration from Kenney Deng in support; (3) a proposed order that is narrowly tailored to seal only the sealable material and lists in table format each document that is sought to be sealed; (3) redacted versions of the documents sought to be sealed; and (4) unredacted versions. Accordingly, Defendants and Non-Party Kenney Deng respectfully request that the Court grant their administrative motion to seal.

---

[2] All proposed redactions in the exhibits filed under seal are highlighted in yellow and/or outlined in red.

| | | |
|---|---|---|
| 1 | Dated: May 12, 2020 | SIMPSON THACHER & BARTLETT LLP |
| 2 | | By  /s/ Jonathan K. Youngwood |
| 3 | |     JONATHAN K. YOUNGWOOD |
| 4 | | James G. Kreissman (206740) |
| | | 2475 Hanover Street |
| 5 | | Palo Alto, California  94304 |
| | | Telephone: (650) 251-5000 |
| 6 | | Facsimile:  (650) 251-5002 |
| 7 | | Jonathan K. Youngwood (*pro hac vice*) |
| | | Janet A. Gochman (*pro hac vice*) |
| 8 | | John Robinson (*pro hac vice*) |
| | | SIMPSON THACHER & BARTLETT LLP |
| 9 | | 425 Lexington Avenue |
| | | New York, New York 10017 |
| 10 | | Telephone:   (212) 455-2000 |
| | | Facsimile:   (212) 455-2502 |
| 11 | | COOLEY LLP |
| 12 | | Stephen C. Neal |
| | | John C. Dwyer |
| 13 | | Jessica Valenzuela Santamaria |
| | | Brett De Jarnette |
| 14 | | 3175 Hanover Street |
| | | Palo Alto, CA  94304-1130 |
| 15 | | Telephone:   (650) 843-5000 |
| | | Facsimile:   (650) 849-7400 |
| 16 | | COOLEY LLP |
| 17 | | Kathleen Goodhart |
| | | Aarti Reddy |
| 18 | | Laura Elliot |
| | | 101 California Street, 5th Floor |
| 19 | | San Francisco, CA 94111-5800 |
| | | Telephone:   (415) 693-2000 |
| 20 | | Facsimile:   (415) 693-2222 |
| 21 | | *Attorneys for Defendants Twitter Inc., Richard Costolo, and Anthony Noto, and Non-Party Kenney Deng* |