ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
LUCAS F. OLTS (234843)
NATHAN R. LINDELL (248668)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | Case No. 4:16-cv-05314-JST (SK) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 9:  TO ENFORCE THE COURT'S MAY 8, 2020 AND APRIL 20, 2020 ORDERS AND PRECLUDE EVIDENCE AND ARGUMENT REGARDING ANY SEC INVESTIGATION |
| ALL ACTIONS. | |

DATE:        July 8, 2020
TIME:        9:00 a.m.
CTRM:        6
JUDGE:      The Honorable Jon S. Tigar

1

**TABLE OF AUTHORITIES**

2

**Page**

3

I.      INTRODUCTION ..........................................................................................................2

II.     THE SEC CORRESPONDENCE IS EXCLUDED BY BOTH THE
        STIPULATED ORDER AND THE COURT'S APRIL 20, 2020 ORDER ........................3

III.    15 U.S.C. §78z PROHIBITS REPRESENTATIONS THAT THE SEC'S
        FAILURE TO ACT MEANS THE AGENCY HAS DETERMINED THAT
        STATEMENTS TO INVESTORS WERE TRUE OR ACCURATE ................................7

IV.     INTRODUCTION OF EVIDENCE OR ARGUMENT REGARDING SEC
        INACTION WOULD BE UNFAIRLY PREJUDICIAL.......................................................8

V.      CONCLUSION..............................................................................................................10

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION *IN LIMINE*

2 TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that on July 8, 2020 at 9:00 a.m. in Courtroom 6, 2nd Floor of the

4 above-entitled Court, Plaintiffs and Class Representatives KBC Asset Management NV and National

5 Elevator Industry Pension Fund will and hereby by do move *in limine* to exclude specific evidence

6 and argument from the trial in this matter.  Plaintiffs' motion is based on this Notice of Motion and

7 Motion *in Limine*, the following memorandum in support of Plaintiffs' motion, the materials cited

8 therein, oral argument, and other materials and argument as may be presented.  In accordance with

9 the Court's Standing Order for Civil Jury Trials, Plaintiffs have met and conferred with Defendants,

10 but were unable to resolve the dispute addressed herein.

11

## STATEMENT OF RELIEF SOUGHT

12        Plaintiffs seek an order enforcing the May 8, 2020 Stipulation and Order Concerning Trial

13 Procedures and Evidentiary Issues and the April 20, 2020 Order Granting in Part and Denying in

14 Part Motions to Exclude Expert Testimony, and excluding all evidence and argument regarding any

15 SEC investigation of Twitter or lack thereof.

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

Plaintiffs move to exclude evidence and argument regarding any SEC investigation of Defendants, or lack thereof, including correspondence between the SEC and Twitter in 2013 and 2015.[1]  The evidence is excluded pursuant to the parties' Stipulation Concerning Trial Procedures and Evidentiary Issues, entered as an Order on May 8, 2020.  ECF No. 499 ("Stipulated Order").  In pertinent part, the Stipulated Order provides that "[n]either Plaintiffs nor Defendants shall introduce any evidence or argument regarding . . . any governmental investigation."  *Id*. at 3-4.  Moreover, prior to the Stipulated Order, this Court addressed the SEC Correspondence and expert opinions about it and unambiguously held that "***the Court will exclude at trial the argument and any supporting evidence [about] Defendants' 'open and frank discussion' with the SEC***" and that "***evidence relating to an SEC investigation, or lack thereof, simply should not be admitted where, as here, the danger of jury confusion or wasting time substantially outweighs the relevance of such evidence, which would be, at best, marginal***."  ECF No. 482 at 14-15.[2]  Further, Defendants' suggestion that the SEC Correspondence and "the lack of a reply from the SEC staff to [Twitter's] response" indicates that the governmental agency was satisfied with Defendants' disclosures (*see, e.g*., ECF No. 427-3, ¶74; ECF No. 352-4 at 23) is contrary to the law and has no bearing on the Defendants' liability for securities fraud.  *See* 15 U.S.C. §78z (SEC inaction cannot be "deemed a finding by [the SEC] that [a] statement or report is true and accurate on its face or that it is not false

