# EXHIBIT A

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 7 | 7, 137; 181 | TWTR_SHEN_00227851 | TWTR_SHEN_00227852 | 3/31/2015 | Email and Attachment(s) | 3/31/2015 email From: Oestlien, To: userretentionmtg, Re: Fwd: Growth Metrics with Attachments: Growth Metrics 03282015.pptx | Akash Garg; Alex Roetter; Anthony Noto; Christian Oestlien; Frank Partnoy; Gabriel Stricker; Jason Flemmons; Kevin Weil; Richard Costolo; Sam Hui | D's MIL 6 | Ds' MIL 6 is inapplicable. Relevant to the claims in the case. |
| 2 | 9 | 9 | TWTR_SHEN_00354882 | TWTR_SHEN_00354885 | 1/29/2015 | Document | "Policy around MAU DAU data on Tableau" (Jan. 29, 2015) | Sam Hui | 403; 702 | 403 [prejudice does not substantially outweigh probative value]; 702 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 703 [basis for expert opinion]; 702 is inapplicable. |
| 3 | 74 | 74 | TWTR_SHEN_00188263 | TWTR_SHEN_00188264 | 11/3/2014 | Email | 11/3/2014 email From: Bessinger, To: Noto (and others), Re: Anthony - top questions for analyst day | Anthony Noto; David Rivinus; Frank Partnoy; Jason Flemmons; Krista Bessinger | 802 (third party statements); D's MIL 8 | 703 [basis for expert opinion]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Ds' MIL 8 - Plaintiffs do not intend to use this document to show insider selling. |
| 4 | 75 | 75 | TWTR_SHEN_00297512 | TWTR_SHEN_00297512 | 11/6/2014 | Email | 11/6/2014 email From: Peck, To: Bessinger (and others), Re: From a client | David Rivinus; Frank Partnoy; Jason Flemmons; Krista Bessinger | 802; 805 | 703 [basis for expert opinion]; 801(c)(2) [not offered for the truth]; 805 [801(c)(2) not offered for the truth]; 805 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; Subject to a limiting instruction |
| 5 | 93 | 93; 426 | TWTR_SHEN_00326991 | TWTR_SHEN_00326993 | 4/22/2015 | Email | 4/22/2015 email From: Prosser, To: Gadde, Re: Fortune writing about 10b5-1's being possibly cancelled | Anthony Noto; David Rivinus; Gabriel Stricker; Krista Bessinger; Todd Henderson | MIL 8 | Ds' MIL 8 is inapplicable. Plaintiffs will not use this document to demonstrate scienter. Rather, this document will be used to explain why Defendants did not sell during the Class Period. |
| 6 | 139 | 139; Henderson Ex. 4 | n/a | n/a | 11/4/2013 | SEC Filing | Amendment No. 4 to SEC Form S-1 Registration Statement, filed Nov. 4, 2013 | Akash Garg; Frank Partnoy; Jan Dawson; Jason Flemmons; Richard Costolo; Sam Hui; Steven Feinstein | D's MIL 8 | Ds' MIL 8 is inapplicable. Doesn't concern pre-Class Period sales. |
| 7 | 142 | 142; 174 | TWTR_SHEN_00227754 | TWTR_SHEN_00227810 | 2/19/2015 | Email and Attachment(s) | 2/19/2015 email From: Oestlien, To: Carroll, Costolo (and others), Re: Final Growth Presentation & Growth Playbook for Board of Directors with Attachment: Growth_Playbook_v1.pdf | Akash Garg; Alex Roetter; Anthony Noto; Christian Oestlien; Frank Partnoy; Jason Flemmons; Kevin Weil; Richard Costolo; Sam Hui | D's MIL 6 | Ds' MIL 6 is inapplicable. Relevant to the claims in the case. |
| 8 | 184 | 184 | TWTR_SHEN_00274002 | TWTR_SHEN_00274005 | 11/25/2014 | Document | Word document entitled "Building the execution engine" | Alex Roetter; Jason Flemmons; Kevin Weil; Sam Hui | 402; 403 | 402 [doc is relevant]; 403 [prejudice does not substantially outweigh probative value]; 703 [basis for expert opinion]; Defendants admit that the growth team prioritizes DAU/MAU. Defendants connect DAU/MAU to churn. |

