| | |
|---|---|
| COOLEY LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| JOHN C. DWYER (136533) | DANIEL S. DROSMAN (200643) |
| (dwyerjc@cooley.com) | (ddrosman@rgrdlaw.com) |
| JESSICA VALENZUELA SANTAMARIA (220934) | TOR GRONBORG (179109) |
| (jvs@cooley.com) | (torg@rgrdlaw.com) |
| BRETT DE JARNETTE (292919) | LUCAS F. OLTS (234843) |
| (bdejarnette@cooley.com) | NATHAN R. LINDELL (248668) |
| 3175 Hanover Street | J. MARCO JANOSKI GRAY (306547) |
| Palo Alto, CA  94304-1130 | CHRISTOPHER R. KINNON (316850) |
| Telephone:  (650) 843-5000 | HEATHER G. SCHLESIER (322937) |
| Facsimile:  (650) 849-7400 | 655 West Broadway, Suite 1900 |
| | San Diego, CA  92101-8498 |
| KATHLEEN GOODHART (165659) | Telephone:  (619) 231-1058 |
| (kgoodhart@cooley.com) | Facsimile:  (619) 231-7423 |
| AARTI REDDY (274889) | |
| (areddy@cooley.com) | MOTLEY RICE LLC |
| LAURA ELLIOTT (286702) | GREGG S. LEVIN (*pro hac vice*) |
| (lelliott@cooley.com) | (glevin@motleyrice.com) |
| 101 California Street, 5th Floor | LANCE OLIVER (*pro hac vice*) |
| San Francisco, CA  94111-5800 | (loliver@motleyrice.com) |
| Telephone:  (415) 693-2000 | MEGHAN S.B. OLIVER (*pro hac vice*) |
| Facsimile:  (415) 693-2222 | MAX N. GRUETZMACHER (*pro hac vice*) |
| | CHRISTOPHER F. MORIARTY (*pro hac vice*) |
| Attorneys for Defendants | MEREDITH B. WEATHERBY (*pro hac vice*) |
| TWITTER, INC., RICHARD COSTOLO | 28 Bridgeside Boulevard |
| AND ANTHONY NOTO | Mt. Pleasant, SC  29464 |
| | Telephone:  (843) 216-9000 |
| | Facsimile:  (843) 216-9450 |
| | |
| | Co-Class Counsel for the Class |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | Case No. 4:16-cv-05314-JST (SK) |
| | [PROPOSED] ORDER RE: JUNE 21, 2021 PRETRIAL CONFERENCE |
| This Document Relates To: | |
| ALL ACTIONS. | |

WHEREAS, on June 14, 2021, the Parties submitted to the Court a Joint Pretrial Statement (ECF No. 584),[1] a Joint Set of [Proposed] Jury Instructions (ECF No. 585), and [Proposed] Verdict Forms (Defendants' Verdict Form at ECF No. 586, Plaintiffs' Verdict Form at ECF No. 587);

WHEREAS, the Court held a first Pretrial Conference ("PTC") via Zoom on June 21, 2021;

WHEREAS, the Court made certain rulings on the record at the PTC relating to selected disputes contained within ECF Nos. 584-87, as reflected in Section I of this Order;

WHEREAS, the Court ordered the Parties to meet and confer and to make joint proposals regarding certain other issues identified at the PTC (ECF No. 589) consistent with the schedule set forth in Section II of this Order.

**I.    THE COURT'S PTC RULINGS**

The following reflects the Court's on-the-record rulings concerning issues raised by the Court and the Parties and addressed at the PTC.

**A.    Issues Arising from the Joint Pretrial Statement (ECF No. 584)**

The Court, having heard argument during the PTC regarding the following contested issues, ORDERS as follows:

- **Miscellaneous Issue G**: Bar on Substantive Communications with Sworn Witnesses. (ECF No. 584 at 39-41.) The Court adopts Defendants' proposal as articulated during the PTC. While any party is examining an adverse witness, counsel for the opposing party ("representing counsel") may not communicate with the witness until the examination has concluded. After the conclusion of the witness's examination by counsel for the party to whom the witness is adverse, representing counsel may communicate with the witness before and during any examination of the witness by representing

---

[1] "Parties" refers collectively to (i) plaintiffs and class representatives KBC Asset Management NV and National Elevator Industry Pension Fund (together, "Plaintiffs"); and (ii) defendants Twitter, Inc. ("Twitter"), Richard Costolo, and Anthony Noto (together, "Defendants").

