1  ROBBINS GELLER RUDMAN & DOWD LLP
   DANIEL S. DROSMAN (200643)
2  TOR GRONBORG (179109)
   LUCAS F. OLTS (234843)
3  J. MARCO JANOSKI GRAY (306547)
   CHRISTOPHER R. KINNON (316850)
4  HEATHER G. SCHLESIER (322937)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101-8498
   Telephone:  619/231-1058
6  619/231-7423 (fax)

7  MOTLEY RICE LLC
   GREGG S. LEVIN (admitted *pro hac vice*)
8  LANCE V. OLIVER (admitted *pro hac vice*)
   MEGHAN S.B. OLIVER (admitted *pro hac vice*)
9  MAX N. GRUETZMACHER (admitted *pro hac vice*)
   CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
10 MEREDITH B. WEATHERBY (admitted *pro hac vice*)
   28 Bridgeside Blvd.
11 Mt. Pleasant, SC  29464
   Telephone:  843/216-9000
12 843/216-9450 (fax)

13 *Co-Class Counsel for the Class*

14 [Additional counsel appear on signature page.]

15                     UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          OAKLAND DIVISION

18 In re TWITTER INC. SECURITIES           )  Case No. 4:16-cv-05314-JST (SK)
   LITIGATION                              )
19 _____        )  CLASS ACTION
                                           )
20 This Document Relates To:               )  PLAINTIFFS' OPPOSITION TO
                                           )  DEFENDANTS' MOTION FOR
21         ALL ACTIONS.                     )  RECONSIDERATION
                                           )
22 _____        )

23

24

25

26

27

28

4835-6248-2165.v1

Class Representatives and Plaintiffs KBC Asset Management NV and National Elevator Industry Pension Fund respectfully submit this Opposition to Defendants' Motion for Reconsideration (the "Motion").  ECF No. 611.

## I.    INTRODUCTION

After waiting six months to raise a purported change in the law, Defendants now ask the Court, on the eve of trial, to reconsider its April 2020 Order denying summary judgment as to one misleading statement by defendant Richard Costolo.  The Court should deny Defendants' Motion, which is more tactic than substance, for three reasons.  First, Defendants failed to exercise reasonable diligence in seeking reconsideration.  Second, the opinion underlying Defendants' eleventh-hour motion, *Wochos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. Jan. 26, 2021), did not change the controlling law or otherwise alter the principles this Court relied on in denying summary judgment.  Third, even if Defendants had exercised reasonable diligence and could demonstrate a change in the law, Costolo's February 5, 2015 statement – that Twitter's "MAU trend has already turned around" and "we're in a great place there" – would still not be forward looking under *Tesla*, and it remains the case that Defendants otherwise fail to show the absence of a genuine issue of material fact.

## II.    ARGUMENT

A motion for reconsideration is an """"extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."""  *Stromberg v. Ocwen Loan Servicing, LLC*, 2017 WL 3727233, at *1 (N.D. Cal. Aug. 30, 2017) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  Accordingly, "motions for reconsideration are disfavored" and subject to "rigorous standards."  *Garcia v. City of Napa*, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014); *Symantec Corp. v. Zscaler, Inc.*, 2018 WL 3537201, at *2 n.1 (N.D. Cal. July 23, 2018).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003); *accord Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Further, a motion for reconsideration may not "'repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.'" *Stromberg*, 2017 WL 3727233, at *2.  Nor may a motion for reconsideration "'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Roberts v. AT&T Mobility LLC*, 801 F. App'x 492, 494-95 (9th Cir. 2020); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (same).  Accordingly, a party must show "reasonable diligence" in seeking reconsideration under both the District's Local Rules and Ninth Circuit precedent.  N.D. Cal. L.R. 7-9(b); *see Rhodes v. Raytheon Co.*, 663 F. App'x 541, 542 (9th Cir. 2016) ("a motion for reconsideration 'must be made within a reasonable time'").  Additionally, to prevail on summary judgment, Defendants must also show the absence of a genuine issue of material fact after all evidence is viewed "in the light most favorable to [Plaintiffs]" and "draw[ing] all reasonable inferences in [Plaintiffs'] favor." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## A.    Defendants Did Not Exercise Reasonable Diligence

