UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re TWITTER, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 16-cv-05314-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF FRANK PARTNOY**<br><br>Re: ECF No. 626 |

Now before the Court is Defendants' motion to exclude the expert testimony of Frank Partnoy. ECF No. 626. The Court will grant the motion in part and deny it in part.

1. The Court having prohibited Defendants' substitute expert Charles Whitehead from deviating from the substance of prior expert John Coates's report in any material respect, it would be unfair and unduly prejudicial to allow Partnoy or Plaintiffs' counsel to criticize Whitehead for having copied Coates's report. That Whitehead's amended report was served before the Court's ruling imposing this limit is irrelevant; Defendants should not be penalized for correctly predicting that the Court would follow the weight of authority in placing limits on Whitehead's testimony. Any opinion or argument that Whitehead copied Coates is therefore excluded, as is Exhibit A to the Kinnon Declaration.

2. In light of the Court's prior order excluding expert testimony regarding whether "Twitter's processes for preparing public disclosures are consistent or inconsistent with the customs and practices among large public companies," neither Partnoy nor Plaintiff's counsel may criticize Whitehead for failing to apply his description of customs and practices to the facts concerning Twitter's disclosures in this case. Either party may note as a simple fact, however, that

Partnoy was not asked to and has not rendered any such opinions.

3. Partnoy's opinions about the legal requirements imposed on the disclosures of publicly-traded corporations are excluded, as is the quotation from Mr. Whitehead's textbook on the subject of incomplete disclosures. The Court agrees with Defendants that Partnoy's testimony there is a "fundamental requirement that when a corporation or its representatives speak on a subject, they are required to speak the whole truth and not be misleading" is not a direct rebuttal to Whitehead's opinions, but rather an inappropriate attempt to instruct the jury on the applicable law. In fact, Whitehead does not offer an opinion about what disclosures are legally required. Rather, to the extent his opinions touch on this topic, they pertain to the identification and disclosure of matters that are *not* otherwise legally required. An example appears in Paragraph 29 of his August 10 expert report:

> In my experience, it is consistent with customs and practices at public companies for public companies to internally monitor numerous metrics, including those to assist management in assessing business performance, but publicly disclose only a limited number of them. As the SEC has stated, the challenge for companies is in "identifying information that is required to be disclosed or that promotes understanding, while avoiding unnecessary information overload for readers by not disclosing a greater body of information, just because it is available, *where disclosure is not required* and does not promote understanding."

ECF 626-5 ¶ 29 (quoting SEC, "Interpretation: Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition Results of Operations," Release No. 33-8350, December 29, 2003, available at https://www.sec.gov/rules/interp/33-8350.htm p.7) (emphasis added).

4. Similarly, the quotation from Whitehead's textbook about incomplete disclosures does not appear to be impeaching or otherwise relevant to Whitehead's testimony. Thus, unless Defendants open the door, Plaintiffs may not impeach Whitehead with that quotation.

5. The Court will exclude Partnoy's opinion that "Whitehead fails to apply his generic description of purported 'customs and practices' to the facts at issue here." In light of the Court's prior order excluding expert testimony regarding whether "Twitter's processes for preparing public disclosures are consistent or inconsistent with the customs and practices among large public

2

companies," neither Partnoy nor Plaintiff's counsel may criticize Whitehead for failing to apply his description of customs and practices to the facts of Twitter's disclosures in this case. Either party may note as a simple fact, however, that Partnoy was not asked to and has not rendered any such opinions.

6. The Court denies the motion to exclude Partnoy's opinion that Whitehead reviewed and authored relevant materials that are not expressly discussed in Whitehead's report. ECF 626 at 10. The point is insubstantial, but there is no prejudice in Partnoy making it and he is entitled to do so if he wishes.

**IT IS SO ORDERED.**

Dated: September 11, 2021

_____
JON S. TIGAR
United States District Judge