| | |
|---|---|
| COOLEY LLP<br>JOHN C. DWYER (136533)<br>(dwyerjc@cooley.com)<br>JESSICA VALENZUELA SANTAMARIA (220934)<br>(jvs@cooley.com)<br>BRETT DE JARNETTE (292919)<br>(bdejarnette@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>KATHLEEN GOODHART (165659)<br>(kgoodhart@cooley.com)<br>AARTI REDDY (274889)<br>(areddy@cooley.com)<br>LAURA ELLIOTT (286702)<br>(lelliott@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222 | SIMPSON THACHER & BARTLETT LLP<br>JAMES G. KREISSMAN (206740)<br>jkreissman@stblaw.com<br>2475 Hanover Street<br>Palo Alto, CA 94304<br>Telephone: (650) 251-5000<br>Facsimile: (650) 251-5002<br><br>JONATHAN K. YOUNGWOOD<br>(admitted *pro hac vice*)<br>jyoungwood@stblaw.com<br>JANET A. GOCHMAN<br>(admitted pro hac vice)<br>(jgochman@stblaw.com)<br>JOHN A. ROBINSON<br>(admitted *pro hac vice*)<br>(jrobinson@stblaw.com)<br>425 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502 |

Attorneys for Defendants
TWITTER, INC., RICHARD COSTOLO and ANTHONY NOTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:16-cv-05314-JST (SK)<br><br>(Consolidated with 4:16-cv-05439-JST)<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF FILING OF DECLARATIONS CERTIFYING RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' NOTICE OF FILING OF DECLARATIONS
CERTIFYING RECORDS
Case No. 4:16-CV-05314-JST

Defendants Twitter, Inc., Richard Costolo, and Anthony Noto respectfully file the attached Declarations of Krista Bessinger, Richard Costolo, Anthony Noto, and Nina Shin Certifying Records Pursuant to Federal Rules of Evidence 803(6) and 902(11) (collectively, the "Declarations"), attached hereto as Exhibits A-D. The relevant exhibits were provided to Plaintiffs' counsel for inspection "[a]t least twenty-one calendar days before the final pretrial conference," including through the parties' pretrial exchanges and Defendants' productions to Plaintiffs during written discovery. *See* Standing Order for Civil Jury Trials Before District Judge Jon S. Tigar at 3, ¶ D.1.

In filing this Notice and the attached declarations, and serving the same upon Plaintiffs, Defendants hereby give notice that they may offer one or more of the exhibits identified in the Declarations into evidence at trial in this case pursuant to Federal Rules of Evidence 803(6) and 902(11). Defendants previously served the Declarations on Plaintiffs on September 13, 2021.

Rule 803(6) provides that, regardless of the declarant's availability, a record of an act, event, condition, opinion, or diagnosis is not barred by the hearsay rule if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Rule 902(11), in turn, permits the authentication of a business record when it meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person. *See* Fed. R. Evid. 902(11). A qualified person under the business records exception means "'someone with knowledge' about the record-keeping." *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 426 (9th Cir. 2018) (citation omitted).

Cooley LLP
Attorneys At Law
San Francisco

1.

Defs.' Notice of Filing of Declarations Certifying Records
Case No. 4:16-CV-05314-JST

Ms. Bessinger, Mr. Costolo, Mr. Noto, and Ms. Shin have knowledge of Twitter's record-keeping practices and the Declarations establish that the documents described therein were created as a regular practice in the course of regularly-conducted activities by persons with personal knowledge of their contents at or near the time of the events they describe. Defendants note also that foundation for several of these exhibits' status as business records was previously established by the Custodian of Records Declaration of Andrew Amoranto, submitted in support of Defendants' motion for summary judgment and to which Plaintiffs did not object.[1] See ECF No. 356-1. Mr. Amoranto testified that these documents "constitute writings maintained, taken, or made in the regular or ordinary course of business of Twitter at or near the time of the act, condition, event, or opinion to which they relate by—or from information transmitted by— persons employed by Twitter who had (1) knowledge of the act, condition, event, or opinion; and (2) a business duty to Twitter to accurately and completely take, make, and maintain such records and documents in the regular practice of their position(s)." *Id.* ¶ 4.

Defendants submit the Declarations to aid the Court in ruling that these documents are business records, thus expediting trial and saving the Court, the parties, and the jury valuable time by limiting non-substantive foundational testimony and resolving disputes as to the admissibility of exhibits in advance.[2] *See* Fed. R. Evid. 803(6) cmt. (business record certifications help avoid "the expense and inconvenience of producing time-consuming foundation witnesses."). Some of these exhibits have been submitted to the Court as "bellwether exhibits," *see* ECF No. 594-2, and Defendants further seek to provide the Court with additional foundation to make a ruling with respect to whether such documents are business records under Rule 803(6).[3]

---

[1] Specifically, Trial Exhibit 3174 and the email attachments to Trial Exhibits 2020 and 3236 are subject to this declaration.

[2] Defendants reserve their right to argue at trial that evidence not subject to the Declarations also falls within Rule 803(6) or is otherwise not barred by the hearsay rule, and that evidence subject to the Declarations is not barred by the hearsay rule for additional reasons beyond the applicability for Rule 803(6).

[3] Several exhibits subject to this notice are emails containing attachments. While Defendants' position is that the entirety of such exhibits are business records for purposes of Rule 803(6), Defendants note that the Court may conclude that the attachments to such emails are business records even if their cover emails are not.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' NOTICE OF FILING OF DECLARATIONS
CERTIFYING RECORDS
Case No. 4:16-CV-05314-JST

| | |
|---|---|
| DATED: September 15, 2021 | Respectfully submitted,<br><br>COOLEY LLP<br><br>JOHN C. DWYER<br>JESSICA VALENZUELA SANTAMARIA<br>BRETT DE JARNETTE<br><br>*/s/ Brett De Jarnette*<br>BRETT DE JARNETTE<br><br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>Telephone:  (650) 843-5000<br>Facsimile:  (650) 849-7400<br>dwyerjc@cooley.com<br>jvs@cooley.com<br>bdejarnette@cooley.com<br><br>COOLEY LLP<br>KATHLEEN GOODHART<br>AARTI REDDY<br>LAURA ELLIOTT<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA  94111-4004<br>Telephone:  (415) 693-2000<br>Facsimile:  (415) 693-2222<br>kgoodhart@cooley.com<br>areddy@cooley.com<br>lelliott@cooley.com<br><br>SIMPSON THACHER & BARTLETT LLP<br>JAMES G. KREISSMAN (206740)<br>2475 Hanover Street<br>Palo Alto, CA  94304<br>Telephone:  (650) 251-5000<br>Facsimile:  (6500 251-5002<br>jkreissman@stblaw.com |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' NOTICE OF FILING OF DECLARATIONS
CERTIFYING RECORDS
Case No.  4:16-CV-05314-JST

| | |
|---|---|
| 1 | |
| 2 | JONATHAN K. YOUNGWOOD (*pro hac vice*)<br>JANET A. GOCHMAN (*pro hac vice*)<br>JOHN A. ROBINSON (*pro hac vice*)<br>425 Lexington Avenue<br>New York, NY  10017<br>Telephone:  (212) 455-2000<br>Facsimile:  (212) 455-2502<br>jyoungwood@stblaw.com<br>jgochman@stblaw.com<br>jrobinson@stblaw.com<br><br>*Counsel for Defendants Twitter, Inc., Richard Costolo and Anthony Noto* |

255978418

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' NOTICE OF FILING OF DECLARATIONS
CERTIFYING RECORDS
Case No.  4:16-CV-05314-JST