# EXHIBIT C

COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
BRETT DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

KATHLEEN GOODHART (165659)
(kgoodhart@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
LAURA ELLIOTT (286702)
(lelliott@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

SIMPSON THACHER & BARTLETT LLP
JAMES G. KREISSMAN (206740)
jkreissman@stblaw.com
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

JONATHAN K. YOUNGWOOD
(admitted *pro hac vice)*
jyoungwood@stblaw.com
JANET A. GOCHMAN
(admitted pro hac vice)
(jgochman@stblaw.com)
JOHN A. ROBINSON
(admitted *pro hac vice)*
(jrobinson@stblaw.com)
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Defendants
TWITTER, INC., RICHARD COSTOLO and ANTHONY NOTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER, INC. SECURITIES LITIGATION | Case No. 4:16-cv-05314-JST (SK)<br>(Consolidated with 4:16-cv-05439-JST) |
| This Document Relates to:<br>ALL ACTIONS | **CLASS ACTION**<br>**DECLARATION OF ANTHONY NOTO CERTIFYING RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)** |

I, Anthony Noto, hereby declare:

1. I served as the Chief Financial Officer of Twitter, Inc. from July 2014 to August 2017, and as Twitter's Chief Operating Officer from November 2016 to February 2018. I have personal knowledge of all facts stated in this declaration and would testify competently thereto if called upon as a witness.

2. As described in detail herein, the trial exhibits referred to in this Declaration constitute writings maintained, taken, or made in the regular or ordinary course of business of Twitter at or near the time of the act, condition, event, or opinion to which they relate by—or from information transmitted by—persons employed by Twitter who had (1) knowledge of the act, condition, event, or opinion; and (2) a business duty to Twitter to accurately and completely take, make, and maintain such records and documents in the regular practice of the regularly-conducted activities required by their positions.

3. Trial Exhibit[1] 2020 is an email dated February 14, 2015 that I sent to Twitter Chief Executive Officer Richard Costolo attaching a corporate presentation titled "Audience Goals 2015." The presentation was prepared by my Finance team, at my direction and using information derived from their personal knowledge of Twitter's data at or near the time of that data's creation, as part of the planning process for 2015—a process Twitter conducted regularly on an annual basis. I have personal knowledge of the email and presentation's contents. I forwarded the presentation to Mr. Costolo for his approval to include in a presentation to be presented at a regularly conducted meeting of Twitter's Board of Directors. Some of the data and information from the "Audience Goals 2015" presentation was included a presentation prepared for the February 26, 2015 meeting of the Board of Directors presentation and contained at Trial Exhibit 2559. I presented Trial Exhibit 2559 at that Board of Directors meeting. Preparing and giving such presentations at regularly-conducted Board meetings was my and Twitter's regular practice. I understand that Plaintiffs do not object to the admissibility of Trial Exhibit 2559. I also understand that a version of Trial Exhibit 2020 was submitted in support of Defendants' Summary Judgment Motion. In support of Defendants' Motion

[1] All references to Trial Exhibits correspond to the exhibit numbers in Defendants' operative trial exhibit list, ECF No. 594-4, filed on June 30, 2021.

for Summary Judgment, Andrew Amoranto, Litigation Paralegal at Twitter at the time, attested that this exhibit "constitutes [a] writing[] maintained, taken, or made in the regular course of business of Twitter at or near the time of the act, condition, event . . . by—or from information transmitted by—persons employed by Twitter . . ." ECF No. 356-1 ¶¶ 4, 25. I understand that Plaintiffs in this action did not object to this declaration's contents or the exhibit's admissibility. The email and attachment were stored by Twitter in the regular course of business.

4. Trial Exhibit 2698 is an email dated October 8, 2014 sent from Kenney Deng to Twitter's Vice President of Finance, Celia Poon, and me. The email attached a presentation including an analysis of user activity, which was prepared at my direction in the regular course of business. Mr. Deng sent this email as part of his regular practice in his duties as a Financial Planning and Analysis analyst at Twitter, which required him to provide regular reports on information such as analysis contained in the email and attachment. The data included in the email were prepared by Mr. Deng and other Twitter employees based on their personal knowledge thereof and at or near the time of the events described therein. The email and attachment were stored by Twitter in the regular course of business.

5. Trial Exhibit 2750 is an email dated February 3, 2015 that Twitter employee Celia Poon sent to me, Jeff Dejelo, Krista Bessinger, David Rivinus, and Cherryl Valenzuela regarding Twitter's financial guidance for the first quarter of 2015. Ms. Poon's email circulates a Excel spreadsheet containing financial data and projections, which Twitter prepared as a regular practice on a quarterly basis as part of its regularly-conducted activity of monitoring the Company's financials and creating financial guidance to share with the market, which Twitter did on an at least annual basis and more often when needed. Ms. Poon and other Twitter employees prepared this presentation based on their personal knowledge of its underlying data, at or near the time of that data's creation. Ms. Poon's email circulating this spreadsheet was sent as a regular practice of Twitter's regularly-conducted activity of sharing financial information with relevant personnel after their creation.

