# EXHIBIT D

COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
BRETT DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

KATHLEEN GOODHART (165659)
(kgoodhart@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
LAURA ELLIOTT (286702)
(lelliott@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

SIMPSON THACHER & BARTLETT LLP
JAMES G. KREISSMAN (206740)
jkreissman@stblaw.com
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

JONATHAN K. YOUNGWOOD
(admitted *pro hac vice)*
jyoungwood@stblaw.com
JANET A. GOCHMAN
(admitted pro hac vice)
(jgochman@stblaw.com)
JOHN A. ROBINSON
(admitted *pro hac vice)*
(jrobinson@stblaw.com)
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Defendants
TWITTER, INC., RICHARD COSTOLO and ANTHONY NOTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER, INC. SECURITIES LITIGATION | Case No. 4:16-cv-05314-JST (SK)<br><br>(Consolidated with 4:16-cv-05439-JST)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF NINA SHIN CERTIFYING RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)** |
| This Document Relates to:<br><br>ALL ACTIONS | |

I, Nina Shin, hereby declare:

1. I am Lead Corporate Paralegal at Twitter, Inc., where I have served as a corporate paralegal since 2013. I have personal knowledge of all facts stated in this declaration and would testify competently thereto if called upon as a witness.

2. As described below, the trial exhibits referenced in my Declaration are writings maintained, taken, or made in the regular or ordinary course of business at Twitter at or near the time of the act, condition, event, or opinion to which they relate by—or from information transmitted by—by Twitter employees who, as the authors, senders or recipients of the information, would have had (1) knowledge of the act, condition, event, or opinion; and (2) a business duty to Twitter to accurately and completely take, make, and maintain such records and documents in the regular practice of the regularly-conducted activities required by their positions.

3. In the course of my employment at Twitter, I work routinely with and am familiar with Twitter's record-keeping and document system. I have personal knowledge of Twitter's record-keeping systems as it pertains to documents, records, and electronically stored information.

4. Because of my personal knowledge, job responsibilities, and familiarity with the record-keeping and document systems, I have been designated by Twitter to be its custodian of records to verify and certify records under Federal Rules of Evidence 803(6) and 902(11).

5. Specifically, at all relevant times, Twitter's practice was to store and maintain emails in Google Vault, the Company's email storage system, contemporaneously with those emails' creation. Furthermore, at all relevant times, it has been Twitter's practice to use email, Microsoft Excel, Microsoft Word, Microsoft PowerPoint, and similar documents, including cloud-based documents such as Google Docs, to conduct the Company's day-to-day business.

6. Twitter has authorized me to serve as the custodian of these records and documents and I have personally reviewed each document referenced herein.

7. Trial Exhibit 2651[1] is a Google Doc file titled "Q&A for Q1 2015 Earnings Call." This document was created and stored on Twitter's Google cloud-based system as a regular practice of

[1] All references to Trial Exhibits correspond to the exhibit numbers in Defendants' operative trial exhibit list, ECF No. 594-4, filed on June 30, 2021.

Twitter's regularly-conducted business.

8. Trial Exhibit 2720 is an email dated November 25, 2014 that Twitter employee Akash Garg sent to Alex Roetter, Christian Oestlien, and Kevil Weil. This email was created and stored on Twitter's systems as a regular practice of Twitter's regularly-conducted business.

9. Trial Exhibit 3242 is an email dated April 7, 2015 that Twitter employee Brandon Roy sent to Christian Oestlien. This email was created and stored stored on Twitter's systems as a regular practice of Twitter's regularly-conducted business.

10. Trial Exhibit 3243 is an email thread dated April 7, 2015, including Twitter employees Brandon Roy, Ethan Yeh, Christian Oestlien and Jeremy Ginsburg. This email thread was created and stored on Twitter's systems as a regular practice of Twitter's regularly-conducted business.

11. I have also reviewed Trial Exhibits 2002, 2020, 2559, 2651, 2698, 2739, 2743, 2745, 2750, 2751, 2769, 2770, 2774, 2784, 2795, 2802, 2810, 3160, 3174, 3186, 3187, 3201, 3207, 3231, 3236, 3237, 3240, and 3344 which I understand are discussed in greater detail in the declarations of Anthony Noto, Richard Costolo, and Krista Bessinger. Consistent with the types of documents regularly created and maintained on Twitter's systems, these exhibits are writings maintained, taken, or made in the regular or ordinary course of business at Twitter at or near the time of the act, condition, event, or opinion to which they relate by—or from information transmitted by—by Twitter employees who as the authors, senders, or recipients of the information, would have had (1) knowledge of the act, condition, event, or opinion; and (2) a business duty to Twitter to accurately and completely take, make, and maintain such records and documents in the regular practice of the regularly-conducted activities required by their positions.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2021 in Los Angeles, California.

Nina Shin