# EXHIBIT 3

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) ) ) | Case No. 4:16-cv-05314-JST (SK) |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | STIPULATION OF SETTLEMENT |
| ALL ACTIONS. | ) ) ) | |

4810-7011-7117.v3

1    This Stipulation of Settlement, dated January 5, 2022 (the "Stipulation"), is made and entered

2    into by and between: (i) Class Representatives KBC Asset Management NV ("KBC") and National

3    Elevator Industry Pension Fund, on behalf of themselves and each Class Member,[1] by and through

4    their counsel of record in the Litigation; and (ii) Defendant Twitter, Inc. ("Twitter" or the

5    "Company"), by and through its counsel of record in the Litigation.[2]   The Stipulation is intended to

6    fully, finally, and forever resolve, discharge, release, settle, and dismiss with prejudice the Litigation

7    and the Released Claims, subject to the approval of the Court and the terms and conditions set forth

8    in this Stipulation.

9    **I.    THE LITIGATION**

10   The Litigation is currently pending before the Honorable Jon S. Tigar in the United States

11   District Court for the Northern District of California (the "Court").   The initial complaint in this

12   action was filed on September 16, 2016.   The parties vigorously litigated the case for five years.

13   The Consolidated Amended Complaint for Violations of the Federal Securities Laws (the

14   "Complaint") was filed on March 2, 2017.   The Complaint alleged that Twitter and the Individual

15   Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").

16   More specifically, the Complaint alleged that during the period between February 5, 2015 and July

17   28, 2015, Twitter and the Individual Defendants made materially false and misleading statements

18   regarding the Company's business and operations, which caused the price of the Company's

19   common stock to trade at artificially inflated prices, until the market learned of the false and

20   misleading statements, and the Company's share price declined significantly.   Twitter and the

21   Individual Defendants contend that they did not violate §§10(b) or 20(a) of the Exchange Act.

22   Specifically, Twitter and the Individual Defendants deny, *inter alia*, that they made any false or

23   misleading statements, that any of the alleged false or misleading statements was made with scienter,

24

25   [1]   All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1
     herein.

26

27   [2]   Class Representatives, on behalf of themselves and each Class Member, and the Individual
     Defendants have entered into a separate Stipulation of Dismissal and Mutual Release of Claims,
     dated January 5, 2022 (the "Agreement"), providing for mutual releases and dismissal with prejudice

28   of the Litigation against them.

1    that any alleged false or misleading statement caused Twitter's stock to trade at artificially inflated

2    prices, that any such alleged false or misleading statement caused Twitter's stock price to decline, or

3    that Class Members, including Class Representatives, suffered any damages whatsoever.

4         On May 2, 2017, Defendants moved to dismiss the Complaint.  KBC filed its opposition to

5    the motion on June 21, 2017.  Defendants filed their reply on August 7, 2017, along with a request

6    for judicial notice regarding certain documents.  KBC filed its response to the request for judicial

7    notice on August 21, 2017.  The Court heard oral argument on the motion on October 5, 2017 and,

8    on October 16, 2017, issued an order granting in part and denying in part the motion to dismiss.

9    Defendants initially answered the Complaint on November 17, 2017, and later amended their answer

10   on December 8, 2017.

11        On February 15, 2018, Class Representatives moved for class certification.  Defendants

12   opposed the motion on April 16, 2018.  On July 12, 2018, the Court heard oral argument on the

13   motion for class certification and, on July 16, 2018, granted the motion, certifying the Class.  Notice

14   of Pendency of the Class Action was disseminated to potential Class Members and 20 valid and

15   timely requests to opt-out of the Class were received.

16        The Settling Parties have conducted extensive fact, class certification, and expert discovery,

17   including depositions, the production and review of documents, and the exchange of expert reports.

18        Defendants moved for summary judgment on September 13, 2019.  Class Representatives

19   opposed the motion on October 28, 2019, and Defendants filed their reply on November 25, 2019.

20   On April 17, 2020, the Court denied Defendants' motion.  On May 6, 2020, Defendants moved for

21   clarification of the Court's summary judgment order, which the Court granted on May 18, 2020,

22   dismissing certain alleged false or misleading statements from the case.

23        After the close of expert discovery, the parties prepared for trial, which was initially

24   scheduled for November 2019, was rescheduled to January 2020, then to March 2020, then to June

25   2020, but was ultimately continued to September 2021 due to COVID-19.  The parties submitted a

26   joint pretrial order and attended two pretrial conferences.  The parties also briefed motions *in limine*,

27   motions to exclude expert testimony under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993),

28   and other motions concerning the presentation of evidence and testimony at trial.

During the course of the Litigation, the parties engaged a neutral third-party mediator and held direct settlement discussions.  Class Counsel met with the mediator and Defendants' Counsel on multiple occasions and convened various teleconferences.  On September 19, 2021, one day before the trial was scheduled to begin, the Class Representatives and Twitter agreed to settle the Litigation in return for a cash payment of $809,500,000 by Twitter for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are, or could have been, in dispute between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by Class Representatives, as well as any and all allegations of fault, liability, misconduct, wrongdoing, or damages whatsoever.  Among other things, Defendants expressly have denied, and continue to deny, that Defendants made any false or misleading statements, that any statement during the Class Period was made with scienter, that any alleged false or misleading statement caused Twitter's stock to trade at artificially inflated prices, that any such alleged false or misleading statement caused Twitter's stock price to decline, that any Class Member, including Class Representatives, suffered any damages, or that any Class Member, including Class Representatives, was harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Defendants maintain that Defendants have meritorious defenses to the claims alleged in the Litigation.

As set forth below, neither the Settlement itself nor any of the terms of this Stipulation or the Agreement shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation.  Twitter is entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation, including trial.  Twitter has determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

**III.     CLASS REPRESENTATIVES' CLAIMS AND THE BENEFITS OF SETTLEMENT**

Class Representatives and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein.  However, Class Representatives and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals.  Class Representatives and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation.  Class Representatives and Class Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their own investigation and evaluation, Class Representatives and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Class Representatives and the Class.

**IV.     TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Class Representatives (on behalf of themselves and the Class Members) and Twitter, by and through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

**1.     Definitions**

As used in this Stipulation the following terms, when capitalized, have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1      1.2    "Claim(s)" means a paper or electronic claim submitted on a Proof of Claim form,

2  substantially in the form attached hereto as Exhibit A-2, to the Claims Administrator.

3      1.3    "Claimant" means any person who submits a Claim to the Claims Administrator.

4      1.4    "Claims Administrator" means the firm of Epiq Class Action & Claim Solutions, Inc.

5      1.5    "Class" means all persons and entities that, during the period from February 6, 2015,

6  through July 28, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded

7  common stock of Twitter and were damaged thereby.  Excluded from the Class are: (i) Defendants;

8  (ii) members of the Individual Defendants' immediate families; (iii) Twitter's subsidiaries and

9  affiliates; (iv) any person who is or was an officer or director of Twitter during the Class Period;

10  (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives,

11  heirs, successors and assigns of any such excluded person.  Also excluded from the Class is any

12  Person who validly and timely excluded himself, herself, or itself therefrom in response to the Notice

13  of Pendency of Class Action as set forth in Appendix 1.  If and only if the Court permits a second

14  opportunity for Class Members to request exclusion from the Class, also excluded from the Class

15  shall be all Future Excluded Persons, subject to Twitter's rights to terminate the Stipulation and

16  Settlement set forth in ¶7.8.

17      1.6    "Class Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and

18  Motley Rice LLC.

19      1.7    "Class Member" or "Member of the Class" mean a Person who falls within the

20  definition of the Class as set forth in ¶1.5 above.

21      1.8    "Class Period" means the period from February 6, 2015 through July 28, 2015,

22  inclusive.

23      1.9    "Class Representatives" means KBC Asset Management NV and National Elevator

24  Industry Pension Fund.

25      1.10   "Class Representatives' Counsel" means Class Counsel and Bleichmar Fonti & Auld

26  LLP.

27      1.11   "Defendants" mean Twitter, Inc. and the Individual Defendants.

28      1.12   "Defendants' Counsel" means Cooley LLP and Simpson Thacher & Bartlett LLP.

1.13  "Effective Date," or the date upon which the Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred, or have been waived.

1.14  "Escrow Agent" means the law firms of Motley Rice LLC and Robbins Geller Rudman & Dowd LLP or its or their successor(s).

1.15  "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of the Settlement and the Agreement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) a Fee and Expense Award, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.16  "Future Excluded Persons" means, if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, any persons and entities who exclude themselves by submitting a request for exclusion in connection with the Notice and whose requests are accepted by the Court, subject to Twitter's rights to terminate the Stipulation and the Settlement, as set forth in ¶7.8.

1.17    "Individual Defendants" means Richard Costolo and Anthony Noto.

1.18    "Judgment" means the Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.19    "Litigation" means the action captioned *In re Twitter Inc. Securities Litigation*, No. 4:16-cv-05314-JST (SK), pending in the United States District Court for the Northern District of California.

1.20    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses (defined in ¶2.9 below); (iii) Taxes and Tax Expenses (defined in ¶2.11(c) below); and (iv) other Court-approved deductions.

1.21    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.22    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.23    "Proof of Claim" means the Proof of Claim form for submitting a Claim that a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.  The Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2, subject to approval of the Court.

1.24    "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, Immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.[3]

1.25    "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation, could have been asserted in any forum, or could in the future be asserted in any forum, whether known claims or Unknown Claims, whether foreign or domestic, whether arising under federal, state, local, common, statutory, governmental, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class, individual, direct, derivative, representative, on behalf of others in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether brought directly or indirectly against any of the Released Defendant Parties that Class Representatives, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (i) asserted in the Litigation, or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Litigation, or which could have been alleged in the Litigation, and that relate in any way,

---

[3]    For purposes of this Stipulation of Settlement, the Individual Defendants and Twitter are each other's Related Parties.  "Immediate family members" means, as defined in 17 C.F.R. §229.404 Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

1  directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of any Twitter

2  securities during the Class Period.  Released Claims does not include (i) claims to enforce the

3  Settlement; (ii) any claims of any person or entity that submitted a request for exclusion as set forth

4  in Appendix 1 hereto; or (iii) any claims of Future Excluded Persons.  Released Claims include

5  "Unknown Claims," as defined in ¶1.36 below.

6       1.26    "Released Defendant Party" or "Released Defendant Parties" mean each and all of

7  Defendants, Defendants' Counsel, and any of their Related Parties.

8       1.27    "Released Defendants' Claims" means any and all claims and causes of action of

9  every nature and description whatsoever, including both known claims and Unknown Claims,

10  against Class Representatives, Class Representatives' Counsel or any Class Member that arise out of

11  or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in

12  the Litigation, except for claims relating to the enforcement of the Settlement or the Agreement.  For

13  the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any

14  agreements between or among Released Defendant Parties, and does not release claims between or

15  among those Released Defendant Parties, including, without limitation, any claims for contractual or

16  other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against

17  their insurers for claims relating to this Litigation, including the Settlement Amount and legal fees

18  and costs incurred in connection with the Litigation.

19       1.28    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class

20  Member, Class Representative, Class Counsel, Class Representatives' Counsel, and each of their

21  Related Parties.  Releasing Plaintiff Parties does not include any person or entity that submitted a

22  request for exclusion as set forth in Appendix 1 hereto or any claims of Future Excluded Persons.

23       1.29    "Settlement" means the resolution of the Litigation in accordance with the terms and

24  provisions of this Stipulation.

25       1.30    "Settlement Amount" means Eight Hundred Nine Million, Five Hundred Thousand

26  U.S. Dollars (U.S. $809,500,000.00) paid by check or wire transfer to the Escrow Agent pursuant to

27  ¶2.2 of this Stipulation.

28

1   1.31 "Settlement Fund" means the Settlement Amount plus all interest and accretions

2 thereto.

3   1.32 "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the

4 Federal Rules of Civil Procedure to consider final approval of the Settlement.

5   1.33 "Settling Parties," for purposes of this Litigation, means, collectively, Twitter and

6 Class Representatives, on behalf of themselves and the Class.

7   1.34 "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and

8 other charges of any kind (together with any and all interest, penalties, additions to tax and

9 additional amounts imposed with respect thereto) imposed by any governmental authority, including,

10 but not limited to, any local, state, and federal taxes.

11   1.35 "Twitter's Counsel" means Cooley LLP and Simpson Thacher & Bartlett LLP.

12   1.36 "Unknown Claims" means (a) any and all Released Claims which any of the

13 Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the

14 release of the Released Defendant Parties, which, if known by him, her, or it, might have affected

15 his, her, or its settlement with and release of the Released Defendant Parties, or might have affected

16 his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not

17 to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the

18 Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the

19 release of Class Representatives, the Class and Class Representatives' Counsel, which, if known by

20 him, her, or it, might have affected his, her, or its settlement and release of Class Representatives, the

21 Class and Class Representatives' Counsel.  With respect to (a) any and all Released Claims against

22 the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Class

23 Representatives, the Class and Class Representatives' Counsel, the Settling Parties stipulate and

24 agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing

25 Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the

26 Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code

27 §1542, which provides:

28

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Class Representatives, the Class and Class Representatives' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or

not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2.    The Settlement

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases and bar order specified in ¶¶4.1-4.4 herein, on October 8, 2021, Twitter paid or caused the Settlement Amount to be paid by check or wire transfer into a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

2.3    Other than Twitter's obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Escrow Account, Settlement Fund or Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Escrow Account, Settlement Fund, or Net Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Escrow Account, Settlement Fund, or Net Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the

1   taxation of the Escrow Account, Settlement Fund, or Net Settlement Fund, distributions or other

2   payments from the Escrow Account, Settlement Fund, or Net Settlement Fund, including, but not

3   limited to, for the purpose of paying any attorneys' fees, or expenses or costs that the Court may

4   award, or the filing of any federal, state, or local returns.

5        2.4    Other than Twitter's obligation to pay or cause the payment of the Settlement Amount

6   in accordance with the terms of ¶2.2, Defendants shall have no obligation to make any other

7   payments pursuant to the Stipulation.

