EXHIBIT 4

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) ) ) Case No. 4:16-cv-05314-JST (SK) |
| | ) CLASS ACTION |
| This Document Relates To: | ) ) STIPULATION OF DISMISSAL AND |
| ALL ACTIONS. | ) MUTUAL RELEASE OF CLAIMS ) ) |

4830-2602-1374.v6

This Stipulation of Dismissal and Mutual Release of Claims, dated January 5, 2022 (the "Agreement"), is made and entered into by and between: (i) Class Representatives KBC Asset Management NV ("KBC") and National Elevator Industry Pension Fund, on behalf of themselves and each Class Member,[1] by and through their counsel of record in the Litigation; and (ii) Defendants Richard Costolo and Anthony Noto (the "Individual Defendants"), by and through their counsel of record in the Litigation.[2]  The Agreement is intended to fully, finally, and forever resolve, discharge, release, and dismiss with prejudice the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Agreement.

## I.      THE LITIGATION

The Litigation is currently pending before the Honorable Jon S. Tigar in the United States District Court for the Northern District of California (the "Court").  The initial complaint in this action was filed on September 16, 2016.  The parties vigorously litigated the case for five years. The parties have conducted extensive fact, class certification, and expert discovery, including depositions, the production and review of documents, and the exchange of expert reports.

The trial was initially scheduled for November 2019 and reset several times, with the final setting in September 2021.  On September 19, 2021, one day before the trial was scheduled to begin, the Class Representatives and Twitter agreed to settle the Litigation in return for a cash payment of $809,500,000 by Twitter for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court, and the terms of a separate stipulation of dismissal of the claims against the Individual Defendants and approval by the Court. This Agreement reflects the final and binding agreement between Class Representatives and the Individual Defendants, and a resolution of all matters that are, or could have been, in dispute between the Parties to this Agreement.

---

[1]   All capitalized terms not otherwise defined shall have the meanings ascribed to them in §III.1 herein.  To the extent capitalized terms are not defined in this Agreement, such terms shall have the same meaning as set forth in the Stipulation.

[2]   Class Representatives, on behalf of themselves and each Class Member, and Defendant Twitter, Inc. ("Twitter") have entered into a separate Stipulation of Settlement, dated January 5, 2022 (the "Stipulation"), providing for the settlement and dismissal with prejudice of the Litigation (the "Settlement").

## II.      INDIVIDUAL DEFENDANTS' DENIALS OF LIABILITY

Throughout this Litigation, the Individual Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by Class Representatives, as well as any and all allegations of fault, liability, misconduct, wrongdoing, or damages whatsoever.  Among other things, the Individual Defendants expressly have denied, and continue to deny, that they made any false or misleading statements, that any statement during the Class Period was made with scienter, that any alleged false or misleading statement caused Twitter's stock to trade at artificially inflated prices, that any such alleged false or misleading statement caused Twitter's stock price to decline, that any Class Member, including Class Representatives, suffered any damages, or that any Class Member, including Class Representatives, was harmed by any conduct alleged in the Litigation or that could have been alleged therein.  The Individual Defendants maintain that they have meritorious defenses to the claims alleged in the Litigation.

As set forth below, neither the Stipulation nor Settlement, nor any of the terms of this Agreement, shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, misconduct, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Individual Defendants have, or could have, asserted in the Litigation.

## III.      TERMS OF THE AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Class Representatives (on behalf of themselves and the Class Members) and the Individual Defendants, by and through their counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties, the Released Claims shall be finally and fully dismissed and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement, as follows:

1.      **Definitions**

As used in this Agreement the following terms, when capitalized, have the meanings specified below:

1.1    "Class Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and Motley Rice LLC.

1.2    "Class Representatives" means KBC Asset Management NV and National Elevator Industry Pension Fund.

1.3    "Class Representatives' Counsel" means Class Counsel and Bleichmar Fonti & Auld LLP.

1.4    "Defendants" mean Twitter, Inc. and the Individual Defendants.

1.5    "Effective Date," or the date upon which the Settlement between Class Representatives on behalf of themselves and the Class and Twitter becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred, or have been waived.

1.6    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of the Settlement and the Agreement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) a Fee and Expense Award, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining

1  Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the

2  Judgment from becoming Final.

3        1.7      "Individual Defendants" means Richard Costolo and Anthony Noto.

