MOTLEY RICE LLC
GREGG S. LEVIN (*pro hac vice*)
LANCE V. OLIVER (*pro hac vice*)
MEGHAN S.B. OLIVER (*pro hac vice*)
MAX N. GRUETZMACHER (*pro hac vice*)
CHRISTOPHER F. MORIARTY (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  (843) 216-9000
Facsimile:   (843) 216-9450

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  (619) 231-1058
Facsimile:   (619) 231-7423

*Co-Class Counsel*

COOLEY LLP
JOHN C. DWYER
JESSICA VALENZUELA SANTAMARIA
BRETT DE JARNETTE
3175 Hanover Street
Palo Alto, CA  94304
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400
dwyerjc@cooley.com
jvs@cooley.com
bdejarnette@cooley.com

SIMPSON THACHER & BARTLETT LLP
JONATHAN K. YOUNGWOOD
JANET GOCHMAN
JOHN A. ROBINSON
425 Lexington Avenue
New York, NY  10017
Telephone:  (212) 455-2000
Facsimile:   (212) 455-2502
jyoungwood@stblaw.com
jgochman@stblaw.com
jrobinson@stblaw.com

*Counsel for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 4:16-cv-05314-JST (SK)<br><br>**CLASS ACTION**<br><br>PLAINTIFFS' AND TWITTER INC.'S JOINT ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL AGREEMENT UNDER SEAL<br><br>JUDGE:  Hon. Jon S. Tigar<br>DATE:   March 10, 2022<br>TIME:   2:00 p.m. (via videoconference) |

4860-2008-9865.v1

PLEASE TAKE NOTICE that Class Representatives KBC Asset Management NV ("KBC") and National Elevator Industry Pension Fund ("NEIPF" and, together with KBC, "Plaintiffs" or "Class Representatives") and Twitter Inc. ("Twitter") jointly move under Civil Local Rules 79-5 and 7-11 to file a document under seal (the "Joint Motion"). Specifically, Plaintiffs and Twitter respectfully request that they be permitted to file the Confidential Supplemental Agreement dated January 5, 2022 ("Supplemental Agreement") under seal.[1] Plaintiffs and Twitter have reviewed and complied with Civil Local Rule 79-5.

## ADMINISTRATIVE MOTION TO FILE UNDER SEAL

### I. LEGAL STANDARD

Under recently-amended Northern District of California Civil Local Rule 79-5,[2] a sealing motion must address the following factors:

> [A] specific statement of the applicable legal standard *and* the reasons for keeping a document under seal, including an explanation of:
>
> (i)  the legitimate private or public interests that warrant sealing;
>
> (ii) the injury that will result if sealing is denied; and
>
> (iii) why a less restrictive alternative to sealing is not sufficient.

Civil L.R. 79-5(c)(1). Parties "seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut 'a strong presumption in favor of access' that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160-JST, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017) (Tigar, J.) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "'[A] "compelling reasons" standard applies to most judicial records. This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents."'" *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL

---

[1] All capitalized terms not defined herein shall have those meanings as set forth in the Stipulation of Settlement dated January 5, 2022 ("Stipulation"), a true and correct copy of which is being filed herewith.

[2] Civil Local Rule 79-5 was amended on November 1, 2021. Although the cases discussed below reference older iterations of Civil L.R. 79-5, they evaluate substantially the same factors as those required under the current rule.

4207245, at *6 (N.D. Cal. Sept. 4, 2018) (alteration in original).[3] "To overcome this strong presumption, the party seeking to seal a judicial record must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Id*.

While "records attached to motions that are only 'tangentially related to the merits of a case' are not subject to the strong presumption of access," "[p]reliminary approval of a settlement is an issue more than tangentially related to the merits of the case, and therefore the 'compelling reasons' standard applies." *Id*. at *7 (citing in part *Kiersey v. eBay, Inc.*, No. 12-cv-01200-JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("a motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive")). "'"[C]ompelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Hefler*, 2018 WL 4207245, at *7. "There are compelling reasons to keep . . . information [such as the threshold number of opt-out exclusions by class members] confidential in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Id*. (granting motion to seal supplemental agreement in connection with preliminary approval of settlement).

