ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:16-cv-05314-JST (SK) |
| This Document Relates To: | | CLASS ACTION |
| ALL ACTIONS. | | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

1  WHEREAS, an action is pending before this Court entitled *In re Twitter Inc. Securities*

2 *Litig.*, Case No. 4:16-cv-05314-JST (SK) (the "Litigation");

3  WHEREAS, the Class Representatives and Twitter, Inc. ("Twitter") having made

4 application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving

5 the dismissal of this Litigation, in accordance with a Stipulation of Settlement dated January 5, 2022,

6 and the Exhibits annexed thereto (the "Stipulation") entered into between the Class Representatives

7 and Twitter, and in accordance with a Stipulation of Dismissal and Mutual Release of Claims dated

8 January 5, 2022 entered into between the Class Representatives and defendants Richard Costolo and

9 Anthony Noto (the "Agreement"), which, collectively, set forth the terms and conditions for a

10 proposed resolution and dismissal of the Litigation with prejudice upon the terms and conditions set

11 forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed

12 thereto and the Agreement; and

13  WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set

14 forth in the Stipulation.

15  NOW, THEREFORE, IT IS HEREBY ORDERED:

16  1. After a preliminary review, the Settlement and the Agreement appear to be fair,

17 reasonable, and adequate.  The Settlement and the Agreement: (a) resulted from arm's-length

18 negotiations between experienced counsel overseen by an experienced mediator; (b) eliminate the

19 risks to the Settling Parties and to the Parties to the Agreement of continued litigation; (c) involve a

20 Class that is identical to the Class previously certified by the Court; (d) do not provide undue

21 preferential treatment to Class Representatives or to segments of the Class; (e) do not provide

22 excessive compensation to counsel for the Class; and (f) appear to fall within the range of possible

23 approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of

24 the Settlement to the Class.  Accordingly, the Court does hereby preliminarily approve the

25 Stipulation and the Settlement set forth therein, as well as the Agreement, subject to further

26 consideration at the Settlement Hearing described below.

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
- 4:16-cv-05314-JST (SK)                 - 1 -

2.      Excluded from the previously-certified Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in response to the Notice of Pendency of Class Action provided in 2019.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on November 17, 2022 at 2:00 p.m., at the United States District Court for the Northern District of California, Oakland Division, Oakland Courthouse, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, for the following purposes:

(a)      to determine whether the Settlement and the Agreement are fair, reasonable, and adequate, and should be approved by the Court;

(b)      to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation and the Agreement, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims or Released Defendants' Claims extinguished by the Settlement and the Agreement;

(c)      to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)      to consider the Fee and Expense Application;

(e)      to consider Class Members' objections to the Settlement, Plan of Allocation or application for fees and expenses, if any;

(f)      to consider whether to enter the dismissal with prejudice of the Individual Defendants pursuant to the Agreement; and

(g)      to rule upon such other matters as the Court may deem appropriate.

4.      The Court may adjourn the Settlement Hearing without further notice to the members of the Class, and reserves the right to approve the Settlement and the Agreement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court further reserves the right to enter its Judgment approving the

1  Settlement and the Agreement, and dismissing the Complaint, on the merits and with prejudice,

2  regardless of whether it has approved the Plan of Allocation or the Fee and Expense Application.

3       5.     The Court approves, as to form and content, the Notice of (1) Proposed Class Action

4  Settlement; (2) Settlement Hearing; and (3) Motion for an Award of Attorneys' Fees and

5  Litigation Expenses (the "Notice"), the Proof of Claim form (the "Proof of Claim"), and the

6  Summary Notice, annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and

7  distribution of the Notice and publishing of the Summary Notice, substantially in the manner and

8  form set forth in ¶¶7-8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23

9  and due process, and is the best notice practicable under the circumstances and shall constitute due

10  and sufficient notice to all Persons entitled thereto.

11       6.     The firm of Epiq Class Action & Claim Solutions, Inc. ("Epiq" or the "Claims

12  Administrator") is hereby appointed to supervise and administer the notice procedure as well as

13  the processing of claims as more fully set forth below.

14       7.     Class Counsel, through the Claims Administrator, shall commence mailing the Notice

15  and Proof of Claim, substantially in the forms annexed hereto, within twenty (20) calendar days after

16  the Court signs this Order (the "Notice Date"), ~~or by _____, 2022,~~ by first-class mail to all

17  Class Members who can be identified with reasonable effort, and to be posted on the Settlement

18  website at www.TwitterSecuritiesLitigation.com.

19       8.     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator

20  shall cause the Summary Notice to be published once in the national edition of *The Wall Street*

21  *Journal* and once over a national newswire service.

22       9.     At least seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall

23  serve on Twitter's Counsel and file with the Court proof, by affidavit or declaration, of such mailing

24  and publishing.

25       10.     Nominees who purchased or acquired Twitter publicly traded common stock for

26  the beneficial ownership of Class Members during the Class Period shall (a) within seven (7)

27  calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the

28  Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial

1    within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial

2    owners; or (b) if they did not do so in connection with the Notice of Pendency in 2019, within seven

3    (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such

4    beneficial owners to the Claims Administrator in which event the Claims Administrator shall

5    promptly mail the Notice Packet to such beneficial owners.  Class Counsel shall, if requested,

6    reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket

7    expenses incurred in providing notice to beneficial owners who are Class Members out of the

8    Settlement Fund, which expenses would not have been incurred except for the sending of such

9    notice, subject to further order of this Court with respect to any dispute concerning such

10   compensation.

11       11.    In order to be entitled to participate in the recovery from the Settlement Fund after the

12   Effective Date, each Class Member shall take the following action and be subject to the following

13   conditions:

14       (a)    A properly completed and executed Proof of Claim must be submitted to the

15   Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof

16   of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline

17   may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been

18   submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any

19   Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was

20   actually received by the Claims Administrator at the address designated in the Notice.

21       (b)    The Proof of Claim submitted by each Class Member must satisfy the

22   following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in

23   accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

24   adequate supporting documentation for the transactions reported therein, in the form of broker

25   confirmation slips, broker account statements, an authorized statement from the broker containing

26   the transactional information found in a broker confirmation slip, or such other documentation as is

27   deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the

28   Proof of Claim is acting in a representative capacity, a certification of his or her current authority to

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
- 4:16-cv-05314-JST (SK)                                                                                    - 4 -

1  act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of

2  Claim must be complete and contain no material deletions or modifications of any of the printed

3  matter contained therein and must be signed under penalty of perjury.

4           (c)      Once the Claims Administrator has considered a timely submitted Proof of

5  Claim, it shall determine whether such claim is valid, deficient, or rejected.  For each claim

6  determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter

7  or rejection letter as appropriate, describing the basis on which the claim was so determined.

8  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a

9  reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that

10 such deficiency may be cured.

11          (d)      For the filing of and all determinations concerning their Proof of Claim, each

12 Class Member shall submit to the jurisdiction of the Court.

13      12.     Any Class Member who does not timely submit a valid and timely Proof of Claim

14 within the time provided for shall be barred from sharing in the distribution of the proceeds of the

15 Settlement Fund, but will in all other respects be subject to and bound by the provisions of the

16 Stipulation, the Agreement, and the Judgment, if entered.  Notwithstanding the foregoing, Class

17 Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for

18 processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized

19 Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late

20 claims.

21      13.     Any member of the Class may enter an appearance in the Litigation, at their own

22 expense, individually or through counsel of their own choice.  If they do not enter an appearance,

23 they will be represented by Class Counsel.

24      14.     Class Members shall not be provided a separate opportunity to seek exclusion from

25 the Class.

