**ROBBINS GELLER RUDMAN & DOWD LLP**
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

**MOTLEY RICE LLC**
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450

*Co-Class Counsel*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) Case No. 4:16-cv-05314-JST (SK) |
| | ) CLASS ACTION |
| | ) |
| This Document Relates To: | ) **NOTICE OF MOTION AND MOTION** |
| | ) **FOR FINAL APPROVAL OF** |
| ALL ACTIONS. | ) **CLASS ACTION SETTLEMENT** |
| | ) **AND PLAN OF ALLOCATION AND** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT** |
| | ) **THEREOF** |
| | ) |
| | ) JUDGE:   Hon. Jon S. Tigar |
| | ) DATE:    November 17, 2022 |
| | ) TIME:    2:00 p.m. (Courtroom 6) |
| | )              via videoconference |

1

**TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES ................................................................ ii

3  NOTICE OF MOTION AND MOTION ................................................. 1

4  STATEMENT OF ISSUES TO BE DECIDED ....................................... 2

5  MEMORANDUM OF POINTS AND AUTHORITIES ............................ 1

6  I.    INTRODUCTION .................................................................. 1

7  II.   PROCEDURAL AND FACTUAL BACKGROUND........................ 3

8  III.  STANDARDS FOR FINAL APPROVAL OF CLASS ACTION
         SETTLEMENTS.................................................................... 6

9        A.   The Proposed Settlement Satisfies the Requirements of Rule 23(e)(2)................ 8

10            1.   Rule 23(e)(2)(A): Lead Plaintiffs and Their Counsel Have
                   Adequately Represented the Class............................................ 8

11            2.   Rule 23(e)(2)(B): The Proposed Settlement Was Negotiated at
12                 Arm's-Length After Mediation with an Experienced Mediator ............... 9

13            3.   Rule 23(e)(2)(C)(i): The Proposed Settlement Is Adequate
                   Considering the Costs, Risk and Delay of Trial and Appeal .................. 9

14                 a.   The Costs and Risks of Trial and Appeal Support Approval
15                      of the Settlement ............................................................ 10

16                 b.   The Proposed Settlement Eliminates the Additional Cost
                        and Delay of Continued Litigation ...................................... 11

17            4.   Rule 23(e)(2)(C)(ii): The Proposed Method for Distributing Relief
18                 Is Effective .................................................................... 12

19            5.   Rule 23(e)(2)(D): The Proposed Plan of Allocation Treats Class
                   Members Equitably ............................................................ 13

20       B.   The Remaining Ninth Circuit Factors Are Satisfied.............................. 13

21            1.   Discovery Completed and Stage of the Proceedings .......................... 13

22            2.   Counsel Views this Good-Faith Settlement as Fair, Reasonable,
                   and Adequate .................................................................. 14

23            3.   The Reaction of Class Members to the Settlement ............................ 14

24            4.   The Settlement Amount ....................................................... 15

25  IV.  THE COURT SHOULD APPROVE THE PLAN OF ALLOCATION................ 16

26  V.   NOTICE TO THE CLASS SATISFIES DUE PROCESS ............................ 17

27  CONCLUSION................................................................................ 18

28

1

**TABLE OF AUTHORITIES**

2

<u>CASES</u>

3

*Campbell v. Facebook, Inc.*,
 951 F.3d 1106 (9th Cir. 2020)................................................................... 6

4

*Carson v. American Brands, Inc.*,
 450 U.S. 79 (1981) .................................................................................... 6

5

6

*Churchill Village, L.L.C. v. General Electric*,
 361 F.3d 566 (9th Cir. 2004).................................................................. 7, 9

7

*Class Plaintiffs v. City of Seattle*,
 955 F.2d 1268 (9th Cir. 1992)................................................................. 16

8

9

*Community Resources for Independent Living v. Mobility Works of California, LLC*,
 533 F. Supp. 3d 881 (N.D. Cal. 2020) ..................................................... 9

10

11

*Dura Pharmaceuticals, Inc. v. Broudo*,
 544 U.S. 336 (2005) ................................................................................ 10

12

*Foster v. Adams & Associates, Inc.*,
 2022 WL 425559 (N.D. Cal. Feb. 11, 2022)........................................... 14

13

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998)............................................................... 7, 8

14

15

*Hayes v. MagnaChip Semiconductor Corp.*,
 2016 WL 6902856 (N.D. Cal. Nov. 21, 2016)........................................ 17

16

*Hefler v. Wells Fargo & Co.*,
 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ........................................ 13

17

*In re Capstone Turbine Corp. Securities Litigation*,
 2020 WL 7889062 (C.D. Cal. Aug. 26, 2020)........................................ 12

18

19

*In re Charles Schwab Corp. Sec. Litig.*,
 2011 WL 1481424 (N.D. Cal. Apr. 19, 2011) .......................................... 8

20

21

*In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, & Products Liability Litigation*,
 2019 WL 2554232 (N.D. Cal. May 3, 2019) ............................................ 7

22

23

*In re Flag Telecom Holdings, Ltd. Securities Litigation*,
 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) .......................................... 10

24

*In re Global Crossing Securities & ERISA Litigation*,
 225 F.R.D. 436 (S.D.N.Y. 2004) ............................................................ 13

25

26

*In re Hyundai & Kia Fuel Economy Litigation*,
 926 F.3d 539 (9th Cir. 2019)................................................................. 6, 8

27

*In re Immune Response Securities Litigation*,
 497 F. Supp. 2d 1166 (S.D. Cal. 2007) .................................................. 10

28

NOTICE OF MOT. & MOT. FOR FINAL APPROVAL OF SETTLEMENT
& PLAN OF ALLOCATION & MEM. OF P. & A. IN SUPP. THEREOF
CASE NO. 4:16-CV-05314-JST (SK)

ii

*In re LinkedIn User Privacy Litigation*,
  309 F.R.D. 573 (N.D. Cal. 2015) ............................................................... 14

*In re Omnivision Technologies, Inc.*,
  559 F. Supp. 2d 1046 (N.D. Cal. 2008) ..................................................... 13

*In re Portal Software, Inc. Securities Litigation*,
  2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ........................................... 17

*In re Veritas Software Corp. Securities Litigation*,
  496 F.3d 962 (9th Circ. 2007) ................................................................... 17

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products*
  *Liability Litigation*,
  895 F.3d 597 (9th Cir. 2018) ....................................................................... 6

*In re Yahoo! Inc. Customer Data Security Breach Litigation*,
  2020 WL 4212811 (N.D. Cal. July 22, 2020) ........................................... 11

*In re Zynga Inc. Securities Litigation*,
  2015 WL 6471171 (N.D. Cal. Oct. 27, 2015) ........................................... 11

*Kastler v. Oh My Green, Inc.*,
  2022 WL 1157491 (N.D. Cal. Apr. 19, 2022) ............................................. 6

