ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. GEIGER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) Case No. 4:16-cv-05314-JST (SK) |
| | ) |
| _____ | ) CLASS ACTION |
| | ) |
| This Document Relates To: | ) DECLARATION OF DANIEL S. |
| | ) DROSMAN FILED ON BEHALF OF |
| ALL ACTIONS. | ) ROBBINS GELLER RUDMAN & DOWD |
| | ) LLP IN SUPPORT OF APPLICATION FOR |
| _____ | ) AWARD OF ATTORNEYS' FEES AND |
| | EXPENSES |

JUDGE:   Hon. Jon S. Tigar
DATE:    November 17, 2022
TIME:    2:00 p.m. (via videoconference)

I, DANIEL S. DROSMAN, declare as follows:

1.      I am a partner of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I submit this declaration in support of the application for an award of attorneys' fees in connection with services rendered in the above-captioned class action (the "Litigation"), as well as for payment of litigation expenses/charges ("expenses") to the Firm in connection with the Litigation.  I have personal knowledge of the matters set forth herein, and if called upon, could and would testify thereto.[1]

**Introduction**

2.      This Firm, along with Motely Rice LLC, has served as Class Counsel for National Elevator Industry Pension Fund and KBC Asset Management NV and the Class of Twitter investors throughout the Litigation.  In these capacities, the Firm performed the following tasks, among others: conducted an extensive factual and legal investigation of the claims asserted; researched and drafted the Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint"); defeated defendants' motion to dismiss the Complaint; conducted extensive party and third-party fact discovery; achieved certification of the Class; engaged in multiple lengthy and contentious discovery-related disputes; conducted complex expert discovery; briefed and defeated defendants' motion for summary judgment; litigated numerous pretrial evidentiary issues, including *Daubert* motions and motions *in limine*; and prepared for a six-week jury trial.  I personally participated in each of these tasks.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation, and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review,

---

[1]    Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation of Settlement dated January 5, 2022 (ECF 653-4).

1  I made reductions to both time and expenses in the exercise of billing judgment.  In addition, (a) all
2  time expended in preparing this application for fees and expenses and (b) all time spent on travel
3  (unless the attorney was actively working on the case during the travel, for example, reviewing
4  documents while on a plane) has been excluded.  Further, all time billed by any timekeeper who
5  spent fewer than 10 hours working on this Litigation has been excluded.

6        4.     As a result of this review and the adjustments made, I believe that the time reflected
7  in the Firm's lodestar calculation and the expenses for which payment is sought as set forth in this
8  declaration are reasonable in amount and were necessary for the effective and efficient prosecution
9  and resolution of the Litigation.  In addition, I believe that the expenses are all of a type that would
10 normally be charged to a fee-paying client in the private legal marketplace.

11       5.     The hourly rates for the attorneys and professional support staff of the Firm included
12 in the exhibits to this declaration are the usual and customary rates set by the Firm for each
13 individual.  These hourly rates are the same as, or comparable to, the rates accepted by courts in
14 other securities class action litigation or shareholder litigation, including courts in this Circuit.  The
15 Firm's rates are set based on periodic analysis of rates charged by firms performing comparable
16 work and that have been approved by courts.  Different timekeepers within the same employment
17 category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of
18 factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a
19 partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this
20 Firm or other firms.  For personnel who are no longer employed by the Firm, the "current rate" used
21 for the lodestar calculation is based upon the rate for that person in his or her final year of
22 employment with the Firm.

23       6.     None of the timekeepers listed in the exhibits to this declaration and included in the
24 Firm's lodestar for the Litigation were "contract attorneys" or "contract paralegals."  All of the
25 timekeepers listed were either partners of the Firm or employees of the Firm.

26       **Hours and Lodestar Information**

27       7.     Attached as Exhibit 1 is a summary lodestar chart which lists (a) the name of each
28 timekeeper in the Firm who devoted more than 10 hours to the Litigation; (b) their title or position

1   (*e.g.*, partner, associate, paralegal); (c) the total number of hours they worked on the Litigation from

2   its inception through and including January 7, 2022; (d) their hourly rate (at 2021 rates); and (e) their

3   lodestar (at both 2021 and historical rates).

