ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | Case No. 4:16-cv-05314-JST (SK) |
| | CLASS ACTION |
| This Document Relates To: | ORDER AWARDING ATTORNEYS' FEES AND EXPENSES *AS MODIFIED* |
| ALL ACTIONS. | |

THIS MATTER having come before the Court on November 17, 2022, on Class Counsel's motion for an award of attorneys' fees, expenses, and awards to Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 661) in the above-captioned action.  The Court here addresses Class Counsel's requests for fees and expenses, and issues a separate order concerning awards to the Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4).  The Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated January 5, 2022 (the "Stipulation").  ECF 653-4.

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating hereto, including all members of the Class who have not timely and validly requested exclusion.

3. Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Class Counsel attorneys' fees of 22.5% of the Settlement Amount, plus expenses in the amount of $3,570,056.21, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort

involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th Cir. 2002).

5. Ninety percent of the awarded attorneys' fees and expenses and interest earned thereon shall be paid to Class Counsel from the Settlement Fund immediately upon entry of the Judgment and this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein. The remaining 10% of the awarded attorneys' fees and expenses and interest earned thereon will be withheld until a post-distribution accounting has been filed. A post-distribution accounting must be filed within 21 days after the distribution of settlement funds.

6. In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $809,500,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Class Counsel;

(b) over 464,450 copies of the Notice were disseminated to potential Class Members indicating that Class Counsel would move for attorneys' fees not to exceed 22.5% of the Settlement Amount and for expenses in an amount not to exceed $4,000,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

(c) Class Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Class Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Class Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

   (g) had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

   (h) Plaintiffs' Counsel have devoted over 73,400 hours, with a lodestar value of $43,931,080.75 to achieve the Settlement;

   (i) Class Representatives approved the amount of attorneys' fees awarded as fair and reasonable; and

   (j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

  IT IS SO ORDERED.

DATED:  November 21, 2022

            _____
            THE HONORABLE JON S. TIGAR
            UNITED STATES DISTRICT JUDGE