ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION ) ) ) | Case No. 4:16-cv-05314-JST (SK) |
| ) | CLASS ACTION |
| This Document Relates To: ) ) ALL ACTIONS. ) ) | [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order of this Court, dated August 5, 2022, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 5, 2022 (the "Stipulation"), and for approval of the Stipulation of Dismissal and Mutual Release of Claims between the Class Representatives and defendants Richard Costolo and Anthony Noto dated January 5, 2022 (the "Agreement"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation and the Agreement, and all terms used herein shall have the same meanings as set forth in the Stipulation and the Agreement, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. Excluded from the Class is any Person who timely and validly sought exclusion from the Class, as identified in Exhibit 1 hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation, and the Agreement, and finds that:

(a) in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement described therein, and the Agreement, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation or the Agreement;

(c) Class Representatives and Class Counsel have adequately represented the Class;

(d) the Stipulation and the Agreement were the product of informed, arm's-length negotiations among competent, able counsel;

(e) the relief provided for the Class is adequate, having taken into account (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the

terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

    (f)  the proposed Plan of Allocation treats Class Members equitably relative to each other; and

    (g)  the record is sufficiently developed and complete to have enabled Class Representatives, Defendant Twitter and the Individual Defendants to have adequately evaluated and considered their positions.

  5.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation and the Agreement, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Litigation and all claims contained therein are dismissed with prejudice as to the Class Representatives, and the other Class Members and as against each and all of the Released Defendant Parties, as defined in each of the Stipulation and the Agreement.

  6.  No Person shall have any claim against the Class Representatives, Class Counsel, or the Claims Administrator, or any other Person designated by Class Counsel, based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

  7.  Upon the Effective Date, the Class Representatives, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims, as defined in each of the Stipulation and the Agreement, against each and every one of the Released Defendant Parties, as defined in each of the Stipulation and the Agreement, with prejudice on the merits, whether or not the Class Representatives, or such Class Member executes and delivers the Proof of Claim and whether or not the Class Representatives, or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation and the Agreement are not released.

8. Upon the Effective Date, Twitter, the Individual Defendants, and each and every Released Defendant Party, as defined in each of the Stipulation and the Agreement, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Class Representatives, Class Representatives' Counsel, and each and every Class Member from all Released Defendants' Claims (including, without limitation, Unknown Claims), as defined in each of the Stipulation and the Agreement. Claims to enforce the terms of the Stipulation and the Agreement are not released.

9. Upon the Effective Date, the Class Representatives, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind asserting any of the Released Claims (including, without limitation, Unknown Claims), as defined in each of the Stipulation and the Agreement, against any of the Released Defendant Parties, as defined in each of the Stipulation and the Agreement.

10. The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, and the terms of the Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement and the Agreement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and the Agreement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that

Case 4:16-cv-05314-JST   Document 671   Filed 11/21/22   Page 5 of 8

the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

11. Any Plan of Allocation submitted by Class Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Litigation. Separate orders shall be entered regarding approval of the Plan of Allocation and the Fee and Expense Application.

12. Neither the Stipulation, nor the Settlement contained therein, nor the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, the Settlement, or the Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, as defined in each of the Stipulation and the Agreement, or of any wrongdoing or liability of the Released Defendant Parties, as defined in each of the Stipulation and the Agreement; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties, as defined in each of the Stipulation and the Agreement; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Class Representatives were not valid or that the amount recoverable would not have exceeded the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Defendant Parties, as defined in each of the Stipulation and the Agreement, may file the Stipulation, the Agreement, and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court finds that Twitter has satisfied its financial obligations under the Stipulation by paying or causing to be paid $809,500,000.00 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 4:16-cv-05314-JST (SK) - 4 -

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any Fee and Expense Application; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

15. The Court finds that during the course of the Litigation, the Settling Parties, the Individual Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or the Agreement does not become effective in accordance with its terms, or in the event that the Settlement Fund, or any portion thereof, is returned to Twitter, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and the Agreement and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Agreement, and the Settling Parties and the Individual Defendants shall revert to their respective positions in the Litigation as of September 19, 2021, as provided in the Stipulation and the Agreement.

17. The Settling Parties and the Parties to the Agreement shall bear their own costs and expenses except as otherwise provided in the Stipulation, the Agreement, or in this Judgment.

18. The Settling Parties and the Parties to the Agreement are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation and the Agreement, respectively, provided that such amendments, modifications, and expansions of the Stipulation and the Agreement are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation and the Agreement, respectively.

19. Without further order of the Court, the Settling Parties and the Parties to the Agreement may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation and the Agreement, respectively.

20. The Court directs immediate entry of this Judgment by the Clerk of the Court.

21. The Court's orders entered during this Litigation relating to the confidentiality of information shall survive the Settlement and resolution and dismissal of the Litigation.

IT IS SO ORDERED.

DATED: November 21, 2022

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 4:16-cv-05314-JST (SK)

- 6 -

**EXHIBIT 1**
*In re Twitter Inc. Securities Litigation*,
Case No. 4:16-cv-05314-JST (SK)

**INDIVIDUALS WHO HAVE VALIDLY AND TIMELY
REQUESTED EXCLUSION FROM THE CLASS**

1. Frederick W. Taubert
2. Leo P. Suski
3. Jonathan Sato
4. Ronald P. Schmidt
5. Steven Salevan
6. Robert and Karen Naylor
7. Zhi Zhao
8. Gregory E. Ewald
9. Quan Michael Ha
10. Frank and Constance Barlamas
11. Jinji and Helen Kobayashi
12. Charles A. Leeds Ill
13. Kurt Muscanell
14. Adrian Jude Koss
15. Denice I. Selvaggi
16. Allan A. Viele
17. Dee Ann Michelle Tuscher
18. Jeremie Catagna
19. Joshua Karp
20. Katie Wink