UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | Case No. 16-cv-05314-JST<br><br>**ORDER DENYING MOTION FOR AWARDS PURSUANT TO 15 U.S.C. § 78U-4**<br><br>Re: ECF No. 661 |

Now before the Court is Plaintiffs' counsel's motion for the payment of awards to named Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). ECF No. 661; 15 U.S.C. § 78u-4. The Court will deny the motion.[1]

The facts of this dispute are well known to the parties. This is a securities class action against Twitter, Inc., a social media company, and two of its former officers, Richard Costolo and Anthony Noto, for alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. Plaintiffs allege that Defendants made misleading statements that caused the price of Twitter stock to trade at artificially high prices during the Class Period, which ranges from February 6, 2015, to July 28, 2015. Plaintiffs allege that Defendants misled investors during the Class Period by making public statements that did not reflect the actual state of Twitter's user engagement, which is relevant to evaluating Twitter's potential user growth and financial performance. The lead plaintiffs and class representatives are KBC Asset Management NV ("KBC"), a Belgian asset manager, and National Elevator Industry Pension Fund ("NEIPF") (collectively "Lead Plaintiffs"), a multi-employer defined benefit plan.

---

[1] The Court resolves Plaintiffs' motion for an award of attorney's fees and costs, ECF No. 661, by separate order.

After several years of hard-fought litigation, the case settled for a payment of $809,500,000.00 to the class. ECF No. 653. From this amount, Lead Plaintiffs now seek an award pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The relevant section of that law provides:

> The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class. Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class.

15 U.S.C. § 78u-4. As the quoted text indicates, the PSLRA prohibits incentive awards to class representatives in securities class actions. However, the Court retains the authority to award "reasonable costs and expenses," including "lost wages," "directly relating to the representation of the class to any representative party serving on behalf of a class." *Id.* "In order to receive an award beyond their class compensation, the named plaintiffs must 'demonstrat[e] that the requested [award] amounts represent actual costs and expenses incurred directly as a result of the litigation.'" *In re Yahoo! Inc. Sec. Litig.*, No. 17-CV-00373-LHK, 2018 WL 4283377, at *2 (N.D. Cal. Sept. 7, 2018) (quoting *In re TVIA Inc. Sec. Litig.*, No. 06-CV-06304-RMW, 2008 WL 2693811, at *2 (N.D. Cal. July 7, 2008)).

KBC now asks for an award of $28,000. It supports its request with the declaration of Bart Elst, its Senior Company Lawyer. ECF No. 662-6. He states that

> KBC provided value by, among other things: (a) conferring with [Plaintiffs' counsel] Motley Rice on the overall strategy for prosecuting the Action and maximizing the value of the recovery for the Class; (b) reviewing pleadings and court filings; (c) evaluating regular status reports from Motley Rice regarding developments in the litigation; ( d) searching for and compiling relevant documents for production to the Defendants, ultimately resulting in over 46,000 pages produced; (e) preparing and sitting for a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure; (f) reviewing and verifying interrogatory and other discovery responses; (g) traveling from Brussels, Belgium to the offices of the Hon. Layn Phillips in Corona Del Mar, California, to attend the initial, in-person mediation session in this case; (h) analyzing and responding to Defendants' settlement proposals; and (i) communicating with Motley Rice regarding settlement negotiations and documents.

2

*Id.* at 3-4. He states that he and "Vanessa Moens, KBC's Head of Legal and Compliance . . . met and consulted with attorneys from Motley Rice regularly throughout the course of the Litigation, reviewed substantive Court filings, and gathered and analyzed voluminous documents in response to Defendants' discovery requests." *Id.* at 5. He further states that Ms. Moens spent time preparing for, traveling to, and sitting for a deposition; and traveling to and participating in the initial mediation with Hon. Layn Phillips in California. *Id.* Finally, he states that he and Ms. Moens "regularly corresponded with attorneys from Motley Rice through email and telephone conferences and worked with counsel regarding analyzing settlement proposals and settlement documents." *Id.* He declares that, in total, "KBC dedicated approximately 200 hours to the prosecution of this action" and asks the Court to impute an "effective hourly rate" to this time of "$140 per hour" for a total cost of $28,000. *Id.* How the rate was calculated he does not say, except to note that KBC "considered several factors, including the rates approved by district courts in other PSLRA-governed cases." *Id.* at 5 n.2. The declaration is not accompanied by time records or any other supporting documentation.