---

[1]     Defendants' exhibit list includes the following six letters between the SEC and outside counsel for Twitter (collectively, the "SEC Correspondence").  The correspondence is attached as Exhibits 1-6 to the Declaration of Lucas F. Olts in Support of Plaintiffs' Motion *in Limine* No. 9 ("Olts Decl."), filed herewith:

| Olts Decl. | Defendants' Exhibit No. | Description |
|---|---|---|
| 1 | 591 | Aug. 21, 2013 correspondence from Twitter to the SEC |
| 2 | 1186 | Sept. 20, 2013 correspondence from the SEC to Twitter |
| 3 | 1187 | Sept. 25, 2013 correspondence from Twitter to the SEC |
| 4 | 1197 | Apr. 13, 2015 correspondence from the SEC to Twitter |
| 5 | 1201 | May 11, 2015 correspondence from Twitter to the SEC |
| 6 | 1207 | June 17, 2015 correspondence from the SEC to Twitter |

[2]     Emphasis is added and citations omitted unless otherwise noted.

1   or misleading."). Accordingly, all evidence or argument regarding any SEC investigation, including

2   Defendants' exhibits 591, 1186, 1187, 1197, 1201, and 1207, should be excluded.

3   **II.     THE SEC CORRESPONDENCE IS EXCLUDED BY BOTH THE STIPULATED ORDER AND THE COURT'S APRIL 20, 2020 ORDER**

4
5           The Stipulated Order precludes the following evidence and argument regarding other

6   litigation or investigations:

7           **Preclusion Of Evidence Or Argument Concerning Other Litigation Or Investigations Involving Defendants**:

8               Neither Plaintiffs nor Defendants shall introduce any evidence or argument
9       regarding other litigation or external investigations involving any of Defendants or
        Plaintiffs (including any governmental investigation or investigation by or for
10      Twitter's Board of Directors, any committee of the Board of Directors, or any
        counsel working for or on behalf of Twitter or any Twitter shareholder) and neither
11      Plaintiffs nor Defendants shall introduce any evidence or argument regarding the
        lack of any other litigation or such investigation involving any of Defendants or
12      Plaintiffs.

13  ECF No. 499 at 3-4.

14          During the negotiation of the Stipulated Order, the parties specifically confirmed that it

15  would prohibit evidence and argument regarding any SEC investigation of Twitter or lack thereof.

16  *See* Olts Decl., Ex. 7.  Well before the stipulation was executed, Plaintiffs had, in fact, identified that

17  one of their potential motions *in limine* was to exclude "evidence or argument regarding any SEC

18  investigation or prosecution, or lack thereof," including correspondence between Twitter and the

19  SEC.  *See* ECF No. 491 at Plaintiffs' Proposed MILs No. 4.  As agreed upon by the parties at the

20  time of its filing, the "litigation or investigations" section of the Stipulated Order resolved Plaintiffs'

21  Proposed MIL No. 4 (exclusion of SEC investigations) and Defendants' Proposed MIL No. 17

22  (exclusion of other litigation or governmental investigations).  ECF No. 491.  *See also* Olts Decl.,

23  Ex. 7 at 3 (Defendants' counsel acknowledging that the reference to "governmental investigation" in

24  the Stipulated Order "would necessarily include SEC investigations").

25          Following entry of the Stipulated Order and the May 7, 2020 deadline for filing motions *in*

26  *limine*, the parties met and conferred regarding trial exhibit lists.  During the meet and confer

27  session, Defendants refused to confirm whether they would remove the SEC Correspondence from

28  their trial exhibit list.  *See* Olts Decl., ¶3 and Ex. 7.  Subsequently, on May 15, 2020, Defendants

1   asserted that the "MIL stipulation does not cover all SEC correspondence, regardless of how the

2   correspondence is being used" and "does not preclude the use of correspondence with the SEC (in

3   particular responses to Corp Fin comment letters) for other purposes." Olts Decl., Ex. 7 at 4.  When

4   asked how the SEC Correspondence was not covered by the Stipulated Order, Defendants asserted

5   that "the comment letter correspondence with CorpFin was not part of or regarding an investigation

6   and, therefore, yes, it falls outside of the stipulation." *Id*. at 3.