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 229 | 229 | TWTR_SHEN_00331266 | TWTR_SHEN_00331271 | 2/19/2016 | Email | 2/19/2016 email From: Wagoner, To: Roy (and others), Re: Consolidating thinking on "single unifying metric(s)" | Adam Messinger; Sam Hui | 402; 403 | 402 [doc is relevant]; 402 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 403 [prejudice does not substantially outweigh probative value]; 403 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 703 [basis for expert opinion]; Expert relies on to demonstrate connection between user engagement and revenue. |
| 10 | 277 | 277 | TWTR_SHEN_00252397 | TWTR_SHEN_00252397 | 1/8/2015 | Email | 1/8/2015 email From: Prosser, To: commsaccount, Stricker (and others), Re: Incoming Pew research report on U.S. daily active users/monthly active users | Frank Partnoy; Gabriel Stricker | 802 (third party statements) | 703 [basis for expert opinion]; 801(d)(2) [opposing party's statement]; 801(d)(2)(B) [third party statement adopted or believed to be true] |
| 11 | 281 | 281; 326 | TWTR_SHEN_00330811 | TWTR_SHEN_00330817 | 11/3/2014 | Email | 11/3/2014 email From: Noto, To: Weil (and others) Re: Twitter Inc (TWTR.N): Willing to Wait - Initiating atEqual-weight | Adam Bain; Anthony Noto; Frank Partnoy; Jason Flemmons; Kevin Weil; Krista Bessinger; Sam Hui; Steven Feinstein | 802 (third party statements) | 703 [basis for expert opinion]; 801(c)(2) [third party statement not offered for the truth]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Subject to a limiting instruction |
| 12 | 297 | 297 | n/a | n/a | 2/5/2015 | Article | Jay Yarow "Twitter CEO Dick Costolo tells us what it feels like to have people calling for his head, and how Twitter is gaining new users" Business Insider (Feb. 5, 2015) | Frank Partnoy; Jan Dawson; Jason Flemmons; Richard Costolo; Sam Hui | 403; 802 | 403 [prejudice does not substantially outweigh probative value]; 703 [basis for expert opinion]; 801(d)(2) [opposing party's statement] |
| 13 | 321 | 321 | TWTR_SHEN_00365507 | TWTR_SHEN_00365507 | 2/12/2015 | Document | Document entitled "Charles Schwab 10b5-1 Trading Plan Cancelation Letter" executed by Richard Costolo | Richard Costolo; Todd Henderson | D's MIL 8 | Ds' MIL 8 is inapplicable. Doesn't concern pre-Class Period sales. Ds' MIL 8 is inapplicable. Plaintiffs will not use this document to demonstrate scienter. Rather, this document will be used to explain why Defendants did not sell during the Class Period. |
| 14 | 353 | 353 | TWTR_SHEN_00133400 | TWTR_SHEN_00133405 | 1/28/2015 | Email and Attachment(s) | 1/28/2015 email From: Bessinger, To: Penner, Re: Goldman Sachs comments on Dick's script with Attachment: Goldman Comments - Dick script.docx | Krista Bessinger | 802 (third party statements) | 801(d)(2) [opposing party's statement]; Goldman Sachs & Co. was an agent of Twitter during the Class Period, therefore FRE 801(d)(2)(D) applies. |

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 369 | 369 (Noto) | n/a | n/a | 12/8/2015 | Transcript | Thomson Reuters Edited Transcript of TWTR - Twitter at Barclays Global Technology Conference Transcript, dated Dec. 8, 2015 | Anthony Noto; Sam Hui | 802 (third party statements) | 703 [basis for expert opinion]; 801(c)(2) [third party statement not offered for the truth]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Subject to a limiting instruction; Defendants admit that DAU is the "best encapsulation of engagement." See page 3. |
| 16 | 370 | 370 (Noto) | n/a | n/a | 2/10/2016 | Transcript | Thomson Reuters Edited Transcript of TWTR - Q4 2015 Twitter Earnings Call, dated Feb. 10, 2016 | Adam Bain; Anthony Noto; Jan Dawson; Krista Bessinger; Sam Hui | 802 (third party statements) | 703 [basis for expert opinion]; 801(c)(2) [third party statement not offered for the truth]; 801(d)(2)(B) [third party statement adopted or believed to be true]; 802 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; Subject to a limiting instruction |
| 17 | 371 | 365 (Dorsey); 371 (Noto) | n/a | n/a | 4/26/2016 | Transcript | Thomson Reuters Edited Transcript of TWTR - Q1 2016 Twitter Earnings Call, dated Apr. 26, 2016 | Adam Bain; Anthony Noto; Krista Bessinger; Sam Hui; Steven Feinstein | 402; 403; 802 (third party statements) | 402 [doc is relevant]; 403 [prejudice does not substantially outweigh probative value]; 703 [basis for expert opinion]; 801(c)(2) [third party statement not offered for the truth]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Subject to a limiting instruction; Twitter admits DAU is the most important user engagement metric and that Twitter "continues to focus on" it. See page 7. |
| 18 | 372 | 372 (Noto) | TWTR_SHEN_00261563 | TWTR_SHEN_00261577 | 9/16/2015 | Email and Attachment(s) | 9/17/2015 email From: Adelson, To: anthony-financedirects@twitter.com, Re: Fwd: DB transcript with Attachment: TWTR_DB_20150916.pdf | Anthony Noto; Celia Poon; Frank Partnoy; Krista Bessinger; Sam Hui | 402; 403 | 402 [doc is relevant]; 403 [prejudice does not substantially outweigh probative value]; 703 [basis for expert opinion]; Backward looking statement concerning the disclosure on July 28, 2015. See pages 9 to 10. |
| 19 | 380 | 380 (Noto) | TWTR_SHEN_00106277 | TWTR_SHEN_00106278 | 2/4/2015 | Email | 2/4/2015 email From: Noto, To: Wintroub (and others), Re: Heading into earnings… | Anthony Noto | 802 (third party statements) | 801(c)(2) [third party statement not offered for the truth]; Subject to a limiting instruction |