[Proposed] Order re: June 21, 2021 Pretrial Conference                                                                  - 2 -

counsel.  Should counsel for the party to whom the witness is adverse subsequently re-examine the witness, representing counsel may not communicate with the witness between the commencement of such additional examination and its conclusion.  (PTC Tr. 83:4-19).

The Court, having heard argument during the PTC regarding the following contested issues, takes them under submission for decision:

- **Miscellaneous Issue A**:  Recalling Witnesses in Defendants' Case-in-Chief (ECF No. 584 at 26-28) (PTC Tr. 48:1-9; 55:6-8).
- **Miscellaneous Issue D**:  Use of Exhibits or Demonstratives in Opening Statements (ECF No. 584 at 34-35) (PTC Tr. 64:19-20; 65:7-12, 16-20, 24-25; 66:1; 67:11-12).
- **Miscellaneous Issue F**:  Plaintiffs' Use of Leading Questions with Current or Former Twitter Officers and Managers (ECF No. 584 at 35-39) (PTC Tr. 67:15-17; 69:4-25; 70:1-3; 71:25–72:20; 75:1-5; 76:3-7; 77:25–78:4).  The Parties are further ORDERED to submit, by July 23, 2021, briefing of up to one (1) page per side per contested witness.
- **Miscellaneous Issue E**:   Number of Jurors (ECF No. 584 at 35) (PTC Tr. 28:22–29:3).  The Parties are advised that the Court's general practice regarding the number of jurors is a minimum of eight jurors, with a customary total that equals six plus one additional juror for each of the weeks set for trial.

The Court, having heard argument during the PTC regarding the following contested issue, ORDERS the Parties to continue meeting and conferring on the following issue:

- **Miscellaneous Issue B**:  Exchange of Demonstratives to Be Used with Witnesses (ECF No. 584 at 28-31); (PTC Tr. 56:20-21, 24-25; 57:1-11; 61:10-13; 63:23-25; 64:1).

### B. Issues Arising from the Parties' Competing Jury Instructions (ECF No. 585)

The Court ORDERS that Defendants' Closing Jury Instruction Nos. 8, 9, 10, and 13 are adopted. (PTC Tr. 42:11-16). The Court may, in its discretion, modify Instruction No. 13 to reflect the actual technology available in the jury room during trial. (*Id.*)

Having heard argument on Disputed Closing Instruction No. 20 Securities—Justifiable Reliance—Fraud on the Market (Model Instruction 18.7), the Court took the instruction under submission. (ECF No. 585 at 140-150) (PTC Tr. 42:17-23; 47:10-12).

### C. General and Logistical Issues

The Court ORDERS that the Parties need not provide paper exhibits. (PTC Tr. 30:9-17). The Court further ORDERS that the Parties must move all exhibits into evidence through witnesses. (PTC 31:4-13.) The Court will address further questions regarding the potential use and logistics of supplemental jury questionnaires at the Pretrial Conference to be held July 12, 2021. (PTC Tr. 87:7-12).

## II. FURTHER PRETRIAL SCHEDULE AND DEADLINES

| DUE DATE | ITEM | PTC TR. CITATION |
|---|---|---|
| June 28, 2021 | Parties to provide the Court indexed PDF files of all trial exhibits for both sides. | 10:17-20 |
| June 28, 2021 | Parties to each provide the Court with up to five (5) exemplar verdict forms from federal securities fraud trials, along with briefing on the Parties' disputes regarding their proposed verdict forms, not to exceed five (5) pages per side. | 34:6-8, 11-12; 35:7-10; 36:22, 25; 37:1-2 |
| June 30, 2021 | Parties to select and provide to Court lists of 40 "bellwether" exhibits per side concerning trial exhibit objections. Parties to provide revised trial exhibit objections. | 11:5-8; 39:15-16; 40:9-15; 87:16–88:11 |
| July 6, 2021 | Parties to provide the Court with complete full-page copies of all deposition transcripts for all witnesses that may be called at trial. | 10:17-20; 26:15-17; 88:20–90:1 |
| July 12, 2021 | Court to hold further Pretrial Conference via Zoom. | 41:6-7, 19-22; 42:2-3 |

| Due Date | Item | PTC Tr. Citation |
|---|---|---|
| July 23, 2021 | Parties to jointly submit briefing of up to one (1) page per contested witness per side regarding Miscellaneous Issue F: Plaintiffs' Use of Leading Questions with Current or Former Twitter Officers and Managers (ECF No. 584 at 35-39). | 76:3-7; 77:25–78:4 |

**IT IS SO ORDERED.**

Dated:   July 6, 2021

JON S. TIGAR
United States District Judge