Although the Court granted Defendants' motion for leave to file a motion for reconsideration, it did so without analyzing whether Defendants acted with reasonable diligence.  ECF No. 615; N.D. Cal. L.R. 7-9(b) (noting that a party "must specifically show reasonable diligence in bringing the motion").  They did not.  Beyond the requirements of the Local Rules, courts in this circuit and others require movants to show reasonable diligence under both Rule 54 and Rule 60, which Defendants ask the Court to look to for guidance (Motion at 12). *See, e.g.*, *Raytheon*, 663 F. App'x at 542 (9th Cir. 2016) (holding that district court did not abuse its discretion in denying a motion for reconsideration as not brought "within a reasonable time" because of a six-month delay); *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (holding that reconsideration under Rule 60(b) "must be requested within a reasonable time"); *Schaefer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 235-36 (7th Cir. 1972) (holding that a three month delay in seeking a Rule 54(b) order demonstrated movant's "lack of diligence"); *Aini v. Sun Taiyang Co.*,

1   978 F. Supp. 533, 535 (S.D.N.Y. 1997) (describing an approximately four-month delay as

2   demonstrating a "lack of diligence" that would foreclose relief under Rule 54(b)).

3       Defendants cannot demonstrate anything approaching reasonable diligence here. The Ninth

4   Circuit issued *Tesla* on January 26, 2021. 985 F.3d at 1180. Yet Defendants did not bring their

5   motion for reconsideration – which is based exclusively on *Tesla* – until July 29, 2021, ***more than***

6   ***six months later***. ECF No. 611. Defendants argue that their six-month delay qualifies as reasonable

7   diligence. Motion at 12. But their own authority holds that such a delay in seeking reconsideration

8   is only justified by "extraordinary circumstances," and even then a movant must show "'that

9   circumstances beyond its control prevented timely action to protect its interests.'" *In re Int'l*

10  *Fibercom, Inc.*, 503 F.3d 933, 945 (9th Cir. 2007). Defendants make no such showing. They merely

11  assert that "the many deadlines facing the parties" somehow impeded their motion. Motion at 13.

12  But apart from a five-minute status conference on January 29, 2021, the case schedule was empty

13  until the parties submitted the Joint Pretrial Statement and related materials on June 14, 2021, nearly

14  ***five months after*** the Ninth Circuit issued *Tesla*. ECF Nos. 584-587. Defendants did not even

15  provide any comments on the draft Joint Pretrial Statement prepared by Plaintiffs until May 14,

16  2021, and the majority of the attachments to the Statement had already been completed in 2020

17  before the trial was delayed due to COVID-19. In fact, Defendants did not raise the issue of a

18  potential motion for reconsideration with the Court on or before either of the Final Pretrial

19  Conferences and did not identify that they were even considering moving for reconsideration of the

20  summary judgment order in the Joint Pretrial Statement. *See* ECF Nos. 584, 580, 599; *Campbell v.*

21  *City of Milpitas*, 2015 WL 3396809, at *2 (N.D. Cal. May 22, 2015) (holding that movant "failed to

22  demonstrate reasonable diligence" when motion for reconsideration brought fifty-eight days after

23  summary judgment order and only after the court "held a Case Management Conference to discuss

24  trial of the issues remaining in the case; set a trial date; issued rulings on the motions *in limine*; and

25  reviewed the parties' proposed jury instructions and other pretrial materials in anticipation of the