6. Trial Exhibit 2751 is an email dated February 3, 2015 sent by Kenney Deng to me, Celia Poon, David Rivinus, Krista Bessinger, Cherryl Valenzuela, and Yvonne Leung. The email attaches a document known as a "bridge," which Twitter prepared as a regular practice on monthly

and quarterly bases to summarize trends in various non-financial metrics as part of its regularly-conducted activity of tracking user trends. Mr. Deng prepared the bridge based on his personal knowledge of the data underlying it, at or near the time of that data's creation. He circulated it to the individuals copied on this email as part of his and Twitter's regular practice of distributing bridges to relevant personnel as part of its regularly-conducted activity of tracking user trends.

7. Trial Exhibit 2769 is an email dated March 3, 2015 that Twitter employee Kenney Deng sent to me, Michael McElvaney, Nathan Chan, Ankit Gupta, Linus Lee, Celia Poon, Yvonne Leung, and Ethan Yeh regarding a key metrics dashboard. Mr. Deng's email circulates a key metrics dashboard, which Twitter prepared as a regular practice on a daily basis as part of its regularly-conducted activity of monitoring various trends in use of the Twitter platform. Mr. Deng and other Twitter employees prepared this dashboard based on their personal knowledge of its underlying data, at or near the time of that data's creation. Mr. Deng's email circulating this presentation was sent as a regular practice of Twitter's regularly-conducted activity of sharing these dashboards with relevant personnel after their creation.

8. Trial Exhibit 2774 is an email dated March 14, 2015 from Alex Roetter to Kevin Weil regarding certain user metrics. The Twitter employees on this email thread exchanged this correspondence as a regular practice in Twitter's regularly-conducted activity of developing and discussing corporate strategy, including the selection of user metrics as described in this email. These emails were based on those employees' personal knowledge of such issues, at or near the time of their perception of those issues.

9. Trial Exhibit 2784 is an email dated March 4, 2015 from Twitter employee Natalya Davick to me, Alex Roetter, Jonathan Gruhl, the Operating Committee, and Jeff Dejelo regarding revenue forecasting. Ms. Davick sent this email to these individuals as a regular practice of her and Twitter's regularly-conducted activity of forecasting revenue. The email's attachment is a presentation summarizing such revenue forecasts, which Twitter also prepared as a regular practice of its regularly-conducted activity of forecasting revenue. The presentation was prepared by Twitter employees with personal knowledge of its contents, at or near the time those contents were created.

10. Trial Exhibit 2795 is an email dated April 13, 2015 that Twitter employee Kenney

Deng sent to me, Celia Poon, Charles Gorintin, Cherryl Valenzuela, David Rivinus, Ethan Yeh, Godon Lee, Jeff Dejelo, Jennifer Romanek, Jill Silver, Jonathan Liu, Krista Bessinger, Linus Lee, Selena Yao, Shamit Patel, and Yvonne Leung. Mr. Deng's email circulates a User & Monetization Metrics presentation, which Twitter prepared as a regular practice on a monthly basis as part of its regularly-conducted activity of monitoring various trends in use of the Twitter platform. Mr. Deng and other Twitter employees prepared this presentation based on their personal knowledge of its underlying data, at or near the time of that data's creation. Mr. Deng's email circulating this presentation was sent as a regular practice of Twitter's regularly-conducted activity of sharing these presentations with relevant personnel after their creation. I understand that Plaintiffs in this action have not raised hearsay objections to various other User & Monetization presentations that appear on Defendants' trial exhibit list, and this presentation was prepared in the same regular fashion as all of those.

11. Trial Exhibit 2802 is a revenue guidance analysis dated April 23, 2015 that I sent by email to Twitter employees Celia Poon, Krista Bessinger, Jill Silver, David Rivinus, Cherryl Valenzuela, and Kenney Deng. Twitter's finance team and I would analyze Twitter's revenue forecasting and guidance as a regularly-conducted activity. I provided such analysis based on my personal knowledge as a regular practice. My email also attaches an Excel spreadsheet containing financial data and projections, which Twitter prepared as a regular practice on a monthly basis as part of its regularly-conducted activity of monitoring the Company's financials and creating financial guidance to share with the market, which Twitter did on an at least annual basis and more often when needed. This specific analysis and attachment were created as a regular practice in the course of preparing for Twitter's Q1 2015 earnings announcement, made on April 28, 2015. Twitter prepared such revenue guidance analyses and had discussions of the type reflected in Trial Exhibit 2802 every quarter in the regular course of preparing for quarterly earnings announcements.

12. Trial Exhibit 3160 is a document detailing Twitter's objectives and key results ("OKRs") for the second quarter of 2015. Twitter set such objectives and key results as a regularly-conducted activity on an annual and quarterly basis, and it tracked its performance against those set objectives as a regular practice with the same regular frequency. This description of Twitter's OKRs was prepared by individuals with personal knowledge of the contents therein, at or near the time

Twitter finalized its OKRs for Q2 2015.

13. Trial Exhibit 3174 is a February 2015 presentation prepared at my direction as part of my role as Twitter's Chief Financial Officer. This presentation was prepared as a regular practice of Twitter's regularly-conducted activity of forecasting user growth, by employees with personal knowledge of the data and processes used to generate these forecasts at or near the time of the events detailed therein.