8        **b.**     **The Escrow Agent**

9        2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2

10   hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith

11   & Credit of the United States Government or an Agency thereof, or fully insured by the United

12   States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they

13   mature in similar instruments at their then-current market rates.  All risks related to the investment of

14   the Settlement Fund and Net Settlement Fund in accordance with the investment guidelines set forth

15   in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall

16   have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or

17   the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow

18   Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant

19   Parties harmless for the actions of the Escrow Agent.

20        2.6    The Escrow Agent shall not disburse the Settlement Fund or Net Settlement Fund,

21   except as provided in this Stipulation, by an order of the Court, or with the prior written agreement

22   of Twitter's Counsel.

23        2.7    Subject to further order(s) and/or directions as may be made by the Court, or as

24   provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are

25   consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no

26   responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent,

27   or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund,

28

1  shall indemnify and hold each of the Released Defendant Parties harmless for any transaction

2  executed by the Escrow Agent.

3      2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

4  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

5  funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

6      2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet

7  occurred, Class Counsel may pay from the Settlement Fund, without further approval from

8  Defendants and/or order of the Court, reasonable costs and expenses actually incurred in connection

9  with providing notice of the Settlement by mail, publication, and other means, locating potential

10  Class Members, assisting with the submission of Claims, processing Proof of Claim forms,

11  administering the Settlement, and paying escrow taxes, fees and costs, if any ("Notice and

12  Administration Expenses").  After the Effective Date, Notice and Administration Expenses may be

13  paid as incurred, without approval of Defendants or further order of the Court.

14      2.10    It shall be Class Counsel's responsibility to disseminate the Notice (as defined in ¶3.1

15  below), Proof of Claim, and Summary Notice (as defined in ¶3.1 below) to potential Class Members

16  in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties

17  shall have no responsibility for or liability whatsoever with respect to the notice process or the

18  Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever

19  for any claims with respect thereto, including any claims that may arise from any failure of the

20  notice process.

21          **c.     Taxes**

22      2.11    The Settling Parties agree as follows:

23          (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund

24  as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and

25  the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree

26  that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction

27  within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely

28  make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the

1   "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.

2   Such elections shall be made in compliance with the procedures and requirements contained in such

3   regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and

4   deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the

5   appropriate filing to occur.

6          (b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as

7   amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg.

8   §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all

9   informational and other federal, state, or local tax returns necessary or advisable with respect to the

10   earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg.

11   §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.11(a) hereof) shall be

12   consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated

13   Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the

14   Settlement Fund as provided in ¶2.11(c) hereof.

15          (c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising

16   with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

17   may be imposed upon the Released Defendant Parties with respect to any income earned by the

18   Settlement Fund for any period after the deposit of the Settlement Amount and during which the

19   Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax

20   purposes, and (ii) expenses and costs incurred in connection with the operation and implementation

21   of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing

22   and distribution costs and expenses relating to filing (or failing to file) the returns described in this

23   ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released

24   Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the Tax

25   Expenses, or regarding the Escrow Agent's administration, payment, partial payment, or non-

26   payment of any Taxes or Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall

27   indemnify and hold each of the Released Defendant Parties harmless for Taxes and Tax Expenses

28   (including, without limitation, Taxes payable by reason of any such indemnification), and for any

liabilities arising from the Escrow Agent's administration, payment, partial payment, or non-payment of any Taxes or Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  The Released Defendant Parties are not responsible and shall have no liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12   This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund or Net Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund or Net Settlement Fund.

### d.   Termination of Settlement

2.13   In the event that this Stipulation, the Settlement, or the Agreement is not approved, or is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Twitter's Counsel in accordance with ¶7.5 herein.

**3.      Preliminary Approval Order and Settlement Hearing**

3.1      Immediately following execution of this Stipulation and the Agreement, Class Counsel shall submit this Stipulation, together with its Exhibits and the Agreement, to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, the Agreement, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶6.1 below), the general terms of the Agreement, and the date of the Settlement Hearing.

3.2      It shall be solely Class Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3      Class Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"), the Court hold the Settlement Hearing and approve the Settlement and the Agreement, and dismissal of the Litigation as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application (defined in ¶6.1 below).

3.4      In connection with the motion for preliminary approval of the Settlement and the Agreement, the Settling Parties agree to request that the Court not permit a second opportunity for Class Members to request exclusion from the Class.  There is no due process right to a second opt-out opportunity.  *See Low v. Trump Univ. LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018).  If the Court grants Class Members a second opportunity to opt-out from the Class, Twitter shall have the right to terminate the Settlement as set forth in ¶7.8.

**4.     Releases**

4.1     Upon the Effective Date, Class Representatives shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or other forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     Any Proof of Claim that is executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Class Representatives, the Class and Class Representatives' Counsel.  Claims to enforce the terms of this Stipulation and the Agreement are not released.

4.4     The Judgment shall contain a bar order in the form set forth in Exhibit B hereto that, upon the Effective Date, to the fullest extent permitted by law, (i) all persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Released Defendant Party seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding,

administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Defendant Parties shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; *provided that* nothing in this Paragraph or any other provision of this Stipulation shall be construed to modify, amend, or supersede any agreements between or among Released Defendant Parties with respect to, or to release claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Litigation, including the Settlement Amount and legal fees and costs incurred in connection with the Litigation.  The foregoing barred claims shall not include claims that arise out of or relate to a cause of action that has been or may be asserted by (i) any person or entity who previously submitted a request for exclusion from the Class as set forth in Appendix 1 hereto; or (ii) any Future Excluded Persons.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Class Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Released Defendant Parties shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including

Class Representatives, any other Class Members, or Class Representatives' Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Class Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Escrow Account, Settlement Fund or the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Escrow Account, Settlement Fund, or Net Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Escrow Account, Settlement Fund, or Net Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred with the taxation of the Escrow Account, Settlement Fund, or Net Settlement Fund, distributions or other payments from the Escrow Account, Settlement Fund, or Net Settlement Fund, including, but not limited to, for the purpose of paying any attorneys' fees, or expenses or costs that the Court may award, or the filing of any federal, state, or local returns.

5.2     The Settlement Fund shall be applied as follows:

      (a)     to pay all Notice and Administration Expenses;

      (b)     to pay the Taxes and Tax Expenses;

      (c)     to pay attorneys' fees and expenses of Class Representatives' Counsel and to pay any award to Class Representatives for their reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

      (d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3     After the Effective Date, and subject to and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

5.4     Within ninety (90) calendar days after (a) the mailing of the Notice, or (b) such other time as may be set by the Court, each Class Member who seeks to receive any payment pursuant to

the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

5.5      Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, the Agreement, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Class Representatives, Class Representatives' Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7      Proof of Claim forms that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Class Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.8 below.

5.8      If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar

days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the Claimant's request for review to the Court. Class Counsel shall have the right, but not the obligation, to waive what they deem to be formal, *de minimis*, or technical defects in any Proof of Claim forms submitted in the interests of achieving substantial justice.

5.9    Each Class Member who has not been excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Claims, including, but not limited to, all releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation, the Settlement, or the Agreement. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. After a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund, the Claims Administrator at Class Counsel's direction shall, if feasible, redistribute such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would

receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to the Investor Protection Trust, if approved by the Court.

5.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund and Net Settlement Fund.

5.12    No Person shall have any claim against the Released Defendant Parties, Class Representatives, Class Representatives' Counsel or the Claims Administrator, or any other Person designated by Class Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Agreement or Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or the Agreement, or affect the finality of the Court's Judgment approving the Agreement or this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**6.    Class Representatives Counsel's Attorneys' Fees and Expenses**

6.1    Class Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of all Class Representatives' Counsel for distribution from the Settlement

Fund for: (a) an award of attorneys' fees; (b) expenses or charges in connection with prosecuting the Litigation; and (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court, to be paid solely from (and out of) the Settlement Fund.  A Fee and Expense Application may include a request for reimbursement of Class Representatives' reasonable costs and expenses in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4).  Class Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Twitter will take no position on any Fee and Expense Application.  Any Fee and Expense Award shall be paid to Class Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Class Counsel may thereafter allocate the attorneys' fees among Class Representatives' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation, the Settlement, or the Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Class Counsel, including their partners and/or shareholders, and such other Class Representatives' Counsel, including their law firms, partners, and/or shareholders, and Class Representatives who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from Twitter's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be returned to the Settlement Fund in accordance with

¶7.5.    Any refunds required pursuant to this ¶6.3 shall be the several obligation of Class Representatives' Counsel, including their law firms, partners, and/or shareholders, and Class Representatives that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Class Representatives' Counsel or Class Representative receiving an award of fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the fees, expenses, and/or costs paid to them from the Settlement Fund together with the interest paid thereon.  Without limitation, Class Representatives' Counsel and Class Representatives and their partners, shareholders, and/or members agree that the Court may, upon application of Twitter and notice to Class Representatives' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and the Agreement, and shall have no effect on the terms of the Stipulation or the Agreement, or on the validity or enforceability of the Settlement or the Agreement.  The approval of the Settlement and the Agreement, and them becoming Final, shall not be contingent on any Fee and Expense Award, any award to Class Representatives, Class Counsel, or Class Representatives' Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, the Settlement, or the Agreement, or affect or delay the finality of the Judgment approving the Agreement, this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement or the Agreement.

6.5    Any Fee and Expense Award by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Twitter's obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Class Representatives' Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.6    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Class Representatives' Counsel and/or any other Person who may assert some claim thereto of any Fee and Expense Award that the Court may make in the Litigation.

6.7    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account, Settlement Fund, or Net Settlement Fund.

7.    **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Settlement Amount has been deposited into the Escrow Account;

(b)    the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below, directing notice to the Class, as required by ¶3.1 hereof;

(c)    no Settling Party has exercised its option to terminate the Stipulation pursuant to ¶7.4 hereof, and Twitter has not exercised its option to terminate the Stipulation pursuant to ¶7.8 hereof;

(d)    the Court has approved the Settlement as described herein and the Agreement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil

1  Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached

2  hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below;

3          (e)     the Court has approved the Agreement, or an agreement substantially in the

4  form of the Agreement, and the Individual Defendants have been dismissed from the Litigation with

5  prejudice, which shall occur contemporaneously with the Judgment becoming Final; and

6          (f)     the Judgment has become Final, as defined in ¶1.15 hereof.

7      7.2    Upon the Effective Date, any and all remaining interest or right of the Released

8  Defendant Parties and any other Persons who contributed to the Settlement Fund in or to the

9  Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant

10  Parties shall not have any liability, obligation, or responsibility for the payment of Claims, any Fee

11  and Expense Award, Notice and Administration Expenses, Taxes and Tax Expenses, legal fees, or

12  any other expenses payable from the Escrow Account, the Settlement Fund, or the Net Settlement

13  Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement and the Agreement

14  shall be canceled and terminated subject to ¶¶7.5-7.7 hereof unless the Settling Parties mutually

15  agree in writing to proceed with the Settlement and the Agreement.  For avoidance of doubt, no

16  order of the Court or modification or reversal on appeal of any order of the Court concerning the

17  Plan of Allocation, Fee and Expense Application or the Fee and Expense Award shall operate to

18  terminate or cancel this Stipulation or the Agreement, or constitute grounds for cancellation or

19  termination of the Stipulation or the Agreement.

20      7.3    In the event the Court declines to enter the Preliminary Approval Order in

21  substantially the form of Exhibit A attached hereto, or the Judgment in substantially the form of

22  Exhibit B attached hereto, the Settling Parties agree to attempt in good faith to make appropriate

23  modifications, as may be necessary, to the Stipulation, Notice, Summary Notice, Proof of Claim, and

24  Judgment.  However, if resolution cannot be reached, each party will have the unilateral right in its

25  sole discretion to terminate the Settlement.

26      7.4    Each of Class Representatives and Twitter shall have the right to terminate the

27  Settlement and this Stipulation by providing written notice of their election to do so ("Termination

28  Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter

1    an order substantially in the form of Exhibit A hereto preliminarily approving the Settlement in any

2    material respect and/or permitting Notice of the Settlement to Class Members; (b) the Court's refusal

3    to approve the Settlement, the Stipulation, or the Agreement, or any material part thereof; (c) the

4    Court's refusal to enter the Judgment substantially in the form of Exhibit B hereto; (d) the date upon

5    which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is

6    successfully collaterally attacked, or otherwise does not become Final; or (e) the failure of the

7    Effective Date to occur for any reason subject to terms set forth in ¶7.2.

8           7.5     Unless otherwise ordered by the Court, in the event this Stipulation, the Settlement, or

9    the Agreement is not approved or is terminated or canceled, or the Effective Date otherwise fails to

10   occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated

11   or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise

12   does not become Final, within ten (10) business days after written notification of such event is sent

13   by Twitter's Counsel or Class Counsel to the Escrow Agent, the Settlement Fund (including accrued

14   interest and any funds received by Class Counsel consistent with ¶6.2), less Taxes, Tax Expenses

15   and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and/or

16   2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be

17   refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to

18   written instructions from Twitter's Counsel.  The Escrow Agent or its designee shall apply for any

19   tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or

20   expenses incurred in connection with such application(s) for refund to the same Persons pursuant to

21   written instructions from Twitter's Counsel.

22          7.6     In the event that this Stipulation, or the Agreement, is not approved or this

23   Stipulation, the Settlement, or the Agreement is terminated, canceled, or the Effective Date

24   otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective

25   positions in the Litigation as of September 19, 2021.  In such event, the terms and provisions of the

26   Stipulation, with the exception of ¶¶1.1-1.36, 2.7-2.9, 2.11-2.13, 6.3, 7.5-7.7, 8.1, 9.5, 9.7, 9.9 and

27   9.21 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be

28   used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered

by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation, or the Agreement, or constitute grounds for cancellation or termination of this Stipulation, or the Agreement.

7.7    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Class Representatives nor Class Representatives' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11.  In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.5 hereof.