4        1.8      "Individual Defendants' Counsel" means Cooley LLP and Simpson Thacher &

5  Bartlett LLP.

6        1.9      "Judgment" means the Final Judgment to be rendered by the Court, substantially in

7  the form attached to the Stipulation as Exhibit B, as well as any form of final judgment that may

8  be entered by the Court in a form other than the form attached thereto as Exhibit B and where none

9  of the parties to the Stipulation between Class Representatives and Twitter elects to terminate that

10 Settlement by reason of such variance, consistent with the terms of the Stipulation.

11       1.10     "Litigation" means the action captioned *In re Twitter Inc. Securities Litigation*,

12 No. 4:16-cv-05314-JST (SK), pending in the United States District Court for the Northern District

13 of California.

14       1.11     "Party to this Agreement" or "Parties to this Agreement" means each and all of the

15 Individual Defendants and Class Representatives, on behalf of themselves and the Class.

16       1.12     "Person(s)" means an individual, corporation (including all divisions and

17 subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited

18 partnership, limited liability partnership, limited liability company, joint venture, association, joint

19 stock company, estate, legal representative, trust, unincorporated association, government or any

20 political subdivision or agency thereof, and any business or legal entity and all of their respective

21 spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives,

22 or assignees when acting in their capacity as such.

23       1.13     "Related Parties" means any Person's former, present or future parents,

24 subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in

25 which a Person has a controlling interest, and each and all of their respective present and former

26 employees, members, partners, principals, officers, directors, controlling shareholders, agents,

27 attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants,

28

underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, Immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.[3]

1.14    "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation, could have been asserted in any forum, or could in the future be asserted in any forum, whether known claims or Unknown Claims, whether foreign or domestic, whether arising under federal, state, local, common, statutory, governmental, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class, individual, direct, derivative, representative, on behalf of others in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether brought directly or indirectly against any of the Released Defendant Parties that Class Representatives, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (i) asserted in the Litigation, or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Litigation, or which could have been alleged in the Litigation, and that relate in any way, directly or indirectly, to the purchase, acquisition, holding, sale, or disposition of any Twitter securities during the Class Period.  Released Claims does not include (i) claims to enforce the Settlement or this Agreement; (ii) any claims of any person or entity that submitted a request for exclusion as set forth in Appendix 1 to the Stipulation; or (iii) any claims

---

[3] For purposes of this Agreement, the Individual Defendants and Twitter are not each other's Related Parties.  "Immediate family members" means, as defined in 17 C.F.R. §229.404 Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

of Future Excluded Persons.  Released Claims include "Unknown Claims," as defined in ¶1.19 below.

1.15    "Released Defendant Party" or "Released Defendant Parties" mean each and all of the Individual Defendants, the Individual Defendants' Counsel, and any of their Related Parties.

1.16    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Class Representatives, Class Representatives' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, dismissal or release of the claims against the Individual Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or this Agreement.  For the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any agreements between or among Released Defendant Parties, and does not release claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Individual Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Litigation, including legal fees and costs incurred in connection with the Litigation.

1.17    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Class Representative, Class Counsel, Class Representatives' Counsel, and each of their Related Parties.  Releasing Plaintiff Parties does not include any person or entity that submitted a request for exclusion as set forth in Appendix 1 to the Stipulation or any claims of Future Excluded Persons.

1.18    "Order of Dismissal" means the order to be rendered by the Court dismissing from the Litigation with prejudice the Individual Defendants.

1.19    "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its agreement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement or this Agreement, including, but not

limited to, whether or not to object to this Agreement; and (b) any and all Released Defendants'

Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or

its favor at the time of the release of Class Representatives, the Class and Class Representatives'

Counsel, which, if known by him, her, or it, might have affected his, her, or its agreement with and

release of Class Representatives, the Class and Class Representatives' Counsel.  With respect to

(a) any and all Released Claims against the Released Defendant Parties, and (b) any and all

Released Defendants' Claims against Class Representatives, the Class and Class Representatives'

Counsel, the Parties to this Agreement stipulate and agree that, upon the Effective Date, the Parties

to this Agreement shall expressly waive, and each Releasing Plaintiff Party and Released

Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly

waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties to this Agreement shall expressly waive, and each Releasing Plaintiff Party and

Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have,

expressly waived any and all provisions, rights, and benefits conferred by any law of any state or

territory of the United States, or principle of common law, which is similar, comparable, or

equivalent to California Civil Code §1542.  The Parties to this Agreement acknowledge, and each

Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation

of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories or

authorities in addition to or different from those which he, she, it or their counsel now knows or

believes to be true with respect to the subject matter of the Released Claims or Released

Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever

waive, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to

have waived, discharged, extinguished, and released, and, upon the Effective Date, and by

operation of the Judgment, shall have waived, discharged, extinguished, and released, fully,

finally, and forever, any and all Released Claims against the Released Defendant Parties, known

or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Class Representatives, the Class and Class Representatives' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Parties to this Agreement acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of this Agreement.