## II.   ARGUMENT

Class Representatives and Twitter respectfully request that they be permitted to file the Supplemental Agreement under seal. The Supplemental Agreement will become relevant if (and only if) the Court "enters an order granting Class Members a second opportunity to request exclusion from the Class." Stipulation, ¶7.8.

Because the Supplemental Agreement contains confidential and sensitive information concerning the conditions under which Twitter may terminate the proposed Settlement, Plaintiffs and Twitter have agreed that "[t]he Settling Parties will request that the Court afford [the Supplemental

---

[3]   All citations are omitted unless otherwise indicated.

1  Agreement] confidential treatment." *Id.* The Parties have further agreed that "[t]he Supplemental
2  Agreement's terms shall not be disclosed in any other manner (other than the statements [contained
3  in the Stipulation] and in the Notice, to the extent necessary, or otherwise provided in the
4  Supplemental Agreement) unless the Court otherwise directs." *Id.*

5  Here, compelling reasons exist for keeping the information in the Supplemental Agreement
6  confidential. In particular, the threshold number of opt-out exclusions that could give rise to the
7  termination of the proposed Settlement is confidential and highly sensitive information that, if
8  public, could be exploited to disproportionately favor one or a group of stockholders under a threat
9  to sabotage the proposed Settlement.

10  For example, the parties in *MagnaChip* sought to seal a supplemental agreement detailing
11  "the conditions under which [the defendant] may terminate the settlement, in particular the threshold
12  number of opt-out exclusions by class members," on grounds that such information "must remain
13  confidential in order 'to avoid enabling one or more stockholders to use this knowledge to insist on a
14  higher payout for themselves on threat of breaking up the Settlement.'" 2017 WL 4750628 at *5.
15  This Court granted the motion to file under seal, reasoning that "[t]here are compelling reasons to
16  keep this information confidential in order to prevent third parties from utilizing it for the improper
17  purpose of obstructing the settlement and obtaining higher payouts," and noting "several other courts
18  . . . have reached a similar conclusion." *Id.* (citing *In re Online DVD-Rental Antitrust Litig.*, 779
19  F.3d 934, 948 (9th Cir. 2015)); *see also, e.g.*, *Hefler*, 2018 WL 4207245, at *7 (granting motion to
20  file comparable supplemental agreement under seal); *In re HealthSouth Corp. Sec. Litig.*, 334
21  F. App'x 248, 250 n.4 (11th Cir. 2009) ("The threshold number of opt outs required to trigger the
22  blow provision is typically not disclosed and is kept confidential to encourage settlement and
23  discourage third parties from soliciting class members to opt out."); *Spann v. J.C. Penney Corp.*,
24  2016 WL 297399, at *14 (C.D. Cal. Jan. 25, 2016) ("the parties . . . need not disclose [the opt-out
25  threshold] to the class"); Manual for Complex Litigation, Fourth §21.631 (2018) ("Knowledge of the
26  specific number of opt outs that will vitiate a settlement might encourage third parties to solicit class
27  members to opt out. A common practice is to receive information about such agreements *in*
28  *camera*.").

Here, as in *MagnaChip* and *Hefler*, keeping confidential the Supplemental Agreement, including the number of exclusions required to trigger Twitter's right to terminate the Settlement, avoids the risk that one or more shareholders might use this knowledge to insist on a higher payout for themselves by threatening to break up the Settlement.  Moreover, disclosing the opt-out threshold would confer no benefit on Class Members (or the broader public) because the specific terms of the Supplemental Agreement are not relevant to any Class Member's evaluation as to whether the proposed Settlement is fair, reasonable, or adequate, and whether the Plan of Allocation and the application for attorneys' fees and expenses are fair and reasonable.  All information pertinent to a Class Member's decision to participate in or object to the proposed Settlement is contained in the Stipulation and the Settlement Notice, which collectively detail the terms of the proposed Settlement, the Agreement, the Settlement Amount, the scope of the release, the Plan of Allocation, and the anticipated fee application, among other things.  Knowledge of the opt-out threshold will not further inform a Class Member's decision with regard to participating in the proposed Settlement.