26      15.     The Court will consider comments or objections to the Settlement, the Agreement, the

27 Plan of Allocation, or the Fee and Expense Application, including an award to the Class

28 Representatives as provided for by 15 U.S.C. §78u-4(a)(4), only if such comments or objections and

1  any supporting papers are submitted to the Court either by mailing them to the Class Action Clerk,

2  United States District Court for the Northern District of California, Oakland Division, 1301 Clay

3  Street, Oakland, CA 94612, or by filing them in person at any location of the United States District

4  Court for the Northern District of California.  Such comments or objections must be filed or

5  postmarked at least twenty-one (21) calendar days prior to the Settlement Hearing, ~~or~~ _____,

6  ~~2022~~.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard

7  orally in opposition to the Settlement, the Agreement, the Plan of Allocation, or the Fee and Expense

8  Application is required to indicate in their written objection whether they intend to appear at the

9  Settlement Hearing.  The notice of objection must include documentation establishing the objecting

10  Person's membership in the Class, including the number of shares of Twitter publicly traded

11  common stock that the objecting Person (i) owned as of the opening of trading on February 6, 2015,

12  and (ii) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for

13  each such purchase, acquisition, or sale, and contain a statement of reasons for the objection,

14  including whether it applies only to the objector, to a specific subset of the Class, or to the entire

15  Class.  The objection must identify all other class action settlements the objector and his, her, or its

16  counsel has previously objected to, copies of any papers, briefs, or other documents upon which the

17  objection is based, and the objector's signature, even if represented by counsel.  Any member of the

18  Class who does not make his, her, or its objection in the manner provided shall be deemed to have

19  waived such objection and shall forever be foreclosed from making any objection to the fairness or

20  adequacy of the Settlement as set forth in the Stipulation, to the Agreement, to the Plan of

21  Allocation, or to the Fee and Expense Application unless otherwise ordered by the Court.  Class

22  Members do not need to appear at the Settlement Hearing or take any other action to indicate their

23  approval.

24       16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

25  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

26  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

27       17.     All opening briefs and supporting documents in support of the Settlement, the

28  Agreement, the Plan of Allocation, and any Fee and Expense Application shall be filed and served

1    no later than thirty-five (35) calendar days before the Settlement Hearing, ~~or~~ _____, ~~2022~~.

2    Replies to any objections shall be filed and served at least seven (7) calendar days prior to the

3    Settlement Hearing, ~~or~~ _____, ~~2022~~.

4          18.    The Released Defendant Parties shall have no responsibility for the Plan of Allocation

5    or any Fee and Expense Award, and such matters will be considered separately from the fairness,

6    reasonableness, and adequacy of the Settlement and the Agreement.  Any order or proceeding

7    relating to the Plan of Allocation or any Fee and Expense Application, or any appeal from any order

8    relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the

9    Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and Agreement,

10   and the resolution and dismissal of the Litigation.

11         19.    At or after the Settlement Hearing, the Court shall determine whether the Plan of

12   Allocation proposed by Class Counsel, and any Fee and Expense Application shall be approved.

13         20.    All reasonable expenses incurred in identifying and notifying Class Members, as well

14   as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

15         21.    Neither the Stipulation or the Agreement, nor any of their terms or provisions, nor

16   any of the negotiations or proceedings connected with them, shall be construed as an admission or

17   concession by Twitter or the Individual Defendants of the truth of any of the allegations in the

18   Litigation, or of any liability, fault, or wrongdoing of any kind.

19         22.    If the Stipulation and the Settlement set forth therein, or the Agreement, are not

20   approved or consummated for any reason whatsoever, the Stipulation, the Settlement and the

21   Agreement, and all proceedings had in connection therewith shall be without prejudice to the rights

22   of the parties to the Stipulation and/or the Agreement *status quo ante*.

23         23.    Pending final determination of whether the proposed Settlement should be approved,

24   neither the Class Representatives, nor any Class Member, directly or indirectly, representatively, or

25   in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, as

26   defined in each of the Stipulation and the Agreement, any action or proceeding in any court or

27   tribunal asserting any of the Released Claims, as defined in each of the Stipulation and the

28   Agreement.

24.     The Court's orders entered during this Litigation relating to the confidentiality of information shall survive the Settlement and dismissal of the Litigation.

25.     The Court preliminarily approves Class Counsel's fee request as reasonable but Class Counsel should be prepared to address several points in their motion for final approval. The Ninth Circuit has recognized that the 25% benchmark may "may be 'of little assistance' in megafund cases."  In re Optical Disk Drive Prod. Antitrust Litig., 959 F.3d 922, 931 (9th Cir. 2020) (citation omitted).  Also, courts in this district surveying fee awards have found that "typically the percentage award in [a megafund] case is substantially less than the 25% benchmark applicable to typical class settlements in [the Ninth Circuit]."  Alexander v. FedEx Ground Package Sys., Inc., No. 05-CV-00038-EMC, 2016 WL 3351017, at *2 (N.D. Cal. June 15, 2016).  Accordingly, Class Counsel should provide the Court data on fee awards in megafund cases and securities class actions, providing details about both percentage-of-recovery fee awards and lodestar cross-check multipliers in those cases.

IT IS SO ORDERED.

DATED:  August 5, 2022

THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | Case No. 4:16-cv-05314-JST (SK) |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | NOTICE OF (1) PROPOSED CLASS ACTION SETTLEMENT; (2) SETTLEMENT HEARING; AND (3) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES |
| ALL ACTIONS. | |
| | EXHIBIT 1 |

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF CLASS ACTION SETTLEMENT AND AGREEMENT**:  Please be advised that your rights may be affected by the settlement of the above-captioned securities class action (the "Litigation") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased or acquired the common stock of Twitter during the period from February 6, 2015 through July 28, 2015, inclusive.[1]  Court-appointed Class Representatives, KBC Asset Management NV (individually "Lead Plaintiff") and National Elevator Industry Pension Fund (together the "Class Representatives"), on behalf of themselves and the Class, have reached a proposed settlement with Twitter of the Litigation for $809,500,000 in cash (the "Settlement"). If approved, the Settlement and the Agreement will finally resolve all claims in the Litigation. Class Members include all persons and entities that, during the period from February 6, 2015, through July 28, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of Twitter and were damaged thereby (the "Class"), subject to certain exclusions set forth later in this notice (*see* ¶¶28-29 below).

**PLEASE READ THIS NOTICE CAREFULLY.**  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Class, your legal rights will be affected, whether or not you act.

If you have any questions about this Notice, the proposed Settlement, the Agreement, or your eligibility to participate in the Settlement, please DO NOT contact Twitter, any other Defendants in the Litigation, or their counsel.  All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶87 below).

| SUMMARY OF IMPORTANT INFORMATION |
|---|

    1.    **The Litigation and the Class's Recovery:**  The Class Representatives brought this securities class action alleging, among other things, that Twitter, and the Individual Defendants, Richard Costolo and Anthony Noto, violated the federal securities laws by making false and misleading statements regarding Twitter's growth prospects.  Subject to Court approval, the Class Representatives, on behalf of themselves and the Class, have agreed to settle the Litigation in exchange for a cash payment to be paid or caused to be paid by Twitter of $809,500,000 (the "Settlement Amount"), which has been deposited into an interest-bearing escrow account.  The "Net Settlement Fund" (*i.e.*, the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that is approved by the Court.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.  If the Court approves the proposed Settlement and the Agreement, the Litigation will be dismissed and members of the Class will settle and release all Released Claims (defined in ¶39 below).

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement between Twitter and the Class Representatives, on behalf of themselves and each Class Member, dated January 5, 2022 (the "Stipulation").  Class Representatives, on behalf of themselves and each Class Member, and Individual Defendants have entered into a separate agreement providing for mutual releases and dismissal with prejudice of the Litigation against the Individual Defendants contemporaneous with the dismissal of the Litigation against Twitter (the "Agreement").  The Individual Defendants have no responsibility for, or obligation to pay or contribute to the Settlement Amount, which is solely being paid or caused to be paid by Twitter.  The Stipulation and the Agreement both are available for review at www.TwitterSecuritiesLitigation.com.