*Longo v. OSI Systems*,
  2022 U.S. Dist. LEXIS 158606 (C.D. Cal. Aug. 31, 2022) ....................... 13

*Mauss v. NuVasive, Inc.*,
  2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ............................................. 16

*Mendoza v. Hyundai Motor Co.*,
  2017 WL 342059 (N.D. Cal. Jan. 23, 2017) ............................................... 7

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ............................................................... 17

*Norton v. LVNV Funding, LLC*,
  2021 WL 3129568 (N.D. Cal. July 23, 2021) ............................................. 8

*Officers for Justice v. Civil Service Commission of City & County of San*
  *Francisco*,
  688 F.2d 615 (9th Cir. 1982) .................................................................. 6, 9

*Redwen v. Sino Clean Energy, Inc.*,
  2013 U.S. Dist. LEXIS 100275 (C.D. Cal. July 9, 2013) ......................... 10

*Rodriguez v. Nike Retail Services, Inc.*,
  2022 WL 254349 (N.D. Cal. Jan. 27, 2022) ............................................. 14

*Rodriguez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009) ......................................................... 9, 14, 17

*Torrisi v. Tucson Electric Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ....................................................................... 11

*Vataj v. Johnson*,
  2021 WL 1550478 (N.D. Cal. Apr. 20, 2021) ........................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RULES**

Fed. R. Civ. P. 23(c)(2)(B) .................................................................. 17

Fed. R. Civ. P. 23(e)(1)(B) .................................................................. 17

Fed. R. Civ. P. 23(e)(2) ....................................................................... 7

NOTICE OF MOT. & MOT. FOR FINAL APPROVAL OF SETTLEMENT
& PLAN OF ALLOCATION & MEM. OF P. & A. IN SUPP. THEREOF
CASE NO. 4:16-CV-05314-JST (SK)

iv

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT at 2:00 p.m. on November 17, 2022, via teleconference, in the courtroom of the Honorable Jon S. Tigar, in the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, Co-Class Representatives KBC Asset Management NV ("KBC") and National Elevator Industry Pension Fund ("NEIPF," and together with KBC, "Plaintiffs" or "Class Representatives") will and hereby do respectfully move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for entry of a judgment granting final approval of the proposed settlement and entry of an order granting approval of the proposed plan of allocation. This motion is based on the following Memorandum of Points and Authorities, as well as the accompanying Joint Declaration of Daniel S. Drosman and Lance V. Oliver in Support of (1) Class Representatives' Motion for Final Approval of Settlement and Plan of Allocation and (2) Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and Award to Class Representatives (the "Joint Declaration"), with attached exhibits.

NOTICE OF MOT. & MOT. FOR FINAL APPROVAL OF SETTLEMENT
& PLAN OF ALLOCATION & MEM. OF P. & A. IN SUPP. THEREOF
CASE NO. 4:16-CV-05314-JST (SK)

1

1

## STATEMENT OF ISSUES TO BE DECIDED

2    1.    Whether the Court should grant final approval of the Settlement.

3    2.    Whether the Court should approve the Plan of Allocation.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Mot. & Mot. for Final Approval of Settlement
& Plan of Allocation & Mem. of P. & A. in Supp. Thereof
Case No. 4:16-cv-05314-JST (SK)

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 23(e), Class Representatives, on behalf of themselves and all members of the certified Class, respectfully submit this memorandum in support of their motion for: (1) final approval of the Settlement of the Litigation for $809.5 million in cash, and (2) approval of the Plan of Allocation.  The terms of the Settlement with Twitter, Inc. ("Twitter" or the "Company") are set forth in the Stipulation of Settlement dated January 5, 2022 (the "Stipulation").[1]  *See* ECF No. 653-4.[2]

The $809,500,000 Settlement, achieved only after more than a half-decade of hard-fought litigation, is the second-largest securities class action recovery ever obtained in the Ninth Circuit, ranks within the top 20 largest securities fraud settlements achieved since the passage of the Private Securities Litigation Act of 1995 (the "PSLRA"), and came only days prior to the commencement of trial.  As detailed in the accompanying Joint Declaration, over the course of this Litigation, Plaintiffs withstood Defendants' motion to dismiss; obtained class certification; completed extensive fact and expert discovery; defeated Defendants' motion for summary judgment (and a subsequent motion for partial reconsideration); briefed *Daubert* motions and motions *in limine*; and prepared for a six-week jury trial.  As a result, Class Representatives and Class Counsel had a thorough understanding of the strengths and weaknesses of their claims when the parties reached the Settlement on the very last business day before commencement of jury selection.

From the outset and throughout the Litigation, Defendants adamantly denied liability and asserted strong defenses.  Settlement negotiations were lengthy and included multiple in-person mediations with the Hon. Layn R. Phillips (Ret.) and follow-up teleconferences and meetings.

---

[1]     All capitalized terms not defined herein shall have the same meaning set forth in the Stipulation.

[2]     Class Representatives, on behalf of themselves and each Class Member, and the Individual Defendants, Richard Costolo and Anthony Noto, also entered into a separate agreement providing for mutual releases and dismissal with prejudice of the Litigation against them contemporaneous with the dismissal of the Litigation against Twitter.  *See* ECF No. 653-5.

1   Class Counsel made it clear that they would continue to litigate (and, in fact, did) rather than
2   settle for less than fair value.  Indeed, Class Counsel persisted for nearly three years from the
3   initial mediation until they achieved the Settlement—one they believe is in the best interest of
4   the Class.

5   Class Counsel are experienced in prosecuting securities class actions, and have concluded
6   that the Settlement, which recovers between approximately one-quarter and one-third of the
7   estimated recoverable damages, is an excellent result based on all relevant factors, including,
8   *inter alia*: (a) the substantial risk, expense, and uncertainty in continuing the Litigation through
9   trial and likely post-trial motion(s) and appeal(s); (b) the relative strengths and weaknesses of
10  the claims and defenses asserted; (c) a complete analysis of the evidence obtained and the legal
11  and factual issues presented; (d) past experience in litigating complex actions similar to the
12  Litigation; and (e) the disputes between the parties concerning the merits and damages.
13  Moreover, Class Representatives—who are the types of institutional investors Congress
14  envisioned when passing the PSLRA—fully support the Settlement.

15  The reaction of the Class thus far also supports the Settlement and Plan of Allocation.
16  Pursuant to the Order Preliminarily Approving Settlement and Providing for Notice, ECF
17  No. 658 (the "Preliminary Approval Order"), over 401,000 copies of the Notice were sent to
18  potential Class Members and nominees, and notice was published in *The Wall Street Journal* and
19  transmitted over *PR Newswire*.  While the October 27, 2022, deadline to object to the Settlement
20  and Plan of Allocation has not yet passed, to date no objection(s) have been received.[3]

21  Class Representatives also request that the Court approve the proposed Plan of
22  Allocation, which was set forth in the Notice sent to Class Members.  The Plan of Allocation
23  governs how claims will be calculated and how settlement proceeds will be distributed among
24  Authorized Claimants.  It was prepared with consultation with Class Representatives' damages
25  expert, and is based on the out-of-pocket measure of damages, *i.e.*, the difference between what

26

27

28  _____

[3]   Should any objections be received, Class Counsel will address them in its reply papers.