4          8.      As reflected in Exhibit 1, the total number of hours expended on this Litigation by the

5   Firm through January 7, 2022 is 40,878.81.   The total lodestar for the Firm for that period is

6   $26,619,255.50 based on 2021 rates and $25,275,903.50 based on historical rates.

7          9.      Attached as Exhibit 2 are summary descriptions describing the principal tasks in

8   which each attorney and the principal support staff at the Firm were involved in this Litigation.

9         10.     Exhibit 3 sets forth biographical summaries for each timekeeper listed in Exhibit 1,

10   including information about their position, education, and relevant experience.

11         11.     Exhibit 4 is an Excel spreadsheet which lists (a) the name and position of each

12   timekeeper; (b) the hours incurred by that timekeeper in each month in each of the 19 different

13   categories; (c) the hourly rate charged for each timekeeper during that month; (d) his or her lodestar

14   at that historic rate; (e) the 2021 rate for each timekeeper (or the most recent rate for former

15   employees); and (f) his or her lodestar at the 2021 rate (or the most recent rate for former

16   employees).   The time reflected includes time spent through January 7, 2022.

17         12.     Exhibit 5 summarizes certain of the information contained in Exhibit 4.   Specifically,

18   Exhibit 5 ("Summary of Categories by Month") is an Excel spreadsheet which lists the total hours

19   spent by all of the Firm's timekeepers in each of the 19 categories during each month.   Exhibit 5 also

20   shows the total lodestar for all timekeepers for each month at historical and 2021 rates (or the most

21   recent rate for former employees).

22         13.     Exhibit 6 summarizes certain of the information contained in Exhibit 4.   Specifically,

23   Exhibit 6 ("Summary of Categories by Timekeeper") reflects the hours spent during the entire case

24   by each timekeeper in each of the 19 categories, and also reflects each timekeeper's individual hours

25   and lodestar at historical and 2021 rates (or the most recent rate for former employees).

26

27

28

1
**Expense Information**

2        14.      The Firm's lodestar figures are based upon the Firm's hourly rates, which do not

3    include charges for expense items.  Expense items are billed separately and such charges are not

4    duplicated in the Firm's hourly rates.

5        15.      The Firm seeks an award of $1,857,248.15 for expenses and charges in connection

6    with the prosecution of the Litigation from its inception through January 7, 2022.  Exhibit 7 is a chart

7    summarizing these expenses and charges by category.  Exhibit 8 is a detailed listing of all of the

8    Firm's individual expenses and charges through January 7, 2022, organized by category.

9        16.      Consistent with this Court's order in *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST

10   (N.D. Cal. Mar. 21, 2018), we have attached copies of invoices and receipts for: (a) all expenses of

11   the investigator and consultant; (b) all travel and lodging expenses; and (c) all other expenses or

12   charges that exceed $500.[2]

13       17.      **Investigator and Consultant**: The Firm paid a total of $54,798.60 to an outside

14   consultant and investigator.

15          (a)      L.R. Hodges & Associates, Ltd. ("LRH&A"): $35,086.10.  Over a nine-month

16   period (September through December 2015, January through March, September, and December

17   2016) in which LRH&A provided investigative services to Robbins Geller, LRH&A expended 156.2

18   hours for combined fees of $29,950.00, and incurred related expenses of $5,136.10 for a total of

19   $35,086.10.  LRH&A's research staff expended 52.4 hours to research, identify, and confirm the

20   employment status of prospective witnesses, locating key targets, as well as maintaining and

21   updating an evolving witness list to support other investigative individuals.  This also involved

22   research, retrieval, and analysis of relevant documents, including SEC filings, media articles, court

23   filings, as well as other materials related to the case issues.  The case manager and interviewing

24   investigators expended a combined 103.8 hours to research, review, and analyze materials in

25

26   _____

[2]     All costs associated with airline transportation are drawn from final credit card billing to account
27   for, *inter alia*, changes to flights, changes to fares, and expenses associated with seat selection and
baggage.  Accordingly, plaintiffs have not submitted original receipts from airlines for these
28   transportation costs.  To the extent the Court would like back-up material in the form of credit card
statement entries for these transportation costs, plaintiffs are prepared to provide those.