NEIPF asks for an award of $6,531.00. It supports its request with the declaration of Robert Betts, NEIPF's Executive Director. ECF No. 662-5. He states that NEIPF "has participated in numerous meetings and conference calls with Robbins Geller Rudman & Dowd LLP, closely followed the procedural developments in the case, reviewed motions and briefs with the Court, responded to discovery requests, and participated in settlement discussions." *Id.* at 3. He states that he "personally reviewed and produced hundreds of pages of documents and answered interrogatories" and "also spent a considerable amount of time preparing for and providing deposition testimony." *Id.* He further notes that "[i]n connection with its representation of the Class, [NEIPF] incurred $6,531.00 in unreimbursed expenses," "includ[ing] compensation for time that myself and my staff devoted to the case as well as for travel and other expenses." *Id.* at 4. The declaration is not accompanied by time records, receipts, or any other supporting documentation.

"Numerous courts reviewing lead plaintiff fee requests under the PSLRA have concluded that in order to recover under § 78u-4(a)(4), the lead plaintiff must provide meaningful evidence

3

1  demonstrating that the requested amounts represent actual costs and expenses incurred directly as
2  a result of the litigation." *In re TVIA Inc. Sec. Litig.*, 2008 WL 2693811, at *2 (citations omitted)
3  (collecting cases).  These declarations do not provide the information that would permit the Court
4  to grant lead plaintiff awards under the PSLRA.

5        First, neither NEIPF nor KBC establishes that it lost any money or incurred any actual cost
6  or expense as a result of its participation in the lawsuit.  *In re Yahoo! Inc. Sec. Litig.*, 2018 WL
7  4283377, at *2.  (NEIPF does state that it incurred travel expenses, but does not identify the
8  amount.)  Second, both entities seek compensation for their employees' time on an hourly basis,
9  but neither Plaintiff shows that it paid the compensation "directly as a result of the litigation."  *In
10 re TVIA Inc. Sec. Litig.*, 2008 WL 2693811, at *2; *see Schueneman v. Arena Pharms., Inc.*, No.
11 3:10-CV-01959-CAB(BLM), 2019 WL 6700880, at *1 (S.D. Cal. Dec. 9, 2019) ("To that end,
12 Schwartz does not declare that his income was actually reduced at all as result of his work on this
13 case or that it would have been higher (and by how much) but for the time he spent on this case.").
14 KBC's attempt to set an "effective hourly rate" for its employees' time does not solve this
15 problem, because that hourly rate was not the cost incurred by KBC – in fact, the rate was set in
16 reference to rates paid in other securities cases.  Its statement that its in-house lawyers' time spent
17 on this case "was time that was not spent attending to KBC's usual business" also does not meet
18 its burden, because there is no evidence that KBC lost any money, or incurred any cost, as the
19 result of its lawyers "not . . . attending to KBC's usual business."  Because the requests in this case
20 fail to provide "meaningful evidence" of the actual costs and expenses incurred, *In re TVIA Inc.*
21 *Sec. Litig.*, 2008 WL 2693811, at *2, the requests are denied.

## CONCLUSION

For the foregoing reasons, Lead Plaintiffs' request for an award pursuant to 15 U.S.C. § 78u-4 is denied.

**IT IS SO ORDERED.**

Dated:  November 21, 2022



_____
JON S. TIGAR
United States District Judge