7        Defendants' current effort to narrowly define "investigation" violates the purpose of the

8   Stipulated Order and this Court's prior holding regarding the SEC Correspondence.  As discussed, a

9   seminal purpose of the Stipulated Order was to address the parties' disputes regarding the use of the

10  SEC Correspondence.  Those disputes had already arisen in the context of Defendants' Motion for

11  Summary Judgment and the motions to exclude Defendants' expert John Coates and Plaintiffs'

12  expert Jason Flemmons.  *See* ECF Nos. 362-4 at 21; 427 at 12-14; 432 at 23-24.  Indeed, the only

13  evidence on either of the parties' exhibit lists that concerned any "other litigation or external

14  investigation" was the SEC Correspondence.[3]  Other than the SEC Correspondence, nothing would

15  actually be excluded by the "litigation or investigations" section of the Stipulated Order.

16       Defendants have no basis to argue that the term "investigation" does not apply to the SEC

17  Correspondence.  Put simply, an investigation is the act of investigating something.  And that is

18  exactly what the SEC was doing in the SEC Correspondence.  Specifically, the SEC's Division of

19  Corporation Finance sent Twitter a series of questions about its public financial filings and requested

20  that the Company "respond to these comments within ten days by providing the requested

21  information or advise us as soon as possible when you will respond." *See, e.g.*, Olts Decl., Ex. 4 at

22  1.  Twitter then responded to the agency's questions as requested (albeit, not within ten days).  Olts

23

24  [3]    In addition to the 2013 and 2015 correspondence identified by Defendants, Plaintiffs' exhibit list
     included 2017 correspondence reflecting the SEC's ongoing inquiries about Twitter's disclosures to
25   investors.  *See* ECF No. 385-5 (Twitter's response to SEC providing "MAU is a measure of the
     Company's logged-in or otherwise authenticated audience and DAU is a measure of the engagement
26   of that audience" and the "percentage changes in DAU [is one of the] material metrics to promote an
     understanding of the performance of the Company's platform against its current strategy").  In
     accordance with the Stipulated Order, Plaintiffs removed all SEC correspondence from their exhibit
27   list.  Given Defendants' current position, Plaintiffs have informed Defendants that they intend to
     include the 2017 SEC correspondence as trial exhibits, but only if this motion is denied.
28

1    Decl., Exs. 1, 3, 5.  Confirming that this constituted an "investigation," Twitter's responses to the

2    SEC were prepared and sent by the Company's outside counsel at Wilson Sonsini Goodrich &

3    Rosati.   *Id*; *see also* https://www.wsgr.com/en/services/practice-areas/litigation/government-

4    investigations.html (Wilson Sonsini website touting, under the practice area "Government

5    Investigations," "[w]e routinely represent clients before key federal enforcement agencies, including

6    . . . the [SEC]").   Moreover, Defendants previously withheld dozens of drafts of the SEC

7    Correspondence and communications with outside counsel about the SEC Correspondence on the

8    grounds that they were privileged attorney client communications seeking legal advice.  *See, e.g.*,

9    Olts Decl., Ex. 8 entry 1706 ("Draft letter reflecting legal advice from S. Edgett re: response to SEC

10   Comment Letter"); entry 1607 ("Email reflecting legal advice from outside counsel L. Stimmell

11   (WSGR) re: SEC Comment letter").[4]

12         The use of the term "investigation" in the Stipulated Order is also consistent with how this

13   Court described the SEC Correspondence.  Both parties had experts who offered opinions regarding

14   the SEC's questions about Twitter's disclosure of user engagement and what, if anything, could be

15   ascertained from the SEC Correspondence.  Defendants' expert John Coates, discussed both the

16   2013 and 2015 SEC Correspondence and opined that "the SEC will continue to correspond with a

17   company if the staff does not agree that the company's reply adequately addresses a disclosure

18   concern."  ECF Nos. 427-3, ¶74; 427-4, ¶77.  Plaintiffs' expert Jason Flemmons, opined that

19   Twitter's representations to the SEC in the SEC Correspondence were inconsistent with the

20   Company's internal reports and that the SEC is "entirely reliant on a company's responses being

21   truthful and properly supported."  *See* ECF No. 432-2, ¶¶71-91.  The parties each moved to exclude

22   each other's experts' opinions regarding the SEC investigation.  ECF Nos. 427 at 12-14; 432 at 23-

23   24.  And the Court excluded Flemmons' testimony "regarding SEC customs and practices on

24

---

25   [4]   In defense of their continuing attempt to admit the SEC Correspondence at trial, Defendants may
     argue that it will be used for some purpose other than to show there was or was not an SEC
26   investigation.  But the Stipulated Order is clear that it excludes all evidence and argument ***regarding***
     any governmental investigation or litigation.  ECF No. 499 at 3-4.  No exception is allowed for using
27   evidence regarding a governmental investigation, or lack thereof, for some other purpose.  And, as
     discussed below, the prejudicial nature of the evidence would remain whether or not Defendants or
28   their counsel directly addressed the investigation underlying the SEC Correspondence.