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 413 | 413 | n/a | n/a | | Document | Bessinger's "30(b)(6) Simplified Topic Descriptions" | Anthony Noto; Krista Bessinger; Richard Costolo | 106; 403; 802; D's MIL 6; D's MIL 1; D's MIL 8 | 106 [plts doc is complete]; 106 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 403 [prejudice does not substantially outweigh probative value]; 801(d)(2) [opposing party's statement]; Twitter 30(b)(6) witness brought exhibit to her deposition and relied on it during her testimony. Ds' MIL 1 - Plaintiffs will redact line 7. Ds' MIL 6 is inapplicable. Relevant to the claims in the case. Ds' MIL 8 is inapplicable. Doesn't concern pre-Class Period sales. |
| 21 | 416 | 416 | n/a | n/a | | Document | Bessinger's 30(b)(6) "Topic 4: Information about Various Meetings/ Committees: (1) OpComm; (2) Staff Meetings; (3) Metrics Task Force; (4) Growth Summit; (5) Disclosure Committee; (6) Tea Time" | Anthony Noto; Krista Bessinger; Richard Costolo | 106; 403; 802; Ps' MIL 6 | 106 [plts doc is complete]; 106 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 403 [prejudice does not substantially outweigh probative value]; 801(d)(2) [opposing party's statement]; Twitter 30(b)(6) witness brought exhibit to her deposition and relied on it during her testimony. Ps' MIL 6 is inapplicable. This document does not regard the content of pleadings or Court orders. |
| 22 | 419 | 419; Henderson Ex. 7 | TWTR_SHEN_00329986 | TWTR_SHEN_00329986_0007 | 10/27/2014 | Document | Document entitled "Twitter, Inc. Insider Trading Policy" | Alex Roetter; Anthony Noto; Kevin Weil; Krista Bessinger; Richard Costolo; Todd Henderson | D's MIL 8 | Ds' MIL 8 is inapplicable. Policy shows that Defendants are not permitted to trade if they do not have a 10b-5 plan in place, which explains why Defendants, who had canceled their plans, did not trade during the class period. See pages 3-4. |
| 23 | 429 | 370 (Dorsey); 429 | TWTR_SHEN_00347125 | TWTR_SHEN_00347125_0003 | 8/6/2015 | Email | 8/6/2015 email From: Dorsey, To: Costolo, Re: Privileged & Confidential - Earnings Call Retrospective | Richard Costolo; Steven Feinstein | 403 | 403 [prejudice does not substantially outweigh probative value]; 703 [basis for expert opinion]; Backward looking to the revelation of the truth on July 28, 2015. |