26  Final Pretrial Conference; and held the Final Pretrial Conference").

27      As Defendants' own authority holds, their unwarranted delay and the resulting prejudice to

28  Plaintiffs, amidst final trial preparations, militates against finding reasonable diligence. *See*

*Fibercom*, 503 F.3d at 945 (holding that "[w]hat qualifies as a reasonable time 'depends on the facts of each case'" and noting that "relevant facts may include the length and circumstances of the delay and the possibility of prejudice to the opposing party").  Courts in this District considering similar delays illustrate Defendants' lack of reasonable diligence in seeking reconsideration here.  *See Emblaze Ltd. v. Microsoft Corp.*, 2015 WL 12952900, at *2 (N.D. Cal. Feb. 27, 2015) (holding that a six-and-a-half-month delay was not reasonably diligent); *Ibrahim v. Dep't of Homeland Sec.*, 2014 WL 2903759, at *3 (N.D. Cal. June 26, 2014) ("Reconsideration is not warranted for no reasonable diligence was exercised by . . . counsel" who delayed five months); *Largan Precision Co. v. Genius Elec. Optical Co.*, 2015 WL 2063988, at *2 (N.D. Cal. May 4, 2015), *aff'd* 646 F. App'x 946 (Fed. Cir. 2016) (stating that "waiting more than four weeks to file a motion for reconsideration" after learning of basis for motion was not reasonably diligent).[1]  The Court should therefore deny Defendants' Motion for lack of diligence.

### B.   *Tesla* is Not a Change in the Controlling Law

The explanation for Defendants' months-long silence, followed by this last-minute gambit, is easy to discern.  *Tesla* does not change the law.  Defendants' counsel are from two preeminent firms and count themselves among the foremost securities litigators in the country.  They undoubtedly reviewed the *Tesla* opinion when it was issued and determined that it did not represent an "intervening change in **controlling** law."  *Univ. of Cal.*, 2018 WL 10705313, at *1.[2]  The *Tesla* opinion is simply a newer circuit case applying the same precedent this Court did in denying summary judgment.  And Defendants' reference to a few non-controlling, post-*Tesla* district court

---

[1]   *See also Regents of Univ. of Cal. v. Fed. Emergency Mgmt. Agency*, 2018 WL 10705313, at *1 (N.D. Cal. Apr. 10, 2018) (two-month delay not reasonably diligent); *York v. Bank of Am.*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (35-day delay in moving not reasonably diligent); *Ely Holdings Ltd. v. O'Keeffe's, Inc.*, 2021 WL 1164783, at *1 (N.D. Cal. Mar. 26, 2021) (noting that movants "waited nearly two months to seek reconsideration" and did not explain how such delay was consistent with the requirement that they "'specifically show reasonable diligence in bringing the motion'").

[2]   Indeed, Twitter's trial counsel at Simpson Thacher & Bartlett LLP published its monthly "Securities Law Alert" that included *Tesla*, among four other decisions, in early February 2021. Notably, this circular did not identify *Tesla* as a change in any controlling law.  *See* https://www.stblaw.com/docs/default-source/publications/securities-law-alert-february-2021.pdf.

1  cases, considering much different misleading statements, cannot amount to a change in ***controlling***

2  law.

3  　　　　Defendants insist that *Tesla* is "an important shift in Ninth Circuit law." Motion at 1.  But

4  *Tesla* does not shift the law, let alone change it.  In fact, *Tesla*'s "limited" holding concerns only the

5  "specific statements challenged," announces no change in law, and does not overrule *In re Quality*

6  *Systems, Inc. Securities Litigation*, 865 F.3d 1130 (9th Cir. 2017), which this Court relied on in

7  denying summary judgment.  *Tesla*, 985 F.3d at 1185; ECF No. 478 at 18.[3]  Far from "imposing a

8  different analytical framework," as Defendants contend (Motion at 4), *Tesla* expressly and without

9  qualification applies the principles articulated in *Quality Systems* to evaluate the challenged

10  statements.  *Tesla*, 985 F.3d at 1189-92, 1196 ("[S]ome statements about the future may combine

11  non-actionable forward-looking statements with separable – and actionable – non-forward-looking

12  statements.").  In fact, *Tesla* affirmed the lower court's dismissal of forward-looking statements

13  based on the pre-existing standards.  And the passages Defendants point to in *Tesla* as supposed new

14  law – requiring "concrete descriptions" of "current and past fact" that are not "assumptions

15  underlying or relating" to a forward-looking statement – are taken straight from *Quality Systems* and,

16  critically, the PSLRA's safe harbor language, which has been the law since 1995.  *Compare* Motion

17  at 6-7 ("*Tesla* altered this purely temporal inquiry by instructing courts to also consider the

18  relationship between the challenged statement and its associated forward-looking component.") *with*

19  15 U.S.C. §78u-5(i)(1)(D) (defining "any statement of the assumptions underlying or relating to any

20  [forward looking] statement" as also forward looking).  Defendants' effort to posit a newly