14. Trial Exhibit 3201 is a letter from Twitter to the Securities and Exchange Commission ("SEC") dated May 11, 2015 regarding Twitter's Form 10-K for the Fiscal Year ended December 31, 2014 submitted on March 2, 2015. In my role as Twitter's Chief Financial Officer, I was familiar with Twitter's processes for communicating with the SEC. This letter was prepared using information received from Twitter employees with personal knowledge of the events described therein, at or near the time of those events, as a regular practice of the Company's regularly-conducted activity of corresponding with the SEC regarding its legally-mandated quarterly and annual filings with that agency.

15. Trial Exhibit 3207 is a letter from the Securities and Exchange Commission dated June 17, 2015 addressed to Twitter regarding Twitter's Form 10-K for the Fiscal Year ended December 31, 2014 submitted on March 2, 2015 and Form 10-Q for the Quarterly Period Ended March 31, 2015 Filed May 11, 2015. Twitter maintained this letter as a regular practice of its regularly-conducted activity of corresponding with the SEC in connection with its legally-mandated quarterly and annual filings with that agency.

16. Trial Exhibit 3231 is an email dated February 3, 2015 sent from Twitter employee Kenney Deng to me, Celia Poon, Charles Gorintin, Cherryl Valenzuela, David Rivinus, Ethan Yeh, Gordon Lee, Jeff Dejelo, Jennifer Romanek, Jill Silver, Krista Bessinger, Linus Lee, Shamit Patel, Yvonne Leung, and Piysh Kumar. Mr. Deng's email circulates a User & Monetization Metrics presentation, which Twitter prepared as a regular practice on a monthly basis as part of its regularly-conducted activity of monitoring various trends in use of the Twitter platform. Mr. Deng and other Twitter employees prepared this presentation based on their personal knowledge of its underlying data, at or near the time of that data's creation. Mr. Deng's email circulating this presentation was sent as a

regular practice of Twitter's regularly-conducted activity of sharing these presentations with relevant personnel after their creation. I understand that Plaintiffs in this action have not raised hearsay objections to various other User & Monetization presentations that appear on Defendants' trial exhibit list, and this presentation was prepared in the same regular fashion as all of those.

17. Trial Exhibit 3236 is an email dated August 17, 2015 that Twitter employee Kenney Deng sent to Alex Rosner, me, Calvin Xu, Celia Poon, Charles Gorintin, Cherryl Valenzuela, David Rivinus, Ethan Yeh, Gordon Lee, Jeff Dejelo, Jennifer Romanek, Jill Silver, Jonathan Liu, Krista Bessinger, Laurie Hanover, Ma Jeff, Natalya Davick, Phil Knudson, Robert Kaiden, Sean Edgett, Selena Yao, Shamit Patel, Todd Morganfield, and Yvonne Leung regarding a July 2015 Metrics Review Deck. Mr. Deng's email circulates a User & Monetization Metrics presentation, which Twitter prepared as a regular practice on a monthly basis as part of its regularly-conducted activity of monitoring various trends in use of the Twitter platform. Mr. Deng and other Twitter employees prepared this presentation based on their personal knowledge of its underlying data, at or near the time of that data's creation. Mr. Deng's email circulating this presentation was sent as a regular practice of Twitter's regularly-conducted activity of sharing these presentations with relevant personnel after their creation. I understand that Plaintiffs in this action have not raised hearsay objections to various other User & Monetization presentations that appear on Defendants' trial exhibit list, and this presentation was prepared in the same regular fashion as all of those.

18. Trial Exhibit 3237 is a document detailing Twitter's objectives and key results ("OKRs") for the first quarter of 2015. Twitter set such objectives and key results as a regularly-conducted activity on an annual and quarterly basis, and it tracked its performance against those set objectives as a regular practice with the same regular frequency. This description of Twitter's OKRs was prepared by individuals with personal knowledge of the contents therein, at or near the time of Twitter's evaluation of its performance for its Q1 2015 OKRs.

19. Trial Exhibit 3344 is an email dated January 23, 2015 sent from Twitter employee Jill Silver to me, Celia Poon, Twitter's Corporate Finance team, Yvonne Leung, Austin Johnsen, Krista Bessinger, David Rivinus, and Cheryl Valenzuela. Ms. Silver's email circulates an electronic copy of an "earnings binder" summarizing various information regarding Twitter in advance of the Company's

earnings call for the fourth quarter of 2014. Twitter's regular practice was to prepare and circulate earnings binders, based on the personal knowledge of the employees who compiled the binders, in order to help key members of the Company prepare for regularly conducted earnings calls. Ms. Silver's email and the earnings binder it contains were sent at or near the time of the information summarized therein. I understand that Plaintiffs have not objected to various other earnings binders on Defendants' exhibit list, including a freestanding electronic copy of the Q4 2014 earnings binder attached to Trial Exhibit 3344. *See* Trial Exhibit 2669.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2021 in Atherton, California.

Anthony Noto

256162690