7.8    In addition to the grounds set forth in ¶7.4, Twitter shall have the unilateral right exercisable in its sole discretion to terminate the Settlement in the event that (i) the Court enters an order granting Class Members a second opportunity to request exclusion from the Class, with such termination right to be exercised by Twitter or Twitter's Counsel within 10 days of such order; or (ii) the Class Members who validly requested exclusion from the Class, including Future Excluded Persons, meet the conditions set forth in Twitter's confidential supplemental agreement with Class Representatives (the "Supplemental Agreement"), in accordance with its terms.  The Supplemental Agreement, which is being executed concurrently herewith, shall be filed with the Court under seal. The Settling Parties will request that the Court afford it confidential treatment.  The Supplemental Agreement's terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or otherwise provided in the Supplemental Agreement) unless the Court otherwise directs.  In the event that the Court does not provide for a second opportunity for Class Members to exclude themselves from the Class in connection with the settlement proceedings, Twitter will have no right to terminate the Settlement pursuant to this paragraph.

## 8.    No Admission of Liability

8.1    None of the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may

be approved by the Court), the Agreement, the negotiations leading to the execution of this Stipulation, the Settlement, and the Agreement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to, or in connection with this Stipulation, the Settlement, the Agreement, or approval thereof (including any arguments proffered in connection therewith):

(a)      shall be offered or received against Twitter or its Related Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Twitter or its Related Parties of the truth of any allegations by Class Representatives, any Member of the Class, or their Related Parties or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of Twitter or its Related Parties or in any way referred to for any other reason as against Twitter or its Related Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered or received against or to the prejudice of Twitter or its Related Parties as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Twitter or its Related Parties, or against Class Representatives or any Member of the Class or their Related Parties as evidence of any infirmity in the claims of Class Representatives and the Class;

(c)      shall be offered or received against Twitter or its Related Parties as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; nor

(d)      shall be construed against Twitter, Class Representatives, the Class or their respective Related Parties as evidence of a presumption, concession or admission that the

1   consideration to be given hereunder represents the amount which could be or would have been

2   recovered after trial or in any proceeding other than this Settlement.

3   **9.    Miscellaneous Provisions**

4        9.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this

5   Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

6   implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish

7   the foregoing terms and conditions of this Stipulation.

8        9.2    The Settling Parties intend this Settlement and the Agreement to be a final and

9   complete resolution of all disputes between the Class and Defendants with respect to the Litigation.

10   Neither the Stipulation, the Settlement, nor the Agreement shall be deemed an admission by any

11   Settling Party or their Related Parties as to the merits of any claim or defense.  The Judgment will

12   contain a finding that, during the course of the Litigation, Defendants and Class Representatives and

13   their respective counsel at all times complied with the requirements of Federal Rule of Civil

14   Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the

15   Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was

16   reached voluntarily after consultation with competent legal counsel.

17        9.3    The Settling Parties and their counsel agree that neither will issue any disparaging

18   statements about the other or their representatives or former or current officers, directors or

19   employees, and agree not to assert in any statement made to any media representative (whether or

20   not for attribution) that the Litigation was commenced or prosecuted by Class Representatives or

21   defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the

22   Litigation was commenced and prosecuted and defended in good faith and is being settled

23   voluntarily after consultation with competent legal counsel.  In all events, the Settling Parties and

24   their counsel shall not make any accusations of wrongful or actionable conduct by any party

25   concerning the prosecution, defense or resolution of the Litigation, and shall not otherwise suggest

26   that the Settlement constitutes an admission of any claim or defense alleged.  Twitter shall not

27   institute or prosecute a malicious prosecution claim, an abuse of process claim, a wrongful use of

28   civil proceedings claim, or any similar claim arising out of or relating to Class Representatives' or

1  Class Representatives' Counsel's institution, prosecution or settlement of the Litigation.   The

2  Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate,

3  any disparaging statement made by any Person in any public forum regarding the Litigation,

4  including that the Litigation was brought or defended in bad faith or without a reasonable basis.

5       9.4     Released Defendant Parties may file this Stipulation and/or the Judgment from this

6  Litigation in any other action in order to support a defense or counterclaim based on principles of *res*

7  *judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement,

8  judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or

9  counterclaim, or to effectuate any liability protection under any applicable insurance policy.   The

10  Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to

11  enforce the terms of this Stipulation and/or the Judgment.   All Settling Parties submit to the

12  jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

13       9.5     All agreements made and orders entered during the course of the Litigation relating to

14  the confidentiality of information shall survive this Stipulation.

15       9.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are

16  fully incorporated herein by this reference.

17       9.7     This Stipulation, along with its Exhibits, may be amended or modified only by a

18  written instrument signed by or on behalf of all Settling Parties or their respective successors-in-

19  interest.

20       9.8     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement

21  constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and

22  supersede any prior or contemporaneous written or oral agreements or understandings between the

23  Settling Parties, including, but not limited to, the Settling Parties' confidential term sheet dated

24  September 19, 2021.  Each Settling Party expressly disclaims any reliance on any representations,

25  warranties, or inducements concerning this Stipulation or its Exhibits, other than the representations,

26  warranties, and covenants contained and memorialized in such documents.

27       9.9     Except as otherwise provided herein, or otherwise agreed to in writing by the parties

28  hereto, each party shall bear his, her, or its own fees and costs.

9.10    Class Counsel, on behalf of the Class, are expressly authorized by Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which they deem appropriate.

9.11    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.13    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Class Representatives or to Class Representatives' Counsel:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> ELLEN GUSIKOFF STEWART
> 655 West Broadway, Suite 1900
> San Diego, CA  92101

> MOTLEY RICE LLC
> LANCE OLIVER
> 28 Bridgeside Boulevard
> Mt. Pleasant, SC  29464

If to Twitter or to Twitter's Counsel:

> TWITTER, INC.
> Attn: General Counsel
> 1355 Market Street #900
> San Francisco, CA 94103

COOLEY LLP
JOHN C. DWYER
3175 Hanover Street
Palo Alto, CA  94304

SIMPSON THACHER &
BARTLETT LLP
JONATHAN K. YOUNGWOOD
425 Lexington Avenue
New York, NY 10017

9.14    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.16    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.17    Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.18    This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

1   the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the

2   Settling Parties and the Settling Parties have contributed substantially and materially to the

3   preparation of this Stipulation.

4          9.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall

5   be deemed to constitute a waiver of any applicable privilege or immunity, including, without

6   limitation, attorney-client privilege, joint defense privilege, or work product protection.

7          9.22    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of

8   time to carry out any of the provisions of this Stipulation without further order of the Court.

9          IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

10  their duly authorized attorneys, dated January 5, 2022.

11                            ROBBINS GELLER RUDMAN & DOWD LLP
                              DANIEL S. DROSMAN
12                            TOR GRONBORG
                              ELLEN GUSIKOFF STEWART
13                            LUCAS F. OLTS
                              J. MARCO JANOSKI GRAY
14                            CHRISTOPHER R. KINNON
                              HEATHER G. SCHLESIER
15

16

17                            _____
                                    DANIEL S. DROSMAN
18
                              655 West Broadway, Suite 1900
19                            San Diego, CA  92101-8498
                              Telephone:  619/231-1058
20                            619/231-7423 (fax)
                              ddrosman@rgrdlaw.com
21                            torg@rgrdlaw.com
                              elleng@rgrdlaw.com
22                            lolts@rgrdlaw.com
                              mjanoski@rgrdlaw.com
23                            ckinnon@rgrdlaw.com
                              hschlesier@rgrdlaw.com
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTLEY RICE LLC
GREGG S. LEVIN
LANCE V. OLIVER
MEGHAN S.B. OLIVER
MAX N. GRUETZMACHER
CHRISTOPHER F. MORIARTY
MEREDITH B. WEATHERBY

_____
                    LANCE V. OLIVER

28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
loliver@motleyrice.com
moliver@motleyrice.com
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
mweatherby@motleyrice.com

*Co-Class Counsel*

BLEICHMAR FONTI & AULD LLP
LESLEY E. WEAVER
555 12th Street, Suite 1600
Oakland, CA  94607
Telephone:  415/445-4003
415/445-4020 (fax)
lweaver@bfalaw.com

*Liaison Counsel*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIMPSON THACHER & BARTLETT LLP
JONATHAN K. YOUNGWOOD (*pro hac vice*)
JANET GOCHMAN (*pro hac vice*)
JOHN A. ROBINSON (*pro hac vice*)

_____

JONATHAN K. YOUNGWOOD

425 Lexington Avenue
New York, NY 10017
Telephone:  212/455-2000
212/455-2502 (fax)
jyoungwood@stblaw.com
jgochman@stblaw.com
jrobinson@stblaw.com

*Counsel for Defendant Twitter, Inc.*

COOLEY LLP
KATHLEEN GOODHART
AARTI REDDY
LAURA ELLIOTT
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111
Telephone:  415/693-2000
415/693-2222 (fax)
kgoodhart@cooley.com
areddy@cooley.com
lelliott@cooley.com

COOLEY LLP
JOHN C. DWYER
JESSICA VALENZUELA SANTAMARIA
BRETT DE JARNETTE
3175 Hanover Street
Palo Alto, CA  94304
Telephone:  650/843-5000
650/849-7400 (fax)
dwyerjc@cooley.com
jvs@cooley.com
bdejarnette@cooley.com

*Counsel for Defendant Twitter, Inc.*

# APPENDIX 1

| Exclusion Number | Name | Name 2 |
|---|---|---|
| 1 | FREDERICK W TAUBERT | |
| 2 | LEO P SLISKI | |
| 3 | JONATHAN SATO | |
| 6 | RONALD P SCHMIDT | |
| 13 | STEVEN SALEVAN | |
| 16 | ROBERT R NAYLOR | KAREN M NAYLOR |
| 17 | ZHI ZHAO | |
| 20 | GREGORY E EWALD | |
| 21 | QUAN MICHAEL HA | |
| 22 | FRANK BARLAMAS | CONSTANCE BARLAMAS |
| 24 | JINJI KOBAYASHI | HELEN S KOBAYASHI |
| 25 | CHARLES A LEEDS III | |
| 26 | KURT MUSCANELL | |
| 27 | ADRIAN JUDE KOSS | |
| 28 | DENICE I SELVAGGI | |
| 29 | ALLAN A VIELE | |
| 31 | DEE ANN MICHELLE TUSCHER | |
| 32 | JEREMIE CATAGNA | |
| 34 | JOSHUA KARP | |
| 35 | KATIE WINK | |

# EXHIBIT A

1  ROBBINS GELLER RUDMAN & DOWD LLP
   DANIEL S. DROSMAN (200643)
2  TOR GRONBORG (179109)
   ELLEN GUSIKOFF STEWART (144892)
3  LUCAS F. OLTS (234843)
   J. MARCO JANOSKI GRAY (306547)
4  CHRISTOPHER R. KINNON (316850)
   HEATHER G. SCHLESIER (322937)
5  655 West Broadway, Suite 1900
   San Diego, CA  92101-8498
6  Telephone:  619/231-1058
   619/231-7423 (fax)
7
   MOTLEY RICE LLC
8  GREGG S. LEVIN (admitted *pro hac vice*)
   LANCE V. OLIVER (admitted *pro hac vice*)
9  MEGHAN S.B. OLIVER (admitted *pro hac vice*)
   MAX N. GRUETZMACHER (admitted *pro hac vice*)
10 CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
   MEREDITH B. WEATHERBY (admitted *pro hac vice*)
11 28 Bridgeside Blvd.
   Mt. Pleasant, SC  29464
12 Telephone:  843/216-9000
   843/216-9450 (fax)
13
   *Co-Class Counsel for the Class*
14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16
                          OAKLAND DIVISION
17

| | | |
|---|---|---|
| 18 In re TWITTER INC. SECURITIES LITIGATION | ) ) ) | Case No. 4:16-cv-05314-JST (SK) |
| 19 | ) ) | CLASS ACTION |
| 20 This Document Relates To: | ) ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| 21 ALL ACTIONS. | ) ) | EXHIBIT A |

22

23

24

25

26

27

28

1    WHEREAS, an action is pending before this Court entitled *In re Twitter Inc. Securities*

2  *Litig.*, Case No. 4:16-cv-05314-JST (SK) (the "Litigation");

3    WHEREAS, the Class Representatives and Twitter, Inc. ("Twitter") having made

4  application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving

5  the dismissal of this Litigation, in accordance with a Stipulation of Settlement dated January 5, 2022,

6  and the Exhibits annexed thereto (the "Stipulation") entered into between the Class Representatives

7  and Twitter, and in accordance with a Stipulation of Dismissal and Mutual Release of Claims dated

8  January 5, 2022 entered into between the Class Representatives and defendants Richard Costolo and

9  Anthony Noto (the "Agreement"), which, collectively, set forth the terms and conditions for a

10 proposed resolution and dismissal of the Litigation with prejudice upon the terms and conditions set

11 forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed

12 thereto and the Agreement; and

13    WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set

14 forth in the Stipulation.

15    NOW, THEREFORE, IT IS HEREBY ORDERED:

16    1.    After a preliminary review, the Settlement and the Agreement appear to be fair,

17 reasonable, and adequate.  The Settlement and the Agreement: (a) resulted from arm's-length

18 negotiations between experienced counsel overseen by an experienced mediator; (b) eliminate the

19 risks to the Settling Parties and to the Parties to the Agreement of continued litigation; (c) involve a

20 Class that is identical to the Class previously certified by the Court; (d) do not provide undue

21 preferential treatment to Class Representatives or to segments of the Class; (e) do not provide

22 excessive compensation to counsel for the Class; and (f) appear to fall within the range of possible

23 approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of

24 the Settlement to the Class.  Accordingly, the Court does hereby preliminarily approve the

25 Stipulation and the Settlement set forth therein, as well as the Agreement, subject to further

26 consideration at the Settlement Hearing described below.