2. **The Resolution**

2.1     The obligations incurred pursuant to the Agreement are (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

3. **Preliminary Approval Order**

3.1     Immediately following execution of the Stipulation and this Agreement, Class Counsel shall submit this Agreement and the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached thereto.

4.     **Releases**

4.1     Upon the Effective Date, Class Representatives shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or other forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of this Agreement are not released.

4.2     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Class Representatives, the Class and Class Representatives' Counsel.  Claims to enforce the terms of this Agreement and the Stipulation are not released.

5.     **Dispute Resolution**

5.1     To the extent any Individual Defendant seeks to assert a claim related to the institution, prosecution or settlement of the Litigation (not including claims related to the enforcement of this Agreement), such claim will be resolved by the Honorable Layn R. Phillips (Ret.), first by way of expedited telephonic mediation, and if unsuccessful, then by way of final binding non-appealable resolution by Judge Phillips, with each side to bear its own costs and expenses.  The Parties to this Agreement submit to the jurisdiction of Judge Phillips for purposes of all claims within the scope of this ¶5.1.

6.     **Effect of Disapproval, Cancellation, or Termination of Stipulation**

6.1     In the event that the Stipulation, the Settlement, or the Agreement is not approved or is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become

Final, the Parties to this Agreement shall be restored to their respective positions in the Litigation as of September 19, 2021.  In such event, the terms and provisions of this Agreement, with the exception of §II and ¶¶1.1-1.19, 6.1, 7.1, 8.6, 8.7, 8.9 and 8.21 hereof, shall have no further force and effect with respect to the Parties to this Agreement and their counsel and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation or this Agreement shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel the Stipulation, the Settlement, or this Agreement, or constitute grounds for cancellation or termination of the Stipulation, the Settlement, or this Agreement.

7. **No Admission of Liability**

7.1    Neither the Stipulation, the Settlement, this Agreement (whether or not consummated), the negotiations leading to the execution of this Agreement, the Stipulation, or the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Agreement, the Stipulation, the Settlement, or approval thereof (including any arguments proffered in connection therewith):

(a)    shall be offered or received against the Individual Defendants or their Related Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Individual Defendants or their Related Parties of the truth of any allegations by Class Representatives or any Member of the Class or their Related Parties, or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of the Individual Defendants or their Related Parties or in any way referred to for any other reason as against the Individual Defendants or their Related Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement;

(b)      shall be offered or received against or to the prejudice of the Individual Defendants or their Related Parties as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Individual Defendants or their Related Parties, or against Class Representatives or any Member of the Class or their Related Parties as evidence of any infirmity in the claims of Class Representatives and the Class; nor

(c)      shall be offered or received against the Individual Defendants or their Related Parties as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the Parties to this Agreement, in any other civil, criminal, or administrative action or proceeding; provided, however, that if the Settlement is approved by the Court, the Released Defendant Parties may refer to this Agreement to effectuate the releases granted them hereunder.

8.      **Miscellaneous Provisions**

8.1      The Parties to this Agreement: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

8.2      The Parties to this Agreement intend this Agreement to be a final and complete resolution of all disputes between the Class and the Individual Defendants with respect to the Litigation.  None of the Settlement, the Stipulation, or the Agreement shall be deemed an admission by any Party to this Agreement or their Related Parties as to the merits of any claim or defense.  The Order of Dismissal of the Individual Defendants will contain a finding that, during the course of the Litigation, the Individual Defendants and Class Representatives and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

8.3      The Parties to this Agreement and their counsel agree not to issue any disparaging statements about the other Parties to this Agreement or their representatives and agree not to assert in any statement made to any media representative (whether or not for attribution) that the

1    Litigation was commenced or prosecuted by Class Representatives or defended by the Individual

2    Defendants in bad faith or without a reasonable basis, nor will they deny that the Litigation was

3    commenced and prosecuted and defended in good faith and is being resolved voluntarily after