## III.  CONCLUSION

Plaintiffs and Twitter respectfully submit that there are compelling reasons for maintaining the confidentiality of the Supplemental Agreement, and there are no benefits to Class Members supporting its disclosure.  Accordingly, Plaintiffs and Twitter respectfully request that the Court grant their request that the Supplemental Agreement be permitted to remain confidential and filed under seal.

Dated:  January 7, 2022                               Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP                MOTLEY RICE LLC


   *s/ Jonathan K. Youngwood*                              *s/ Gregg S. Levin*

| | | |
|---|---|---|
| 1 | JONATHAN K. YOUNGWOOD | GREGG S. LEVIN |
| 2 | JANET GOCHMAN<br>JOHN A. ROBINSON | LANCE V. OLIVER<br>MEGHAN S.B. OLIVER |
| 3 | 425 Lexington Avenue<br>New York, NY  10017 | MAX N. GRUETZMACHER<br>CHRISTOPHER F. MORIARTY |
| 4 | Telephone:  (212) 455-2000 | 28 Bridgeside Blvd. |
| 5 | Facsimile:   (212) 455-2502<br>jyoungwood@stblaw.com | Mt. Pleasant, SC  29464<br>Telephone:  (843) 216-9000 |
| 6 | jgochman@stblaw.com<br>jrobinson@stblaw.com | Facsimile:   (843) 216-9450<br>glevin@motleyrice.com |
| 7 | *Counsel for Defendant Twitter, Inc.* | moliver@motleyrice.com<br>mgruetzmacher@motleyrice.com |
| 8 | | cmoriarty@motleyrice.com |
| 9 | COOLEY LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| 10 | JOHN C. DWYER<br>JESSICA VALENZUELA SANTAMARIA | DANIEL S. DROSMAN<br>TOR GRONBORG |
| 11 | BRETT DE JARNETTE<br>3175 Hanover Street | ELLEN GUSIKOFF STEWART<br>LUCAS F. OLTS |
| 12 | Palo Alto, CA  94304<br>Telephone:  (650) 843-5000 | J. MARCO JANOSKI GRAY<br>CHRISTOPHER R. KINNON |
| 13 | Facsimile:   (650) 849-7400<br>dwyerjc@cooley.com | HEATHER G. SCHLESIER<br>655 West Broadway, Suite 1900 |
| 14 | jvs@cooley.com | San Diego, CA  92101-8498 |
| 15 | bdejarnette@cooley.com | Telephone: (619) 231-1058<br>Facsimile:   (619) 231-7423 |
| 16 | *Counsel for Defendant Twitter, Inc.* | ddrosman@rgrdlaw.com<br>torg@rgrdlaw.com |
| 17 | | elleng@rgrdlaw.com<br>lolts@rgrdlaw.com |
| 18 | | mjanoski@rgrdlaw.com<br>ckinnon@rgrdlaw.com |
| 19 | | hschlesier@rgrdlaw.com |
| 20 | | *Co-Class Counsel* |
| 21 | | |
| 22 | | BLEICHMAR FONTI & AULD LLP<br>LESLEY E. WEAVER |
| 23 | | 555 12th Street, Suite 1600<br>Oakland, CA  94607 |
| 24 | | Telephone: (415) 445-4003<br>Facsimile:   (415) 445-4020 |
| 25 | | lweaver@bfalaw.com |
| 26 | | *Liaison Counsel* |
| 27 | | |
| 28 | | |

PLAINTIFFS' AND TWITTER INC.'S JOINT ADMINISTRATIVE MOTION TO FILE
SUPPLEMENTAL AGREEMENT UNDER SEAL - 4:16-cv-05314-JST (SK)                                      - 5 -
4860-2008-9865.v1

**CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Daniel S. Drosman, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: January 7, 2022

s/ Daniel S. Drosman
DANIEL S. DROSMAN

4860-2008-9865.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 7, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

   s/ Daniel S. Drosman
DANIEL S. DROSMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ddrosman@rgrdlaw.com