2.  **Estimate of Average Amount of Recovery Per Share:**  Based on the Class Representatives' damages expert's estimates of damaged shares of Twitter common stock and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is in the range of $2.34 and $2.82.  **This is only an estimate.**  Class Members may recover more or less than this range depending on, among other factors, when and at what prices they purchased or sold their Twitter common stock, and the total number and value of valid Claim Forms submitted.

3.  **Estimated Damages:**  The parties do not agree on the amount of damages per share that would be recoverable if the Class Representatives were to prevail in the Litigation. Nevertheless, the Class Representatives' best estimate is that, if they had prevailed at trial, they would have recovered between approximately $2.7 billion and $3.3 billion on behalf of the Class. Accordingly, the Settlement Amount of $809,500,000 represents between approximately 24% and 30% of these recovery estimates.  These estimates are based on publicly available information concerning trading in Twitter common stock and a damages expert's calculations of the estimated amount of artificial inflation in the per-share closing price of Twitter common stock during the Class Period.  Defendants dispute these estimates and dispute that the Class would be entitled to any recovery.

4.  **Attorneys' Fees and Expenses:**  Class Counsel have prosecuted the Litigation on a wholly contingent basis, have not yet received any payment of attorneys' fees, and have advanced all of the expenses incurred to prosecute this Litigation.  Court-appointed Class Counsel, Motley Rice LLC and Robbins Geller Rudman & Dowd LLP, will apply to the Court for an award of attorneys' fees for all Class Representatives' Counsel in an amount not to exceed 22.5% of the Settlement Fund, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Class Counsel will apply for payment of litigation expenses paid or incurred by Class Representatives' Counsel in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $4,000,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund, and for reimbursement pursuant to 15 U.S.C. §78u-4(a)(4) of reasonable costs and expenses incurred by the Class Representatives directly related to their representation of the Class in an amount not to exceed $40,000 in the aggregate.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The estimated average cost per affected share of Twitter common stock, if the Court approves the fee and expense application, is between $0.54 and $0.65 per share.

5.  **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Class are represented by Gregg S. Levin, Esq., Lance V. Oliver, Esq., and Max N. Gruetzmacher, Esq. of Motley Rice LLC, 28 Bridgeside Boulevard, Mount Pleasant, SC 29464, (800) 697-4630, twitterquestions@motleyrice.com.  National Elevator Industry Pension Fund and the Class are also represented by Ellen Gusikoff Stewart, Esq. of Robbins Geller Rudman & Dowd LLP, (800) 449-4900, elleng@rgrdlaw.com.

6.  **Reasons for the Settlement and the Agreement:**  The principal reason for entering into the Settlement and the Agreement is the substantial and immediate cash benefit, paid or caused to be paid by Twitter, for the Class without the risk or the delays inherent in further litigation.  This cash benefit must be considered against the significant risk that a contested trial on the merits – and inevitable appeals – could have led to a smaller recovery or no recovery at all. Moreover, this process would have lasted several years.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT AND THE AGREEMENT: |
|:---:|

| | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined in ¶39 below) that you have against Defendants and the other Released Defendant Parties (defined in ¶40 below), so it is in your interest to submit a claim form ("Claim Form"). |
| **OBJECT TO THE SETTLEMENT AND THE AGREEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS POSTMARKED NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the Agreement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Agreement, the Plan of Allocation, or the fee and expense request unless you are a member of the Class.  The deadline to seek exclusion from the Class passed on May 23, 2019. |
| **GO TO A HEARING ON . 2022 AT . AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS POSTMARKED NO LATER THAN _____, 2022.** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement and the Agreement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and the Agreement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## WHY DID I GET THIS NOTICE?

7. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Twitter common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement and the Agreement.  Additionally, you have the right to understand how this class action lawsuit may affect your legal rights.  If the Court approves the Settlement, the Agreement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., will make payments pursuant to the Settlement after any objections and appeals are resolved.

8. The purpose of this Notice is to inform you of the existence of the Settlement and the Agreement, that the Settlement is a class settlement, how you might be affected, and how to object if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and the Agreement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and the Agreement, the proposed Plan of Allocation, and the motion by Class Counsel for an award of attorneys' fees and litigation expenses.

9.      This Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court must still decide whether to approve the Settlement and the Agreement.  If the Court approves the Settlement, the Agreement, and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  **Please be patient, as this process can take some time to complete.**

| WHAT IS THIS CASE ABOUT? |
| --- |

10.     The Class Representatives allege that during the period between February 5, 2015 and July 28, 2015, inclusive, Defendants made misrepresentations and omissions about Twitter's prospects for increasing user growth and engagement.  In particular, they alleged that Defendants misled investors between February 5, 2015 and July 28, 2015, by making public statements that did not reflect the actual state of Twitter's user engagement and user growth, which they contended was relevant to evaluating Twitter's potential user growth and financial performance.

11.     On September 16, 2016, The Doris Shenwick Trust, a Twitter, Inc. investor, filed a class action complaint, styled *Doris Shenwick v. Twitter, Inc., et al.*, 3:16-cv-05314-JST, in the United States District Court for the Northern District of California asserting violations of federal securities laws against Twitter, Inc., and the Individual Defendants.  Shortly thereafter, in the time proscribed by the Private Securities Litigation Reform Act (the "PSLRA"), a number of Twitter investors sought lead plaintiff status in this Litigation.

12.     By order dated December 22, 2016, the Court consolidated the related securities class actions pending before it and appointed KBC Asset Management NV, as Lead Plaintiff for the Litigation, and approved Lead Plaintiff's selection of Motley Rice LLC as Lead Counsel and Bleichmar Fonti & Auld LLP as Liaison Counsel.  On January 18, 2017, Lead Plaintiff associated additional counsel Robbins Geller Rudman & Dowd LLP to assist in prosecution of the Litigation.  The case was subsequently recaptioned as: *In re Twitter Inc. Securities Litigation*, 4:16-cv-05314-JST.

13.     On March 2, 2017, Lead Plaintiff filed the Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint").  The Complaint asserted claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act against Twitter and the Individual Defendants.

14.     On May 2, 2017, Defendants filed their Motion to Dismiss the Complaint.  On June 21, 2017, Lead Plaintiff filed its opposition to Defendants' Motion to Dismiss.  On October 5, 2017, the Court held a hearing on Defendants' Motion to Dismiss.  On October 16, 2017, the Court granted in part and denied in part Defendants' Motion to Dismiss the Complaint.

15.     On January 24, 2018, the Court set the Litigation for trial on November 4, 2019.

16.     On February 15, 2018, the Class Representatives moved for class certification.  Defendants filed oppositions on April 16, 2018.  On July 12, 2018, the Court held a hearing on class certification, and on July 17, 2018, issued its order certifying the Class, which includes all persons and entities that, during the period from February 6, 2015, through July 28, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of Twitter, and were damaged thereby, subject to certain exclusions (*see* ¶¶28-29 below).  At the same time, the Court appointed KBC Asset Management NV and National Elevator Industry Pension Fund as Class Representatives and Motley Rice LLC and Robbins Geller Rudman & Dowd LLP as Class Counsel.

17.     Both before and after class certification, over a period of years, the parties engaged in extensive discovery that included written interrogatories, requests to admit, requests for document production, voluminous production and review of documents, taking of testimony via deposition, and numerous discovery disputes before the Court.  Document discovery included the review of more than 210,000 documents produced by the parties, including documents from more than fifty custodians.  During this discovery, the Class Representatives were each deposed.  The parties deposed 27 former and current Twitter employees, executives, and directors, including, but not limited to, Richard Costolo, Twitter's former Chief Executive Officer, Anthony Noto, Twitter's former Chief Financial Officer, and Jack Dorsey, Twitter's then-current Chief Executive Officer.  The Class Representatives also issued subpoenas to approximately 23 third parties, who produced more than 26,000 additional documents.