Notice of Mot. & Mot. for Final Approval of Settlement
& Plan of Allocation & Mem. of P. & A. in Supp. Thereof
Case No. 4:16-cv-05314-JST (SK)                                                          2

Class Members paid for their Twitter common stock during the Class Period and what they would have paid had the alleged misstatements and omissions not been made.

In short, the $809,500,000 Settlement of this complex securities fraud action, and the associated Plan of Allocation to distribute it, are fair and reasonable, and the Settlement itself is an excellent result for the Class.  Class Representatives and Class Counsel strongly support its approval by the Court.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

The initial complaint in this action was filed on September 16, 2016, asserting violations of the federal securities laws against Defendants. Joint Decl. ¶ 17; ECF No. 1.  On December 22, 2016, the Court appointed KBC as Lead Plaintiff and Motley Rice LLC ("Motley Rice") as Lead Counsel.  Joint Decl. ¶ 17; ECF No. 72.  Lead Plaintiff filed the Complaint on March 2, 2017, asserting claims on behalf of all persons who purchased or otherwise acquired Twitter's common stock between February 6, 2015, and July 28, 2015, inclusive.  Joint Decl. ¶¶ 18-19; ECF No. 81. Defendants moved to dismiss the Complaint, Joint Decl. ¶ 20; ECF No. 91, Lead Plaintiff opposed, Joint Decl. ¶ 20; ECF No. 94, and Defendants replied in support of their motion, Joint Decl. ¶ 20; ECF No. 104.  On October 16, 2017, the Court granted in part and denied in large part Defendant's motion to dismiss.  Joint Decl. ¶ 20; ECF No. 113.

Defendants answered the Complaint on November 17, 2017, Joint Decl. ¶ 21; ECF No. 118, amended their answer on December 8, 2017, Joint Decl. ¶ 21; ECF No. 119, and the Parties began formal discovery.  Discovery included extensive negotiations between the Parties regarding the method and form of Defendants' document production, the search terms, and the techniques Defendants would use to respond to Lead Plaintiff's discovery requests.   Joint Decl. ¶¶ 28-51.  The Parties briefed a myriad of discovery disputes for decision by the Court.  *Id.* Ultimately, Plaintiffs' efforts led to the production and analysis of approximately a quarter-million documents (encompassing millions of pages) from over 50 custodians, 27 fact witness depositions, and thousands of pages of sworn interrogatory responses and admissions. *Id.* ¶¶ 8,

Notice of Mot. & Mot. for Final Approval of Settlement
& Plan of Allocation & Mem. of P. & A. in Supp. Thereof
Case No. 4:16-CV-05314-JST (SK)                                                                    3

1    31.  Plaintiffs also produced thousands of pages of documents, sat for depositions, and provided
2    responses to Defendants' discovery requests.  *Id*. ¶¶ 23, 25.

3        On July 17, 2018, after briefing and argument from the Parties, the Court certified a class
4    of all persons and entities that purchased or otherwise acquired shares of the publicly traded
5    common stock of Twitter during the period from February 6, 2015, through July 28, 2015,
6    inclusive, and were damaged thereby.  Joint Decl. ¶¶ 8, 26; *see also* ECF No. 181 (the "Class
7    Certification Order").  The Court appointed KBC and NEIPF as Class Representatives and
8    appointed Motley Rice and Robbins Geller as Class Counsel.  Joint Decl. ¶ 26; ECF No. 181.
9    After the Court issued its Order Approving Class Notice and Amended Joint Proposal for
10   Dissemination, Joint Decl. ¶ 27; *see also* ECF No. 238 (the "Class Notice Order"), the Court-
11   appointed administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), distributed notice
12   of the Class Action to potential Class members and received twenty valid and timely requests to
13   opt-out of the Litigation, Joint Decl. ¶ 27; ECF No. 305.

14       The parties also conducted expert discovery covering a wide range of areas including
15   loss causation, social media user and engagement metrics, stock trading plans, corporate
16   disclosure requirements and processes, and analyst, investor, and advertiser perceptions of
17   Twitter.  Joint Decl. ¶¶ 52-57.  Expert discovery began in June 2019 when the parties exchanged
18   a total of seven expert reports, with four opening expert reports disclosed by Class Counsel, and
19   three by Defendants.  *Id*. ¶ 53.  In August 2019, the parties exchanged a total of nine rebuttal
20   expert reports, three by Class Counsel and six by Defendants.  *Id*.  Between July 2019 and
21   September 2019, Class Counsel deposed all six of Defendants' experts, and defended the
22   depositions of Class Counsel's six experts.  *Id*.  Class Counsel also exchanged and analyzed
23   thousands of documents the experts cited in their reports or relied upon in forming their opinions.
24   *Id*.  Class Counsel's efforts during expert discovery was notable considering the sheer breadth
25   of Defendants' experts' opinions, with Defendants' ten expert reports spanning over 650 pages
26   (including exhibits and appendices).  *Id*. ¶ 55.

27

28

Notice of Mot. & Mot. for Final Approval of Settlement
& Plan of Allocation & Mem. of P. & A. in Supp. Thereof
Case No. 4:16-cv-05314-JST (SK)                                                                    4

On September 13, 2019, Defendants moved for summary judgment on all of Plaintiffs' claims. Joint Decl. ¶ 58; ECF No. 314. Defendants also moved to exclude the testimony of two of Plaintiffs' critical experts. Joint Decl. ¶ 61; ECF Nos. 374 & 376. On January 28, 2020, the Court denied in full Defendants' motions to exclude the testimony of these two experts, Joint Decl. ¶ 63; ECF No. 421, and the Parties submitted seven additional motions to exclude the testimony of experts slated to provide trial testimony, Joint Decl. ¶ 8. The Court denied, in full, Defendants' summary judgment motion on April 17, 2020, Joint Decl. ¶ 64; ECF No. 478, then subsequently granted in part and denied in part the Parties' motions to exclude experts designated to offer opinions at trial on April 20, 2020, Joint Decl. ¶ 64; ECF No. 482. Following the Court's summary judgment order and extensive meet and confer discussions regarding the scope of admissible evidence at trial, the Parties briefed 19 motions *in limine*. Joint Decl. ¶ 67; *see, e.g.*, ECF Nos. 497, 498 & 527.