1   preparation for the investigation; contacting and conducting interviews with targeted third-party

2   witnesses; and thereafter, preparing comprehensive interview summaries and other case reports.  In

3   addition, these individuals were involved in analyzing key case issues, as well as establishing and

4   executing the joint litigation-investigation plan, and participating in numerous strategy sessions and

5   investigation briefings with Robbins Geller.  Copies of the LRH&A invoices paid (containing

6   redactions to protect work product and other confidential information from disclosure) are attached

7   to Exhibit 9.

8            (b)      Tasta Group dba Caliber Advisors, Inc. ("Caliber Advisors"): $19,712.50.  As

9   part of plaintiffs' initial investigation into the claims and economic issues in this Litigation, plaintiffs

10   retained the services of Caliber Advisors, a valuation and economic consulting firm, to assist in the

11   analysis of materiality, loss causation, market efficiency, and damages.  Caliber Advisors specializes

12   in expert financial analyses and related economic consulting services on issues that typically arise in

13   securities class actions.  Caliber Advisors provided plaintiffs with substantial assistance in the

14   factual and economic analysis during the discovery and class certification phases of the Litigation.

15   A copy of the Caliber Advisors' invoice paid (containing redactions to protect confidential

16   information from disclosure) is attached to Exhibit 9.

17       Exhibit 9 includes copies of all invoices paid by the Firm to the investigator and consultant,

18   organized alphabetically by entity and then chronologically.

19       18.     **Travel and Lodging Expenses**: In connection with the prosecution of this case, the

20   Firm expended a total of $215,948.55 on out-of-town travel, including travel costs such as airfare

21   and lodging costs while traveling.  Attached as Exhibit 10 is a travel report detailing the date,

22   destination, and purpose of each trip.  Exhibit 11 includes copies of all underlying invoices or

23   receipts relating to travel and lodging, in chronological order and segregated by month.[3]  These

24   expenses have been reviewed for reasonableness and accuracy.  In addition, the expenses for which

25   payment is sought reflect the lesser of the actual expenses or the following "caps": (a) airfare is

26   capped at coach rates; (b) hotel charges for East Coast (Washington, D.C., Philadelphia, New York,

27

28   ---
     [3]   *See* fn.2, *supra*.

Boston) / West Coast (San Diego, Newport Beach, Los Angeles, San Francisco, Palo Alto, Seattle) hotels are capped at $350 per night and all other locations are capped at $250 per night; and (c) meals while traveling are capped at $25 per person for breakfast, $50 per person for lunch, and $75 per person for dinner.  The receipts for meals billed on hotel portfolios are located in Exhibit 11 "Hotel Accommodations" section.

19.    **Other Expenses**: The following is additional information regarding certain of the other categories of expenses:

(a)    Filing, Witness, and Other Fees: $8,998.04.

(i)    Filing Fees: $710.00.  These expenses were paid to the Court for the new complaint filing fee and admission fee for Heather (Schlesier) Geiger.

(ii)    Witness Fees:  $270.24.  These expenses were paid to attorney service firms for witness fees regarding attendance at depositions and/or trial.

(iii)    Other Fees: $8,017.80.  These expenses were paid to attorney service firms or individuals (i) for attempting to serve and/or serving subpoenas on various parties or non-parties; (ii) to obtain copies of documents; and (iii) for delivery of courtesy copies of documents to the Judge's chambers.

(b)    PR Newswire: $650.00.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)    Trial Expenses: $102,316.57.  These charges are for expenses related to hotel accommodations and office rental space, which were necessary to prepare for the trial of this matter.

1          (i)     Hotel Accommodations for Trial Team: $81,900.00.  This amount

2  represents a reduced rate of $350 per night per room to the contracted amount entered into with The

3  Palace Hotel for the 14-member trial team for the time period September 1, 2021 to September 18,

4  2021 for eight team members, September 1, 2021 to September 19, 2021 for one team member,

5  September 1, 2021 to September 20, 2021 for four team members, and September 15, 2021 to

6  September 19, 2021 for one team member.

7          (ii)    Office Rent: $9,170.77.  Robbins Geller entered into a lease agreement

8  with Regus Corporation for the use of office space in Oakland, California.