1  relevance grounds, because *the Court will exclude at trial the argument and any supporting*

2  *evidence to which Flemmons is responding, i.e., that Defendants' [had an] 'open and frank*

3  *discussion' with the SEC*." ECF No. 482 at 14. Notably, the Court's use of "Defendants' '*open*

4  *and frank discussion' with the SEC*" is a direct reference to the Motion for Summary Judgment

5  where Defendants cited to the exact SEC correspondence currently listed on their exhibit list. *See*

6  ECF No. 352-4 at 23 (arguing "the open and frank discussion between Defendants and SEC staff on

7  the topic that is at the center of this litigation also undercuts scienter. From the initial disclosures in

8  the draft S-1 and the *subsequent communications with Staff regarding those disclosures to the*

9  *apparent resolution of the questions regarding the metrics*, the Company acted in an honest and

10  candid manner"). Thus, the Court has already stated that it will exclude the exact SEC

11  correspondence at issue here.

12      Moreover, in addressing the experts' opinions about the SEC Correspondence the Court

13  specifically used the term "investigation." The Court first noted that cases "are not conclusive as to

14  the relevance of evidence relating to the existence of an SEC *investigation*." ECF No. 482 at 14.

15  Then, based on the parties' arguments regarding the SEC Correspondence opinions, the Court held

16  that "*evidence relating to an SEC investigation, or lack thereof, simply should not be admitted*

17  *where, as here, the danger of jury confusion or wasting time substantially outweighs the relevance*

18  *of such evidence, which would be, at best, marginal*." ECF No. 482 at 15. The Court added that it

19  "*finds that the relevance of evidence or argument relating to the SEC's actions or inaction with*

20  *respect to Defendants is substantially outweighed by the danger that it will confuse the jury or*

21  *unduly consume their time*." *Id* at 16; *see also id.* at 20-21 (excluding Coates's testimony regarding

22  the SEC Correspondence for the same reasons). Accordingly, there was no question at the time the

23  parties filed the Stipulated Order that the term "investigation" covered the SEC Correspondence.

24  And even absent that stipulation, the Court has already held that it would exclude any "evidence

25  relating to an SEC investigation" or evidence purporting to show "Defendants' 'open and frank

26  discussion' with the SEC" or "the SEC's actions or inaction."

27

28

1   **III.   15 U.S.C. §78z PROHIBITS REPRESENTATIONS THAT THE SEC'S**
2   **FAILURE TO ACT MEANS THE AGENCY HAS DETERMINED THAT**
    **STATEMENTS TO INVESTORS WERE TRUE OR ACCURATE**

3           As the Court noted in its April 20, 2020 Order, the case law is not conclusive about whether

4   the existence of an SEC investigation supports an inference of scienter.  ECF No. 482 at 14-15.  But

5   statutory authority conclusively prohibits a party from claiming that the SEC's failure to pursue an

6   investigation means that the agency found the party's disclosures to investors true or accurate.  15

7   U.S.C. §78z provides:

8               No action or failure to act by the Commission or the Board of Governors of the
                Federal Reserve System, in the administration of this chapter shall be construed to
9               mean that the particular authority has in any way passed upon the merits of, or given
                approval to, any security or any transaction or transactions therein, nor shall such
10              action or failure to act with regard to any statement or report filed with or examined
                by such authority pursuant to this chapter or rules and regulations thereunder, be
11              deemed a finding by such authority that such statement or report is true and accurate
                on its face or that it is not false or misleading.  It shall be unlawful to make, or cause
12              to be made, to any prospective purchaser or seller of a security any representation
                that any such action or failure to act by any such authority is to be so construed or
13              has such effect.