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 432 | 432 | TWTR_SHEN_00329886 | TWTR_SHEN_00329886 | 2/24/2015 | Powerpoint | PowerPoint presentation entitled "Twitter, Inc. FY14 SOX Program and Internal Audit Update" | Anthony Noto | 402; 403 | 402 [doc is relevant]; 403 [prejudice does not substantially outweigh probative value]; Chart shows that user growth and user engagement were listed as risks with high vulnerability and high significance/ impact. Also shows the impact would be evident in a quarter. See page 14. |
| 25 | 434 | 434 | TWTR_SHEN_00087223 | TWTR_SHEN_00087224 | 2/3/2015 | Email | 2/3/2015 email From: Deng, To: Noto (and others) Re: | Anthony Noto; Celia Poon; Kenney Deng; Sam Hui | D's MIL 6 | Ds' MIL 6 is inapplicable. Relevant to the claims in the case. |
| 26 | 461 | | TWTR_SHEN_00003399 | TWTR_SHEN_00003404 | 2/4/2015 | Email | 2/4/2015 email From: Rivinus, To: Noto (and others), Re: TWTR Research Summary - Feb 4, 2015 | Adam Bain; Adam Messinger; Alex Roetter; Anthony Noto; Celia Poon; David Rivinus; Gabriel Stricker; Jeff Dejelo; Kevin Weil; Krista Bessinger; Richard Costolo | 802 (third party statements) | 801(c)(2) [third party statement not offered for the truth]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Subject to a limiting instruction |
| 27 | 498 | | TWTR_SHEN_00082262 | TWTR_SHEN_00082266 | 2/6/2015 | Email | 2/6/2015 email From: Noto, To: Bessinger (and others), Re: ONE CONSOLIDATED SUMMARY TWTR [Street Takeaways - Twitter Q4 Earnings] | Adam Bain; Adam Messinger; Alex Roetter; Anthony Noto; Gabriel Stricker; Kevin Weil; Krista Bessinger; Richard Costolo | 802 (third party statements) | 801(c)(2) [third party statement not offered for the truth]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Subject to a limiting instruction |
| 28 | 501 | | TWTR_SHEN_00089358 | TWTR_SHEN_00089360 | 6/11/2015 | Email | 6/11/2015 email From: Noto, To: Kranhold and Noto, Re: Re: This is not me…may be from your conversation last week? | Anthony Noto | 403; 802 (third party statements) | 403 [prejudice does not substantially outweigh probative value]; 403 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 801(c)(2) [third party statement not offered for the truth]; 801(d)(2) [opposing party's statement]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Subject to a limiting instruction; Shows Defendant Noto stated that Defendant Costolo stepped down as Twitter CEO because he could not stand the pressure. |

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 29 | 516 | | TWTR_SHEN_00105562 | TWTR_SHEN_00105562 | 8/4/2015 | Email | 8/4/2015 email From: Noto, To: Stewart, Re: | Anthony Noto; Steven Feinstein | 602; 701 | 602 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 701 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 703 [basis for expert opinion]; 602 is inapplicable. 701 is inapplicable. Defendant Noto's backward looking explanation for the stock drop after Q2 Earnings on July 28, 2015. |
| 30 | 517 | | TWTR_SHEN_00106037 | TWTR_SHEN_00106038 | 1/21/2015 | Email | 1/21/2015 email From: Noto, To: Schipper, Re: User Growth Metrics | Anthony Noto | 403; 802 (third party statements); D's MIL 8 | 403 [prejudice does not substantially outweigh probative value]; 403 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 801(d)(2) [opposing party's statement]; There are no third party statements. Ds' MIL 8 is inapplicable. This document reflects testifying witnesses' compensation which is relevant to motive and bias. Defendant Noto admits he is the most well-informed person for user growth metrics. |
| 31 | 557 | | TWTR_SHEN_00155006 | TWTR_SHEN_00155007 | 11/25/2014 | Email | 11/25/2014 email From: Weil, To: Roetter, Re: Three updates, and a challenge | Alex Roetter; Frank Partnoy; Kevin Weil | 403 | 403 [prejudice does not substantially outweigh probative value]; 403 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 703 [basis for expert opinion]; Shows DAU was a shared goal for Twitter. |
| 32 | 570 | | TWTR_SHEN_00205711 | TWTR_SHEN_00205711 | 2/5/2015 | Email | 2/5/2015 email From: Noto, To: Wintroub (and others), Re: Re: Great quarter and articulation | Anthony Noto | 403; 802 (third party statements) | 403 [prejudice does not substantially outweigh probative value]; 801(c)(2) [third party statement not offered for the truth]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Subject to a limiting instruction; Shows Defendant Noto believed Defendants "ma[de] lemonade out of lemons" on the February 5, 2015 earnings conference call. |