21  discovered "*Tesla* rule" distinct from the existing principles contained in *Quality Systems* thus fails,

22  and with it so does their impermissible effort to disrupt the Court's summary judgment order based

23  on existing law that predates it.  *See, e.g.*, *United States ex rel. Perdum v. Wells Fargo Bank, N.A.*,

24  2015 WL 78794, at *3 (N.D. Cal. Jan. 5, 2015) (denying motion for reconsideration "because

25

26

_____

27  [3]  Even assuming *arguendo* that *Tesla* rejected the holding in *Quality Systems* – it clearly does not
– "the decision of one three-judge panel cannot overrule another three-judge panel."  *Rendon v.*

28  *Holder*, 782 F.3d 466, 472 n.4 (9th Cir. 2015).

1    contrary to intervenors' claims, they have identified no change in the controlling law since the time

2    of the previous order").

3           Confronted with their lack of diligence and the lack of change in controlling law, Defendants

4    are left to point to three district court cases decided after *Tesla*.  Motion at 6, 9, 11, 13.  But a

5    "district court order . . . is not controlling law," and "[o]nly a change in controlling law warrants

6    reconsideration."  *Graham-Sult v. Clainos*, 2016 WL 324347, at *2 (N.D. Cal. Jan. 27, 2016);

7    *Chavez v. Blue Sky Nat. Beverage Co.*, 2010 WL 5538682, at *1 (N.D. Cal. Nov. 22, 2010).

8    Moreover, the district cases cited by Defendants are themselves months old, further demonstrating

9    Defendants' lack of diligence and tacit recognition that there has been no change in the controlling

10   law.  Those cases do not call *Tesla* a change in the law and are otherwise inapposite.[4]  Defendants'

11   inability to recognize the supposedly "transformative impact of *Tesla*" without pointing to non-

12   controlling cases reinforces the fact that *Tesla* did not change the law.

13          **C.      Costolo's MAU Statement Is Not Forward-Looking Under *Tesla***

14          Even if Defendants had acted diligently and *Tesla* did represent a change in controlling law,

15   that would not warrant disrupting this Court's Order denying Summary Judgment because Costolo's

16   challenged statement is not forward-looking under *Tesla*.  Indeed, *Tesla* affirms this Court's

17

18   [4]    Defendants cite to *City of Sunrise Firefighters' Pension Fund v. Oracle Corp*, 2021 WL
     1091891, at *13 (N.D. Cal. Mar. 22, 2021) three times in their Motion. Motion at 6, 11, 13. But the
19   *Oracle* decision only quotes *Tesla* once for a statement of law that just restates *Quality Systems*
     ("'[T]he PSLRA's safe harbor does not apply in an all-or-nothing fashion, because some statements
20   about the future may combine non-actionable forward-looking statements with separable – and
     actionable – non-forward-looking statements.'"). *Oracle*, 2021 WL 1091891, at *13. Defendants
21   also cite (only once) to *Ferreira v. Funko Inc.*, 2021 WL 880400, at *18-*19 (C.D. Cal. Feb. 25,
     2021). Motion at 6. But in *Ferreira*, the plaintiffs did not dispute the statements at issue, which the
22   court ultimately held actionable, were forward-looking but instead successfully argued that they
     were not accompanied by meaningful cautionary language. 2021 WL 880400, at *18. Last,
23   Defendants repeatedly point to *Murphy v. Precision Castparts Corp.*, 2021 WL 2080016, at *3-*4
     (D. Or. May 24, 2021). Motion at 6, 9, 11, 13. But the court in *Murphy* explicitly recognized that in
24   *Tesla* the "Ninth Circuit applied its opinion in *In re Quality Systems, Inc. Securities Litigation*" and
     merely clarified that "statements that a company remains 'on track' to meet its target" are forward-
25   looking. 2021 WL 2080016, at *3.  The court recognized that where a statement contains both
     forward and non-forward-looking language, "'only the forward-looking aspects could be immunized
26   from liability, because the safe harbor is not "designed to protect [issuers] when they make a
     materially false or misleading statement about current or past facts, and combine the statement with
27   a forward-looking statement."'" *Id*.  This is the same language this Court quoted from *Quality
     Systems* in denying Defendants' Motion for Summary Judgment. *In re Twitter, Inc. Sec. Litig.*, 2020
28   WL 4187915, at *11 (N.D. Cal. Apr. 17, 2020).