27

28

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 4:16-cv-05314-JST (SK)                                                                          - 1 -
4816-6412-6206.v2

1    2.    Excluded from the previously-certified Class is any Person who would otherwise be a

2  Member of the Class but who validly and timely requested exclusion in response to the Notice of

3  Pendency of Class Action provided in 2019.

4    3.    A hearing (the "Settlement Hearing") shall be held before this Court on _____,

5  2022, at _:___ _.m. [a date that is at least 100 days from the date of this Order], at the United States

6  District Court for the Northern District of California, Oakland Division, Oakland Courthouse,

7  Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, for the following purposes:

8        (a)    to determine whether the Settlement and the Agreement are fair, reasonable,

9  and adequate, and should be approved by the Court;

10        (b)    to finally determine whether Judgment as provided under the Stipulation

11  should be entered, dismissing the Complaint on the merits and with prejudice, and to determine

12  whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation and

13  the Agreement, should be ordered, along with a permanent injunction barring efforts to bring any

14  Released Claims or Released Defendants' Claims extinguished by the Settlement and the

15  Agreement;

16        (c)    to finally determine whether the proposed Plan of Allocation for the

17  distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

18        (d)    to consider the Fee and Expense Application;

19        (e)    to consider Class Members' objections to the Settlement, Plan of Allocation or

20  application for fees and expenses, if any;

21        (f)    to consider whether to enter the dismissal with prejudice of the Individual

22  Defendants pursuant to the Agreement; and

23        (g)    to rule upon such other matters as the Court may deem appropriate.

24    4.    The Court may adjourn the Settlement Hearing without further notice to the members

25  of the Class, and reserves the right to approve the Settlement and the Agreement with such

26  modifications as may be agreed upon or consented to by the parties and without further notice to the

27  Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23

28  and due process of law.  The Court further reserves the right to enter its Judgment approving the

1  Settlement and the Agreement, and dismissing the Complaint, on the merits and with prejudice,

2  regardless of whether it has approved the Plan of Allocation or the Fee and Expense Application.

3       5.     The Court approves, as to form and content, the Notice of (1) Proposed Class Action

4  Settlement; (2) Settlement Hearing; and (3) Motion for an Award of Attorneys' Fees and Litigation

5  Expenses (the "Notice"), the Proof of Claim form (the "Proof of Claim"), and the Summary Notice,

6  annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and distribution of the

7  Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-

8  8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is

9  the best notice practicable under the circumstances and shall constitute due and sufficient notice to

10  all Persons entitled thereto.

11       6.     The firm of Epiq Class Action & Claim Solutions, Inc. ("Epiq" or the "Claims

12  Administrator") is hereby appointed to supervise and administer the notice procedure as well as the

13  processing of claims as more fully set forth below.

14       7.     Class Counsel, through the Claims Administrator, shall commence mailing the Notice

15  and Proof of Claim, substantially in the forms annexed hereto, within twenty (20) calendar days after

16  the Court signs this Order (the "Notice Date"), or by _____, 2022, by first-class mail to all

17  Class Members who can be identified with reasonable effort, and to be posted on the Settlement

18  website at www.TwitterSecuritiesLitigation.com.

19       8.     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator

20  shall cause the Summary Notice to be published once in the national edition of *The Wall Street*

21  *Journal* and once over a national newswire service.

22       9.     At least seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall

23  serve on Twitter's Counsel and file with the Court proof, by affidavit or declaration, of such mailing

24  and publishing.

25       10.     Nominees who purchased or acquired Twitter publicly traded common stock for the

26  beneficial ownership of Class Members during the Class Period shall (a) within seven (7) calendar

27  days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims

28  Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and

1   within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial

2   owners; or (b) if they did not do so in connection with the Notice of Pendency in 2019, within seven

3   (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such

4   beneficial owners to the Claims Administrator in which event the Claims Administrator shall

5   promptly mail the Notice Packet to such beneficial owners.  Class Counsel shall, if requested,

6   reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket

7   expenses incurred in providing notice to beneficial owners who are Class Members out of the

8   Settlement Fund, which expenses would not have been incurred except for the sending of such

9   notice, subject to further order of this Court with respect to any dispute concerning such

10  compensation.

11         11.    In order to be entitled to participate in the recovery from the Settlement Fund after the

12  Effective Date, each Class Member shall take the following action and be subject to the following

13  conditions:

14         (a)    A properly completed and executed Proof of Claim must be submitted to the

15  Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof

16  of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline

17  may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been

18  submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any

19  Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was

20  actually received by the Claims Administrator at the address designated in the Notice.

21         (b)    The Proof of Claim submitted by each Class Member must satisfy the

22  following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in

23  accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

24  adequate supporting documentation for the transactions reported therein, in the form of broker

25  confirmation slips, broker account statements, an authorized statement from the broker containing

26  the transactional information found in a broker confirmation slip, or such other documentation as is

27  deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the

28  Proof of Claim is acting in a representative capacity, a certification of his or her current authority to

1  act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of

2  Claim must be complete and contain no material deletions or modifications of any of the printed

3  matter contained therein and must be signed under penalty of perjury.

4          (c)     Once the Claims Administrator has considered a timely submitted Proof of

5  Claim, it shall determine whether such claim is valid, deficient, or rejected.  For each claim

6  determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter

7  or rejection letter as appropriate, describing the basis on which the claim was so determined.

8  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a

9  reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that

10  such deficiency may be cured.

11          (d)     For the filing of and all determinations concerning their Proof of Claim, each

12  Class Member shall submit to the jurisdiction of the Court.

13        12.     Any Class Member who does not timely submit a valid and timely Proof of Claim

14  within the time provided for shall be barred from sharing in the distribution of the proceeds of the

15  Settlement Fund, but will in all other respects be subject to and bound by the provisions of the

16  Stipulation, the Agreement, and the Judgment, if entered.  Notwithstanding the foregoing, Class

17  Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for

18  processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized

19  Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late

20  claims.

21        13.     Any member of the Class may enter an appearance in the Litigation, at their own

22  expense, individually or through counsel of their own choice.  If they do not enter an appearance,

23  they will be represented by Class Counsel.

24        14.     Class Members shall not be provided a separate opportunity to seek exclusion from

25  the Class.

26        15.     The Court will consider comments or objections to the Settlement, the Agreement, the

27  Plan of Allocation, or the Fee and Expense Application, including an award to the Class

28  Representatives as provided for by 15 U.S.C. §78u-4(a)(4), only if such comments or objections and

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 4:16-cv-05314-JST (SK)      - 5 -

1  any supporting papers are submitted to the Court either by mailing them to the Class Action Clerk,

2  United States District Court for the Northern District of California, Oakland Division, 1301 Clay

3  Street, Oakland, CA 94612, or by filing them in person at any location of the United States District

4  Court for the Northern District of California.  Such comments or objections must be filed or

5  postmarked at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____,

6  2022.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard

7  orally in opposition to the Settlement, the Agreement, the Plan of Allocation, or the Fee and Expense

8  Application is required to indicate in their written objection whether they intend to appear at the

9  Settlement Hearing.  The notice of objection must include documentation establishing the objecting

10 Person's membership in the Class, including the number of shares of Twitter publicly traded

11 common stock that the objecting Person (i) owned as of the opening of trading on February 6, 2015,

12 and (ii) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for

13 each such purchase, acquisition, or sale, and contain a statement of reasons for the objection,

14 including whether it applies only to the objector, to a specific subset of the Class, or to the entire

15 Class.  The objection must identify all other class action settlements the objector and his, her, or its

16 counsel has previously objected to, copies of any papers, briefs, or other documents upon which the

17 objection is based, and the objector's signature, even if represented by counsel.  Any member of the

18 Class who does not make his, her, or its objection in the manner provided shall be deemed to have

19 waived such objection and shall forever be foreclosed from making any objection to the fairness or

20 adequacy of the Settlement as set forth in the Stipulation, to the Agreement, to the Plan of

21 Allocation, or to the Fee and Expense Application unless otherwise ordered by the Court.  Class

22 Members do not need to appear at the Settlement Hearing or take any other action to indicate their

23 approval.

24       16.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

25 *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

26 funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

27       17.  All opening briefs and supporting documents in support of the Settlement, the

28 Agreement, the Plan of Allocation, and any Fee and Expense Application shall be filed and served

1  no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2022.

2  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the

3  Settlement Hearing, or _____, 2022.

4     18. The Released Defendant Parties shall have no responsibility for the Plan of Allocation

5  or any Fee and Expense Award, and such matters will be considered separately from the fairness,

6  reasonableness, and adequacy of the Settlement and the Agreement.  Any order or proceeding

7  relating to the Plan of Allocation or any Fee and Expense Application, or any appeal from any order

8  relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the

9  Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and Agreement,

10  and the resolution and dismissal of the Litigation.

11     19. At or after the Settlement Hearing, the Court shall determine whether the Plan of

12  Allocation proposed by Class Counsel, and any Fee and Expense Application shall be approved.

13     20. All reasonable expenses incurred in identifying and notifying Class Members, as well

14  as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

15     21. Neither the Stipulation or the Agreement, nor any of their terms or provisions, nor

16  any of the negotiations or proceedings connected with them, shall be construed as an admission or

17  concession by Twitter or the Individual Defendants of the truth of any of the allegations in the

18  Litigation, or of any liability, fault, or wrongdoing of any kind.

19     22. If the Stipulation and the Settlement set forth therein, or the Agreement, are not

20  approved or consummated for any reason whatsoever, the Stipulation, the Settlement and the

21  Agreement, and all proceedings had in connection therewith shall be without prejudice to the rights

22  of the parties to the Stipulation and/or the Agreement *status quo ante*.

23     23. Pending final determination of whether the proposed Settlement should be approved,

24  neither the Class Representatives, nor any Class Member, directly or indirectly, representatively, or

25  in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, as

26  defined in each of the Stipulation and the Agreement, any action or proceeding in any court or

27  tribunal asserting any of the Released Claims, as defined in each of the Stipulation and the

28  Agreement.

1       24.     The Court's orders entered during this Litigation relating to the confidentiality of

2  information shall survive the Settlement and dismissal of the Litigation.

3       IT IS SO ORDERED.

4  DATED: _____

                              THE HONORABLE JON S. TIGAR

5                              UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

1   ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
2   TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
3   LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
4   CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
5   655 West Broadway, Suite 1900
San Diego, CA 92101-8498
6   Telephone: 619/231-1058
619/231-7423 (fax)
7

8   MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
9   MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
10   CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
11   28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
12   Telephone: 843/216-9000
843/216-9450 (fax)
13

*Co-Class Counsel for the Class*
14

UNITED STATES DISTRICT COURT
15

NORTHERN DISTRICT OF CALIFORNIA
16

OAKLAND DIVISION
17

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) ) ) | Case No. 4:16-cv-05314-JST (SK) |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) ) | NOTICE OF (1) PROPOSED CLASS ACTION SETTLEMENT; (2) SETTLEMENT HEARING; |
| ALL ACTIONS. | ) ) ) | AND (3) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES |
| | | EXHIBIT A-1 |

18
19
20
21
22
23
24
25
26
27
28

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF CLASS ACTION SETTLEMENT AND AGREEMENT**:  Please be advised that your rights may be affected by the settlement of the above-captioned securities class action (the "Litigation") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased or acquired the common stock of Twitter during the period from February 6, 2015 through July 28, 2015, inclusive.[1]  Court-appointed Class Representatives, KBC Asset Management NV (individually "Lead Plaintiff") and National Elevator Industry Pension Fund (together the "Class Representatives"), on behalf of themselves and the Class, have reached a proposed settlement with Twitter of the Litigation for $809,500,000 in cash (the "Settlement").  If approved, the Settlement and the Agreement will finally resolve all claims in the Litigation.  Class Members include all persons and entities that, during the period from February 6, 2015, through July 28, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of Twitter and were damaged thereby (the "Class"), subject to certain exclusions set forth later in this notice (*see* ¶¶28-29 below).

**PLEASE READ THIS NOTICE CAREFULLY.**  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Class, your legal rights will be affected, whether or not you act.

If you have any questions about this Notice, the proposed Settlement, the Agreement, or your eligibility to participate in the Settlement, please DO NOT contact Twitter, any other Defendants in the Litigation, or their counsel.  All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶87 below).

| |
|---|
| **SUMMARY OF IMPORTANT INFORMATION** |

      1.    **The Litigation and the Class's Recovery:**  The Class Representatives brought this securities class action alleging, among other things, that Twitter, and the Individual Defendants, Richard Costolo and Anthony Noto, violated the federal securities laws by making false and misleading statements regarding Twitter's growth prospects.  Subject to Court approval, the Class Representatives, on behalf of themselves and the Class, have agreed to settle the Litigation in exchange for a cash payment to be paid or caused to be paid by Twitter of $809,500,000 (the "Settlement Amount"), which has been deposited into an interest-bearing escrow account.  The "Net Settlement Fund" (*i.e.*, the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that is approved by the Court.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.  If the Court approves the proposed Settlement and the Agreement, the Litigation will be dismissed and members of the Class will settle and release all Released Claims (defined in ¶39 below).

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement between Twitter and the Class Representatives, on behalf of themselves and each Class Member, dated January 5, 2022 (the "Stipulation").  Class Representatives, on behalf of themselves and each Class Member, and Individual Defendants have entered into a separate agreement providing for mutual releases and dismissal with prejudice of the Litigation against the Individual Defendants contemporaneous with the dismissal of the Litigation against Twitter (the "Agreement").  The Individual Defendants have no responsibility for, or obligation to pay or contribute to the Settlement Amount, which is solely being paid or caused to be paid by Twitter.  The Stipulation and the Agreement both are available for review at www.TwitterSecuritiesLitigation.com.

2.   **Estimate of Average Amount of Recovery Per Share:**   Based on the Class Representatives' damages expert's estimates of damaged shares of Twitter common stock and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is in the range of $2.34 and $2.82.   **This is only an estimate.**   Class Members may recover more or less than this range depending on, among other factors, when and at what prices they purchased or sold their Twitter common stock, and the total number and value of valid Claim Forms submitted.