4    consultation with competent legal counsel. In all events, the Parties to this Agreement and their

5    counsel shall not make any accusations of wrongful or actionable conduct by any party concerning

6    the prosecution, defense or resolution of the Litigation, and shall not otherwise suggest that the

7    Settlement constitutes an admission of any claim or defense alleged. The Individual Defendants

8    agree there is no basis in law or fact to institute or prosecute a malicious prosecution claim, an

9    abuse of process claim, a wrongful use of civil proceedings claim, or any similar claim arising out

10    of or relating to Class Representatives' or Class Representatives' Counsel's institution,

11    prosecution or settlement of the Litigation. The Individual Defendants further agree and covenant

12    that they will not institute or prosecute a malicious prosecution claim, an abuse of process claim,

13    a wrongful use of civil proceedings claim or any similar claim arising out of or relating to Class

14    Representatives' or Class Counsel's institution, prosecution or settlement of this Litigation. The

15    Parties to this Agreement and their counsel reserve their right to rebut, in a manner that such party

16    determines to be appropriate, any disparaging statement made by any Person in any public forum

17    regarding the Litigation, including that the Litigation was brought or defended in bad faith or

18    without a reasonable basis.

19        8.4    The Individual Defendants shall take no position on any Fee and Expense

20    Application submitted by Class Representatives' Counsel to the Court.

21        8.5    The Released Defendant Parties may file this Agreement and/or the Stipulation and

22    Order of Dismissal from this action in any other action in order to support a defense or

23    counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations,

24    statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim

25    preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability

26    protection under any applicable insurance policy. The Parties to this Agreement may file this

27    Agreement and/or the Stipulation and Order of Dismissal in any action that may be brought to

28

1    enforce the terms of this Agreement and/or the Stipulation and Order of Dismissal.  All Parties to

2    this Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing

3    the Agreement.

4        8.6    All agreements made and orders entered during the course of the Litigation relating

5    to the confidentiality of information shall survive this Agreement.

6        8.7    This Agreement may be amended or modified only by a written instrument signed

7    by or on behalf of all Parties to this Agreement or their respective successors-in-interest.

8        8.8    This Agreement constitutes the entire agreement among the Parties to this

9    Agreement as to the subject matter hereof and supersede any prior or contemporaneous written or

10   oral agreements or understandings between the Parties to this Agreement, including, but not

11   limited to, the confidential term sheet dated September 19, 2021.  Each Party to this Agreement

12   expressly disclaims any reliance on any representations, warranties, or inducements concerning

13   this Agreement, other than the representations, warranties, and covenants contained and

14   memorialized in such documents.

15       8.9    Except as otherwise provided herein, or otherwise agreed to in writing by the

16   Parties hereto, each party shall bear his, her, or its own fees and costs.

17       8.10   Class Counsel, on behalf of the Class, are expressly authorized by Class

18   Representatives to take all appropriate action required or permitted to be taken by the Class

19   pursuant to this Agreement to effectuate its terms and also are expressly authorized to enter into

20   any modifications or amendments to this Agreement on behalf of the Class which they deem

21   appropriate.

22       8.11   Each counsel or other Person executing this Agreement, on behalf of any party

23   hereto hereby warrants that such Person has the full authority to do so, and that they have the

24   authority to take appropriate action required or permitted to be taken pursuant to the Agreement to

25   effectuate its terms.

26

27

28

8.12    This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

8.13    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Class Representatives or to Class Representatives' Counsel:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> ELLEN GUSIKOFF STEWART
> 655 West Broadway, Suite 1900
> San Diego, CA  92101

> MOTLEY RICE LLC
> LANCE OLIVER
> 28 Bridgeside Boulevard
> Mt. Pleasant, SC  29464

If to Mr. Costolo or Mr. Costolo's Counsel:

> COOLEY LLP
> JOHN C. DWYER
> 3175 Hanover Street
> Palo Alto, CA  94304

> SIMPSON THACHER & BARTLETT LLP
> JONATHAN K. YOUNGWOOD
> 425 Lexington Avenue
> New York, NY 10017

If to Mr. Noto or Mr. Noto's Counsel:

> COOLEY LLP
> JOHN C. DWYER
> 3175 Hanover Street
> Palo Alto, CA  94304

SIMPSON THACHER & BARTLETT LLP
JONATHAN K. YOUNGWOOD
425 Lexington Avenue
New York, NY 10017

SIDLEY AUSTIN LLP
SARA B. BRODY
555 California Street, Suite 2000
San Francisco, CA 94104

8.14    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to this Agreement.