4860-2008-9865.v1

# Mailing Information for a Case 4:16-cv-05314-JST In re Twitter Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Patrick J. Carome**
  patrick.carome@wilmerhale.com,WHDocketing@wilmerhale.com

- **Sam F Cate-Gumpert**
  SamCategumpert@dwt.com,vickyisensee@dwt.com

- **Alexis Susan Coll-Very**
  acollvery@goodwinlaw.com,JMcKenzie@goodwinlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Anne Kathleen Davis**
  adavis@bfalaw.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,jcorrell@cooley.com

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,tkoelbl@rgrdlaw.com,DanD@ecf.courtdrive.com,e_file_sf@rgrdlaw.com

- **John C. Dwyer**
  dwyerjc@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,emadrigal@cooley.com

- **Laura Marie Elliott**
  lelliott@cooley.com,dfoster@cooley.com,efiling-notice@ecf.pacerpro.com

- **Joseph A. Fonti**
  jfonti@bfalaw.com,ecfnotifications@bfalaw.com,ndennany@bfalaw.com

- **Janet A Gochman**
  jgochman@stblaw.com,3892155420@filings.docketbird.com,cterricone@stblaw.com

- **Kathleen Howard Goodhart**
  kgoodhart@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,jpalaganas@cooley.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Max Nikolaus Gruetzmacher**
  mgruetzmacher@motleyrice.com,vdavis@motleyrice.com,kquillin@motleyrice.com

- **Ellen Anne Gusikoff-Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,cbarrett@rgrdlaw.com,msonney@rgrdlaw.com,tdevries@rgrdlaw.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com,CKinnon@ecf.courtdrive.com

- **James Glenn Kreissman**
  jkreissman@stblaw.com,kourtney.kinsel@stblaw.com,justin.calderon@stblaw.com,eric.mccaffree@stblaw.com,abigail.dugan@stblaw.com,1058725420@filings.docke

- **Gregg S. Levin**
  glevin@motleyrice.com,sturman@sturman.ch,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,Nlindell@ecf.courtdrive.com,MKuwashima@rgrdlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Dean Michael McGee**
  dean.mcgee@stblaw.com

- **Sonal N. Mehta**
  sonal.mehta@wilmerhale.com,Felicia.Roy@wilmerhale.com,whdocketing@wilmerhale.com,Leizel.Galon@wilmerhale.com,Claire.Bergeron@wilmerhale.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com,mjasinski@motleyrice.com,ajanelle@motleyrice.com

- **Stephen Cassidy Neal**
  sneal@cooley.com,wilsonla@cooley.com

- **Lance V. Oliver**
  loliver@motleyrice.com

- **Meghan Shea Blaszak Oliver**
  moliver@motleyrice.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,morgank@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,lobas@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,fgravenson@pomlaw.

- **Michael J Pendell**
  mpendell@motleyrice.com

- **Charles J. Piven**
  piven@browerpiven.com

- **Aarti G. Reddy**
  areddy@cooley.com,dfoster@cooley.com,galancr@cooley.com,efiling-notice@ecf.pacerpro.com

- **Rosemary M. Rivas**
  rmr@classlawgroup.com,2746730420@filings.docketbird.com

- **Quentin Alexandre Roberts**
  quentin.roberts@diamondmccarthy.com

- **John Alexander Robinson**
  jrobinson@stblaw.com,1629454420@filings.docketbird.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Kelli L. Sager**
  kellisager@dwt.com,vickyisensee@dwt.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Shane Palmesano Sanders**
  ssanders@robbinsllp.com,notice@robbinsllp.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,jfernandes@cooley.com,emadrigal@cooley.com

- **Heather G. Schlesier**
  hschlesier@rgrdlaw.com,cbarrett@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Eric Matthew Stahl**
  ericstahl@dwt.com,christinekruger@dwt.com,seadocket@dwt.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,janie.franklin@stblaw.com,sblake@stblaw.com

- **Phong L. Tran**
  phongt@johnsonfistel.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Meredith B. Weatherby**
  mbmiller@motleyrice.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com,lesley-weaver-4669@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,7448332420@filings.docketbird.com,ManagingClerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`