18.     During discovery, the parties engaged former United States District Judge Layn R. Phillips to assist with mediation.  In total, the parties conducted three formal mediation sessions and participated in numerous calls scheduled by Judge Phillips.  On September 26, 2018, in the midst of discovery, the parties attended their first mediation session with Judge Phillips.  This mediation session did not result in a resolution of the Litigation.

19.     The parties also retained experts who drafted detailed reports on matters relevant to the Litigation, including, but not limited to, the use and disclosure of internal metrics at social media companies, the economics of social media companies, the Securities & Exchange Commission regulations that apply to Twitter, insider trading and loss causation and damages.  In total, the parties produced 19 expert reports from 13 experts, took 14 expert depositions, and produced numerous expert-related documents.

20.     At the close of discovery, the parties engaged in extensive motion practice that included motions to exclude various expert testimony, motions for summary judgment, and motions *in limine* to exclude evidence.  On September 13, 2019, Defendants filed their Motion for Summary Judgment.  On October 28, 2019, Class Representatives filed their Opposition to Defendants' Motion for Summary Judgment.

21.     On March 6, 2020, the parties attended another mediation session, which also did not result in a settlement.  At this time, the trial was scheduled to go forward on March 30, 2020, but as a result of pending motions was continued until June 22, 2020.  On May 21, 2020, the United States District Court for the Northern District of California issued General Order 72-3 prohibiting any new jury trial from being conducted in the district through September 30, 2020 due to the COVID-19 pandemic.  On September 9, 2020, the Court further rescheduled the trial due to the COVID-19 pandemic to commence on September 20, 2021.

22.     On April 17, 2020, the Court denied Defendants' Motion for Summary Judgment.  On May 18, 2020, the Court granted Defendants' Motion for Clarification of its April 17, 2020 Order Regarding Defendants' Motion for Summary Judgment and dismissed certain alleged misstatements from the Litigation.  On June 14, 2021, the parties submitted the Final Pretrial Statement.  On June 21, 2021, the Court held a pretrial conference to address various outstanding evidentiary and logistical trial issues.   On July 12, 2021, the Court held a second pretrial conference.

23.     During the pretrial preparations discussed above, the parties scheduled a third mediation session with Judge Phillips for August 17, 2021.  That mediation session did not result in a settlement on that date, but with the aid of Judge Phillips, the parties continued to discuss a potential resolution.

24.     On July 29, 2021, Defendants filed a Motion for Leave to File a Motion for Reconsideration of the Court's Order Denying Summary Judgment, which the Court granted on August 3, 2021.  On August 17, 2021, Class Representatives filed their opposition to that Motion.

On September 14, 2021, the Court denied Defendants' Motion for Reconsideration of Summary Judgment.

26. After the parties were actively preparing their cases for trial and the out-of-town parties had arrived on site in the Bay Area, the parties, with the assistance of Judge Phillips, once again engaged in settlement negotiations. This time, the negotiations resulted in an agreement on terms that ultimately led to the Settlement in this case for $809,500,000.00 in cash, to be paid or caused to be paid by Twitter.

26. On January 5, 2022, the Class Representatives and Twitter entered into the Stipulation, which sets forth the terms and conditions of the Settlement, and the Class Representatives and the Individual Defendants entered into the Agreement. Because of the stage of the proceedings and extensive discovery, at the time of the Settlement and the Agreement, Class Counsel had a deep understanding of the strengths and weaknesses of the Class's claims to assure the reasonableness of the proposed Settlement and the Agreement. This discovery has confirmed the Class Representatives and Class Counsel's belief that the Settlement and the Agreement are more than fair, reasonable and adequate. The Stipulation and the Agreement can be viewed at www.TwitterSecuritiesLitigation.com.

27. On DATE, the Court preliminarily approved the Settlement and the Agreement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement and the Agreement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE CLASS?**

---

28. If you are a member of the Class, you are subject to the Settlement, unless you timely requested exclusion by May 23, 2019. The Class consists of:

> all persons and entities that, during the period from February 6, 2015, through July 28, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of Twitter, Inc., and were damaged thereby.

29. The following persons and/or entities are excluded from the Class: Twitter and the Individual Defendants; members of the immediate families of the Individual Defendants; Twitter's subsidiaries and affiliates; any person who is or was an officer or director of Twitter during the Class Period; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns of any such excluded person or entity. Also excluded from the Class is any person or entity that timely and validly requested exclusion from the Class on or before May 23, 2019.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2022.**

| **WHAT ARE CLASS REPRESENTATIVES' REASONS FOR THE SETTLEMENT AND THE AGREEMENT?** |
|---|

30.     The Class Representatives and Class Counsel believe that their claims against Defendants have merit.  They recognize, however, the expense and length of a trial and, if successful, inevitable appellate proceedings thereafter, present very substantial risks.  At trial, the Class Representatives would have the burden of establishing liability and damages.  This would have required them to prove not only that Defendants' statements about Twitter's engagement and growth were false or misleading, but that the statements were material, the Individual Defendants knew that their statements were false when made or that they were reckless in making the statements, that Twitter's common stock traded at artificially inflated prices as a result of Defendants' allegedly false and misleading statements, and that the revelation of the truth about Defendants' alleged false and misleading statements removed artificial inflation from the price of Twitter's common stock.  In addition, Class Representatives would have had to establish the amount of class-wide damages.  Although the Class Representatives were confident in their positions, these are complex matters and successfully presenting them to a jury would have been challenging and fraught with risk.

31.     Defendants had substantial and compelling arguments to make concerning each of these issues.  For example, Defendants would have argued that they made no false and misleading statements, and that the statements the Class Representatives challenge as false and misleading were, in any event, immaterial.  Defendants also would have argued that the Class Representatives could not prove intent to defraud, because the Individual Defendants did not know or have reason to believe their statements were misleading when made.  Defendants would have also argued that the decline in Twitter's stock price was not caused by the alleged corrective disclosures, but by various other factors such as lower than expected revenue and reduced earnings guidance, and that, even if some portion of the decline was caused by revelations of fraud, any resulting damages to the Class were small.  Had a jury accepted any of these arguments, it could have drastically reduced or eliminated any recovery.

32.     Even if the Class Representatives had prevailed at trial, Defendants would have then had an opportunity during a second phase of the Litigation to rebut the presumption of reliance based on the fraud-on-the-market theory.  This process may have allowed Defendants to question individual unnamed class members.  Even if Defendants were not successful in such efforts, this process would have taken substantial time and delayed recovery.  After a second phase, inevitable appeals would have followed.  In securities fraud class actions, there is a real risk that a verdict will be overturned on appeal due to the complex nature of the cases.  Indeed, in recent years securities fraud cases have frequently landed in front of the U.S. Supreme Court after appeals.  Thus, there were significant risks attendant to the continued prosecution of the Litigation, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

33.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, the Class Representatives and Class Counsel believe that the proposed Settlement and Agreement are fair, reasonable, and adequate, and in the best interests of the Class.  The Settlement provides a substantial benefit to the Class, namely $809,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Litigation would produce a smaller, or no, recovery after trial, a second damages phase, and appeals, possibly years in the future.

34.     Defendants have denied all claims asserted against them in the Litigation and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Twitter has agreed to the Settlement solely to eliminate the burden and expense of continuing to defend the Litigation.

Accordingly, the Settlement and the Agreement should not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT OR AGREEMENT? |
| --- |

35.    If there were no Settlement or Agreement and the Class Representatives failed to establish any essential legal or factual element of their claims against Defendants, neither Class Representatives nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED<br>BY THE LITIGATION AND THE SETTLEMENT? |
| --- |

36.    If you are a Class Member, you are represented by the Class Representatives and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When and Where Will the Court Decide Whether to Approve the Settlement and the Agreement?" in ¶87.

37.    If you are a Class Member and you wish to object to the Settlement, the Agreement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and litigation expenses, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement and the Agreement?" in ¶¶78-79 below.