Due to the emergence of the COVID-19 pandemic in the spring of 2020, the previously scheduled trial date of June 22, 2020, Joint Decl. ¶ 66; ECF No. 455, ultimately was rescheduled for September 20, 2021, Joint Decl. ¶ 66; ECF No. 567. In the interim, the Parties negotiated and submitted to the Court a joint pretrial statement, Joint Decl. ¶ 70; ECF No. 584, proposed joint jury instructions, Joint Decl. ¶ 70; ECF No. 585, and competing proposed verdict forms, Joint Decl. ¶ 70; ECF Nos. 586 & 587, in addition to participating in multiple pretrial conferences, Joint Decl. ¶ 71; *see, e.g.*, ECF Nos. 589 & 599. The Parties also briefed and argued motions in the weeks prior to the scheduled trial date, including motions regarding whether or not: Defendants should be permitted to substitute one of their proposed experts, Joint Decl. ¶ 71; ECF No. 603; Plaintiffs should be permitted to use leading questions with trial witnesses associated with Defendants; Joint Decl. ¶ 71; ECF No. 605; the Court should reconsider its summary judgment order, Joint Decl. ¶ 64; ECF No. 611; and Plaintiffs should be permitted to call a non-party journalist to testify at trial, Joint Decl. ¶ 71; ECF No. 629.

On September 16, 2021, just four days before a jury was to be empaneled, the parties, with the assistance of the Hon. Layn Phillips (Ret.) as mediator, reached an agreement to settle

NOTICE OF MOT. & MOT. FOR FINAL APPROVAL OF SETTLEMENT
& PLAN OF ALLOCATION & MEM. OF P. & A. IN SUPP. THEREOF
CASE NO. 4:16-CV-05314-JST (SK)

5

the Litigation for $809,500,000, subject to the Court's approval.  Joint Decl. ¶ 78.  The Parties

filed the Stipulation of Settlement on January 7, 2022.  *Id.* ¶ 79.  On August 5, 2022, the Court

granted preliminary approval of the Settlement, directed notice be provided to the Class, and set

a schedule for further briefing seeking final approval of the settlement, the Plan of Allocation,

and an award of attorneys' fees and costs.  Joint Decl. ¶ 79; ECF No. 658.

## III.   STANDARDS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS

The Ninth Circuit recognizes a "strong judicial policy that favors settlements, particularly

where complex class action litigation is concerned."  *Campbell v. Facebook, Inc.*, 951 F.3d 1106,

1121 (9th Cir. 2020) (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th

Cir. 2019)).  The decision of whether a settlement is fair is ultimately left for the sound discretion

of the trial judge.  *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab.

Litig.*, 895 F.3d 597, 611 (9th Cir. 2018) ("Deciding whether a settlement is fair is ultimately 'an

amalgam of delicate balancing, gross approximations and rough justice,' best left for the district

judge.") (citation omitted).  Courts, however, should not convert settlement approval into an

inquiry into the merits as "the court's intrusion upon what is otherwise a private consensual

agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to

reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or

collusion between, the negotiating parties."  *Kastler v. Oh My Green, Inc.*, 2022 WL 1157491,

at *3 (N.D. Cal. Apr. 19, 2022) (quoting *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty.

of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982)); *see also Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88

n.14 (1981) (cautioning against "resolv[ing] unsettled legal questions" on settlement approval).

Federal Rule of Civil Procedure 23(e) requires judicial approval for the settlement of

claims brought as a class action and provides "the court may approve [a proposed settlement]

only after a hearing and only on finding that it is fair, reasonable, and adequate."  Fed. R. Civ.

P. 23(e)(2).  To determine whether a settlement is "fair, reasonable, and adequate," the Court must:

> consider[] whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: . . . the costs, risks, and delay of trial and appeal [among other things]; and (D) the proposal treats class members equitably relative to each other.

*Id.*

In addition to the Rule 23(e) considerations, courts in the Ninth Circuit consider the following factors when examining whether a proposed settlement comports with Rule 23(e)(2):

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Mendoza v. Hyundai Motor Co.*, 2017 WL 342059, at *4 (N.D. Cal. Jan. 23, 2017)[4] (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Preliminary Approval Order considered the Rule 23(e)(2) and Ninth Circuit factors when assessing the Settlement and found that it was fair, reasonable, and adequate, subject to further consideration at the Final Approval hearing.  *See* ECF No. 658.  The Court's conclusion on preliminary approval is equally true now as nothing has changed between August 5, 2022, and the present.  *See In re Chrysler-Dodge-Jeep EcoDiesel Mktg.*, *Sales Practices, & Prods. Liab. Litig.*, 2019 WL 2554232, at *2 (N.D. Cal. May 3, 2019) ("Those conclusions [drawn at preliminary approval] stand and counsel equally in favor of final approval now.").

Class Representatives respectfully submit that the proposed Settlement satisfies Rule 23(e)(2), the relevant Ninth Circuit factors, and the guidelines set forth in the Northern

---

[4]   "Because there is no governmental entity involved in this litigation, this [seventh] factor is inapplicable."  *Id.* at *7.

Notice of Mot. & Mot. for Final Approval of Settlement & Plan of Allocation & Mem. of P. & A. in Supp. Thereof
Case No. 4:16-CV-05314-JST (SK)

7

District of California's Procedural Guidance for Class Action Settlements (the "Guidelines"),[5] and warrants approval as fair, reasonable, and adequate.

### A.   The Proposed Settlement Satisfies the Requirements of Rule 23(e)(2)

#### 1.   Rule 23(e)(2)(A): Lead Plaintiffs and Their Counsel Have Adequately Represented the Class

Class Representatives and Class Counsel have more than adequately represented the Class as required by Rule 23(e)(2)(A).  *See generally* Decl. of Bart Elst in Supp. of (A) Class Representative's Mot. for Final Approval of Class Action Settlement & Plan of Allocation & (B) Class Counsels' Mot. for Award of Att'ys' Fees & Payment of Litig. Expenses (the "Elst Decl."); Decl. of Robert Betts in Supp, of Final Approval of Pls.' Proposed Class Action Settlement (the "Betts Decl."), submitted herewith.  The exceptional Settlement negotiated on the Class's behalf is the result of the diligent prosecution of this Litigation for over five years. *See In re Charles Schwab Corp. Sec. Litig.*, 2011 WL 1481424, at *5 (N.D. Cal. Apr. 19, 2011) (finding Rule 23(e)(2)(A) satisfied when "settlements were reached on the eve of trial when class counsel had completed discovery and had conducted extensive motion practice").[6]  Class Representatives have no interests antagonistic to those of other Class Members; rather, they share the common interest in obtaining the largest possible recovery from Defendants.  *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 566 ("To determine legal adequacy, we resolve two questions: '(1) do the named plaintiffs and their counsel have any conflict of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" (quoting *Hanlon*, 150 F.3d at 1020)); *accord* Class Cert. Order 13 (finding Class Representatives and Class Counsel are adequate).  Class Counsel are highly qualified and experienced in securities litigation, *see* Joint Decl. ¶ 114, actively pursued

---

[5]    The Guidelines may be accessed at http://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ (last visited Sept. 1, 2022).  While a court may "consider them," the Guidelines "do not carry the weight of law."  *Norton v. LVNV Funding, LLC*, 2021 WL 3129568, at *12 (N.D. Cal. July 23, 2021).