9          (iii)   Other Expenses (Quick International Courier): $11,245.80.  These

10  charges were for the cost to ship case documents, exhibits, etc. between San Diego and San

11  Francisco.

12         (d)     Court Hearing Transcripts, Deposition Transcripts, and Videography:

13  $58,277.49.  *See* Ex. 8.

14         (e)     Photocopies: $24,186.36.  In connection with this case, the Firm made

15  117,647 black and white copies.  Robbins Geller requests $0.15 per copy for a total of $17,647.05.

16  In addition, the Firm made 10,625 color copies.  Robbins Geller requests $0.50 per copy for a total

17  of $5,312.50. Each time an in-house copy machine is used, our billing system requires that a case or

18  administrative billing code be entered and that is how the number of in-house copies were identified

19  as related to the Litigation.  The Firm also paid $1,226.81 to outside copy vendors.  *See* Ex. 8.

20         (f)     Online Legal and Financial Research: $52,003.43.  This category includes

21  payments to vendors such as LexisNexis, Courtlink, PACER, Refinitiv, Thomson Financial, and

22  Westlaw.  These resources were used to obtain access to SEC filings, factual databases, legal

23  research, and for cite-checking of briefs.  This expense represents the actual expenses incurred by

24  Robbins Geller for use of these services in connection with this Litigation.  The charges for these

25  vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-

26  rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes

27  online services provided by a vendor with a flat-rate contract, access to the service is by a billing

28  code entered for the specific case being litigated.  At the end of each billing period in which such

service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients. For example, the "market rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(g)     eDiscovery Database Hosting: $122,446.40. Robbins Geller requests $122,446.40 for hosting eDiscovery related to this Litigation. To provide such hosting services, Robbins Geller has installed top-tier database software, infrastructure, and security, all of which are customized and designed to support Relativity, an eDiscovery platform offered by over 100 vendors and currently used by 198 of the AmLaw200 firms. Over 30 servers are dedicated to Robbins Geller's Relativity hosting environment, with all data stored in a secure SSAE 18 Type II data center and replicated to a data center located in a different geographic location. By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are usually charged as extra fees when hosted by a third-party vendor. For example, while Robbins Geller's per-gigabyte fee is similar to these other vendors, it includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per-unit cost. Also included are services not offered by many vendors, such as linguistic intelligence, cognitive analytics, and sentiment analysis. When compared to typical third-party vendor rates combined with their extra per-unit fees, the requested Robbins Geller charges for this case are approximately 40% less. Implementing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize advanced AI technology, and has reduced the expense associated with maintaining and searching electronic discovery databases. The amount requested reflects charges for the hosting of over 700,000 pages of documents produced by parties and non-parties in this action. Since this category is an internal charge set by the Firm and not a direct out-of-pocket expense, there are no invoices to provide to the Court.

(h)     Litigation Expense Fund Contributions: $1,195,000.00. The Firm contributed to the litigation expense fund held by Motley Rice for certain common expenses in connection with

1  the prosecution of this case.  A breakdown of the contributions to and payments made from the

2  litigation expense fund (including copies of the invoices paid) are attached to the Declaration of

3  Gregg S. Levin in Support of Class Counsel's Motion for an Award of Attorneys' Fees and

4  Reimbursement of Litigation Expenses Filed on Behalf of Motley Rice LLC.

5       20.    Attached as Exhibit 12 are receipts for all of the Firm's other expenses that exceed

6  $500 individually, organized by category and then chronologically.

7       **Conclusion**

8       21.    Attached as Exhibit 13 is a resume describing the background and experience of the

9  Firm.

10      22.    Electronic copies of the three Excel spreadsheets, Exhibits 4, 5 and 6, will be lodged

11 with the courtroom deputy.  We will provide the Court with any further documentation or

12 explanation with respect to our lodestar or expenses, including our detailed time records, upon

13 request by the Court.

14      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 13th

15 day of October, 2022, at San Diego, California.