14  Based on 15 U.S.C. §78z, courts have held that even affirmative statements that the SEC will not

15  pursue further action against a company cannot support a finding that the company did not commit

16  securities fraud.  *See In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1245 (N.D. Cal. 2008)

17  (letter informing defendant that the SEC had concluded its investigation "did not 'clear' [defendant]

18  of wrongdoing").[5]

19          Courts have repeatedly held that the SEC may elect not to pursue a matter for any number of

20  reasons unrelated to the merits, and its "discretionary determination with respect to prosecution is

21  not determinative of whether Defendants, in fact, committed securities fraud."  *In re UTStarcom,*

22  *Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 975 n.15 (N.D. Cal. 2009); *see also In re Am. Apparel, Inc.*

23  *S'holder Litig.*, 2013 WL 174119, at *12-*13 (C.D. Cal. Jan. 16, 2013).  Indeed, the Ninth Circuit

24  _____

    [5]    Consistent with 15 U.S.C. §78z, 17 C.F.R. §202.5(d) provides:

25              In instances where the staff has concluded its investigation of a particular matter and
                has determined that it will not recommend the commencement of an enforcement
26              proceeding against a person, the staff, in its discretion, may advise the party that its
                formal investigation has been terminated.  Such advice if given must in no way be
27              construed as indicating that the party has been exonerated or that no action may
                ultimately result from the staff's investigation of the particular matter.
28

1   has held that in a civil securities fraud action there is nothing to glean from "the SEC's decision not

2   to . . . charge defendants with fraud." *See In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694,

3   707 n.5 (9th Cir. 2012); *see also Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*,

4   633 F. Supp. 2d 763, 796 (D. Ariz. 2009) ("[T]he SEC's decision not to take any enforcement action

5   does not undercut a finding of scienter.").[6]   Accordingly, Defendants' efforts to use the SEC

6   Correspondence to argue or suggest that the agency approved of Twitter's user engagement

7   disclosures is not just contrary to the Stipulated Order and the April 20, 2020 Order, but it is also

8   barred by statute.

9   **IV.   INTRODUCTION OF EVIDENCE OR ARGUMENT REGARDING SEC
      INACTION WOULD BE UNFAIRLY PREJUDICIAL**

10
            As this Court has already held, "***evidence relating to an SEC investigation, or lack thereof,***

11
    ***simply should not be admitted where, as here, the danger of jury confusion or wasting time***

12
    ***substantially outweighs the relevance of such evidence, which would be, at best, marginal***" and

13
    "***the relevance of evidence or argument relating to the SEC's actions or inaction to Defendants is***

14
    ***substantially outweighed by the danger that it will confuse the jury or unduly consume their time***."

15
    ECF No. 482 at 15-16.[7]

16

17   _____

18   [6]     Ironically, late last year, Defendants' counsel here filed a motion *in limine* in *Baker v. SeaWorld
    Entm't, Inc.*, No. 3:14-cv-02129-MMA-AGS (S.D. Cal. Nov. 22, 2019), ECF No. 474-1 at 6-8, to
    exclude evidence of all SEC or governmental investigations, arguing that such evidence is

19   "irrelevant and. . . highly prejudicial."  The motion was granted and the court excluded "evidence of
    government investigations by the SEC and DOJ related to SeaWorld's disclosure. . . ."  *Baker v.*

20   *SeaWorld Entm't, Inc.*, 2020 WL 241441, at *3 (S.D. Cal. Jan. 16, 2020); Minute Entry, *SeaWorld*,
    No. 14-cv-2129-MMA-AGS (S.D. Cal. Jan. 21, 2020), ECF No. 508 (affirming tentative ruling).

21   [7]     In opposing this motion, Defendants may argue that, despite previously doing so, they do not

22   intend to argue that the SEC Correspondence evidences that the agency found Twitter's user
    engagement disclosures acceptable.  But even if Defendants do not expressly argue that, or have an

23   expert testify to that effect, the jury is still likely to be confused and misled by the SEC
    Correspondence.  If jurors are exposed to the correspondence, they will undoubtedly want to know
    what conclusion the SEC reached regarding Twitter's disclosures, and there is a substantial risk they

24   will assume, absent evidence to the contrary, that the agency approved of Twitter's disclosures.
    However Defendants may claim they would use the SEC Correspondence, it would create a "mini-

25   trial" on whether the SEC was satisfied with Twitter's responses or required any further action from
    the Company and whether the SEC response indicated that Twitter's user engagement disclosures

26   were accurate or misleading, all of which "could easily inflate the perceived importance of [those
    issues] and distract the jury from the central question before it."  *In re C.R. Bard, Inc.*, 810 F.3d 913,

27   922 (4th Cir. 2016); *see also Tennison v. Circus Enter., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001)
    (finding no abuse of discretion where trial court excluded evidence to avoid a "'mini trial'" on issues