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 33 | 581 | | TWTR_SHEN_00230913 | TWTR_SHEN_00230913 | 2/12/2015 | Email | 2/12/2015 email From: Gadde, To: Roetter and Weil, Re: heads up on 10b5-1 plans | Alex Roetter; Kevin Weil; Todd Henderson | 402; 403; 802; D's MIL 8 | 402 [doc is relevant]; 403 [prejudice does not substantially outweigh probative value]; 703 [basis for expert opinion]; 801(d)(2) [opposing party's statement]; Ds' MIL 8 is inapplicable. Doesn't concern pre-Class Period sales. Further, Plaintiffs will not use this document to demonstrate scienter. Rather, this document will be used to explain why Defendants did not sell during the Class Period. |
| 34 | 587 | | TWTR_SHEN_00245052 | TWTR_SHEN_00245059 | 4/30/2015 | Email | 4/30/2015 email From: Bain, To: Edgett, Re: Fwd: Great Article on Retention & Winning | Adam Bain; Alex Roetter; Anthony Noto; Gabriel Stricker; Kevin Weil; Richard Costolo | 403; 802 (third party statements) | 403 [prejudice does not substantially outweigh probative value]; 403 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 801(c)(2) [third party statement not offered for the truth]; 801(d)(2)(B) [third party statement adopted or believed to be true]; Subject to a limiting instruction; See Defendant Noto's comment to Step 9 on page 3. |
| 35 | 605 | | TWTR_SHEN_00260922 | TWTR_SHEN_00260922 | 8/3/2015 | Email | 8/3/2015 email From: Noto, To: staff@twitter, Re: stock price | Adam Bain; Adam Messinger; Alex Roetter; Anthony Noto; Kevin Weil; Steven Feinstein | 403; 602; 701 | 403 [prejudice does not substantially outweigh probative value]; 602 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 701 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 703 [basis for expert opinion]; 602 is inapplicable. 701 is inapplicable. Defendants' backward looking explanation for the stock drop after Q2 Earnings on July 28, 2015. |

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 36 | 606 | | TWTR_SHEN_00260923 | TWTR_SHEN_00260923 | 8/3/2015 | Email | 8/3/2015 email From: Noto, To: staff@twitter, Re: | Adam Bain; Adam Messinger; Alex Roetter; Anthony Noto; Kevin Weil | 602; 701 | 602 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 701 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 602 is inapplicable. 701 is inapplicable. Defendants' backward looking explanation for the stock drop after Q2 Earnings on July 28, 2015. |
| 37 | 822 | Dawson Ex. 11 | N/A | N/A | 2/5/2015 | Analyst Report | Jan Dawson, "Thoughts On Twitter's Q4 2014 Earnings," dated Feb. 5, 2015 | Jan Dawson | 403; 802 | 403 [prejudice does not substantially outweigh probative value]; 403 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 703 [basis for expert opinion]; 801(c)(2) [not offered for the truth]; 803(18) [learned treatises, periodicals]; Subject to a limiting instruction; Mr. Dawson, an analyst, explains the importance of user engagement for Twitter. |
| 38 | 978 | | N/A | N/A | 10/27/2014 | Video | "Jan Dawson on CNBC ""Why user growth is Twitter's real problem"" Online video clip (Oct. 27, 2014) | Jan Dawson | 402; 403; 701; 702; 802 | 402 [doc is relevant]; 403 [prejudice does not substantially outweigh probative value]; 703 [basis for expert opinion]; 801(c)(2) [not offered for the truth]; Subject to a limiting instruction; 701 and 702 are inapplicable. Mr. Dawson, an analyst, discusses the importance of user growth and user engagement. |
| 39 | 983 | | N/A | N/A | 7/27/2017 | Video | Richard Costolo on CNBC "Former Twitter CEO: Daily average user growth bodes well for Twitter" Online video clip (July 27, 2017) | Richard Costolo | 402; 403; 407 | 402 [doc is relevant]; 403 [prejudice does not substantially outweigh probative value]; 407 is inapplicable because there is no discussion of remedial measures. See 0:15, Defendant Costolo admits that DAUs are highly engaged users and concedes the connection between user engagement and revenue. |

| Bellwether No. | Pltfs' Trial Exhibit No. | Depo. Ex. No. | Beginning Bates | End Bates | Date | Document Type | Substance or Purpose | Sponsoring Witness(es) | Defendants' Objections | Pltfs' Response to Defs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|
| 40 | 1003 | | TWTR_SHEN_00230547 | TWTR_SHEN_00230551 | 7/31/2015 | Email and Attachment(s) | 7/31/2015 Email, From: Bessinger, To: Noto (and others), Re: TWTR - Week of July 27 in Review, with attachment: "Week of July 27 in review.docx" | Anthony Noto; David Rivinus; Jack Dorsey; Krista Bessinger; Steven Feinstein | 106; 802 (third party statements) | 106 [plts doc is complete]; 106 [Waived by April 2, 2020 Stipulation. Defendants added the objection after the April 15, 2020 deadline to make objections. See ECF 470]; 703 [basis for expert opinion]; 801(c)(2) [third party statement not offered for the truth]; Subject to a limiting instruction; Defendants' backward looking explanation for the stock drop after Q2 Earnings on July 28, 2015. |