summary judgment analysis.  As a preliminary matter, Defendants misrepresent Costolo's statement,

describing it as a "response to a question from an analyst regarding the basis for the Company's

projection regarding MAU growth in the first quarter of 2015."  Motion at 9.  In fact, Costolo made

the challenged statement twice.  First, in his opening, scripted remarks, Costolo stated:

> Importantly, I want to highlight that the user numbers we saw in January of
> this year indicate that ***our MAU trend has already turned around***, and our Q1 trend
> is likely to be back in the range of absolute net adds that we saw during the first three
> quarters of 2014.

Later in the call, Costolo repeated the false statement in response to an analyst's question:

> The user numbers we saw in January, again, indicate that ***our MAU trend has
> already turned around***, and that Q1 trend is likely to be back in the range of absolute
> net adds that we saw during the first three quarters of 2014.  ***So we're in a great
> place there***.

ECF No. 371-18 at 4, 10.[5]

As the Court already found in denying summary judgment, the portions of the statements at

issue in this case (bolded above) indisputably concern current or historical fact.  Unlike the "on-

track" statements in *Tesla*, which point in a single direction toward a future goal, Costolo's statement

points back to a purported historical result – that the "MAU trend ***has already turned*** around" – and

to Twitter's purported then-current position – "***we're in*** a great place there."  *Compare Tesla*, 985

F.3d at 1190 ("'[P]reparations at our production facilities are on track to support the ramp of Model

3 production to 5,000 vehicles per week at some point in 2017.'").  Although there has never been

any question that Plaintiffs are challenging Costolo's past and present tense portions of the

statement, Defendants again attempt to conflate them with the unchallenged projection about the Q1

trend.  Motion at 8.  In doing so, Defendants improperly repeat their summary judgment argument

that "the statements themselves . . . are limited to expectations regarding Q1 growth."  ECF No. 398

at 3.  *See Stromberg*, 2017 WL 3727233, at *2 (stating that a motion for reconsideration may not

"'repeat any oral or written argument made by the applying party in support of or in opposition to

the interlocutory order which the party now seeks to have reconsidered'").  In fact, Defendants have

---

[5]  While both statements are alleged to be false and misleading, given their similarity, both
Plaintiffs and Defendants have used the later version in their proposed verdict forms.  *See* ECF Nos.
593-1, 586.

1   already acknowledged the two distinct parts to the statement in their Motion for Summary Judgment

2   reply brief, stating, "The only reasonable reading of the statements is that they reflect both historical

3   information about MAU growth in January 2015 and forward-looking projections regarding

4   anticipated growth for the rest of the quarter."  ECF No. 398 at 2.

5          As this Court correctly held in denying Defendants' Motion for Summary Judgment, "the

6   fact that 'has already turned around' was followed by a forecast of future growth does not convert

7   the challenged statement into a forward looking statement."  *Twitter*, 2020 WL 4187915, at *11.

8   This holding is entirely consistent with *Tesla*, under which Costolo's "has already turned around"

9   and "we're in a great place there" statement stands alone as "concrete factual assertion[s] about a

10  specific present or past circumstance [that] goes *beyond* the assertion of a future goal, and beyond

11  the articulation of predicate assumptions, because it describes specific, concrete circumstances *that*

12  *have already occurred*."  *Tesla*, 985 F.3d at 1192 (emphasis in original).  Notably, the court in *Tesla*

13  held that a statement very similar to what is at issue here – "Tesla represented . . . that it had 'started

14  the installation of Model 3 manufacturing equipment'" – was *not* forward-looking because it too

15  "asserts a fact about what Tesla's operations *had already achieved*."  *Id.* at 1193 (finding the

16  statement non-actionable because, unlike here, "Plaintiffs have not pleaded sufficient facts to

17  establish that the statement is materially false or misleading").  Thus, *Tesla* affirms this Court's

18  summary judgment analysis.