3.   **Estimated Damages:**   The parties do not agree on the amount of damages per share that would be recoverable if the Class Representatives were to prevail in the Litigation. Nevertheless, the Class Representatives' best estimate is that, if they had prevailed at trial, they would have recovered between approximately $2.7 billion and $3.3 billion on behalf of the Class. Accordingly, the Settlement Amount of $809,500,000 represents between approximately 24% and 30% of these recovery estimates.   These estimates are based on publicly available information concerning trading in Twitter common stock and a damages expert's calculations of the estimated amount of artificial inflation in the per-share closing price of Twitter common stock during the Class Period.   Defendants dispute these estimates and dispute that the Class would be entitled to any recovery.

4.   **Attorneys' Fees and Expenses:**   Class Counsel have prosecuted the Litigation on a wholly contingent basis, have not yet received any payment of attorneys' fees, and have advanced all of the expenses incurred to prosecute this Litigation.   Court-appointed Class Counsel, Motley Rice LLC and Robbins Geller Rudman & Dowd LLP, will apply to the Court for an award of attorneys' fees for all Class Representatives' Counsel in an amount not to exceed 22.5% of the Settlement Fund, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.   In addition, Class Counsel will apply for payment of litigation expenses paid or incurred by Class Representatives' Counsel in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $4,000,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund, and for reimbursement pursuant to 15 U.S.C. §78u-4(a)(4) of reasonable costs and expenses incurred by the Class Representatives directly related to their representation of the Class in an amount not to exceed $40,000 in the aggregate.   Any fees and expenses awarded by the Court will be paid from the Settlement Fund.   Class Members are not personally liable for any such fees or expenses.   The estimated average cost per affected share of Twitter common stock, if the Court approves the fee and expense application, is between $0.54 and $0.65 per share.

5.   **Identification of Attorneys' Representatives:**   Lead Plaintiff and the Class are represented by Gregg S. Levin, Esq., Lance V. Oliver, Esq., and Max N. Gruetzmacher, Esq. of Motley Rice LLC, 28 Bridgeside Boulevard, Mount Pleasant, SC 29464, (800) 697-4630, twitterquestions@motleyrice.com.   National Elevator Industry Pension Fund and the Class are also represented by Ellen Gusikoff Stewart, Esq. of Robbins Geller Rudman & Dowd LLP, (800) 449-4900, elleng@rgrdlaw.com.

6.   **Reasons for the Settlement and the Agreement:**   The principal reason for entering into the Settlement and the Agreement is the substantial and immediate cash benefit, paid or caused to be paid by Twitter, for the Class without the risk or the delays inherent in further litigation.   This cash benefit must be considered against the significant risk that a contested trial on the merits – and inevitable appeals – could have led to a smaller recovery or no recovery at all. Moreover, this process would have lasted several years.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT AND THE AGREEMENT: |
| --- |

| | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined in ¶39 below) that you have against Defendants and the other Released Defendant Parties (defined in ¶40 below), so it is in your interest to submit a claim form ("Claim Form"). |
| **OBJECT TO THE SETTLEMENT AND THE AGREEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS POSTMARKED NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the Agreement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Agreement, the Plan of Allocation, or the fee and expense request unless you are a member of the Class.  The deadline to seek exclusion from the Class passed on May 23, 2019. |
| **GO TO A HEARING ON _____. 2022 AT _____. AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS POSTMARKED NO LATER THAN _____, 2022.** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement and the Agreement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and the Agreement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## WHY DID I GET THIS NOTICE?

7.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Twitter common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement and the Agreement.  Additionally, you have the right to understand how this class action lawsuit may affect your legal rights.  If the Court approves the Settlement, the Agreement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.     The purpose of this Notice is to inform you of the existence of the Settlement and the Agreement, that the Settlement is a class settlement, how you might be affected, and how to object if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and the Agreement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and the Agreement, the proposed Plan of Allocation, and the motion by Class Counsel for an award of attorneys' fees and litigation expenses.

9.      This Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court must still decide whether to approve the Settlement and the Agreement.  If the Court approves the Settlement, the Agreement, and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  **Please be patient, as this process can take some time to complete.**

| WHAT IS THIS CASE ABOUT? |
|:---:|

10.      The Class Representatives allege that during the period between February 5, 2015 and July 28, 2015, inclusive, Defendants made misrepresentations and omissions about Twitter's prospects for increasing user growth and engagement.  In particular, they alleged that Defendants misled investors between February 5, 2015 and July 28, 2015, by making public statements that did not reflect the actual state of Twitter's user engagement and user growth, which they contended was relevant to evaluating Twitter's potential user growth and financial performance.

11.      On September 16, 2016, The Doris Shenwick Trust, a Twitter, Inc. investor, filed a class action complaint, styled *Doris Shenwick v. Twitter, Inc., et al.*, 3:16-cv-05314-JST, in the United States District Court for the Northern District of California asserting violations of federal securities laws against Twitter, Inc., and the Individual Defendants.  Shortly thereafter, in the time proscribed by the Private Securities Litigation Reform Act (the "PSLRA"), a number of Twitter investors sought lead plaintiff status in this Litigation.

12.      By order dated December 22, 2016, the Court consolidated the related securities class actions pending before it and appointed KBC Asset Management NV, as Lead Plaintiff for the Litigation, and approved Lead Plaintiff's selection of Motley Rice LLC as Lead Counsel and Bleichmar Fonti & Auld LLP as Liaison Counsel.  On January 18, 2017, Lead Plaintiff associated additional counsel Robbins Geller Rudman & Dowd LLP to assist in prosecution of the Litigation.  The case was subsequently recaptioned as: *In re Twitter Inc. Securities Litigation*, 4:16-cv-05314-JST.

13.      On March 2, 2017, Lead Plaintiff filed the Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint").  The Complaint asserted claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act against Twitter and the Individual Defendants.

14.      On May 2, 2017, Defendants filed their Motion to Dismiss the Complaint.  On June 21, 2017, Lead Plaintiff filed its opposition to Defendants' Motion to Dismiss.  On October 5, 2017, the Court held a hearing on Defendants' Motion to Dismiss.  On October 16, 2017, the Court granted in part and denied in part Defendants' Motion to Dismiss the Complaint.

15.      On January 24, 2018, the Court set the Litigation for trial on November 4, 2019.

16.      On February 15, 2018, the Class Representatives moved for class certification.  Defendants filed oppositions on April 16, 2018.  On July 12, 2018, the Court held a hearing on class certification, and on July 17, 2018, issued its order certifying the Class, which includes all persons and entities that, during the period from February 6, 2015, through July 28, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of Twitter, and were damaged thereby, subject to certain exclusions (*see* ¶¶28-29 below).  At the same time, the Court appointed KBC Asset Management NV and National Elevator Industry Pension Fund as Class Representatives and Motley Rice LLC and Robbins Geller Rudman & Dowd LLP as Class Counsel.

17.     Both before and after class certification, over a period of years, the parties engaged in extensive discovery that included written interrogatories, requests to admit, requests for document production, voluminous production and review of documents, taking of testimony via deposition, and numerous discovery disputes before the Court.  Document discovery included the review of more than 210,000 documents produced by the parties, including documents from more than fifty custodians.  During this discovery, the Class Representatives were each deposed.  The parties deposed 27 former and current Twitter employees, executives, and directors, including, but not limited to, Richard Costolo, Twitter's former Chief Executive Officer, Anthony Noto, Twitter's former Chief Financial Officer, and Jack Dorsey, Twitter's then-current Chief Executive Officer.  The Class Representatives also issued subpoenas to approximately 23 third parties, who produced more than 26,000 additional documents.

18.     During discovery, the parties engaged former United States District Judge Layn R. Phillips to assist with mediation.  In total, the parties conducted three formal mediation sessions and participated in numerous calls scheduled by Judge Phillips.  On September 26, 2018, in the midst of discovery, the parties attended their first mediation session with Judge Phillips.  This mediation session did not result in a resolution of the Litigation.

19.     The parties also retained experts who drafted detailed reports on matters relevant to the Litigation, including, but not limited to, the use and disclosure of internal metrics at social media companies, the economics of social media companies, the Securities & Exchange Commission regulations that apply to Twitter, insider trading and loss causation and damages.  In total, the parties produced 19 expert reports from 13 experts, took 14 expert depositions, and produced numerous expert-related documents.

20.     At the close of discovery, the parties engaged in extensive motion practice that included motions to exclude various expert testimony, motions for summary judgment, and motions *in limine* to exclude evidence.  On September 13, 2019, Defendants filed their Motion for Summary Judgment.  On October 28, 2019, Class Representatives filed their Opposition to Defendants' Motion for Summary Judgment.

21.     On March 6, 2020, the parties attended another mediation session, which also did not result in a settlement.  At this time, the trial was scheduled to go forward on March 30, 2020, but as a result of pending motions was continued until June 22, 2020.  On May 21, 2020, the United States District Court for the Northern District of California issued General Order 72-3 prohibiting any new jury trial from being conducted in the district through September 30, 2020 due to the COVID-19 pandemic.  On September 9, 2020, the Court further rescheduled the trial due to the COVID-19 pandemic to commence on September 20, 2021.

22.     On April 17, 2020, the Court denied Defendants' Motion for Summary Judgment.  On May 18, 2020, the Court granted Defendants' Motion for Clarification of its April 17, 2020 Order Regarding Defendants' Motion for Summary Judgment and dismissed certain alleged misstatements from the Litigation.  On June 14, 2021, the parties submitted the Final Pretrial Statement.  On June 21, 2021, the Court held a pretrial conference to address various outstanding evidentiary and logistical trial issues.   On July 12, 2021, the Court held a second pretrial conference.

23.     During the pretrial preparations discussed above, the parties scheduled a third mediation session with Judge Phillips for August 17, 2021.  That mediation session did not result in a settlement on that date, but with the aid of Judge Phillips, the parties continued to discuss a potential resolution.

24.     On July 29, 2021, Defendants filed a Motion for Leave to File a Motion for Reconsideration of the Court's Order Denying Summary Judgment, which the Court granted on August 3, 2021.  On August 17, 2021, Class Representatives filed their opposition to that Motion.

On September 14, 2021, the Court denied Defendants' Motion for Reconsideration of Summary Judgment.

25.     After the parties were actively preparing their cases for trial and the out-of-town parties had arrived on site in the Bay Area, the parties, with the assistance of Judge Phillips, once again engaged in settlement negotiations.  This time, the negotiations resulted in an agreement on terms that ultimately led to the Settlement in this case for $809,500,000.00 in cash, to be paid or caused to be paid by Twitter.

26.     On January 5, 2022, the Class Representatives and Twitter entered into the Stipulation, which sets forth the terms and conditions of the Settlement, and the Class Representatives and the Individual Defendants entered into the Agreement.  Because of the stage of the proceedings and extensive discovery, at the time of the Settlement and the Agreement, Class Counsel had a deep understanding of the strengths and weaknesses of the Class's claims to assure the reasonableness of the proposed Settlement and the Agreement.  This discovery has confirmed the Class Representatives and Class Counsel's belief that the Settlement and the Agreement are more than fair, reasonable and adequate.  The Stipulation and the Agreement can be viewed at www.TwitterSecuritiesLitigation.com.

27.     On DATE, the Court preliminarily approved the Settlement and the Agreement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement and the Agreement.

| |
|---|
| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** <br> **WHO IS INCLUDED IN THE CLASS?** |

28.     If you are a member of the Class, you are subject to the Settlement, unless you timely requested exclusion by May 23, 2019.  The Class consists of:

all persons and entities that, during the period from February 6, 2015, through July 28, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of Twitter, Inc., and were damaged thereby.

29.     The following persons and/or entities are excluded from the Class:  Twitter and the Individual Defendants; members of the immediate families of the Individual Defendants; Twitter's subsidiaries and affiliates; any person who is or was an officer or director of Twitter during the Class Period; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns of any such excluded person or entity.  Also excluded from the Class is any person or entity that timely and validly requested exclusion from the Class on or before May 23, 2019.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2022.**

| | **WHAT ARE CLASS REPRESENTATIVES' REASONS FOR THE SETTLEMENT AND THE AGREEMENT?** |

30.     The Class Representatives and Class Counsel believe that their claims against Defendants have merit.  They recognize, however, the expense and length of a trial and, if successful, inevitable appellate proceedings thereafter, present very substantial risks.  At trial, the Class Representatives would have the burden of establishing liability and damages.  This would have required them to prove not only that Defendants' statements about Twitter's engagement and growth were false or misleading, but that the statements were material, the Individual Defendants knew that their statements were false when made or that they were reckless in making the statements, that Twitter's common stock traded at artificially inflated prices as a result of Defendants' allegedly false and misleading statements, and that the revelation of the truth about Defendants' alleged false and misleading statements removed artificial inflation from the price of Twitter's common stock.  In addition, Class Representatives would have had to establish the amount of class-wide damages.  Although the Class Representatives were confident in their positions, these are complex matters and successfully presenting them to a jury would have been challenging and fraught with risk.

31.     Defendants had substantial and compelling arguments to make concerning each of these issues.  For example, Defendants would have argued that they made no false and misleading statements, and that the statements the Class Representatives challenge as false and misleading were, in any event, immaterial.  Defendants also would have argued that the Class Representatives could not prove intent to defraud, because the Individual Defendants did not know or have reason to believe their statements were misleading when made.  Defendants would have also argued that the decline in Twitter's stock price was not caused by the alleged corrective disclosures, but by various other factors such as lower than expected revenue and reduced earnings guidance, and that, even if some portion of the decline was caused by revelations of fraud, any resulting damages to the Class were small.  Had a jury accepted any of these arguments, it could have drastically reduced or eliminated any recovery.

32.     Even if the Class Representatives had prevailed at trial, Defendants would have then had an opportunity during a second phase of the Litigation to rebut the presumption of reliance based on the fraud-on-the-market theory.  This process may have allowed Defendants to question individual unnamed class members.  Even if Defendants were not successful in such efforts, this process would have taken substantial time and delayed recovery.  After a second phase, inevitable appeals would have followed.  In securities fraud class actions, there is a real risk that a verdict will be overturned on appeal due to the complex nature of the cases.  Indeed, in recent years securities fraud cases have frequently landed in front of the U.S. Supreme Court after appeals.  Thus, there were significant risks attendant to the continued prosecution of the Litigation, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

33.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, the Class Representatives and Class Counsel believe that the proposed Settlement and Agreement are fair, reasonable, and adequate, and in the best interests of the Class.  The Settlement provides a substantial benefit to the Class, namely $809,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Litigation would produce a smaller, or no, recovery after trial, a second damages phase, and appeals, possibly years in the future.