8.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties to this Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement and matters related to the Settlement.

8.16    The waiver by one Party to this Agreement of any breach of this Agreement by any other party shall not be deemed a waiver by any other Party to this Agreement or a waiver of any other prior or subsequent breach of this Agreement.

8.17    Pending approval of the Court of the Settlement and the Agreement, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.18    This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California and the rights and obligations of the Parties to the Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

8.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.20    This Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties to this Agreement, it being recognized that it is the result of arm's-length negotiations

1   between the Parties to this Agreement and the Parties to this Agreement have contributed

2   substantially and materially to the preparation of this Agreement.

3       8.21    Nothing in the Agreement, or the negotiations relating thereto, is intended to or

4   shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without

5   limitation, attorney-client privilege, joint defense privilege, or work product protection.

6       8.22    Unless otherwise provided, the Parties to this Agreement may agree to reasonable

7   extensions of time to carry out any of the provisions of this Agreement without further order of

8   the Court.

9       IN WITNESS WHEREOF, the parties hereto have executed or caused the Agreement to

10  be executed, by their duly authorized attorneys, dated January 5, 2022.

11                                  ROBBINS GELLER RUDMAN & DOWD LLP
                                    DANIEL S. DROSMAN
12                                  TOR GRONBORG
                                    ELLEN GUSIKOFF STEWART
13                                  LUCAS F. OLTS
                                    J. MARCO JANOSKI GRAY
14                                  CHRISTOPHER R. KINNON
                                    HEATHER G. SCHLESIER
15

16

17                                  _____
                                          DANIEL S. DROSMAN
18
                                    655 West Broadway, Suite 1900
19                                  San Diego, CA  92101-8498
                                    Telephone:  619/231-1058
20                                  619/231-7423 (fax)
                                    ddrosman@rgrdlaw.com
21                                  torg@rgrdlaw.com
                                    elleng@rgrdlaw.com
22                                  lolts@rgrdlaw.com
                                    mjanoski@rgrdlaw.com
23                                  ckinnon@rgrdlaw.com
                                    hschlesier@rgrdlaw.com

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTLEY RICE LLC
GREGG S. LEVIN
LANCE V. OLIVER
MEGHAN S.B. OLIVER
MAX N. GRUETZMACHER
CHRISTOPHER F. MORIARTY
MEREDITH B. WEATHERBY

_____
LANCE V. OLIVER

28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
loliver@motleyrice.com
moliver@motleyrice.com
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
mweatherby@motleyrice.com

*Co-Class Counsel*

BLEICHMAR FONTI & AULD LLP
LESLEY E. WEAVER
555 12th Street, Suite 1600
Oakland, CA  94607
Telephone:  415/445-4003
415/445-4020 (fax)
lweaver@bfalaw.com

*Liaison Counsel*

SIMPSON THACHER & BARTLETT LLP
JONATHAN K. YOUNGWOOD (*pro hac vice*)
JANET A. GOCHMAN (*pro hac vice*)
JOHN A. ROBINSON (*pro hac vice*)

JONATHAN K. YOUNGWOOD

425 Lexington Avenue
New York, NY  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
jyoungwood@stblaw.com
jgochman@stblaw.com
jrobinson@stblaw.com

*Counsel for Defendants Richard Costolo and
Anthony Noto*

COOLEY LLP
KATHLEEN GOODHART
AARTI REDDY
LAURA ELLIOTT
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111
Telephone:  415/693-2000
415/693-2222 (fax)
kgoodhart@cooley.com
areddy@cooley.com
lelliott@cooley.com

COOLEY LLP
JOHN C. DWYER
JESSICA VALENZUELA SANTAMARIA
BRETT DE JARNETTE
3175 Hanover Street
Palo Alto, CA  94304
Telephone:  650/843-5000
650/849-7400 (fax)
dwyerjc@cooley.com
jvs@cooley.com
bdejarnette@cooley.com

*Counsel for Defendants Richard Costolo and
Anthony Noto*

STIPULATION OF DISMISSAL AND MUTUAL RELEASE OF CLAIMS - 4:16-cv-05314-JST (SK)        - 18 -
4830-2602-1374.v6

**CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Daniel S. Drosman, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: January 7, 2022

s/ Daniel S. Drosman
DANIEL S. DROSMAN