38.    If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement and the Agreement are approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, the Class Representatives and each of the other Class Members, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against Defendants and the other Released Defendant Parties (as defined in ¶40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

39.    "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation, could have been asserted in any forum, or could in the future be asserted in any forum, whether known claims or Unknown Claims, whether foreign or domestic, whether arising under federal, state, local, common, statutory, governmental, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class, individual, direct, derivative, representative, on behalf of others in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether brought directly or indirectly against any of the Released Defendant Parties that Class Representatives, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (i) asserted in the Litigation, or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Litigation, or which could have been alleged in the Litigation, and that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or

holding of any Twitter securities during the Class Period. Released Claims does not include (i) claims to enforce the Settlement or the Agreement; (ii) any claims of any person or entity who requested exclusion from the Class on or before May 23, 2019; or (iii) any claims of Future Excluded Persons.

40.     "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

41.     "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, Immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.[2]

42.     "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement and the Agreement, including, but not limited to, whether or not to object to this Settlement and the Agreement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Class Representatives, the Class and Class Representatives' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Class Representatives, the Class and Class Representatives' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Class Representatives, the Class and Class Representatives' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories or authorities in addition

---

[2]     For purposes of the Settlement, the Individual Defendants and Twitter are each other's Related Parties. "Immediate family members" means, as defined in 17 C.F.R. §229.404 Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Class Representatives, the Class and Class Representatives' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

43.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶44 below) on behalf of any Defendant, in that capacity, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Class Representatives, the Class, and Class Representatives' Counsel, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Class Representatives, the Class or Class Representatives' Counsel.

44.     "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Class Representatives, Class Representatives' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or the Agreement. For the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any agreements between or among Released Defendant Parties and does not release claims between or among those Released Defendant Parties, including, without limitation, claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Litigation, including the Settlement Amount and legal fees and costs incurred in connection with the Litigation.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

---

45.     To be eligible for a payment from the proceeds of the Settlement, you must be a Class Member and you must timely complete and return the Claim Form with adequate supporting

documentation **postmarked or submitted online no later than _____, 2022**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.TwitterSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-510-9590. The Claim Form may be submitted online at www.TwitterSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in Twitter common stock, as they may be needed to document your Claim. If you previously submitted a valid and timely request for exclusion from the Class or do not submit a Claim Form, you are not eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

46.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

47.     Pursuant to the Settlement, Twitter has agreed to pay or caused to be paid Eight Hundred Nine Million Five Hundred Thousand Dollars ($809,500,000) in cash. The Settlement Amount has been deposited into an escrow account and is earning interest for the benefit of the Class. The Settlement Amount plus any interest earned thereon and accretions thereto is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

49.     Neither Twitter nor any other person or entity that paid any portion of the Settlement Amount on its behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

50.     Approval of the Settlement and the Agreement are independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement and the Agreement if approved.

51.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or submitted online on or before _____, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Claims (as defined in ¶39 above) against the Released Defendant Parties (as defined in ¶40 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member submits a Claim Form.

52.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

53.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

54.     Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that timely and validly excluded themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

55.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

56.     In developing the Plan of Allocation, the Class Representatives' damages expert calculated the estimated amount of artificial inflation in the per-share closing price of Twitter common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements.

57.     In calculating the estimated artificial inflation allegedly caused by Defendants' alleged false and misleading statements, the Class Representatives' damages expert considered price changes in Twitter common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged false and misleading statements, adjusting for price changes that were attributable to market or industry forces.

58.     In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Twitter common stock.  In this case, the Class Representatives allege that Defendants made false and misleading statements during the period between February 5, 2015 and April 28, 2015, which had the effect of artificially inflating the price of Twitter common stock between February 6, 2015 and July 28, 2015, inclusive.  The Class Representatives further allege that corrective information was released to the market on April 28, 2015 and July 28, 2015, which removed the artificial inflation from the price of Twitter common stock.

59.     Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Twitter common stock at the time of purchase and at the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased Twitter common stock prior to the first corrective disclosure, which occurred on April 28, 2015, must have held his, her or its shares of Twitter common stock until at least 3:07 p.m. EDT on April 28, 2015.  A Class Member who purchased Twitter common stock from April 28, 2015 through and including the end of the day on July 28, 2015, must have held those shares through the end of the day on July 28, 2015.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

60.     Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Twitter common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

61.     For each share of Twitter common stock purchased or otherwise acquired from February 6, 2015 through and including the close of trading on July 28, 2015, and:

(a)     Sold prior to 3:07 p.m. EDT on April 28, 2015, the Recognized Loss Amount will be $0.00 (shares sold on April 28, 2015 at or above $50.45 per share will be deemed to have been sold prior to 3:07 p.m. EDT);

(b)     Sold from April 28, 2015, at or after 3:07 p.m. EDT, through and including August 2, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price *minus* the sale price;

(c)     Sold from August 1, 2015 through and including the close of trading on October 30, 2015, the Recognized Loss Amount will be *the least of*: (i) the decline in inflation per share during the holding period (as stated in Table 1 below), (ii) the purchase price *minus* the sales price, or (iii) the purchase price *minus* the average closing price between August 3, 2015 and the date of sale as stated in Table 2 below; and

(d)     Held as of the close of trading on October 30, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price *minus* $28.06, the average closing price for Twitter common stock between August 3, 2015 and October 30, 2015.[3]

---

[3]   Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Twitter common stock during the "90-day look-back period," July 29, 2015 through and including October 30, 2015. The mean (average) closing price for Twitter common stock during this period was $28.06 per share.

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | | | |
|---|---|---|---|---|---|---|
| | 2/6/2015-4/28/2015[1] | 4/28/2015[2] | 4/29/2015-7/28/2015 | 7/29/2015-7/30/2015 | 7/31/2015 | Sold on or Retained Beyond 8/1/2015 |
| 2/6/2015-4/28/2015[1] | $0.00 | $8.97 | $12.93 | $18.27 | $18.69 | $20.34 |
| 4/28/2015[2] | | $0.00 | $3.96 | $9.30 | $9.72 | $11.37 |
| 4/29/2015-7/28/2015 | | | $0.00 | $5.34 | $5.76 | $7.41 |
| Purchased on or after 7/29/2015 | | | | $0.00 | $0.00 | $0.00 |

Notes:

1] Prior to 3:07 p.m. EDT.