[6]    In addition to negotiating an extraordinary settlement amount, Class Counsel demanded that the total amount of the settlement be immediately funded.  As of the date of this memorandum, the fund has earned over $6.7 million in interest.

1   the claims of Twitter investors in this Court, *see id.* ¶¶ 17-72, and advocated vociferously for the

2   Class's best interests throughout this litigation.

3       **2.      Rule 23(e)(2)(B): The Proposed Settlement Was Negotiated**
                **at Arm's-Length After Mediation with an Experienced**
4               **Mediator**

5           Rule 23(e)(2)(B) asks whether a proposed settlement is procedurally adequate, *i.e.*,

6   whether "the proposal was negotiated at arm's length."  "[The Ninth Circuit] put[s] a good deal

7   of stock in the product of an arms-length, non-collusive, negotiated resolution."  *Rodriguez v.*

8   *W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *accord Cmty. Res. for Indep. Living v.*

9   *Mobility Works of Cal., LLC*, 533 F. Supp. 3d 881, 889 (N.D. Cal. 2020).  The Parties here

10  reached the Settlement only after multiple mediation sessions over several years with an

11  experienced mediator, the Hon. Layn Phillips.  *See* Joint Decl. ¶ 74.  The Parties attended three

12  in-person mediation sessions with Judge Phillips.  *See id.* ¶ 75.  The first mediation, on

13  September 26, 2018, was unsuccessful and the parties continued to litigate.  *See id.* ¶ 75.  The

14  second mediation, on March 6, 2020, was likewise unsuccessful.  *See id.* ¶ 76.  The third

15  mediation, on August 17, 2021, ended without a resolution and the Parties continued to prepare

16  for trial.  *See id.* ¶ 77.  It was not until the evening of September 16, 2021 that the Parties, with

17  assistance from Judge Phillips, agreed in principle to settle the Action for $809.5 million.  *See*

18  *id.* ¶ 78.  These facts demonstrate that the Settlement is the result of arm's length negotiations

19  and "not the product of fraud or overreaching by, or collusion between, the negotiating parties."

20  *Officers for Just.*, 688 F.2d at 625.

21      **3.      Rule 23(e)(2)(C)(i): The Proposed Settlement Is Adequate**
22              **Considering the Costs, Risk and Delay of Trial and Appeal**

23          Pursuant to Rule 23(e)(2)(C), the Court also must consider the substantive adequacy of

24  the proposed Settlement in determining final approval.  Rule 23(e)(2)(C)(i) considers "the costs,

25  risks and delay of trial and appeal," and the relevant overlapping Ninth Circuit factors address

26  "the strength of the plaintiffs' case" and "the risk, expense, complexity, and likely duration of

27  further litigation."  *Churchill*, 361 F.3d at 575.  As discussed below, the benefits conferred on

28

Class Members by the Settlement outweigh the costs, risks, and delay of further litigation, and confirm the adequacy and reasonableness of the Settlement.

### a.   The Costs and Risks of Trial and Appeal Support Approval of the Settlement

In order to prove liability under the Exchange Act, a plaintiff must demonstrate, *inter alia*, that: (i) defendants were responsible for materially false or misleading statements; (ii) defendants acted with scienter (i.e., that defendants made their misrepresentations knowingly or recklessly); (iii) that plaintiffs' losses were caused by defendants' misrepresentations (i.e., "loss causation"); and (iv) that plaintiffs and the class members suffered damaged.  *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005).  Class Representatives would be required to prove each of these elements to prevail, whereas Defendants needed only to succeed on one defense to defeat the entire action.  *See* Joint Decl. ¶¶ 80-88.  Although the Class Representatives are confident in the abilities of Class Counsel to prove the case, the risk of loss was still real. *See Redwen v. Sino Clean Energy, Inc.*, 2013 U.S. Dist. LEXIS 100275, at *19 (C.D. Cal. July 9, 2013) ("Courts experienced with securities fraud litigation 'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.'" (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *17 (S.D.N.Y. Nov. 8, 2010))).

Defendants advanced several plausible arguments disputing both liability and damages. *See* Joint Decl. ¶¶ 80-88.  For example, Defendants disputed the falsity of their statements and scienter.  *See, e.g.*, *id.* ¶ 83.  Scienter is notoriously "complex and difficult to establish at trial" in any case.  *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007). Juries cannot read minds and evidence of a mental state is rarely direct; meaning the jurors must infer it.  *See, e.g.*, *Smith v. Dominion Bridge Corp.*, 2007 U.S. Dist. LEXIS 26903, at *17 (E.D. Pa. Apr. 11, 2007) ("Since stockholders normally have 'little more than circumstantial and accretive evidence to establish the requisite scienter,' proving scienter is an 'uncertain and difficult necessity for plaintiffs.'").  In this case the task was even more difficult because the false statements at issue involved technical growth metrics in the ever-changing social medial

Notice of Mot. & Mot. for Final Approval of Settlement       10
& Plan of Allocation & Mem. of P. & A. in Supp. Thereof
Case No. 4:16-CV-05314-JST (SK)

industry.  *See* Joint Decl. ¶ 31.  If the jury successfully navigated falsity and scienter, they would then have to resolve Defendants' arguments regarding materiality, loss causation and damages.  *See id.* ¶¶ 81-83.   Defendants argued that the metrics at the heart of Plaintiffs' case were immaterial to investors and that the alleged corrective stock price movements were caused by factors unrelated to Plaintiffs' allegations.  *See id.* ¶ 56.  For lay people these were not going to be easy issues to understand, much less resolve, in the face of competing expert testimony.  *See, e.g.*, *In re Zynga Inc. Sec. Litig.*, 2015 WL 6471171, at *9 (N.D. Cal. Oct. 27, 2015) ("[I]t [is] difficult for [plaintiff] to prove loss causation and damages at trial." (second and third alterations in original)).  These arguments, plus the sheer complexity of the underlying issues here, were substantial obstacles to Plaintiffs' success at trial.

Even if Plaintiffs succeeded at the "Phase One" portion of the trial, the case would be far from over.  *See* Joint Decl. ¶ 107.  In the "Phase Two" portion of the trial, Defendants would have an opportunity to challenge an individual Class Member's membership in the Class, the presumption of reliance as to each Class Member, and the amount of damages due to each Class Member.  *See id.*; *see, e.g.*, ECF No. 499 at 1.  Moreover, even if Class Representatives ultimately succeeded at trial, Defendants would almost certainly appeal, likely further extending the litigation for years and posing a risk of reversal of the verdict.  *See* Joint Decl. ¶ 73.