16

17                                      s/ DANIEL S. DROSMAN
                                       _____
18                                      DANIEL S. DROSMAN

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 13, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  ddrosman@rgrdlaw.com

## Mailing Information for a Case 4:16-cv-05314-JST In re Twitter Inc. Securities Litigation

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Patrick J. Carome**
  patrick.carome@wilmerhale.com,WHDocketing@wilmerhale.com

- **Sam F Cate-Gumpert**
  SamCategumpert@dwt.com,vickyisensee@dwt.com

- **Alexis S. Coll**
  ascoll@goodwinlaw.com,JMcKenzie@goodwinlaw.com,jhernandez@goodwinlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Anne Kathleen Davis**
  adavis@bfalaw.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,eFilingnotice@cooley.com,jalvarezlopez@cooley.com,efiling-notice@ecf.pacerpro.com

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,tkoelbl@rgrdlaw.com,DanD@ecf.courtdrive.com

- **John C. Dwyer**
  dwyerjc@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,emadrigal@cooley.com

- **Laura Marie Elliott**
  lelliott@cooley.com,dfoster@cooley.com,efilingnotice@cooley.com,efiling-notice@ecf.pacerpro.com

- **Joseph A. Fonti**
  jfonti@bfalaw.com,ecfnotifications@bfalaw.com,ndennany@bfalaw.com

- **Janet A Gochman**
  jgochman@stblaw.com,3892155420@filings.docketbird.com,cterricone@stblaw.com

- **Kathleen Howard Goodhart**
  kgoodhart@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,jpalaganas@cooley.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Max Nikolaus Gruetzmacher**
  mgruetzmacher@motleyrice.com,vdavis@motleyrice.com,kquillin@motleyrice.com

- **Ellen Anne Gusikoff-Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,msonney@rgrdlaw.com,tdevries@rgrdlaw.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com,CKinnon@ecf.courtdrive.com

- **James Glenn Kreissman**
  jkreissman@stblaw.com,kourtney.kinsel@stblaw.com,justin.calderon@stblaw.com,eric.mccaffree@stblaw.com,abigail.dugan@stblaw.com,1058725420@filings.docke

- **Gregg S. Levin**
  glevin@motleyrice.com,sturman@sturman.ch,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,Nlindell@ecf.courtdrive.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Dean Michael McGee**
  dean.mcgee@stblaw.com

- **Sonal N. Mehta**
  sonal.mehta@wilmerhale.com,Felicia.Roy@wilmerhale.com,whdocketing@wilmerhale.com,Leizel.Galon@wilmerhale.com,Claire.Bergeron@wilmerhale.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com,lmclaughlin@motleyrice.com,kweil@motleyrice.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com,mjasinski@motleyrice.com,ajanelle@motleyrice.com

- **Stephen Cassidy Neal**
  sneal@cooley.com,wilsonla@cooley.com

- **Lance V. Oliver**
  loliver@motleyrice.com

- **Meghan Shea Blaszak Oliver**
  moliver@motleyrice.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,morgank@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Michael J Pendell**
  mpendell@motleyrice.com

- **Charles J. Piven**
  piven@browerpiven.com

- **Aarti G. Reddy**
  areddy@cooley.com,dfoster@cooley.com,galancr@cooley.com,efiling-notice@ecf.pacerpro.com

- **Rosemary M. Rivas**
  rmr@classlawgroup.com,2746730420@filings.docketbird.com

- **Quentin Alexandre Roberts**
  qroberts@sullivanblackburn.com,aiemee.low@diamondmccarthy.com

- **John Alexander Robinson**
  jrobinson@stblaw.com,1629454420@filings.docketbird.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Kelli L. Sager**
  kellisager@dwt.com,vickyisensee@dwt.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Shane Palmesano Sanders**
  ssanders@robbinsllp.com,notice@robbinsllp.com

- **Heather G. Schlesier**
  hgeiger@rgrdlaw.com,cbarrett@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Eric Matthew Stahl**
  ericstahl@dwt.com,christinekruger@dwt.com,seadocket@dwt.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,janie.franklin@stblaw.com,sblake@stblaw.com

- **Phong L. Tran**
  phongt@johnsonfistel.com

- **Jessica Valenzuela**
  JValenzuela@gibsondunn.com,KBarry@gibsondunn.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Meredith B. Weatherby**
  mbmiller@motleyrice.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com,lesley-weaver-4669@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,7448332420@filings.docketbird.com,ManagingClerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`