28   tangentially relevant to the case); *Bordegaray v. Cty. of Santa Barbara*, 2016 WL 7260920, at *9

1    Underscoring the prejudicial nature of the SEC Correspondence is the fact that Defendants

2  refused to produce numerous documents regarding the correspondence, preventing Plaintiffs from

3  being able to assess and present the full set of circumstances surrounding Twitter's responses to the

4  agency investigation.   Defendants withheld from their production in this case more than 40

5  documents regarding the SEC "comment letter," and nearly 600 other communications regarding

6  "disclosure," as attorney work product or protected by the attorney-client privilege. *See* Olts Decl.,

7  Ex. 8.   Defendants also routinely invoked purported attorney-client privilege and work product

8  protection during depositions to block testimony about Twitter's discussions with the SEC. *See*,

9  *e.g.*, Olts Decl., Ex. 9 at 232:25-234:12 ("Q. Do you recall discussions about whether the SEC . . .

10  would require Twitter to provide another measure of engagement? . . .  A: I'm not going to disclose

11  privileged information.   Q.  So my question to you is, are you going to follow your attorney's

12  instructions and refuse to answer that question?  A.  Yeah."); *id.* at 243:6-244:3 ("Q. Is Plaintiffs'

13  Exhibit 211 the document that you were referencing earlier relating to a comment letter from the

14  SEC?  A.  That's correct. . .  Q.  And why did you see it when you were at Twitter?  A.  Okay.  I

15  believe they asked me to review the response to make sure I review it and agree with it.  Q.  Who

16  asked you?  A.  It's legal and SEC . . . reporting.  MS. VALENZUELA SANTAMARIA: Okay.  Let

17  me caution you not to disclose communications with Twitter in-house legal."); Ex. 10 at 35:13-19

18  ("Q.  What did you discuss with the person from the SEC? . . .   A.  I would like to consult my

19  attorney about that question.  Q.  Are you refusing to answer the question? A.  Yes").   In addition to

20  all of the reasons discussed above, Defendants should not be permitted to introduce evidence or

21  argument about the SEC Correspondence when they have withheld as privileged documents and

22  testimony on that very subject.  *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir.

23  1992) ("The privilege which protects attorney-client communications may not be used both as a

24  sword and shield."); *see also Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal.

25

26

27  (C.D. Cal. Dec. 13, 2016) (excluding evidence that would "require mini trials" to interpret the

28  evidence).

1  2015) ("[P]arties in litigation may not abuse the privilege by asserting claims the opposing party

2  cannot adequately dispute unless it has access to the privileged materials.").[8]

3  **V.      CONCLUSION**

4         For the foregoing reasons, Plaintiffs respectfully request that the Court exclude all evidence

5  or argument regarding any SEC investigation, or lack thereof, including the SEC Correspondence.

6  DATED:  May 29, 2020                    Respectfully submitted,

7                                          ROBBINS GELLER RUDMAN & DOWD LLP
                                           DANIEL S. DROSMAN
8                                          TOR GRONBORG
                                           LUCAS F. OLTS
9                                          NATHAN R. LINDELL
                                           J. MARCO JANOSKI GRAY
10                                         CHRISTOPHER R. KINNON
                                           HEATHER G. SCHLESIER

11

12
                                                    s/ TOR GRONBORG
13                                               TOR GRONBORG

14                                         655 West Broadway, Suite 1900
                                           San Diego, CA  92101-8498
15                                         Telephone:  619/231-1058
                                           619/231-7423 (fax)
16                                         ddrosman@rgrdlaw.com
                                           torg@rgrdlaw.com
17                                         lolts@rgrdlaw.com
                                           nlindell@rgrdlaw.com
18                                         mjanoski@rgrdlaw.com
                                           ckinnon@rgrdlaw.com
19                                         hschlesier@rgrdlaw.com

20

21

22

23

24

25

26  ───────────────
    [8]     Because all of the correspondence with the SEC came from Twitter's outside attorneys, not the
27  Company itself, if admitted it would also improperly suggest that Defendants' disclosures had been
    reviewed and approved by counsel.  *See* ECF No. 497 at 16-21 (Plaintiffs' Motion *In Limine* No. 4
28  regarding Defendants' waiver of the good faith reliance on counsel defense).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTLEY RICE LLC
GREGG S. LEVIN
LANCE V. OLIVER
MEGHAN S.B. OLIVER
MAX N. GRUETZMACHER
CHRISTOPHER F. MORIARTY
MEREDITH B. WEATHERBY
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
moliver@motleyrice.com
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
mweatherby@motleyrice.com