19         Defendants' remaining arguments are also improperly repeated from their summary

20  judgment briefing and have already been rejected by the Court.  *Compare* Motion at 12, 15 ("Twitter

21  actually achieved its first quarter MAU goals"; "Twitter ultimately met Mr. Costolo's MAU

22  expectation") *with* ECF No. 314 at 15-18 ("The MAU Statements Were Accurate and Not

23  Misleading"); *compare also* Motion at 13-15 (arguing the MAU statement was "accompanied by

24  'meaningful cautionary statements'") *with* ECF No. 314 at 18 ("[T]he two challenged statements

25  regarding MAU growth are forward looking statements, accompanied by proper cautionary

26  language.").  As this Court has held, a motion for reconsideration may not "'repeat any oral or

27  written argument made by the applying party in support of or in opposition to the interlocutory order

28  which the party now seeks to have reconsidered.'"  *Stromberg*, 2017 WL 3727233, at *2.

1   Defendants' contention that "Plaintiff cannot establish actual knowledge" is likewise improper

2   because a motion for reconsideration may not "'raise arguments or present evidence for the first time

3   when they could reasonably have been raised earlier in the litigation.'" *AT&T Mobility*, 801 F.

4   App'x at 494.  The Court should therefore not consider these arguments.[6]

5   **III.    CONCLUSION**

6        Because (i) Defendants have failed to exercise reasonable diligence in seeking

7   reconsideration; (ii) there has been no change in the controlling law; and (iii) Costolo's February 5th

8   statement is not forward looking under *Tesla*, there is no reason to alter the Court's Order denying

9   summary judgment.  Defendants' Motion should therefore be denied.

10  DATED:  August 17, 2021                    Respectfully submitted,

11                                             ROBBINS GELLER RUDMAN & DOWD LLP
                                               DANIEL S. DROSMAN
12                                             TOR GRONBORG
                                               LUCAS F. OLTS
13                                             J. MARCO JANOSKI GRAY
                                               CHRISTOPHER R. KINNON
14                                             HEATHER G. SCHLESIER

15

16                                                   s/ Christopher R. Kinnon
                                               CHRISTOPHER R. KINNON
17
                                               655 West Broadway, Suite 1900
18                                             San Diego, CA  92101-8498
                                               Telephone:  619/231-1058
19                                             619/231-7423 (fax)
                                               ddrosman@rgrdlaw.com
20                                             torg@rgrdlaw.com
                                               lolts@rgrdlaw.com
21                                             mjanoski@rgrdlaw.com
                                               ckinnon@rgrdlaw.com
22                                             hschlesier@rgrdlaw.com

23

24

25  ───────────────
    [6]    Should the Court grant Defendants a second bite at the apple, however, Plaintiffs stand on their
26  summary judgment arguments and evidence, which demonstrate (1) that Costolo had actual
    knowledge that declining DAU/MAU "rendered sustained MAU growth implausible"; (2) that this
27  knowledge made "any purported cautionary language about what 'may' happen in the future
    meaningless"; and (3) "[a]s such, Defendants' statements are not protected by the safe harbor." ECF
28  No. 364-4 at 14-15, 17, 19.

1

2       ROBBINS GELLER RUDMAN & DOWD LLP
        MAUREEN E. MUELLER
3       120 East Palmetto Park Road, Suite 500
        Boca Raton, FL  33432
4       Telephone:  561/750-3000
        561/750-3364 (fax)
5       mmueller@rgrdlaw.com

6       MOTLEY RICE LLC
        GREGG S. LEVIN
7       LANCE V. OLIVER
        MEGHAN S.B. OLIVER
8       MAX N. GRUETZMACHER
        CHRISTOPHER F. MORIARTY
9       MEREDITH B. WEATHERBY
        28 Bridgeside Blvd.
10      Mt. Pleasant, SC  29464
        Telephone:  843/216-9000
11      843/216-9450 (fax)
        glevin@motleyrice.com
12      moliver@motleyrice.com
        mgruetzmacher@motleyrice.com
13      cmoriarty@motleyrice.com
        mweatherby@motleyrice.com

14      *Co-Class Counsel for the Class*

15      BLEICHMAR FONTI & AULD LLP
        LESLEY E. WEAVER
16      555 12th Street, Suite 1600
        Oakland, CA  94607
17      Telephone:  415/445-4003
        415/445-4020 (fax)
18      lweaver@bfalaw.com