34.     Defendants have denied all claims asserted against them in the Litigation and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Twitter has agreed to the Settlement solely to eliminate the burden and expense of continuing to defend the Litigation.

Accordingly, the Settlement and the Agreement should not be construed as an admission of any wrongdoing by Defendants.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT OR AGREEMENT?**

35.   If there were no Settlement or Agreement and the Class Representatives failed to establish any essential legal or factual element of their claims against Defendants, neither Class Representatives nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

**HOW ARE CLASS MEMBERS AFFECTED
BY THE LITIGATION AND THE SETTLEMENT?**

36.   If you are a Class Member, you are represented by the Class Representatives and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When and Where Will the Court Decide Whether to Approve the Settlement and the Agreement?" in ¶87.

37.   If you are a Class Member and you wish to object to the Settlement, the Agreement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and litigation expenses, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement and the Agreement?" in ¶¶78-79 below.

38.   If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement and the Agreement are approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, the Class Representatives and each of the other Class Members, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against Defendants and the other Released Defendant Parties (as defined in ¶40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

39.   "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation, could have been asserted in any forum, or could in the future be asserted in any forum, whether known claims or Unknown Claims, whether foreign or domestic, whether arising under federal, state, local, common, statutory, governmental, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class, individual, direct, derivative, representative, on behalf of others in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether brought directly or indirectly against any of the Released Defendant Parties that Class Representatives, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (i) asserted in the Litigation, or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Litigation, or which could have been alleged in the Litigation, and that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or

holding of any Twitter securities during the Class Period.  Released Claims does not include (i) claims to enforce the Settlement or the Agreement; (ii) any claims of any person or entity who requested exclusion from the Class on or before May 23, 2019; or (iii) any claims of Future Excluded Persons.

40.     "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

41.     "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, Immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.[2]

42.     "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement and the Agreement, including, but not limited to, whether or not to object to this Settlement and the Agreement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Class Representatives, the Class and Class Representatives' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Class Representatives, the Class and Class Representatives' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Class Representatives, the Class and Class Representatives' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Settling Parties acknowledge and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories or authorities in addition

---

[2]     For purposes of the Settlement, the Individual Defendants and Twitter are each other's Related Parties.  "Immediate family members" means, as defined in 17 C.F.R. §229.404 Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Class Representatives, the Class and Class Representatives' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

43.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶44 below) on behalf of any Defendant, in that capacity, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Class Representatives, the Class, and Class Representatives' Counsel, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Class Representatives, the Class or Class Representatives' Counsel.

44.     "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Class Representatives, Class Representatives' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or the Agreement. For the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any agreements between or among Released Defendant Parties and does not release claims between or among those Released Defendant Parties, including, without limitation, claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Litigation, including the Settlement Amount and legal fees and costs incurred in connection with the Litigation.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
| --- |

45.     To be eligible for a payment from the proceeds of the Settlement, you must be a Class Member and you must timely complete and return the Claim Form with adequate supporting

1  documentation **postmarked or submitted online no later than _____, 2022**.  A Claim Form
2  is included with this Notice, or you may obtain one from the website maintained by the Claims
   Administrator for the Settlement, www.TwitterSecuritiesLitigation.com, or you may request that
3  a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-510-9590.
   The Claim Form may be submitted online at www.TwitterSecuritiesLitigation.com.  Please retain
4  all records of your ownership of and transactions in Twitter common stock, as they may be needed
   to document your Claim.  If you previously submitted a valid and timely request for exclusion
5  from the Class or do not submit a Claim Form, you are not eligible to share in the Net Settlement
   Fund.

6

| HOW MUCH WILL MY PAYMENT BE? |
|---|

7
      46.    At this time, it is not possible to make any determination as to how much any
8  individual Class Member may receive from the Settlement.

9      47.    Pursuant to the Settlement, Twitter has agreed to pay or caused to be paid Eight
   Hundred Nine Million Five Hundred Thousand Dollars ($809,500,000) in cash.  The Settlement
10 Amount has been deposited into an escrow account and is earning interest for the benefit of the
   Class.  The Settlement Amount plus any interest earned thereon and accretions thereto is referred
11 to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date
   occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim
12 Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the
   Court may approve.
13
      48.    The Net Settlement Fund will not be distributed unless and until the Court has
14 approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal
   or review, whether by certiorari or otherwise, has expired.
15
      49.    Neither Twitter nor any other person or entity that paid any portion of the
16 Settlement Amount on its behalf is entitled to get back any portion of the Settlement Fund once
   the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have
17 any liability, obligation, or responsibility for the administration of the Settlement, the disbursement
   of the Net Settlement Fund, or the Plan of Allocation.
18
      50.    Approval of the Settlement and the Agreement are independent from approval of a
19 plan of allocation.  Any determination with respect to a plan of allocation will not affect the
   Settlement and the Agreement if approved.
20
      51.    Unless the Court otherwise orders, any Class Member who fails to submit a Claim
21 Form postmarked or submitted online on or before _____, 2022 shall be fully and forever
   barred from receiving payments pursuant to the Settlement but will in all other respects remain a
22 Class Member and be subject to the provisions of the Stipulation, including the terms of any
   Judgment entered and the releases given.  This means that each Class Member releases the
23 Released Claims (as defined in ¶39 above) against the Released Defendant Parties (as defined in
   ¶40 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the
24 Released Claims against any of the Released Defendant Parties whether or not such Class Member
   submits a Claim Form.
25
      52.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable
26 grounds the Claim of any Class Member.
27
      53.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court
   with respect to his, her or its Claim Form.
28

54.     Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that timely and validly excluded themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

55.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

56.     In developing the Plan of Allocation, the Class Representatives' damages expert calculated the estimated amount of artificial inflation in the per-share closing price of Twitter common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements.

57.     In calculating the estimated artificial inflation allegedly caused by Defendants' alleged false and misleading statements, the Class Representatives' damages expert considered price changes in Twitter common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged false and misleading statements, adjusting for price changes that were attributable to market or industry forces.

58.     In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Twitter common stock.  In this case, the Class Representatives allege that Defendants made false and misleading statements during the period between February 5, 2015 and April 28, 2015, which had the effect of artificially inflating the price of Twitter common stock between February 6, 2015 and July 28, 2015, inclusive.  The Class Representatives further allege that corrective information was released to the market on April 28, 2015 and July 28, 2015, which removed the artificial inflation from the price of Twitter common stock.

59.     Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Twitter common stock at the time of purchase and at the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased Twitter common stock prior to the first corrective disclosure, which occurred on April 28, 2015, must have held his, her or its shares of Twitter common stock until at least 3:07 p.m. EDT on April 28, 2015.  A Class Member who purchased Twitter common stock from April 28, 2015 through and including the end of the day on July 28, 2015, must have held those shares through the end of the day on July 28, 2015.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

60.     Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Twitter common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

61.     For each share of Twitter common stock purchased or otherwise acquired from February 6, 2015 through and including the close of trading on July 28, 2015, and:

(a)     Sold prior to 3:07 p.m. EDT on April 28, 2015, the Recognized Loss Amount will be $0.00 (shares sold on April 28, 2015 at or above $50.45 per share will be deemed to have been sold prior to 3:07 p.m. EDT);

(b)     Sold from April 28, 2015, at or after 3:07 p.m. EDT, through and including August 2, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price *minus* the sale price;

(c)     Sold from August 1, 2015 through and including the close of trading on October 30, 2015, the Recognized Loss Amount will be *the least of*: (i) the decline in inflation per share during the holding period (as stated in Table 1 below), (ii) the purchase price *minus* the sales price, or (iii) the purchase price *minus* the average closing price between August 3, 2015 and the date of sale as stated in Table 2 below; and

(d)     Held as of the close of trading on October 30, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price *minus* $28.06, the average closing price for Twitter common stock between August 3, 2015 and October 30, 2015.[3]

---

[3]     Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Twitter common stock during the "90-day look-back period," July 29, 2015 through and including October 30, 2015. The mean (average) closing price for Twitter common stock during this period was $28.06 per share.

# TABLE 1

## Decline in Inflation Per Share by Date of Purchase and Date of Sale

| Purchase Date | Sale Date | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | 2/6/2015-4/28/2015[1] | 4/28/2015[2] | 4/29/2015-7/28/2015 | 7/29/2015-7/30/2015 | 7/31/2015 | Sold on or Retained Beyond 8/1/2015 |
| 2/6/2015-4/28/2015[1] | $0.00 | $8.97 | $12.93 | $18.27 | $18.69 | $20.34 |
| 4/28/2015[2] | | $0.00 | $3.96 | $9.30 | $9.72 | $11.37 |
| 4/29/2015-7/28/2015 | | | $0.00 | $5.34 | $5.76 | $7.41 |
| Purchased on or after 7/29/2015 | | | | $0.00 | $0.00 | $0.00 |

Notes:
1] Prior to 3:07 p.m. EDT.

# TABLE 2

## Twitter Closing Price and Average Closing Price

| Date | Closing Price | Average Closing Price Between August 3, 2015 and Date Shown | Date | Closing Price | Average Closing Price Between August 3, 2015 and Date Shown |
| --- | --- | --- | --- | --- | --- |
| 8/3/2015 | $29.27 | $29.27 | 9/17/2015 | $27.41 | $27.58 |
| 8/4/2015 | $29.34 | $29.31 | 9/18/2015 | $27.96 | $27.60 |
| 8/5/2015 | $28.48 | $29.03 | 9/21/2015 | $27.38 | $27.59 |
| 8/6/2015 | $27.54 | $28.66 | 9/22/2015 | $26.83 | $27.57 |
| 8/7/2015 | $27.04 | $28.33 | 9/23/2015 | $26.79 | $27.55 |
| 8/10/2015 | $29.50 | $28.53 | 9/24/2015 | $26.60 | $27.52 |
| 8/11/2015 | $29.62 | $28.68 | 9/25/2015 | $25.29 | $27.46 |
| 8/12/2015 | $29.39 | $28.77 | 9/28/2015 | $25.26 | $27.41 |
| 8/13/2015 | $28.54 | $28.75 | 9/29/2015 | $25.59 | $27.37 |
| 8/14/2015 | $29.06 | $28.78 | 9/30/2015 | $26.94 | $27.36 |
| 8/17/2015 | $29.06 | $28.80 | 10/1/2015 | $24.68 | $27.29 |
| 8/18/2015 | $28.30 | $28.76 | 10/2/2015 | $26.31 | $27.27 |
| 8/19/2015 | $27.61 | $28.67 | 10/5/2015 | $28.15 | $27.29 |
| 8/20/2015 | $26.00 | $28.48 | 10/6/2015 | $27.62 | $27.30 |
| 8/21/2015 | $25.87 | $28.31 | 10/7/2015 | $29.83 | $27.35 |
| 8/24/2015 | $25.17 | $28.11 | 10/8/2015 | $30.32 | $27.41 |
| 8/25/2015 | $24.38 | $27.89 | 10/9/2015 | $30.85 | $27.48 |
| 8/26/2015 | $25.03 | $27.73 | 10/12/2015 | $28.75 | $27.51 |
| 8/27/2015 | $26.46 | $27.67 | 10/13/2015 | $29.06 | $27.54 |
| 8/28/2015 | $26.83 | $27.62 | 10/14/2015 | $29.38 | $27.57 |
| 8/31/2015 | $27.79 | $27.63 | 10/15/2015 | $29.71 | $27.61 |
| 9/1/2015 | $27.03 | $27.61 | 10/16/2015 | $31.15 | $27.68 |
| 9/2/2015 | $27.82 | $27.61 | 10/19/2015 | $30.91 | $27.74 |
| 9/3/2015 | $28.30 | $27.64 | 10/20/2015 | $30.91 | $27.80 |
| 9/4/2015 | $28.15 | $27.66 | 10/21/2015 | $29.30 | $27.82 |
| 9/8/2015 | $27.18 | $27.64 | 10/22/2015 | $29.15 | $27.84 |
| 9/9/2015 | $27.18 | $27.63 | 10/23/2015 | $30.28 | $27.89 |
| 9/10/2015 | $27.71 | $27.63 | 10/26/2015 | $30.89 | $27.94 |
| 9/11/2015 | $27.39 | $27.62 | 10/27/2015 | $31.34 | $27.99 |
| 9/14/2015 | $26.90 | $27.60 | 10/28/2015 | $30.87 | $28.04 |
| 9/15/2015 | $27.17 | $27.58 | 10/29/2015 | $29.06 | $28.05 |
| 9/16/2015 | $27.75 | $27.59 | 10/30/2015 | $28.46 | $28.06 |

# ADDITIONAL PROVISIONS

62.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her or its Recognized Loss Amounts as calculated above with respect to Twitter common stock.

63.    **FIFO Matching:**  If a Class Member made more than one purchase or sale of Twitter common stock during the relevant period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

64.    **"Purchase/Sale" Dates:**  Purchases and sales of Twitter common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of Twitter common stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented.  However, the receipt or grant by gift, inheritance, or operation of law of Twitter common stock during the Class Period shall not be deemed a purchase or sale of Twitter common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of Twitter common stock unless (i) the donor or decedent purchased the shares during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

65.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the Twitter common stock.  The date of a "short sale" is deemed to be the date of sale of the Twitter common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.  In the event that a Claimant has an opening short position in Twitter common stock, the earliest purchases of Twitter common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

66.    **Common Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to Twitter common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

67.    **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Twitter common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[4] and (ii) the sum of the Claimant's Total Sales Proceeds[5] and the

---

[4]    The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Twitter common stock purchased during the Class Period.

[5]    The Claims Administrator shall match any sales of Twitter common stock during the Class Period first against the Claimant's opening position in Twitter common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Twitter common stock sold during the Class Period is the "Total Sales Proceeds."