**TABLE 2**

**Twitter Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between August 3, 2015 and Date Shown | Date | Closing Price | Average Closing Price Between August 3, 2015 and Date Shown |
|---|---|---|---|---|---|
| 8/3/2015 | $29.27 | $29.27 | 9/17/2015 | $27.41 | $27.58 |
| 8/4/2015 | $29.34 | $29.31 | 9/18/2015 | $27.96 | $27.60 |
| 8/5/2015 | $28.48 | $29.03 | 9/21/2015 | $27.38 | $27.59 |
| 8/6/2015 | $27.54 | $28.66 | 9/22/2015 | $26.83 | $27.57 |
| 8/7/2015 | $27.04 | $28.33 | 9/23/2015 | $26.79 | $27.55 |
| 8/10/2015 | $29.50 | $28.53 | 9/24/2015 | $26.60 | $27.52 |
| 8/11/2015 | $29.62 | $28.68 | 9/25/2015 | $25.29 | $27.46 |
| 8/12/2015 | $29.39 | $28.77 | 9/28/2015 | $25.26 | $27.41 |
| 8/13/2015 | $28.54 | $28.75 | 9/29/2015 | $25.59 | $27.37 |
| 8/14/2015 | $29.06 | $28.78 | 9/30/2015 | $26.94 | $27.36 |
| 8/17/2015 | $29.06 | $28.80 | 10/1/2015 | $24.68 | $27.29 |
| 8/18/2015 | $28.30 | $28.76 | 10/2/2015 | $26.31 | $27.27 |
| 8/19/2015 | $27.61 | $28.67 | 10/5/2015 | $28.15 | $27.29 |
| 8/20/2015 | $26.00 | $28.48 | 10/6/2015 | $27.62 | $27.30 |
| 8/21/2015 | $25.87 | $28.31 | 10/7/2015 | $29.83 | $27.35 |
| 8/24/2015 | $25.17 | $28.11 | 10/8/2015 | $30.32 | $27.41 |
| 8/25/2015 | $24.38 | $27.89 | 10/9/2015 | $30.85 | $27.48 |
| 8/26/2015 | $25.03 | $27.73 | 10/12/2015 | $28.75 | $27.51 |
| 8/27/2015 | $26.46 | $27.67 | 10/13/2015 | $29.06 | $27.54 |
| 8/28/2015 | $26.83 | $27.62 | 10/14/2015 | $29.38 | $27.57 |
| 8/31/2015 | $27.79 | $27.63 | 10/15/2015 | $29.71 | $27.61 |
| 9/1/2015 | $27.03 | $27.61 | 10/16/2015 | $31.15 | $27.68 |
| 9/2/2015 | $27.82 | $27.61 | 10/19/2015 | $30.91 | $27.74 |
| 9/3/2015 | $28.30 | $27.64 | 10/20/2015 | $30.91 | $27.80 |
| 9/4/2015 | $28.15 | $27.66 | 10/21/2015 | $29.30 | $27.82 |
| 9/8/2015 | $27.18 | $27.64 | 10/22/2015 | $29.15 | $27.84 |
| 9/9/2015 | $27.18 | $27.63 | 10/23/2015 | $30.28 | $27.89 |
| 9/10/2015 | $27.71 | $27.63 | 10/26/2015 | $30.89 | $27.94 |
| 9/11/2015 | $27.39 | $27.62 | 10/27/2015 | $31.34 | $27.99 |
| 9/14/2015 | $26.90 | $27.60 | 10/28/2015 | $30.87 | $28.04 |
| 9/15/2015 | $27.17 | $27.58 | 10/29/2015 | $29.06 | $28.05 |
| 9/16/2015 | $27.75 | $27.59 | 10/30/2015 | $28.46 | $28.06 |

## **ADDITIONAL PROVISIONS**

62.     **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her or its Recognized Loss Amounts as calculated above with respect to Twitter common stock.

63.     **FIFO Matching:** If a Class Member made more than one purchase or sale of Twitter common stock during the relevant period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

64.     **"Purchase/Sale" Dates:** Purchases and sales of Twitter common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of Twitter common stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented. However, the receipt or grant by gift, inheritance, or operation of law of Twitter common stock during the Class Period shall not be deemed a purchase or sale of Twitter common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of Twitter common stock unless (i) the donor or decedent purchased the shares during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

65.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Twitter common stock. The date of a "short sale" is deemed to be the date of sale of the Twitter common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero. In the event that a Claimant has an opening short position in Twitter common stock, the earliest purchases of Twitter common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

66.     **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Twitter common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

67.     **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Twitter common stock during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[4] and (ii) the sum of the Claimant's Total Sales Proceeds[5] and the

---

[4]    The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Twitter common stock purchased during the Class Period.

[5]    The Claims Administrator shall match any sales of Twitter common stock during the Class Period first against the Claimant's opening position in Twitter common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Twitter common stock sold during the Class Period is the "Total Sales Proceeds."

Claimant's Holding Value.[6]   If the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

68.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Twitter common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement and the Agreement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Twitter common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

69.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its _pro rata_ share of the Net Settlement Fund.  The _pro rata_ share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

70.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed _pro rata_ to all Authorized Claimants entitled to receive payment.

71.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust.

72.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Class Representatives, Class Counsel, Class Representatives' damages expert, Class Representatives' consulting experts, Defendants, Defendants' Counsel, or any of the other Class Members or Released Defendant Parties, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Class Representatives, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination,

---

[6]   The Claims Administrator shall ascribe a "Holding Value" of $29.72 to each share of Twitter common stock purchased during the Class Period that was still held as of the close of trading on August 3, 2015.

1   administration, calculation, or payment of any Claim or nonperformance of the Claims
2   Administrator; the payment or withholding of Taxes; or any losses incurred in connection
    therewith.

3          73.     The Plan of Allocation stated herein is the Plan that is being proposed to the Court
    for its approval by Class Representatives after consultation with their damages' expert.  The Court
4   may approve this Plan as proposed or it may modify the Plan of Allocation without further notice
    to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on
5   the case website, www.TwitterSecuritiesLitigation.com.

6   ┌─────────────────────────────────────────────────────────────────────────┐
    │           **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?**          │
7   │                 **HOW WILL THE LAWYERS BE PAID?**                          │
    └─────────────────────────────────────────────────────────────────────────┘

8          74.     Class Counsel have not received any payment for their services in pursuing claims
    against the Defendants on behalf of the Class, nor have Class Counsel been paid for their litigation
9   expenses.  Before final approval of the Settlement, Class Counsel will apply to the Court for an
    award of attorneys' fees for all Class Representatives' Counsel in an amount not to exceed 22.5%
10  of the Settlement Fund, plus interest.  At the same time, Class Counsel also intends to apply for
    payment of litigation expenses paid or incurred by Class Representatives' Counsel in an amount
11  not to exceed $4,000,000, plus interest, as well as an application for payment of the reasonable
    costs and expenses incurred by Class Representatives directly related to their representation of the
12  Class in an amount not to exceed $40,000 in the aggregate.  The Court will determine the amount
    of any award of attorneys' fees or litigation expenses.  Such sums as may be approved by the Court
13  will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees
    or expenses.
14
    ┌─────────────────────────────────────────────────────────────────────────┐
15  │           **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?**             │
    │                 **HOW DO I EXCLUDE MYSELF?**                                │
16  └─────────────────────────────────────────────────────────────────────────┘

17         75.     On July 17, 2018, the Court certified the Class in this case.  On April 2, 2019, the
    Court-ordered notice was disseminated to potential Class Members.  That notice required Class
18  Members seeking exclusion to make a formal request to the Court postmarked or submitted online
    no later than May 23, 2019.  If you timely and validly sought to be excluded from the Class, you
19  are not eligible to receive any payment out of the Net Settlement Fund.  There is no further
    opportunity to exclude yourself from this Settlement.  If you are a Class Member, your options, as
20  stated in detail above, are:  (1) submit a Claim Form and participate in the Settlement Fund; (2)
    object to the Settlement; or (3) do nothing.  Regardless of the option chosen, if the Court approves
21  the Settlement, it will bind Class Members.

22  ┌─────────────────────────────────────────────────────────────────────────┐
    │       **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE**         │
23  │  **SETTLEMENT AND THE AGREEMENT?  DO I HAVE TO COME TO THE HEARING?**         │
    │   **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT OR THE**        │
24  │                      **AGREEMENT?**                                         │
    └─────────────────────────────────────────────────────────────────────────┘

25         76.     Class Members do not need to attend the Settlement Hearing.  The Court will
    consider any submission made in accordance with the provisions below even if a Class Member
26  does not attend the hearing.  You can participate in the Settlement without attending the Settlement
    Hearing.
27
           77.     The Settlement Hearing will be held on DATE, 2022 at TIME a.m., before the
28  Honorable Jon S. Tigar at the United States District Court for the Northern District of California,
    Courtroom 6 of the Ronald V. Dellums Federal Building and Courthouse, 1301 Clay Street,

Oakland, CA 94612.  The Court reserves the right to approve the Settlement, the Agreement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and litigation expenses, and/or any other matter related to the Settlement and the Agreement at or after the Settlement Hearing without further notice to the members of the Class.