### b.    The Proposed Settlement Eliminates the Additional Cost and Delay of Continued Litigation

This action settled on the eve of jury selection, thus avoiding the substantial time, expense, and significant risk of continued litigation.  Courts have consistently recognized that "the cost, complexity and time of fully litigating the case" are key factors in evaluating the reasonableness of a settlement.  *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993); *see also In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020 WL 4212811, at *9 (N.D. Cal. July 22, 2020) ("[F]urther litigation would have delayed any potential recovery . . . and would have been costly and risky.  By contrast, the Settlement provides . . . timely and certain recovery.").  Here, Class Representatives and Class Counsel recognize that further litigation of this Action, as noted above, would have presented considerable post-trial and

appellate obstacles and delays and that failure on any of the relevant elements would have been fatal to Class Representatives' claims.  The Settlement, which results in an immediate and substantial recovery, is a far better option for the Class.

### 4. Rule 23(e)(2)(C)(ii): The Proposed Method for Distributing Relief Is Effective

Class Representatives and Class Counsel have also taken substantial efforts to notify the Class about the proposed Settlement under Rule 23(e)(2)(C)(ii).  Pursuant to the Preliminary Approval Order, more than 401,000 copies of the Notice and Proof of Claims were mailed to potential Class Members and nominees; the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the website created for this Litigation contains key documents, including the Stipulation, Notice, Proof of Claim Form and Preliminary Approval Order.  *See* Decl. of Bradford H. Amann Re: (A) Dissemination of Settlement Notice & Claim Form; & (B) Publ'n of Summ. Settlement Notice ¶¶ 10, 12, 16 (Oct. 12, 2022) (the "Amann Decl."), submitted herewith.

The claims process here is identical to those commonly and effectively used in connection with other securities class action settlements.  The standard claim form requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation.  The Plan of Allocation, discussed further in Part IV below, will govern how claims will be calculated and, ultimately, how funds will be distributed to claimants.[7]

---

[7]    Once Notice and Administration Expenses, Taxes, Tax Expenses, and Court-approved attorneys' fees and expenses and any award to Class Representatives pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Class have been paid from the Settlement Fund, the remaining amount will be distributed pursuant to the Plan of Allocation.  *See* Stipulation ¶ 5.2.  These distributions shall be repeated until the balance remaining in the Settlement Fund is *de minimis*.  *Id.* ¶ 5.10.

In the case that there are any *de minimis* residual funds that are not feasible or economic to reallocate, Class Representatives propose that such funds be donated to Investor Protection Trust, a 501(c)(3) non-profit dedicated to investor education and protection.  *See, e.g.*, *In re Capstone Turbine Corp. Sec. Litig.*, 2020 WL 7889062, at *2 (C.D. Cal. Aug. 26, 2020) (approving distribution plan that providing that, "[a]t such time as Lead Counsel, in consultation with the Claims Administrator, determines that no additional distributions are cost-effective, then the funds will be donated to Investor Protection Trust"); *Hefler v. Wells Fargo & Co.*, 2018 WL

5.     **Rule 23(e)(2)(D): The Proposed Plan of Allocation Treats Class Members Equitably**

Pursuant to Rule 23(e)(2)(D), the Plan of Allocation must "treat[] class members equitably relative to each other."  Assessment of the Settlement's Plan of Allocation "is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1046, 1042 (N.D. Cal. 2008).  The Plan of Allocation details how the settlement proceeds will be distributed among Authorized Claimants and provides formulas for calculating the recognized claim of each Class Member based on each such Person's purchases or acquisitions of Twitter common stock during the Class Period and if or when they sold.  It is fair, reasonable, and adequate because all eligible Class Members will be subject to the same formulas for distribution of the Settlement and each Authorized Claimant, including the Class Representatives, will receive a pro rata distribution pursuant to the Plan of Allocation.  *See, e.g.*, *Longo v. OSI Sys.*, 2022 U.S. Dist. LEXIS 158606, at *18 (C.D. Cal. Aug. 31, 2022) ("Specifically, each authorized claimant's share of the net settlement amount will be based on when the claimant acquired and sold the subject securities.  Accordingly, this factor also weighs in favor of final approval." (citations omitted)); *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 462 (S.D.N.Y. 2004) ("Pro-rata distribution of settlement funds based on investment loss is clearly a reasonable approach.").

B.     **The Remaining Ninth Circuit Factors Are Satisfied**

1.     **Discovery Completed and Stage of the Proceedings**

The Parties reached the Settlement on the eve of trial after extensive discovery had long since been completed.  Joint Decl. ¶ 78.  That discovery provided significant insight into the strengths and challenges of the case and the Parties had a thorough understanding of the arguments, evidence, and witnesses that would inform the trial.  *Id.* ¶¶ 81-88.  There can be no question that Class Representatives and Class Counsel had sufficient information to evaluate the

_____

6619983, at *11 (N.D. Cal. Dec. 18, 2018) ("[T]he Court concludes that the Investor Protection Trust's mission of educating investors makes it an appropriate cy pres beneficiary.").

case and the merits of the Settlement by the time it was reached.  *See Foster v. Adams & Assocs., Inc.*, 2022 WL 425559, at *6 (N.D. Cal. Feb. 11, 2022) (finding "Plaintiffs were 'armed with sufficient information about the case' to broker a fair settlement" given extensive discovery, years of litigation, and multiple settlement conferences).  This factor strongly weighs in favor of this Court's approval of the Settlement.

### 2.   Counsel Views this Good-Faith Settlement as Fair, Reasonable, and Adequate

The Ninth Circuit recognizes that parties "represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."  *Rodriguez*, 563 F.3d at 967.  Thus, courts grant great weight to the recommendations and opinions of experienced counsel.  *See Rodriguez v. Nike Retail Servs., Inc.*, 2022 WL 254349, at *4 (N.D. Cal. Jan. 27, 2022) (noting "the experience and views of counsel . . . favors approving the settlement" and highlighting counsel's "thorough understanding of the strengths and weaknesses of th[e] case and their extensive experience litigation prior . . . class actions cases").

Class Counsel have extensive experience representing plaintiffs in securities and other complex class action litigation and have negotiated numerous substantial class action settlements across the country.  Joint Decl. ¶ 80.  As a result of this experience, and with the assistance of sophisticated experts when appropriate, Class Counsel possessed a firm understanding of the strengths and weaknesses of the claims by the time the Settlement was reached.  *Id*.  Class Counsel concluded that the Settlement is an outstanding result for the Class.  *Id*.  Class Representatives, who were active in the Litigation, authorized counsel to settle it and support the reasonableness of the Settlement.  *See* Elst Decl. ¶ 5; Betts Decl. ¶ 4.

### 3.   The Reaction of Class Members to the Settlement

The reaction of the Class to the Settlement supports approving the Settlement.  *See Foster*, 2022 WL 425559, at *6 ("Thus, the Court 'may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'" (citation omitted)); *accord In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015).