*Co-Class Counsel for the Class*

BLEICHMAR FONTI & AULD LLP
LESLEY E. WEAVER
555 12th Street, Suite 1600
Oakland, CA  94607
Telephone:  415/445-4003
415/445-4020 (fax)
lweaver@bfalaw.com

*Liaison Counsel*

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify under penalty of perjury that on May 29, 2020, I authorized the electronic

3 filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

4 notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

5 hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

6 non-CM/ECF participants indicated on the attached Manual Notice List.

7
                                        s/ TOR GRONBORG
                                        TOR GRONBORG
8
                                        ROBBINS GELLER RUDMAN
9                                           & DOWD LLP
                                        655 West Broadway, Suite 1900
10                                      San Diego, CA  92101-8498
                                        Telephone:  619/231-1058
11                                      619/231-7423 (fax)

12
                                        E-mail:  TorG@rgrdlaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 4:16-cv-05314-JST In re Twitter Inc. Securities Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Alexis Susan Coll-Very**
  acollvery@goodwinlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Anne Kathleen Davis**
  adavis@bfalaw.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,galancr@cooley.com

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,tkoelbl@rgrdlaw.com,DanD@ecf.courtdrive.com,e_file_sf@rgrdlaw.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com

- **Laura Marie Elliott**
  lelliott@cooley.com,dfoster@cooley.com,efiling-notice@ecf.pacerpro.com

- **Joseph A. Fonti**
  jfonti@bfalaw.com,ecfnotifications@bfalaw.com,ndennany@bfalaw.com

- **Janet A Gochman**
  jgochman@stblaw.com,cterricone@stblaw.com

- **Kathleen Howard Goodhart**
  kgoodhart@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,cclark@cooley.com,jpalaganas@cooley.com

- **Marc Gorrie**
  mgorrie@cooley.com

- **Tor Gronborg**
  torg@rgrdlaw.com

- **Max Nikolaus Gruetzmacher**
  mgruetzmacher@motleyrice.com,kquillin@motleyrice.com

- **Alex C. Hemmer**
  alex.hemmer@wilmerhale.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,cbarrett@rgrdlaw.com,msonney@rgrdlaw.com,tdevries@rgrdlaw.com

- **Lewis S. Kahn**
  lewis.kahn@ksfcounsel.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com,CKinnon@ecf.courtdrive.com

- **James Glenn Kreissman**
  jkreissman@stblaw.com

- **Gregg S. Levin**
  glevin@motleyrice.com,sturman@sturman.ch,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,Nlindell@ecf.courtdrive.com,MKuwashima@rgrdlaw.com

- **Alejandro Nicholas Mayorkas**
  alejandro.mayorkas@wilmerhale.com,WHDocketing@wilmerhale.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Dean Michael McGee**
  dean.mcgee@stblaw.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com,mjasinski@motleyrice.com,ajanelle@motleyrice.com

- **Stephen Cassidy Neal**
  sneal@cooley.com,wilsonla@cooley.com

- **Lance V. Oliver**
  loliver@motleyrice.com

- **Meghan Shea Blaszak Oliver**
  moliver@motleyrice.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Michael J Pendell**
  mpendell@motleyrice.com

- **Charles J. Piven**
  piven@browerpiven.com

- **Aarti G. Reddy**
  areddy@cooley.com,efiling-notice@ecf.pacerpro.com,cdickerson@cooley.com

- **Rosemary M. Rivas**
  rrivas@zlk.com,rmah@zlk.com,jtash@zlk.com,jkornhaber@zlk.com

- **Quentin Alexandre Roberts**
  quentin.roberts@diamondmccarthy.com

- **John Alexander Robinson**
  jrobinson@stblaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Shane Palmesano Sanders**
  ssanders@robbinsllp.com,notice@robbinsllp.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com,jfernandes@cooley.com

- **Heather G. Schlesier**
  hschlesier@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,janie.franklin@stblaw.com,sblake@stblaw.com

- **Phong L. Tran**
  phongt@johnsonfistel.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Meredith B. Weatherby**
  mbmiller@motleyrice.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com,lesley-weaver-4669@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,kmccarty@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,ManagingClerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)