19      *Liaison Counsel*

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify under penalty of perjury that on August 17, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                       s/ Christopher R. Kinnon
                       CHRISTOPHER R. KINNON

                       ROBBINS GELLER RUDMAN
                         & DOWD LLP
                       655 West Broadway, Suite 1900
                       San Diego, CA  92101-8498
                       Telephone:  619/231-1058
                       619/231-7423 (fax)

                       E-mail:  ckinnon@rgrdlaw.com

## Mailing Information for a Case 4:16-cv-05314-JST In re Twitter Inc. Securities Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Alexis Susan Coll-Very**
  acollvery@goodwinlaw.com,JMcKenzie@goodwinlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Anne Kathleen Davis**
  adavis@bfalaw.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,jcorrell@cooley.com

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,tkoelbl@rgrdlaw.com,DanD@ecf.courtdrive.com,e_file_sf@rgrdlaw.com

- **John C. Dwyer**
  dwyerjc@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,emadrigal@cooley.com

- **Laura Marie Elliott**
  lelliott@cooley.com,dfoster@cooley.com,efiling-notice@ecf.pacerpro.com

- **Joseph A. Fonti**
  jfonti@bfalaw.com,ecfnotifications@bfalaw.com,ndennany@bfalaw.com

- **Janet A Gochman**
  jgochman@stblaw.com,3892155420@filings.docketbird.com,cterricone@stblaw.com

- **Kathleen Howard Goodhart**
  kgoodhart@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,jpalaganas@cooley.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Max Nikolaus Gruetzmacher**
  mgruetzmacher@motleyrice.com,vdavis@motleyrice.com,kquillin@motleyrice.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,cbarrett@rgrdlaw.com,msonney@rgrdlaw.com,tdevries@rgrdlaw.com

- **Lewis S. Kahn**
  lewis.kahn@ksfcounsel.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com,CKinnon@ecf.courtdrive.com

- **James Glenn Kreissman**
  jkreissman@stblaw.com,kourtney.kinsel@stblaw.com,justin.calderon@stblaw.com,eric.mccaffree@stblaw.com,abigail.dugan@stblaw.com,1058725420@filings.docke

- **Gregg S. Levin**
  glevin@motleyrice.com,sturman@sturman.ch,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,Nlindell@ecf.courtdrive.com,MKuwashima@rgrdlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Dean Michael McGee**
  dean.mcgee@stblaw.com

- **Sonal N. Mehta**
  sonal.mehta@wilmerhale.com,Nathan.Aspinall@wilmerhale.com,Felicia.Roy@wilmerhale.com,whdocketing@wilmerhale.com,Leizel.Galon@wilmerhale.com,Claire

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com

- **Maureen Elizabeth Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com,mjasinski@motleyrice.com,ajanelle@motleyrice.com

- **Stephen Cassidy Neal**
  sneal@cooley.com,wilsonla@cooley.com

- **Lance V. Oliver**
  loliver@motleyrice.com

- **Meghan Shea Blaszak Oliver**
  moliver@motleyrice.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,morgank@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c

- **Michael J Pendell**
  mpendell@motleyrice.com

- **Charles J. Piven**
  piven@browerpiven.com

- **Aarti G. Reddy**
  areddy@cooley.com,dfoster@cooley.com,efiling-notice@ecf.pacerpro.com

- **Rosemary M. Rivas**
  rmr@classlawgroup.com,2746730420@filings.docketbird.com

- **Quentin Alexandre Roberts**
  quentin.roberts@diamondmccarthy.com

- **John Alexander Robinson**
  jrobinson@stblaw.com,1629454420@filings.docketbird.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Shane Palmesano Sanders**
  ssanders@robbinsllp.com,notice@robbinsllp.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,jfernandes@cooley.com,emadrigal@cooley.com

- **Heather G. Schlesier**
  hschlesier@rgrdlaw.com,cbarrett@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,janie.franklin@stblaw.com,sblake@stblaw.com

- **Phong L. Tran**
  phongt@johnsonfistel.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Meredith B. Weatherby**
  mbmiller@motleyrice.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com,lesley-weaver-4669@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,7448332420@filings.docketbird.com,ManagingClerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)