Claimant's Holding Value.[6]  If the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

68.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Twitter common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement and the Agreement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Twitter common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

69.     **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its _pro rata_ share of the Net Settlement Fund.  The _pro rata_ share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

70.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed _pro rata_ to all Authorized Claimants entitled to receive payment.

71.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust.

72.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Class Representatives, Class Counsel, Class Representatives' damages expert, Class Representatives' consulting experts, Defendants, Defendants' Counsel, or any of the other Class Members or Released Defendant Parties, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Class Representatives, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination,

---

[6]   The Claims Administrator shall ascribe a "Holding Value" of $29.72 to each share of Twitter common stock purchased during the Class Period that was still held as of the close of trading on August 3, 2015.

1   administration, calculation, or payment of any Claim or nonperformance of the Claims
2   Administrator; the payment or withholding of Taxes; or any losses incurred in connection
    therewith.

3       73.     The Plan of Allocation stated herein is the Plan that is being proposed to the Court
    for its approval by Class Representatives after consultation with their damages' expert.  The Court
4   may approve this Plan as proposed or it may modify the Plan of Allocation without further notice
    to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on
5   the case website, www.TwitterSecuritiesLitigation.com.

6   ┌─────────────────────────────────────────────────────────────────────────┐
    │        **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?**         │
7   │              **HOW WILL THE LAWYERS BE PAID?**                            │
    └─────────────────────────────────────────────────────────────────────────┘

8       74.     Class Counsel have not received any payment for their services in pursuing claims
    against the Defendants on behalf of the Class, nor have Class Counsel been paid for their litigation
9   expenses.  Before final approval of the Settlement, Class Counsel will apply to the Court for an
    award of attorneys' fees for all Class Representatives' Counsel in an amount not to exceed 22.5%
10  of the Settlement Fund, plus interest.  At the same time, Class Counsel also intends to apply for
    payment of litigation expenses paid or incurred by Class Representatives' Counsel in an amount
11  not to exceed $4,000,000, plus interest, as well as an application for payment of the reasonable
    costs and expenses incurred by Class Representatives directly related to their representation of the
12  Class in an amount not to exceed $40,000 in the aggregate.  The Court will determine the amount
    of any award of attorneys' fees or litigation expenses.  Such sums as may be approved by the Court
13  will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees
    or expenses.
14

15  ┌─────────────────────────────────────────────────────────────────────────┐
    │        **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?**            │
16  │              **HOW DO I EXCLUDE MYSELF?**                                 │
    └─────────────────────────────────────────────────────────────────────────┘

17      75.     On July 17, 2018, the Court certified the Class in this case.  On April 2, 2019, the
    Court-ordered notice was disseminated to potential Class Members.  That notice required Class
18  Members seeking exclusion to make a formal request to the Court postmarked or submitted online
    no later than May 23, 2019.  If you timely and validly sought to be excluded from the Class, you
19  are not eligible to receive any payment out of the Net Settlement Fund.  There is no further
    opportunity to exclude yourself from this Settlement.  If you are a Class Member, your options, as
20  stated in detail above, are:  (1) submit a Claim Form and participate in the Settlement Fund; (2)
    object to the Settlement; or (3) do nothing.  Regardless of the option chosen, if the Court approves
21  the Settlement, it will bind Class Members.

22  ┌─────────────────────────────────────────────────────────────────────────┐
    │     **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE**       │
    │  **SETTLEMENT AND THE AGREEMENT?  DO I HAVE TO COME TO THE HEARING?**     │
23  │  **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT OR THE**     │
    │              **AGREEMENT?**                                               │
24  └─────────────────────────────────────────────────────────────────────────┘

25      76.     Class Members do not need to attend the Settlement Hearing.  The Court will
    consider any submission made in accordance with the provisions below even if a Class Member
26  does not attend the hearing.  You can participate in the Settlement without attending the Settlement
    Hearing.

27      77.     The Settlement Hearing will be held on DATE, 2022 at TIME a.m., before the
28  Honorable Jon S. Tigar at the United States District Court for the Northern District of California,
    Courtroom 6 of the Ronald V. Dellums Federal Building and Courthouse, 1301 Clay Street,

Oakland, CA 94612.  The Court reserves the right to approve the Settlement, the Agreement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and litigation expenses, and/or any other matter related to the Settlement and the Agreement at or after the Settlement Hearing without further notice to the members of the Class.

78.    Any Class Member may object to the Settlement, the Agreement, the proposed Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and litigation expenses. You may object to the proposed Settlement, the Agreement, the Plan of Allocation or the requested fees and expenses in writing by providing your full name, the basis for your belief that you are a member of the Class, the basis of your objection, and your signature.  You may not ask the Court to order a larger settlement; the Court can only approve or deny the Settlement and/or the Agreement.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  You must also include copies of documents demonstrating your purchase(s), acquisition(s), and/or sale(s) of Twitter common stock during the Class Period. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

79.    All written objections and supporting papers must: (a) clearly identify the case name and number (*In re Twitter Inc. Securities Litigation*, Case No. 4:16-cv-05314-JST); (b) be submitted to the Court either by mailing them to the Class Action Clerk for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building and Courthouse, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before DATE 2022.

80.    You may not object to the Settlement, the Agreement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and litigation expenses if you timely and validly excluded yourself from the Class or if you are not a member of the Class.

81.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first submit a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Agreement, the Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and litigation expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Court by DATE 2022.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

83.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court by DATE 2022.

84.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the case website, www.TwitterSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

85.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever**

1  **foreclosed from making any objection to the proposed Settlement, the Agreement, the**
   **proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and**
2  **litigation expenses. Class Members do not need to appear at the Settlement Hearing or take**
   **any other action to indicate their approval.**
3

   | **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
   | --- |
4

5      86.    If you purchased or acquired Twitter common stock from February 6, 2015 through
   July 28, 2015, inclusive, for the beneficial interest of persons or organizations other than yourself,
6  you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims
   Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to
7  all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets
   forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this
8  Notice, provide a list of the names and addresses of all such beneficial owners to Twitter Securities
   Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6389, Portland, OR 97228-
9  6389.  If you choose the second option, the Claims Administrator will send a copy of the Notice
   and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such
10 nominees may seek reimbursement of their reasonable expenses actually incurred, by providing
   the Claims Administrator with proper documentation supporting the expenses for which
11 reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from
   the website maintained by the Claims Administrator, www.TwitterSecuritiesLitigation.com., or by
12 calling the Claims Administrator toll-free at 1-888-510-9590.

13
   | **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
   | --- |
14

15     87.    This Notice contains only a summary of the terms of the proposed Settlement and
   the Agreement.  More detailed information about the matters involved in this Litigation is available
16 at www.TwitterSecuritiesLitigation.com, including, among other documents, copies of the
   Stipulation and Agreement.  This Notice summarizes the proposed Settlement.  For the precise
17 terms and conditions of the Settlement, please see the settlement agreement available at
   www.TwitterSecuritiesLitigation.com, or by contacting Class Counsel below.  You may also
18 access the Court docket in this case, for a fee, through the Court's Public Access to Court
   Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of
19 the Clerk of the Court for the United States District Court for the Northern District of California,
   Ronald V. Dellums Federal Building and Courthouse, 1301 Clay Street, Oakland, CA 94612,
20 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  Additionally,
   copies of the Stipulation, the Agreement and any related orders entered by the Court will be posted
21 on the website maintained by the Claims Administrator, www.TwitterSecuritiesLitigation.com.

22     All inquiries concerning this Notice and the Claim Form may be directed to any of the
   following:

23 | *Twitter Securities Litigation* | Gregg S. Levin, Esq. | Ellen Gusikoff Stewart, |
   | c/o Epiq | Max N. Gruetzmacher, Esq. | Esq. |
24 | P.O. Box 6389 | MOTLEY RICE LLC | ROBBINS GELLER |
   | Portland, OR 97228-6389 | 28 Bridgeside Boulevard | RUDMAN & DOWD LLP |
25 | 1-888-510-9590 | Mount Pleasant, SC 29464 | 655 West Broadway, Suite |
   | info@TwitterSecuritiesLitigation.com | 1-800-697-4630 | 1900 |
26 | www.TwitterSecuritiesLitigation.com | twitterquestions@motleyrice.com | San Diego, CA  92101-|
   | | | 8498 |
27 | | | 1-800-449-4900 |
   | | | elleng@rgrdlaw.com |
28

1

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

2

3    Dated: _____                    By Order of the Court
                                           United States District Court
4                                          Northern District of California

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | Case No. 4:16-cv-05314-JST (SK) |
| | CLASS ACTION |
| This Document Relates To: | PROOF OF CLAIM FORM |
| ALL ACTIONS. | EXHIBIT A-2 |

4813-7465-4718.v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Twitter Securities Litigation*

**c/o Epiq Class Action & Claim Solutions, Inc.**
**PO Box 6389**
**Portland, OR 97228-6389**
**Toll-Free Number:  1-888-510-9590**
**Email:  _____**
**Website:  www.TwitterSecuritiesLitigation.com**

# <u>PROOF OF CLAIM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Litigation, you must complete and sign this Proof of Claim form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked* no later than _____, 2022 or submit it online at the above website on or before _____, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

4813-7465-4718.v2

1

**TABLE OF CONTENTS**

2

**Page**

3   PART I – INSTRUCTIONS .................................................................................................. 1

4         A.     GENERAL INSTRUCTIONS ............................................................... 1

5         B.     CLAIMANT IDENTIFICATION ......................................................... 2

6         C.     CLAIM FORM .................................................................................... 3

7   PART II – CLAIMANT IDENTIFICATION ....................................................................... 5

8   PART III –    SCHEDULE OF TRANSACTIONS IN TWITTER PUBLICLY TRADED

9               COMMON STOCK .............................................................................................. 6

    PART IV –    SUBMISSION TO JURISDICTION OF COURT AND

10               ACKNOWLEDGMENTS ..................................................................................... 7

11   PART V – RELEASE .......................................................................................................... 8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PART I – INSTRUCTIONS**

    **A.**     **GENERAL INSTRUCTIONS**

    1.    To recover as a member of the Class based on your claims in the action entitled *In re Twitter Inc. Securities Litig.*, Case No. 4:16-cv-05314-JST (SK) (the "Litigation"), you must complete and, on page [___] hereof, sign this Proof of Claim form ("Claim Form"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

    2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Litigation.

    3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE _____, 2022, ADDRESSED AS FOLLOWS:

> *Twitter Securities Litigation*
> c/o Epiq Class Action & Claim Solutions, Inc.
> PO Box 6389
> Portland, OR 97228-6389
> Toll-Free Number: 1-888-510-9590
> Email: info@TwitterSecuritiesLitigation.com
> Website: www.TwitterSecuritiesLitigation.com

If you are NOT a member of the Class, as defined below and in the Notice of (1) Proposed Class Action Settlement; (2) Settlement Hearing; and (3) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), DO NOT submit a Claim Form.

    4.    If you are a member of the Class and you did not timely and validly request exclusion from the Class in connection with the Notice of Pendency of Class Action you received in 2019, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

    5.    It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the

defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**B.     CLAIMANT IDENTIFICATION**

1.     Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Twitter publicly traded common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Twitter publicly traded common stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Twitter publicly traded common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE TWITTER PUBLICLY TRADED COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

2.     All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

3.     **A Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

4.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Twitter publicly traded common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

5.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own or owned the Twitter publicly traded common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

## C.   CLAIM FORM

1.    Use Part III of this form entitled "Schedule of Transactions in Twitter Publicly Traded Common Stock" to supply all required details of your transaction(s) in Twitter publicly traded common stock.  If you need more space or additional schedules, attach separate sheets, copies of which are available at www.TwitterSecuritiesLitigation.com, giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Twitter publicly traded common stock that took place at any time on or between and including February 6, 2015 and October 30, 2015, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of shares of Twitter publicly traded common stock you held at the close of trading on February 5, 2015, July 28, 2015, and October 30, 2015.

3.    List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Twitter publicly traded common stock set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in Twitter publicly traded common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.      As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.

8.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions,   Inc.,   at   the   address   on   the   first   page   of   the   Claim   Form,   by   email   at

info@TwitterSecuritiesLitigation.com, or by toll-free phone at 1-888-510-9590, or you can visit the website, www.TwitterSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

9.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.TwitterSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@TwitterSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶B.3 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.1 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@TwitterSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.   THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-888-510-9590.**

**PART II – CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

_____

<u>Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner</u>

_____

Street Address

_____

_____          _____
City                                      State or Province

_____          _____
Zip Code or Postal Code                   Country

_____          _____
Social Security Number or                                          Individual
Taxpayer Identification Number                                     Corporation/Other

_____    _____
Area Code          Telephone Number (work)

_____    _____
Area Code          Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

**PART III –    SCHEDULE OF TRANSACTIONS IN TWITTER PUBLICLY TRADED COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Twitter publicly traded common stock.

    A.    Number of shares of Twitter publicly traded common stock held at the close of trading on February 5, 2015.  (Must be documented.)  If none, write "zero": _____

    B.    Purchases or acquisitions of Twitter publicly traded common stock (February 6, 2015-October 30, 2015, inclusive) (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

C.      Sales of Twitter publicly traded common stock (February 6, 2015-October 30, 2015, inclusive) (Must be documented.):

| Trade Date Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
| --- | --- | --- | --- |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

D.      Number of shares of Twitter publicly traded common stock held at the close of trading on July 28, 2015.  (Must be documented.)  If none, write "zero": _____

E.      Number of shares of Twitter publicly traded common stock held at the close of trading on October 30, 2015.  (Must be documented.)  If none, write "zero":  _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART IV –    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated January 5, 2022 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, Oakland Division, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to Class Counsel and/or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of

1  Twitter publicly traded common stock during the Class Period and know of no other Person having

2  done so on my (our) behalf.

3  **PART V – RELEASE**

4      1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

5  finally, and forever settle, release, relinquish, and discharge all of the Released Claims (including

6  Unknown Claims) against each and all of the Released Defendant Parties, each as defined herein and

7  in the Notice, Stipulation, and the Agreement.