78.   Any Class Member may object to the Settlement, the Agreement, the proposed Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and litigation expenses. You may object to the proposed Settlement, the Agreement, the Plan of Allocation or the requested fees and expenses in writing by providing your full name, the basis for your belief that you are a member of the Class, the basis of your objection, and your signature.  You may not ask the Court to order a larger settlement; the Court can only approve or deny the Settlement and/or the Agreement.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  You must also include copies of documents demonstrating your purchase(s), acquisition(s), and/or sale(s) of Twitter common stock during the Class Period. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

79.   All written objections and supporting papers must: (a) clearly identify the case name and number (*In re Twitter Inc. Securities Litigation*, Case No. 4:16-cv-05314-JST); (b) be submitted to the Court either by mailing them to the Class Action Clerk for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building and Courthouse, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before DATE 2022.

80.   You may not object to the Settlement, the Agreement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and litigation expenses if you timely and validly excluded yourself from the Class or if you are not a member of the Class.

81.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first submit a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Agreement, the Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and litigation expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Court by DATE 2022.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

83.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court by DATE 2022.

84.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the case website, www.TwitterSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

85.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever**

foreclosed from making any objection to the proposed Settlement, the Agreement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and litigation expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
|---|

86.    If you purchased or acquired Twitter common stock from February 6, 2015 through July 28, 2015, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Twitter Securities Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6389, Portland, OR 97228-6389. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.TwitterSecuritiesLitigation.com., or by calling the Claims Administrator toll-free at 1-888-510-9590.

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
|---|

87.    This Notice contains only a summary of the terms of the proposed Settlement and the Agreement. More detailed information about the matters involved in this Litigation is available at www.TwitterSecuritiesLitigation.com, including, among other documents, copies of the Stipulation and Agreement. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the settlement agreement available at www.TwitterSecuritiesLitigation.com, or by contacting Class Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building and Courthouse, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of the Stipulation, the Agreement and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.TwitterSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form may be directed to any of the following:

| | | |
|---|---|---|
| *Twitter Securities Litigation*<br>c/o Epiq<br>P.O. Box 6389<br>Portland, OR 97228-6389<br>1-888-510-9590<br>info@TwitterSecuritiesLitigation.com<br>www.TwitterSecuritiesLitigation.com | Gregg S. Levin, Esq.<br>Max N. Gruetzmacher, Esq.<br>MOTLEY RICE LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29464<br>1-800-697-4630<br>twitterquestions@motleyrice.com | Ellen Gusikoff Stewart,<br>Esq.<br>ROBBINS GELLER<br>RUDMAN & DOWD LLP<br>655 West Broadway, Suite<br>1900<br>San Diego, CA  92101-8498<br>1-800-449-4900<br>elleng@rgrdlaw.com |

1      **DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF
       THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS
2      NOTICE.**

3    Dated: _____                        By Order of the Court
                                                United States District Court
4                                               Northern District of California

# EXHIBIT 2

1  ROBBINS GELLER RUDMAN & DOWD LLP
   DANIEL S. DROSMAN (200643)
2  TOR GRONBORG (179109)
   ELLEN GUSIKOFF STEWART (144892)
3  LUCAS F. OLTS (234843)
   J. MARCO JANOSKI GRAY (306547)
4  CHRISTOPHER R. KINNON (316850)
   HEATHER G. SCHLESIER (322937)
5  655 West Broadway, Suite 1900
   San Diego, CA 92101-8498
6  Telephone: 619/231-1058
   619/231-7423 (fax)
7
   MOTLEY RICE LLC
8  GREGG S. LEVIN (admitted *pro hac vice*)
   LANCE V. OLIVER (admitted *pro hac vice*)
9  MEGHAN S.B. OLIVER (admitted *pro hac vice*)
   MAX N. GRUETZMACHER (admitted *pro hac vice*)
10 CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
   MEREDITH B. WEATHERBY (admitted *pro hac vice*)
11 28 Bridgeside Blvd.
   Mt. Pleasant, SC 29464
12 Telephone: 843/216-9000
   843/216-9450 (fax)
13
   *Co-Class Counsel for the Class*
14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                          OAKLAND DIVISION
17
   In re TWITTER INC. SECURITIES      )  Case No. 4:16-cv-05314-JST (SK)
18 LITIGATION                         )
                                      )  CLASS ACTION
19                                    )
   This Document Relates To:          )  PROOF OF CLAIM FORM
20                                    )
        ALL ACTIONS.                  )  EXHIBIT 2
21                                    )

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Twitter Securities Litigation*

**c/o Epiq Class Action & Claim Solutions, Inc.**
**PO Box 6389**
**Portland, OR 97228-6389**
**Toll-Free Number:  1-888-510-9590**
**Email:  _____**
**Website:  www.TwitterSecuritiesLitigation.com**

## PROOF OF CLAIM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Litigation, you must complete and sign this Proof of Claim form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked* no later than _____, 2022 or submit it online at the above website on or before _____, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

1

**TABLE OF CONTENTS**

2

**Page**

3  PART I – INSTRUCTIONS ..................................................................................................1

4      A.      GENERAL INSTRUCTIONS ...........................................................................1

5      B.      CLAIMANT IDENTIFICATION ......................................................................2

6      C.      CLAIM FORM ...................................................................................................3

7  PART II – CLAIMANT IDENTIFICATION....................................................................5

8  PART III –   SCHEDULE OF TRANSACTIONS IN TWITTER PUBLICLY TRADED

9              COMMON STOCK ............................................................................................6

   PART IV –   SUBMISSION TO JURISDICTION OF COURT AND
10             ACKNOWLEDGMENTS ...................................................................................7

11 PART V – RELEASE...........................................................................................................8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PART I – INSTRUCTIONS**

    **A.    GENERAL INSTRUCTIONS**

    1.    To recover as a member of the Class based on your claims in the action entitled *In re Twitter Inc. Securities Litig.*, Case No. 4:16-cv-05314-JST (SK) (the "Litigation"), you must complete and, on page [___] hereof, sign this Proof of Claim form ("Claim Form").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

    2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Litigation.

    3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE _____, 2022, ADDRESSED AS FOLLOWS:

> *Twitter Securities Litigation*
> c/o Epiq Class Action & Claim Solutions, Inc.
> PO Box 6389
> Portland, OR 97228-6389
> Toll-Free Number:  1-888-510-9590
> Email:  info@TwitterSecuritiesLitigation.com
> Website:  www.TwitterSecuritiesLitigation.com

If you are NOT a member of the Class, as defined below and in the Notice of (1) Proposed Class Action Settlement; (2) Settlement Hearing; and (3) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), DO NOT submit a Claim Form.

    4.    If you are a member of the Class and you did not timely and validly request exclusion from the Class in connection with the Notice of Pendency of Class Action you received in 2019, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

    5.    It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the

defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**B.     CLAIMANT IDENTIFICATION**

1.      Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Twitter publicly traded common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Twitter publicly traded common stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Twitter publicly traded common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE TWITTER PUBLICLY TRADED COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

2.      All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

3.      **A Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

4.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Twitter publicly traded common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

5.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own or owned the Twitter publicly traded common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

**C.    CLAIM FORM**

1.    Use Part III of this form entitled "Schedule of Transactions in Twitter Publicly Traded Common Stock" to supply all required details of your transaction(s) in Twitter publicly traded common stock.  If you need more space or additional schedules, attach separate sheets, copies of which are available at www.TwitterSecuritiesLitigation.com, giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Twitter publicly traded common stock that took place at any time on or between and including February 6, 2015 and October 30, 2015, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of shares of Twitter publicly traded common stock you held at the close of trading on February 5, 2015, July 28, 2015, and October 30, 2015.

3.    List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Twitter publicly traded common stock set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in Twitter publicly traded common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.   The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.   In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.      As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.