NOTICE OF MOT. & MOT. FOR FINAL APPROVAL OF SETTLEMENT
& PLAN OF ALLOCATION & MEM. OF P. & A. IN SUPP. THEREOF
CASE NO. 4:16-CV-05314-JST (SK)

14

1    Notice and Proof of Claims forms were mailed to potential Class Members and nominees and

2    the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR*

3    *Newswire*. *See* Amann Decl. ¶¶ 10, 12.  The deadline to object to any aspect of the Settlement

4    is October 27, 2022.  To date, no objections have been received.[8]  Class Representatives will

5    address any objections, if any, in their reply papers.

6                    **4.      The Settlement Amount**

7            The $809,500,000 recovery achieved by the Settlement is an indisputably excellent result

8    for the Class.  The Settlement will become the 19th largest shareholder securities class action

9    settlement since the enactment of the PSLRA and is ranked as the second largest settlement

10   worldwide in 2022.  *See* Jeff Lubitz, *Twitter's $809.5 Million Settlement Close to the Goal Line*,

11   at 3, 4 (ISS Sec. Class Action Servs. 2022), attached as Ex. B to the Joint Decl.  As ISS observed,

12   the Settlement is "incredibly large" and "the longer-than-typical life cycle of this action will have

13   been well worth the wait" for investors.  *Id*. at 4.  The Settlement provides an immediate, tangible,

14   significant recovery to the Class and eliminates the risk that the Class could recover less than the

15   Settlement Amount, or nothing at all, following trial.  Importantly, this recovery far exceeds the

16   median securities settlement as a percentage of estimated damages.  As noted previously, it

17   represents approximately 24-30% of the estimated recoverable damages.  This is 7.5 to 9 times

18   the median percentage recovery for cases settled with estimated damaged of $1 billion or more

19   in 2020, and 18 to 23 times the median recovery of similar cases settled in 2019.  *See, e.g.*, ECF

20   No. 653-7 at 6 (finding median settlement recovery as a percentage of estimated damages was

21   3.2% in 2020); ECF No. 653-6 at 6 (indicating median settlement recovery as a percentage of

22

23   ---

[8]      In addition to the number of objections received, Guidelines § 1 requires the final approval
24   briefing to "include information about the number of undeliverable class notices and claim
     packets, the number of class members who submitted valid claims, [and] the number of class
25   members to opted out."  To date, of the 401,938 mailed Notices, 19,066 were undeliverable and
     the Claims Administrator has received 2,190 valid claims.  *See* Amann Decl. ¶¶ 10-11.  Class
26   Members were previously provided with the opportunity to opt out of the Class in response to the
     Notice of Pendency that was disseminated following this Court's ruling on Plaintiffs' class
27   certification motion.  *See* ECF No. 238 at 3.  As such, a second opportunity to request exclusion
     was not provided in connection with the Settlement.  *See* ECF No. 658 ¶ 14.

28

estimated damages was 1.3% in 2019).   This percentage also greatly exceeds the median settlement as a percentage of estimated damages in the Ninth Circuit from 2012 through 2021 (4.9%) as well as in 2021 (4.2%) in cases involving over $1 billion in damages.  *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements: 2021 Review and Analysis* at 6, 19 (Cornerstone Research 2021), attached as Ex. A to the Joint Decl.

In sum, Class Counsel obtained an extraordinary result for the Class, and the Court should find that the Settlement is fair, reasonable, and adequate and grant final approval.

**IV.     THE COURT SHOULD APPROVE THE PLAN OF ALLOCATION**

In addition to seeking final approval of the Settlement, Class Representatives seek final approval of the Plan of Allocation that the Court preliminarily approved on August 5, 2021.  ECF No. 658.  The Plan of Allocation is considered separately from the fairness of the Settlement but is nevertheless governed by the same legal standards: the plan must be fair and reasonable.  *See Class Pls. v. City of Seattle*, 955 F.2d 1268, 1284 (9th Cir. 1992); *see also Vataj v. Johnson*, 2021 WL 1550478, at *10 (N.D. Cal. Apr. 20, 2021) ("[C]ourts recognize that an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent counsel.").  As noted, the Plan of Allocation here provides an equitable basis to allocate the Net Settlement Fund among all Authorized Claimants (Class Members who submit an acceptable Proof of Claim and who have a recognized loss under the Plan of Allocation).  Individual claimants' recoveries will depend upon when they bought Twitter stock during the Class Period and whether and when they sold their shares.  Authorized Claimants will recover their proportional "pro rata" amount of the Net Settlement Fund.  This is the traditional and reasonable approach to allocating securities settlements. *See, e.g.*, *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *4 (S.D. Cal. Dec. 6, 2018) ("A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable.").  No objections to the Plan of Allocation have been filed.  As a result, the Plan of Allocation is fair and reasonable and should be approved.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.      NOTICE TO THE CLASS SATISFIES DUE PROCESS

A district court "must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1)(B), and "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," Fed. R. Civ. P. 23(c)(2)(B).  The notice also must describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *Rodriguez*, 563 F.3d at 962.  The PSLRA further requires that the settlement notice include a statement explaining a plaintiff's recovery "to allow class members to evaluate a proposed settlement."  *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 969 (9th Circ. 2007); *see also In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *8 (N.D. Cal. Nov. 26, 2007) (recognizing the "overarching policy concern of fair, accurate disclosure to class members").

The substance of the Notice satisfies Rule 23 and due process.  The Claims Administrator has disseminated over 401,000 copies of the Court-approved Notice to potential Class Members and their nominees who could be identified with reasonable effort, from multiple sources.  *See* Amann Decl. ¶ 10.  In addition, the Court-approved Summary Notice was published in *The Wall Street Journal* and *PR Newswire*.  *Id.* ¶ 12.  The Claims Administrator also provided all information regarding the Settlement online through the Settlement website.  *Id.* ¶ 16.  The Notice provides the necessary information for Class Members to make an informed decision regarding the proposed Settlement, as required by the PSLRA.  The Notice further explains that the Net Settlement Fund will be distributed to eligible Class Members who submit valid and timely Proof of Claim forms under the Plan as described in the Notice.  The notice program here fairly apprises Class Members of their rights with respect to the Settlement, is the best notice practicable under the circumstances, and complies with the Court's Preliminary Approval Order, Federal Rule of Civil Procedure 23, the PSLRA, and due process.  *See, e.g.*, *Hayes v. MagnaChip Semiconductor Corp.*, 2016 WL 6902856, at *4 (N.D. Cal. Nov. 21, 2016); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (finding notice

1    sufficient when, as here, it described background of case and terms of proposed settlement and

2    it provided class members "with clear instructions about how to object").