8      2.    This release shall be of no force or effect unless and until the Court approves the

9  Stipulation and it becomes effective on the Effective Date.

10     3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or

11  purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

12  release or any other part or portion thereof and have not submitted any other claim covering the same

13  purchases of Twitter publicly traded common stock and know of no other person having done so on

14  my (our) behalf.

15     4.    I (We) hereby warrant and represent that I (we) have included all requested

16  information about all of my (our) purchases or acquisitions of Twitter publicly traded common stock

17  during the Class Period, as well as the number of shares held at the close of trading on February 5,

18  2015, July 28, 2015, and October 30, 2015.

19     5.    The number(s) shown on this form is (are) the correct SSN/TIN(s).

20     6.    I (We) waive the right to trial by jury, to the extent it exists, and agree to the

21  determination by the Court of the validity or amount of this claim, and waive any right of appeal or

22  review with respect to such determination.

23     7.    I (We) certify that I am (we are) NOT subject to backup withholding under the

24  provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

25      (NOTE: If you have been notified by the Internal Revenue Service that you are subject to

26  backup withholding, you must cross out Item 7 above.)

27      I (We) declare under penalty of perjury under the laws of the United States of America that

28  the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 20__,

(Month/Year)

in _____, _____.
        (City)                       (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer,
Executor or Administrator)

For Joint Beneficial Purchaser, if any:

_____
(Sign your name here)

_____
(Type or print your name here)

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation, if available.

3.      Do not send original stock certificates.  Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form and all supporting documentation for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If**

1   **you do not receive an acknowledgement postcard within 60 days, please call the Claims**

2   **Administrator toll free at 1-888-510-9590.**

3         6.     If you move, please send us your new address.

4         7.     If you have any questions or concerns regarding your claim, contact the Claims

5   Administrator at Twitter Securities Settlement, c/o Epiq Class Action & Claim Solutions, Inc., PO

6   Box 6389, Portland, OR 97228-6389, by email at info@TwitterSecuritiesLitigation.com, or by toll-

7   free phone at 1-888-510-9590, or you may visit www.TwitterSecuritiesLitigation.com.  DO NOT

8   call Twitter, the other Defendants, or their counsel with questions regarding your claim.

# EXHIBIT A-3

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | Case No. 4:16-cv-05314-JST (SK) |
| | CLASS ACTION |
| This Document Relates To: | SUMMARY NOTICE |
| ALL ACTIONS. | EXHIBIT A-3 |

4821-5538-5086.v2

1 *IF YOU PURCHASED OR ACQUIRED TWITTER, INC. ("TWITTER") PUBLICLY TRADED*
*COMMON STOCK FROM FEBRUARY 6, 2015 THROUGH JULY 28, 2015, INCLUSIVE, AND*
2 *WERE DAMAGED THEREBY (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM*
*A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE*
3 *DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

4 PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED

5 BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

6 YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

7 Procedure and Order of the United States District Court for the Northern District of California,

8 Oakland Division, that a Settlement for $809,500,000.00 in cash to be paid or caused to be paid by

9 Twitter, Inc. has been proposed in the above-captioned litigation (the "Litigation") in exchange for

10 mutual releases and dismissal of the Litigation against the Defendants as set forth in a Stipulation of

11 Settlement between Class Representatives and Twitter, Inc. dated January 5, 2022, and a separate

12 Stipulation of Dismissal and Mutual Release of Claims between the Class Representatives and

13 defendants Richard Costolo and Anthony Noto dated January 5, 2022.  A hearing will be held on

14 _____, 2022, at __:__ _.m., before the Honorable Jon S. Tigar, at the United States District

15 Court, Northern District of California, Oakland Division, Ronald V. Dellums Federal Building and

16 Courthouse, Courtroom 6, 1301 Clay Street, Oakland, CA 94612, for the purpose of determining

17 whether: (1) the proposed Settlement and the Agreement should be approved by the Court as fair,

18 reasonable, and adequate; (2) the Litigation should be dismissed in accordance with the terms of the

19 Settlement and the Agreement; (3) the proposed Plan of Allocation for distribution of the Settlement

20 proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the application

21 of Class Counsel for the payment of attorneys' fees and expenses from the Settlement Fund,

22 including interest earned thereon, and awards to the Class Representatives, should be granted.

23 **IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS**

24 **MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY**

25 **BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  If you have not received a

26 detailed Notice of (1) Proposed Class Action Settlement; (2) Settlement Hearing; and (3) Motion for

27 an Award of Attorneys' Fees and Litigation Expenses(the "Notice") and a copy of the Proof of

28 Claim, you may obtain a copy of these documents by contacting the Claims Administrator: *Twitter*

*Securities Litigation*, c/o Epiq Class Action & Claim Solutions, Inc., PO Box 6389, Portland, OR 97228-6389.  You may also obtain copies of the Stipulation of Settlement, Notice and Proof of Claim, as well as case-related documents and all briefs and documents in support of the Settlement at www.TwitterSecuritiesLitigation.com.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2022, or submit it online by that date.  If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein).

Any objection to the proposed Settlement, the Agreement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court no later than _____, 2022, and meet the requirements set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Class Counsel:

> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> ELLEN GUSIKOFF STEWART
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
> 1-800-449-4900
>
> MOTLEY RICE LLC
> GREGG S. LEVIN
> MAX N. GRUETZMACHER
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC  29464
> 1-800-697-4630

DATED: _____      BY ORDER OF THE COURT
                            UNITED STATES DISTRICT COURT
                            NORTHERN DISTRICT OF CALIFORNIA
                            OAKLAND DIVISION

# EXHIBIT B

1   ROBBINS GELLER RUDMAN & DOWD LLP
    DANIEL S. DROSMAN (200643)
2   TOR GRONBORG (179109)
    ELLEN GUSIKOFF STEWART (144892)
3   LUCAS F. OLTS (234843)
    J. MARCO JANOSKI GRAY (306547)
4   CHRISTOPHER R. KINNON (316850)
    HEATHER G. SCHLESIER (322937)
5   655 West Broadway, Suite 1900
    San Diego, CA  92101-8498
6   Telephone:  619/231-1058
    619/231-7423 (fax)
7
    MOTLEY RICE LLC
8   GREGG S. LEVIN (admitted *pro hac vice*)
    LANCE V. OLIVER (admitted *pro hac vice*)
9   MEGHAN S.B. OLIVER (admitted *pro hac vice*)
    MAX N. GRUETZMACHER (admitted *pro hac vice*)
10  CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
    MEREDITH B. WEATHERBY (admitted *pro hac vice*)
11  28 Bridgeside Blvd.
    Mt. Pleasant, SC  29464
12  Telephone:  843/216-9000
    843/216-9450 (fax)
13
    *Co-Class Counsel for the Class*
14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                         OAKLAND DIVISION
17
    In re TWITTER INC. SECURITIES          )   Case No. 4:16-cv-05314-JST (SK)
18  LITIGATION                             )
    _____)   CLASS ACTION
19                                         )
    This Document Relates To:              )   [PROPOSED] FINAL JUDGMENT AND
20                                         )   ORDER OF DISMISSAL WITH PREJUDICE
         ALL ACTIONS.                      )
21  _____)   EXHIBIT B

22

23

24

25

26

27

28

    4850-6066-1502.v2

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 5, 2022 (the "Stipulation"), and for approval of the Stipulation of Dismissal and Mutual Release between the Class Representatives and defendants Richard Costolo and Anthony Noto dated January 5, 2022 (the "Agreement").  Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation and the Agreement, and all terms used herein shall have the same meanings as set forth in the Stipulation and the Agreement, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3.      Excluded from the Class is any Person who timely and validly sought exclusion from the Class, as identified in Exhibit 1 hereto.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation, and the Agreement, and finds that:

(a)      in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement described therein, and the Agreement, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)      there was no collusion in connection with the Stipulation or the Agreement;

(c)      Class Representatives and Class Counsel have adequately represented the Class;

(d)      the Stipulation and the Agreement were the product of informed, arm's-length negotiations among competent, able counsel;

(e)      the relief provided for the Class is adequate, having taken into account (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the

1  terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement

2  required to be identified under Federal Rule of Civil Procedure 23(e)(3);

3          (f)      the proposed Plan of Allocation treats Class Members equitably relative to

4  each other; and

5          (g)      the record is sufficiently developed and complete to have enabled Class

6  Representatives, Defendant Twitter and the Individual Defendants to have adequately evaluated and

7  considered their positions.

8      5.      Accordingly, the Court authorizes and directs implementation and performance of all

9  the terms and provisions of the Stipulation and the Agreement, as well as the terms and provisions

10  hereof.  Except as to any individual claim of those Persons who have validly and timely requested

11  exclusion from the Class (identified in Exhibit 1 hereto), the Litigation and all claims contained

12  therein are dismissed with prejudice as to the Class Representatives, and the other Class Members

13  and as against each and all of the Released Defendant Parties, as defined in each of the Stipulation

14  and the Agreement.

15     6.      No Person shall have any claim against the Class Representatives, Class Counsel, or

16  the Claims Administrator, or any other Person designated by Class Counsel, based on determinations

17  or distributions made substantially in accordance with the Stipulation and the Settlement contained

18  therein, the Plan of Allocation, or further order(s) of the Court.

19     7.      Upon the Effective Date, the Class Representatives, and each of the Class Members

20  shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever

21  waived, released, discharged, and dismissed each and every one of the Released Claims, as defined

22  in each of the Stipulation and the Agreement, against each and every one of the Released Defendant

23  Parties, as defined in each of the Stipulation and the Agreement, with prejudice on the merits,

24  whether or not the Class Representatives, or such Class Member executes and delivers the Proof of

25  Claim and whether or not the Class Representatives, or each of the Class Members ever seeks or

26  obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation and

27  the Agreement are not released.

28

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 4:16-
cv-05314-JST (SK)                                                                        - 2 -
4850-6066-1502.v2

8.     Upon the Effective Date, Twitter, the Individual Defendants, and each and every Released Defendant Party, as defined in each of the Stipulation and the Agreement, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Class Representatives, Class Representatives' Counsel, and each and every Class Member from all Released Defendants' Claims (including, without limitation, Unknown Claims), as defined in each of the Stipulation and the Agreement.  Claims to enforce the terms of the Stipulation and the Agreement are not released.

9.     Upon the Effective Date, the Class Representatives, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind asserting any of the Released Claims (including, without limitation, Unknown Claims), as defined in each of the Stipulation and the Agreement, against any of the Released Defendant Parties, as defined in each of the Stipulation and the Agreement.

10.    The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, and the terms of the Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995.  No Class Member is relieved from the terms of the Settlement and the Agreement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and the Agreement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that

1  the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Class

2  are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

3       11.    Any Plan of Allocation submitted by Class Counsel or any order entered regarding

4  any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be

5  considered separate from this Judgment.  Any order or proceeding relating to the Plan of Allocation

6  or any order entered regarding any Fee and Expense Application, or any appeal from any order

7  relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final

8  Judgment in this Litigation.  Separate orders shall be entered regarding approval of the Plan of

9  Allocation and the Fee and Expense Application.

10      12.    Neither the Stipulation, nor the Settlement contained therein, nor the Agreement, nor

11  any act performed or document executed pursuant to or in furtherance of the Stipulation, the

12  Settlement, or the Agreement: (a) is or may be deemed to be or may be used as an admission of, or

13  evidence of, the validity of any Released Claim, as defined in each of the Stipulation and the

14  Agreement, or of any wrongdoing or liability of the Released Defendant Parties, as defined in each

15  of the Stipulation and the Agreement; or (b) is or may be deemed to be or may be used as an

16  admission of, or evidence of, any fault or omission of any of the Released Defendant Parties, as

17  defined in each of the Stipulation and the Agreement; or (c) is or may be deemed to be or may be

18  used as an admission or evidence that any claims asserted by Class Representatives were not valid or

19  that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or

20  administrative proceeding in any court, administrative agency or other tribunal.  The Released

21  Defendant Parties, as defined in each of the Stipulation and the Agreement, may file the Stipulation,

22  the Agreement, and/or this Judgment in any other action that may be brought against them in order

23  to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

24  good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

25  preclusion or similar defense or counterclaim.

26      13.    The Court finds that Twitter has satisfied its financial obligations under the

27  Stipulation by paying or causing to be paid $809,500,000.00 to the Settlement Fund, in accordance

28  with ¶2.2 of the Stipulation.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any Fee and Expense Application; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

15.     The Court finds that during the course of the Litigation, the Settling Parties, the Individual Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or the Agreement does not become effective in accordance with its terms, or in the event that the Settlement Fund, or any portion thereof, is returned to Twitter, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and the Agreement and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Agreement, and the Settling Parties and the Individual Defendants shall revert to their respective positions in the Litigation as of September 19, 2021, as provided in the Stipulation and the Agreement.

17.     The Settling Parties and the Parties to the Agreement shall bear their own costs and expenses except as otherwise provided in the Stipulation, the Agreement, or in this Judgment.

18.     The Settling Parties and the Parties to the Agreement are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation and the Agreement, respectively, provided that such amendments, modifications, and expansions of the Stipulation and the Agreement are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation and the Agreement, respectively.

19.     Without further order of the Court, the Settling Parties and the Parties to the Agreement may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation and the Agreement, respectively.

1     20.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

2     21.    The Court's orders entered during this Litigation relating to the confidentiality of

3     information shall survive the Settlement and resolution and dismissal of the Litigation.

4     IT IS SO ORDERED.

5     DATED: _____    _____

6                                          THE HONORABLE JON S. TIGAR
                                            UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 4:16-
cv-05314-JST (SK)                                                                    - 6 -
4850-6066-1502.v2

1

**CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)**

2   I, Daniel S. Drosman, am the ECF User whose identification and password are being used to

3  file this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the

4  document has been obtained from each of the other signatories.

5   Dated:  January 7, 2022

6                                            s/ Daniel S. Drosman
                                            DANIEL S. DROSMAN
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28