8.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the address on the first page of the Claim Form, by email at

info@TwitterSecuritiesLitigation.com, or by toll-free phone at 1-888-510-9590, or you can visit the website, www.TwitterSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

9.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.TwitterSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@TwitterSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶B.3 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.1 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@TwitterSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-888-510-9590.**

**PART II – CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

_____

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

_____

Street Address

_____

City _____    State or Province _____

Zip Code or Postal Code _____    Country _____

Social Security Number or
Taxpayer Identification Number _____    Individual
Corporation/Other

Area Code _____    Telephone Number (work) _____

Area Code _____    Telephone Number (home) _____

Record Owner's Name (if different from beneficial owner listed above)

**PART III –     SCHEDULE OF TRANSACTIONS IN TWITTER PUBLICLY
          TRADED COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Twitter publicly traded common stock.

   A.     Number of shares of Twitter publicly traded common stock held at the close of trading on February 5, 2015.  (Must be documented.)  If none, write "zero": _____

   B.     Purchases or acquisitions of Twitter publicly traded common stock (February 6, 2015-October 30, 2015, inclusive) (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes: ☐ Yes

C.      Sales of Twitter publicly traded common stock (February 6, 2015-October 30, 2015, inclusive) (Must be documented.):

| Trade Date<br>Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

D.      Number of shares of Twitter publicly traded common stock held at the close of trading on July 28, 2015.  (Must be documented.)  If none, write "zero":
_____

E.      Number of shares of Twitter publicly traded common stock held at the close of trading on October 30, 2015.  (Must be documented.)  If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART IV –    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated January 5, 2022 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, Oakland Division, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to Class Counsel and/or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of

Twitter publicly traded common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**PART V – RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Parties, each as defined herein and in the Notice, Stipulation, and the Agreement.

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Twitter publicly traded common stock and know of no other person having done so on my (our) behalf.

4.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of Twitter publicly traded common stock during the Class Period, as well as the number of shares held at the close of trading on February 5, 2015, July 28, 2015, and October 30, 2015.

5.      The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.      I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

1    Executed this _____ day of _____, 20__,

2                                      (Month/Year)

3

4    in _____, _____.
             (City)                           (State/Country)

5

6                          _____
                           (Sign your name here)

7

8                          _____
                           (Type or print your name here)

9

10                         _____
                           (Capacity of person(s) signing, *e.g.*,

11                         Beneficial Purchaser or Acquirer,

12                         Executor or Administrator)

13   For Joint Beneficial Purchaser, if any:

14                         _____
                           (Sign your name here)

15

16                         _____
                           (Type or print your name here)

17

18                    ACCURATE CLAIMS PROCESSING TAKES A
                            SIGNIFICANT AMOUNT OF TIME.
19                        THANK YOU FOR YOUR PATIENCE.

20       Reminder Checklist:

21       1.      Please sign the above release and acknowledgment.

22       2.      Remember to attach copies of supporting documentation, if available.

23       3.      Do not send original stock certificates.  Attach only *copies* of acceptable supporting

24   documentation as these documents will not be returned to you.

25       4.      Keep a copy of your Claim Form and all supporting documentation for your records.

26       5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail,

27   within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If**

28

1    **you do not receive an acknowledgement postcard within 60 days, please call the Claims**

2    **Administrator toll free at 1-888-510-9590.**

3          6.      If you move, please send us your new address.

4          7.      If you have any questions or concerns regarding your claim, contact the Claims

5    Administrator at Twitter Securities Settlement, c/o Epiq Class Action & Claim Solutions, Inc., PO

6    Box 6389, Portland, OR 97228-6389, by email at info@TwitterSecuritiesLitigation.com, or by toll-

7    free phone at 1-888-510-9590, or you may visit www.TwitterSecuritiesLitigation.com.  DO NOT

8    call Twitter, the other Defendants, or their counsel with questions regarding your claim.

# EXHIBIT 3

1 ROBBINS GELLER RUDMAN & DOWD LLP
  DANIEL S. DROSMAN (200643)
2 TOR GRONBORG (179109)
  ELLEN GUSIKOFF STEWART (144892)
3 LUCAS F. OLTS (234843)
  J. MARCO JANOSKI GRAY (306547)
4 CHRISTOPHER R. KINNON (316850)
  HEATHER G. SCHLESIER (322937)
5 655 West Broadway, Suite 1900
  San Diego, CA 92101-8498
6 Telephone: 619/231-1058
  619/231-7423 (fax)
7
  MOTLEY RICE LLC
8 GREGG S. LEVIN (admitted *pro hac vice*)
  LANCE V. OLIVER (admitted *pro hac vice*)
9 MEGHAN S.B. OLIVER (admitted *pro hac vice*)
  MAX N. GRUETZMACHER (admitted *pro hac vice*)
10 CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
   MEREDITH B. WEATHERBY (admitted *pro hac vice*)
11 28 Bridgeside Blvd.
   Mt. Pleasant, SC 29464
12 Telephone: 843/216-9000
   843/216-9450 (fax)
13
   *Co-Class Counsel for the Class*
14
                UNITED STATES DISTRICT COURT
15
                NORTHERN DISTRICT OF CALIFORNIA
16
                       OAKLAND DIVISION
17
   In re TWITTER INC. SECURITIES      )  Case No. 4:16-cv-05314-JST (SK)
18 LITIGATION                         )
                                      )  CLASS ACTION
   _____)
19                                    )
   This Document Relates To:          )  SUMMARY NOTICE
20                                    )
          ALL ACTIONS.                )  EXHIBIT 3
21 _____)
22
23
24
25
26
27
28

***IF YOU PURCHASED OR ACQUIRED TWITTER, INC. ("TWITTER") PUBLICLY TRADED COMMON STOCK FROM FEBRUARY 6, 2015 THROUGH JULY 28, 2015, INCLUSIVE, AND WERE DAMAGED THEREBY (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.***

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, Oakland Division, that a Settlement for $809,500,000.00 in cash to be paid or caused to be paid by Twitter, Inc. has been proposed in the above-captioned litigation (the "Litigation") in exchange for mutual releases and dismissal of the Litigation against the Defendants as set forth in a Stipulation of Settlement between Class Representatives and Twitter, Inc. dated January 5, 2022, and a separate Stipulation of Dismissal and Mutual Release of Claims between the Class Representatives and defendants Richard Costolo and Anthony Noto dated January 5, 2022.  A hearing will be held on _____, 2022, at __:__ _.m., before the Honorable Jon S. Tigar, at the United States District Court, Northern District of California, Oakland Division, Ronald V. Dellums Federal Building and Courthouse, Courtroom 6, 1301 Clay Street, Oakland, CA 94612, for the purpose of determining whether: (1) the proposed Settlement and the Agreement should be approved by the Court as fair, reasonable, and adequate; (2) the Litigation should be dismissed in accordance with the terms of the Settlement and the Agreement; (3) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the application of Class Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and awards to the Class Representatives, should be granted.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  If you have not received a detailed Notice of (1) Proposed Class Action Settlement; (2) Settlement Hearing; and (3) Motion for an Award of Attorneys' Fees and Litigation Expenses(the "Notice") and a copy of the Proof of Claim, you may obtain a copy of these documents by contacting the Claims Administrator: *Twitter*

*Securities Litigation*, c/o Epiq Class Action & Claim Solutions, Inc., PO Box 6389, Portland, OR 97228-6389.  You may also obtain copies of the Stipulation of Settlement, Notice and Proof of Claim, as well as case-related documents and all briefs and documents in support of the Settlement at www.TwitterSecuritiesLitigation.com.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2022, or submit it online by that date.  If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein).

Any objection to the proposed Settlement, the Agreement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court no later than _____, 2022, and meet the requirements set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Class Counsel:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> ELLEN GUSIKOFF STEWART
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
> 1-800-449-4900
>
> MOTLEY RICE LLC
> GREGG S. LEVIN
> MAX N. GRUETZMACHER
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC  29464
> 1-800-697-4630

DATED: _____      BY ORDER OF THE COURT
                             UNITED STATES DISTRICT COURT
                             NORTHERN DISTRICT OF CALIFORNIA
                             OAKLAND DIVISION