3    **CONCLUSION**

4            Class Counsel overcame significant risks and brought this case to the brink of trial.  After

5    more than five years, Class Counsel obtained an outstanding $809.5 million Settlement for the

6    Class without the risk of losing at trial.  Therefore, Class Representatives respectfully request

7    that the Court approve the Settlement and the Plan of Allocation.

8    DATED: October 13, 2022                    Respectfully submitted,

9                                               ROBBINS GELLER RUDMAN & DOWD LLP
10                                              DANIEL S. DROSMAN
                                                TOR GRONBORG
11                                              ELLEN GUSIKOFF STEWART
                                                LUCAS F. OLTS
12                                              J. MARCO JANOSKI GRAY
                                                CHRISTOPHER R. KINNON
13                                              HEATHER G. SCHLESIER

14                                              _s/ Daniel S. Drosman_____
15                                              DANIEL S. DROSMAN
                                                655 West Broadway, Suite 1900
16                                              San Diego, CA  92101-8498
                                                Telephone:  (619) 231-1058
17                                              Facsimile:  (619) 231-7423
                                                ddrosman@rgrdlaw.com
18                                              torg@rgrdlaw.com
                                                elleng@rgrdlaw.com
19                                              lolts@rgrdlaw.com
20                                              mjanoski@rgrdlaw.com
                                                ckinnon@rgrdlaw.com
21                                              hschlesier@rgrdlaw.com

22                                              MOTLEY RICE LLC
23                                              GREGG S. LEVIN
                                                LANCE V. OLIVER
24                                              MEGHAN S.B. OLIVER
                                                MAX N. GRUETZMACHER
25                                              CHRISTOPHER F. MORIARTY
                                                MEREDITH B. WEATHERBY
26                                              28 Bridgeside Blvd.
27                                              Mt. Pleasant, SC 29464
                                                Telephone:  (843) 216-9000
28

Facsimile:  (843) 216-9450
glevin@motleyrice.com
loliver@motleyrice.com
moliver@motleyrice.com
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
mweatherby@motleyrice.com

*Co-Class Counsel for the Class*

BLEICHMAR FONTI & AULD LLP
LESLEY E. WEAVER
555 12th Street, Suite 1600
Oakland, CA 94607
Telephone:  (415) 445-4003
Facsimile:  (415) 445-4020
lweaver@bfalaw.com

*Liaison Counsel*

NOTICE OF MOT. & MOT. FOR FINAL APPROVAL OF SETTLEMENT
& PLAN OF ALLOCATION & MEM. OF P. & A. IN SUPP. THEREOF
CASE NO. 4:16-CV-05314-JST (SK)

19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 13, 2022, I authorized the
electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will
send notification of such filing to the email addresses on the attached Electronic Mail Notice List,
and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service
to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  ddrosman@rgrdlaw.com

# Mailing Information for a Case 4:16-cv-05314-JST In re Twitter Inc. Securities Litigation

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Patrick J. Carome**
  patrick.carome@wilmerhale.com,WHDocketing@wilmerhale.com

- **Sam F Cate-Gumpert**
  SamCategumpert@dwt.com,vickyisensee@dwt.com

- **Alexis S. Coll**
  ascoll@goodwinlaw.com,JMcKenzie@goodwinlaw.com,jhernandez@goodwinlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Anne Kathleen Davis**
  adavis@bfalaw.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,eFilingnotice@cooley.com,jalvarezlopez@cooley.com,efiling-notice@ecf.pacerpro.com

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,tkoelbl@rgrdlaw.com,DanD@ecf.courtdrive.com

- **John C. Dwyer**
  dwyerjc@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,emadrigal@cooley.com

- **Laura Marie Elliott**
  lelliott@cooley.com,dfoster@cooley.com,efilingnotice@cooley.com,efiling-notice@ecf.pacerpro.com

- **Joseph A. Fonti**
  jfonti@bfalaw.com,ecfnotifications@bfalaw.com,ndennany@bfalaw.com

- **Janet A Gochman**
  jgochman@stblaw.com,3892155420@filings.docketbird.com,cterricone@stblaw.com

- **Kathleen Howard Goodhart**
  kgoodhart@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,jpalaganas@cooley.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Max Nikolaus Gruetzmacher**
  mgruetzmacher@motleyrice.com,vdavis@motleyrice.com,kquillin@motleyrice.com

- **Ellen Anne Gusikoff-Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,msonney@rgrdlaw.com,tdevries@rgrdlaw.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com,CKinnon@ecf.courtdrive.com

- **James Glenn Kreissman**
  jkreissman@stblaw.com,kourtney.kinsel@stblaw.com,justin.calderon@stblaw.com,eric.mccaffree@stblaw.com,abigail.dugan@stblaw.com,1058725420@filings.docke

- **Gregg S. Levin**
  glevin@motleyrice.com,sturman@sturman.ch,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,Nlindell@ecf.courtdrive.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Dean Michael McGee**
  dean.mcgee@stblaw.com

- **Sonal N. Mehta**
  sonal.mehta@wilmerhale.com,Felicia.Roy@wilmerhale.com,whdocketing@wilmerhale.com,Leizel.Galon@wilmerhale.com,Claire.Bergeron@wilmerhale.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com,lmclaughlin@motleyrice.com,kweil@motleyrice.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com,mjasinski@motleyrice.com,ajanelle@motleyrice.com

- **Stephen Cassidy Neal**
  sneal@cooley.com,wilsonla@cooley.com

- **Lance V. Oliver**
  loliver@motleyrice.com

- **Meghan Shea Blaszak Oliver**
  moliver@motleyrice.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,morgank@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Michael J Pendell**
  mpendell@motleyrice.com

- **Charles J. Piven**
  piven@browerpiven.com

- **Aarti G. Reddy**
  areddy@cooley.com,dfoster@cooley.com,galancr@cooley.com,efiling-notice@ecf.pacerpro.com

- **Rosemary M. Rivas**
  rmr@classlawgroup.com,2746730420@filings.docketbird.com

- **Quentin Alexandre Roberts**
  qroberts@sullivanblackburn.com,aiemee.low@diamondmccarthy.com

- **John Alexander Robinson**
  jrobinson@stblaw.com,1629454420@filings.docketbird.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Kelli L. Sager**
  kellisager@dwt.com,vickyisensee@dwt.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Shane Palmesano Sanders**
  ssanders@robbinsllp.com,notice@robbinsllp.com

- **Heather G. Schlesier**
  hgeiger@rgrdlaw.com,cbarrett@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Eric Matthew Stahl**
  ericstahl@dwt.com,christinekruger@dwt.com,seadocket@dwt.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,janie.franklin@stblaw.com,sblake@stblaw.com

- **Phong L. Tran**
  phongt@johnsonfistel.com

- **Jessica Valenzuela**
  JValenzuela@gibsondunn.com,KBarry@gibsondunn.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Meredith B. Weatherby**
  mbmiller@motleyrice.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com,lesley-weaver-4669@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,7448332420@filings.docketbird.com,ManagingClerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)